LIONEL Z. GLANCY (#134180)
GLANCY BINKOW & GOLDBERG LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

Attorneys for Movant and
Proposed Lead Counsel

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I.B.L. INVESTMENTS LTD., Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>TERAYON COMMUNICATION SYSTEMS, INC., ZAKI RAKIB, JERRY D. CHASE, MARK A. RICHMAN and EDWARD LOPEZ,<br><br>　　　　　　Defendants. | No. 3:06-cv-03936-MJJ<br><br>**NOTICE OF MOTION AND MOTION OF I.B.L. INVESTMENTS LTD. FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: October 24, 2006<br>Time: 9:30 a.m.<br>Ctrm: 11 |

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE, that on October 24, 2006, at 9:30 a.m. or as soon thereafter as the matter can be heard, in the courtroom of the Honorable Martin J. Jenkins, situated at 450 Golden Gate Avenue, 19th Floor, San Francisco, California 94102, Movant I.B.L Investments Ltd. ("I.B.L. Investments" or "Movant") will move, and hereby does move, under §§21(D) *et seq.* of the Securities Exchange Act of 1934 as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for an order (a) appointing

NOTICE OF MOTION AND MOTION OF I.B.L. INVESTMENTS FOR APPOINTMENT AS
LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

1

I.B.L. Investments as Lead Plaintiff, and (b) approving its selection of Glancy Binkow & Goldberg LLP as Lead Counsel for the Class.

Movant seeks appointment as Lead Plaintiff and approval of Lead Plaintiff's choice of counsel pursuant to the Securities Exchange Act of 1934, the Federal Rules of Civil Procedure and the PSLRA. This motion is based on this Notice, the attached memorandum of points and authorities, the declaration of Lionel Z. Glancy, and the Court's complete files and records in this action, as well as such further argument as the Court may allow at the hearing on this motion.

A copy of this Notice has been sent to all parties on the attached proof of service.

## MEMORANDUM OF POINTS AND AUTHORITIES

Movant respectfully submits this memorandum of points and authorities in support of its motion for appointment as Lead Plaintiff and approval of Lead Plaintiff's selection of Lead Counsel.

I.  **FACTUAL BACKGROUND**[1]

This is a securities fraud class action on behalf of public investors who purchased the common stock of Terayon Communication Systems, Inc. ("Terayon" or the "Company") between October 28, 2004 and March 1, 2006, both dates inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act"). Named as individual defendants are Zaki Rakib, Jerry D. Chase, Mark A. Richman and Edward Lopez.

Defendant Terayon, a Delaware corporation, develops, markets and sells equipment to broadband service providers for delivering broadband voice, digital video solutions, and data services to residential and business subscribers in the United States. The Company maintains its principal executive offices at 4988 Great America Parkway,

---

[1] Summary of facts taken from the Class Action Complaint for Violations of Federal Securities Laws, *I.B.L. Investments Ltd., et al. v. Terayon Communication Systems, Inc., et al.*, No. 06-cv-03936-MJJ (filed June 23, 2006).

NOTICE OF MOTION AND MOTION OF I.B.L. INVESTMENTS FOR APPOINTMENT AS
LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

2

Santa Clara, California 95054.

Throughout the Class Period, defendants' representations concerning the Company's financial condition, impressive income growth, and various other statements in the Company's quarterly and annual financial results and SEC filings were materially false and misleading because defendants knew or recklessly disregarded that the Company's reported financial results and growth were attributable to improper accounting practices, including improper revenue recognition practices, which resulted in an overstatement of the Company's revenues. Unbeknownst to investors, the Company's internal controls and procedures and, as a result, the Company's projections and reported financial results, were seriously flawed. Furthermore, the Company's earnings were not increasing in the amounts that had been represented by defendants, and the Company's reported earnings statements for the interim periods were in violation of Generally Accepted Accounting Principles (GAAP).

On November 7, 2005, after the market closed, Terayon announced that the Company "is reviewing the recognition of revenue for certain transactions during prior periods." More specifically, an internal review was initiated after the Company determined "that certain revenues recognized in the second half of fiscal year 2004 from a customer may have been recorded in incorrect periods."

On March 1, 2006, Terayon issued a press release announcing that the Company's "consolidated financial statements for the year ended December 31, 2004 and for the four quarters of 2004 and the first two quarters of 2005 should no longer be relied upon and will be restated." In response to these revelations, the next day, March 2, 2006, Terayon's stock price fell $0.37 per share – a more than 13% decline in the stock's value – on extremely heavy trading volume of more than four million shares.

## II. PROCEDURAL HISTORY

Plaintiff I.B.L. Investments commenced the above-captioned action on June 23, 2006, and on July 11, 2006, counsel for plaintiff published a notice of the pendency of

NOTICE OF MOTION AND MOTION OF I.B.L. INVESTMENTS FOR APPOINTMENT AS
LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

3

plaintiff's case in *Financial Times,* a widely circulated national business-oriented publication. *See* Declaration of Lionel Z. Glancy In Support of Motion of I.B.L. Investments For Appointment As Lead Plaintiff and For Approval of Lead Plaintiff's Selection of Lead Counsel (the "Glancy Declaration") at Exhibit A.

Movant brings the instant motion pursuant to its complaint and notice of pendency, and files this motion prior to expiration of the 60-day period from publication of the July 11, 2006 notice.

## III.   ARGUMENT

### A.   Movant Should Be Appointed Lead Plaintiff

Section 21D(a)(3)(B) of the PSLRA provides the procedure for selecting Lead Plaintiff in class actions brought under the Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. §78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the person or group of persons that:

(aa)  has either filed the complaint or made a motion in response to a notice. . . ;

(bb)  in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). *See also Wenderhold v. Cylink Corp.,* 188 F.R.D. 577, 584 (N.D. Cal. 1999).

As set forth below, Movant satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate Lead Plaintiff for the Class.

### 1.   Movant Filed The Complaint

On June 23, 2006, counsel for plaintiff in the above-captioned action filed the

NOTICE OF MOTION AND MOTION OF I.B.L. INVESTMENTS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

4

instant complaint, and on July 11, 2006, published a notice of pendency of plaintiff's case pursuant to §21D(a)(3)(A)(I) of the PSLRA, announcing that a securities class action had been filed against defendants herein, and advising purchasers of Terayon securities that they had until September 11, 2006, to file a motion to be appointed as Lead Plaintiff. Glancy Declaration, Exhibit A. Movant files the instant motion pursuant to its complaint and published notice, and submits herewith its sworn certification attesting that it is willing to serve as representative of the Class and is willing to provide testimony at deposition and trial, if necessary. *See* Glancy Declaration, Exhibit B. Movant has already demonstrated a high level of interest in this litigation by filing the Complaint in the instant action and communicating with counsel regarding the status and facts of the case. Movant therefore satisfies the requirement of either filing a complaint or making a motion in response to a published notice.

### 2. Movant Has The Largest Financial Interest In This Action

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii); *Naiditch v. Applied Micro Circuits*, 2001 WL 1659115 (S.D. Cal. 2001). Moreover, courts have recognized that "one goal of the PSLRA is to have the plaintiff class, represented by a member with a substantial financial interest in the recovery as incentive, monitor the litigation to prevent its being "lawyer-driven." *In re Enron Corp. Securities Litigation* 206 F.R.D. 427, 438 (S.D. Tex. 2002).

Here, Movant purchased 28,600 shares of Terayon during the Class Period and has suffered losses of $6,558.00. *See* Glancy Declaration, Exhibit C. To the best of its knowledge, Movant believes that it has the largest known financial interest in this case of any movant, and thus satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the Class.

NOTICE OF MOTION AND MOTION OF I.B.L. INVESTMENTS FOR APPOINTMENT AS
LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

5

### 3. Movant Satisfies The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. A *prima facie* showing that a PSLRA movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software,* 939 F. Supp. 57, 60, 64 (D. Mass. 1996). Courts thus limit their inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until class certification. *Enron,* 206 F.R.D. at 441; *In re Waste Management,* 128 F. Supp. 2d at 411; *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998) ("[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA.")(citing *Gluck v. Cellstar Corp.,* 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation,* 176 F.R.D. 583 (M.D. Fla 1997)); *In re Olsten Corp. Sec. Litig.,* 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998).

#### a. Movant's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Enron,* 206 F.R.D. at

NOTICE OF MOTION AND MOTION OF I.B.L. INVESTMENTS FOR APPOINTMENT AS
LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

6

441; *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479-80 (5th Cir. 2001). Rule 23 does not require the Lead Plaintiff to be identically situated with all class members. It is enough that the Lead Plaintiff's situation shares a common issue of law or fact. *See Berger*, 257 F.3d at 480. Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that defendants violated the Exchange Act by publicly disseminating a series of false and misleading statements concerning Terayon's financial performance. Movant, like all of the members of the Class, purchased Terayon securities during the Class Period at prices artificially inflated by defendants' misrepresentations and omissions, and was damaged thereby. The interests of Movant are closely aligned with other Class members' and they are, therefore, typical of the other members of the Class.

### b. Movant Is An Adequate Representative

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party "will fairly and adequately protect the interests in the class." Accordingly:

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it unlikely that the action is collusive.

*Takeda*, 67 F. Supp. 2d at 1133 (citing *In re Northern Dist of Cal., Daikon Shield IUD Prod. Lab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982)). The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Takeda*, 67 F. Supp. 2d at 1137 (citing *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill 1986). Movant has demonstrated its adequacy as Lead Plaintiff by evincing a strong desire to prosecute this action on behalf of the Class, and has shown that it is " 'willing' and 'able' to 'take an active role in and control the litigation and to protect the interests of absentees.' " *Berger,* 257 F.3d at 479.

NOTICE OF MOTION AND MOTION OF I.B.L. INVESTMENTS FOR APPOINTMENT AS
LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

7

Movant herein has communicated with counsel concerning this case and has made this motion to be appointed Lead Plaintiff. Movant also has sustained significant losses from its investments in Terayon securities and is, therefore, extremely motivated to pursue the claims in this action. *See* Glancy Declaration, Exhibit C.

### 4. Movant Is Presumptively The Most Adequate Lead Plaintiff

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

- (aa) will not fairly and adequately protect the interest of the class; or
- (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78 u-4(a)(3)(b)(iii)(I).

The presumption that I.B.L. Investments is the most adequate Lead Plaintiff is not, therefore, subject to rebuttal. Movant has suffered substantial losses and believes that it has the largest known financial interest in this case of any movant. The ability of Movant to fairly and adequately represent the Class is discussed above. Movant is not aware of any unique defenses defendants could raise against I.B.L. Investments that would render it inadequate to represent the Class. Accordingly, I.B.L. Investments is presumptively the most-adequate Lead Plaintiff and should be appointed Lead Plaintiff for the Class.

### B. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject only to approval of the Court. *See* §21D(a)(3)(B)(v) of the Exchange Act. Thus, the Court should not disturb the Lead Plaintiff's choice of counsel unless "necessary to protect the interest of the plaintiff class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cavanaugh* 306 F.3d 726, 733 (9th Cir. 2002). In the present case, Movant has retained Glancy Binkow & Goldberg LLP to pursue this litigation on its behalf, and will retain this firm as Plaintiff's Lead Counsel, in the event it is appointed Lead Plaintiff. Glancy Binkow & Goldberg LLP possesses extensive experience in the area of securities

NOTICE OF MOTION AND MOTION OF I.B.L. INVESTMENTS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

8

litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm resumé attached to the Glancy Declaration as Exhibit D. Thus, the Court may be assured that, by granting Movant's motion, the Class will receive the highest caliber of legal representation.

## IV.   CONCLUSION

For the foregoing reasons, Movant respectfully asks the Court to grant its motion and enter an Order (a) appointing I.B.L. Investments as Lead Plaintiff, and (b) approving its choice of Glancy Binkow & Goldberg LLP as Lead Counsel for the Class, and granting such other relief as the Court may deem just and proper.

Dated: September 11, 2006           Respectfully submitted,

**GLANCY  BINKOW & GOLDBERG LLP**

By:   *s/Lionel Z. Glancy*
        Lionel Z. Glancy

1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone:  (310) 201-9150
Facsimile:   (310) 201-9160

*Attorneys for Movant and*
*Proposed Lead Counsel*

NOTICE OF MOTION AND MOTION OF I.B.L. INVESTMENTS FOR APPOINTMENT AS
LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

9

**PROOF OF SERVICE BY ELECTRONIC POSTING
PURSUANT TO NORTHERN DISTRICT OF CALIFORNIA LOCAL RULES AND
ECF GENERAL ORDER NO. 45
AND BY MAIL ON ALL KNOWN NON-REGISTERED PARTIES**

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court. I am over the age of 18 and not a party to the within action. My business address is 1801 Avenue of the Stars, Suite 311, Los Angeles, California 90067.

On June 27, 2006, I served the following by posting such documents electronically to the ECF website of the United States District Court for the Northern District of California:

1. NOTICE OF MOTION AND MOTION OF I.B.L. INVESTMENTS LTD. FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

2. DECLARATION OF LIONEL Z. GLANCY IN SUPPORT OF MOTION OF I.B.L. INVESTMENTS LTD. FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

3. [PROPOSED] ORDER GRANTING MOTION OF I.B.L. INVESTMENTS LTD. FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

on all ECF-registered parties in the action and, upon all others not so-registered but instead listed below, by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Los Angeles, California. They are:

Terayon Communication Systems, Inc.
4988 Great America Parkway
Santa Clara, CA 95054

Zaki Rakib
c/o Terayon Communication Systems, Inc.
4988 Great America Parkway
Santa Clara, CA 95054

Edward Lopez
c/o Terayon Communication Systems, Inc.
4988 Great America Parkway
Santa Clara, CA 95054

Jerry D. Chase
c/o Terayon Communication Systems, Inc.
4988 Great America Parkway
Santa Clara, CA 95054

Mark A. Richman
c/o Terayon Communication Systems, Inc.
4988 Great America Parkway
Santa Clara, CA 95054

Executed on D, at Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct.

*S/Kyaa D. Heller*
Kyaa D. Heller