1  Michael D. Braun (167416)
   BRAUN LAW GROUP, P.C.
2  12400 Wilshire Blvd., Suite 920
   Los Angeles, CA 90025
3  Tel:  (310) 442-7755
   Fax:  (310) 442-7756
4
   **Proposed Liaison Counsel for Lead Plaintiff**
5  **Movant Adrian G. Mongeli and the Class**

6  Maya Saxena                                  Michael A. Swick
   Joseph E. White, III                         Kim E. Miller
7  SAXENA WHITE P.A.                            KAHN GAUTHIER SWICK, LLC
   2424 North Federal Highway, Suite 257        114 E. 39th Street
8  Boca Raton, FL 33431                         New York, NY 10016
   Tel:  (561) 394-3399                         Tel:  (212) 920-4310
9  Fax:  (561) 394-3382                         Fax:  (504) 455-1498

10 Lewis Kahn
   KAHN GAUTHIER SWICK, LLC
11 650 Poydras Street, Suite 2150
   New Orleans, LA 70130
12 Tel:  (504) 455-1400
   Fax:  (504) 455-1498
13
   **Proposed Lead Counsel for Lead Plaintiff**
14 **Movant Adrian G. Mongeli and the Class**

15

16                       UNITED STATES DISTRICT COURT

17                      NORTHERN DISTRICT OF CALIFORNIA

18

| | |
|---|---|
| 19  I.B.I. INVESTMENTS, LTD. Individually,<br>And On Behalf Of All Others Similarly<br>20  Situated,<br>21                       Plaintiff,<br>22       vs.<br>23  TERAYON COMMUNICATIONS<br>SYSTEMS, INC., ZAKI RAKIB, JERRY<br>24  D. CHASE, MARK A. RICHMAN, and<br>EDWARD LOPEZ,<br>25<br>26                      Defendants. | **CASE NO.: 3-06-CV-03936 MJJ**<br><br>**CLASS ACTION**<br><br>**SECOND AMENDED [PROPOSED] ORDER GRANTING MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF CHOSEN COUNSEL**<br><br>**Hearing Date:    Vacated** |

27

28

1  WHEREAS, on or about June 23, 2006, a complaint was filed in the above-referenced
2  litigation, brought on behalf of all persons and entities who purchased Terayon Communications
3  Systems, Inc. ("Terayon") common stock from October 28, 2004 through March 1, 2006 (the "Class
4  Period") and suffered damages (the "Class");

5  WHEREAS, the Private Securities Litigation Reform Act of 1995 (the "PSLRA") provides
6  that within 20 days after the date on which a securities class action complaint is filed, the plaintiff
7  shall publish notice advising members of the purported class of the pendency of the action, the
8  claims asserted, and the class period, and that within 60 days of the date on which the notice was
9  published, any member of the class may move the court to serve as lead plaintiff (15 U.S.C. Section
10 78u-4(a)(3)(A)(I));

11 WHEREAS, notice was published by the plaintiff in the first-filed action on a national
12 business-oriented publication on July 11, 2006;

13 WHEREAS, within 90 days of the published notice "the court…shall appoint as lead
14 plaintiff the member or members of the purported plaintiff class that the court determines to be most
15 capable of adequately representing the interests of class members" (15 U.S.C. Section 78u-
16 4(a)(3)(B)(I));

17 WHEREAS, pursuant to the PSLRA, two motions were timely filed by lead plaintiff
18 movants seeking to appoint lead plaintiff and lead counsel, including a motion by proposed lead
19 plaintiff Adrian G. Mongeli ("Mongeli");

20 WHEREAS, the only other lead plaintiff movant besides Mongeli – I.B.I. Investments Ltd. -
21 - withdrew its Motion to Appoint Lead Plaintiff and Lead Counsel by notice filed on September 22,
22 2006;

23 WHEREAS, in selecting a lead plaintiff, the court must adopt a presumption that the most
24 adequate plaintiff in any private action is the person or group of persons that has either filed the
25 complaint or made a lead plaintiff motion; in the determination of the court has the largest financial
26 interest in the relief sought; and otherwise satisfies the adequacy and typicality requirements of
27 Rule 23 of the Federal Rules of Civil Procedure (15 U.S.C. Section 78u-4(a)(3)(B)(iii));
28

1

1  WHEREAS, the Court has considered the Motion of Adrian G. Mongeli to Be Appointed Lead Plaintiff Pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 and to Approve Proposed Lead Plaintiff's Choice of Counsel ("Motion"), the supporting Memorandum of Points and Authorities, the Declaration of Michael Braun, and all other related documents.

WHEREAS, Mongeli, as set forth in his certification, has sustained a substantial loss from his investment in Terayon stock amounting to approximately $63,248.87;

WHEREAS, as the only remaining proposed lead plaintiff movant, Mongeli has the largest financial interest in the relief sought;

WHEREAS, Mongeli satisfies the typicality and adequacy requirements of Rule 23(a)(3)-(4) of the Federal Rules of Civil Procedure because:

1. Mongeli's claims arise from the same course of conduct that gives rise to claims of other class members, and the claims are based on the same legal theory (*See Crossen v. CV Therapeutics*, 2005 U.S. Dist. LEXIS 41396, *13 (N.D.Cal. 2005));

2. Like all other putative class members, Mongeli purchased Terayon stock during the Class Period at artificially inflated prices as a result of defendants' misrepresentations and omissions and suffered damage thereby;

3. Mongeli has no apparent unique or special defenses, nor does he have any claim or interest antagonistic to other members of the class.

4. Mongeli has selected the law firms of Kahn Gauthier & Swick, LLC ("KGS") and Saxena White P.A. ("Saxena White") to serve as co-lead counsel in this litigation, and to have the Braun Law Group, P.C. ("BLG") act as liaison counsel. As demonstrated in the firm biographies submitted with the Motion, KGS and Saxena White are highly competent firms that have not only successfully prosecuted numerous complex securities fraud class actions on behalf of shareholders, but have also successfully prosecuted many other types of complex cases. Both firms have the resources and skills to more than adequately represent the class. Mongeli has further selected the Braun Law Group, P.C. to serve as liaison counsel. As demonstrated in its firm biography submitted with the Motion, the Braun Law Group, P.C. regularly practices in this District and specializes in the prosecution of complex class actions.

2

1  WHEREAS, Mongeli has selected the law firms of KGS and Saxena White to serve as co-lead counsel in this litigation, and to have BLG act as liaison counsel. Mongeli otherwise meets the requirements of Rule 23(a)(4) relating to adequate representation because: (1) class counsel is "qualified, experienced, and generally able to conduct the litigation"; (2) the interests of the class are not antagonistic to one another; and (3) the lead plaintiff has a "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Miller v. Ventro Corp.*, 2001 U.S. Dist. LEXIS 26027, *44 (N.D. Cal. 2001), citing *Takeda v. Turbodyne Techs.*, 67 F. Supp. 2d 1129, 1132 (C.D. Cal. 1999);

WHEREAS, the PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the class, subject to Court approval;

WHEREAS, there are no other movants seeking appointment as lead plaintiff;

WHEREAS, the hearing previously scheduled for October 24, 2006, to consider the motions to appoint lead plaintiff and approve lead plaintiff's selection of lead counsel was taken off calendar;

**IT IS HEREBY ORDERED as follows:**

**CONSOLIDATION**

1. When an action that arises out of the same subject matter of this action is filed in this Court or transferred from another Court ("Related Action"), the Clerk of this Court shall:

    a. File a copy of this order in the separate file for such action;

    b. Mail a copy of this order to the attorneys for plaintiff(s) in the newly filed or transferred case and to any new defendant(s) in the newly filed or transferred case; and

    c. Make the appropriate entry in the docket for this action.

2. Each Related Action shall be consolidated with this action (the "Action"), pursuant to Federal Rules of Civil Procedure 42, and shall be governed by this order, unless a party objects to consolidation, or any provision of this order, within 10 days after the date upon which a copy of this order is served on counsel for such party, by filing an application for relief and this Court deems it appropriate to grant such application.

3

3.   Counsel in any Related Action that is consolidated with this Action shall be bound by this order.

## APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL AND LIAISON COUNSEL

4.   Adrian G. Mongeli is appointed lead plaintiff pursuant to the PSLRA. Mongeli satisfies the requirements, as discussed in detail above, for appointment as lead plaintiff pursuant to the PSLRA and Rule 23(a)(3)-(4) of the Federal Rules of Civil Procedure.

5.   Pursuant to the PSLRA, lead plaintiff has selected, and the Court approves his selection of the law firms Kahn Gauthier Swick, LLC and Saxena White P.A. to serve as co-lead counsel, and the Braun Law Group to serve as liaison counsel in this Action.

6.   Co-lead counsel shall have the following responsibilities and duties, to be carried out on behalf of lead plaintiff and the proposed class, either personally or through counsel whom co-lead counsel shall designate:

   a.   to coordinate the briefing and arguments of motions and the presentation of positions at pretrial conferences;

   b.   to coordinate discovery proceedings;

   c.   to call meetings of the plaintiff's counsel as they deem necessary and appropriate from time to time;

   d.   to coordinate discussions with defendants and their counsel, including all settlement negotiations;

   e.   to coordinate the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required;

   f.   to coordinate any motion for approval of settlement, including any motions seeking the award of fees and/or reimbursement of costs;

   g.   to supervise any other matters concerning the prosecution, resolution or settlement of the Action; and

   h.   to be the contact between plaintiff's counsel and defendants' counsel, and to coordinate the disseminating of Court orders and notices.

4

1    7.    Counsel in any related action that is consolidated with the Action shall be bound by
2    this organization of plaintiff's counsel.

3    8.    Service of papers on plaintiff shall be effected by serving a copy on co-lead and
4    liaison counsel.

5    **IT IS SO ORDERED:**

6

7    DATED: _____, 2006                                    _____
                                                                    HON. MARTIN J. JENKINS
8                                                                   U. S. DISTRICT COURT JUDGE

9    Respectfully submitted by:

10   Michael D. Braun
     BRAUN LAW GROUP, P.C.
11   12400 Wilshire Blvd., Suite 920
     Los Angeles, CA 90025
12   Tel:    (310) 442-7755
     Fax:    (310) 442-7756
13
     **Proposed Liaison Counsel for Lead Plaintiff**
14   **Movant Adrian G. Mongeli and the Class**

15   Maya Saxena
     Joseph E. White, III
16   SAXENA WHITE P.A.
     2424 North Federal Highway, Suite 257
17   Boca Raton, FL 33431
     Tel:    (561) 394-3399
18   Fax:    (561) 394-3382

19   Lewis Kahn
     Michael A. Swick
20   KAHN GAUTHIER SWICK, LLC
     650 Poydras Street, Suite 2150
21   New Orleans, LA  70130
     Tel:    (504) 455-1400
22   Fax:    (504) 455-1498

23   Michael A. Swick
     Kim E. Miller
24   KAHN GAUTHIER SWICK, LLC
     114 E. 39th Street
25   New York, NY 10016
     Tel:    (212) 920-4310
26   Fax:    (504) 455-1498

27   **Proposed Lead Counsel for Lead Plaintiff**
     **Movant Adrian G. Mongeli and the Class**
28

5

# PROOF OF SERVICE

STATE OF CALIFORNIA      )
                         )ss.:
COUNTY OF LOS ANGELES    )

I am employed in the county of Los Angeles, State of California, I am over the age of 18 and not a party to the within action; my business address is 12400 Wilshire Boulevard, Suite 920, Los Angeles, CA  90025.

On October 27, 2006, using the Northern District of California's Electronic Case Filing System, with the ECF ID registered to Michael D. Braun, I filed and served the document(s) described as:

**SECOND AMENDED [PROPOSED] ORDER GRANTING MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF CHOSEN COUNSEL**

The ECF System is designed to automatically generate an e-mail message to all parties in the case, which constitutes service.  According to the ECF/PACER system, for this case, the parties served are as follows:

Lionel Z. Glancy, Esq.                                                    info@glancylaw.com

**Attorneys for Plaintiff**

On October 27, 2006, I served the document(s) described as:

**SECOND AMENDED [PROPOSED] ORDER GRANTING MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF CHOSEN COUNSEL**

by placing a true copy(ies) thereof enclosed in a sealed envelope(s) addressed as follows:

Maya Saxena, Esq.
Joseph E. White, III,. Esq.
SAXENA WHITE P.A.
2424 North Federal Highway, Suite 257
Boca Raton, FL 33431
Tel:    (561) 394-3399
Fax:    (561) 394-3382

Lewis Kahn, Esq.
KAHN GAUTHIER SWICK, LLC
650 Poydras Street, Suite 2150
New Orleans, LA  70130
Tel:    (504) 455-1400
Fax:    (504) 455-1498

///

///

///

6

| | |
|---|---|
| 1 | Michael A. Swick |
|   | Kim E. Miller |
| 2 | KAHN GAUTHIER SWICK, LLC |
|   | 114 E. 39th Street |
| 3 | New York, NY 10016 |
|   | Tel:    (212) 920-4310 |
| 4 | Fax:   (504) 455-1498 |

5  **Attorneys for Proposed Lead Plaintiff**
   **Movant Adrian G. Mongeli and the Class**

6

7  Patrick E. Gibbs, Esq.
   Amy Stein, Esq.
   LATHAM & WATKINS LLP
8  140 Scott Drive
   Menlo Park, CA 94025
9  Tel:    (650) 463-4696
   Fax:   (650) 463-2600

10

**Attorneys for Terayon Communications Systems, Inc.**

11

12 Zaki Rakib
   c/o Terayon Communications Systems, Inc.
   4988 Great America Parkway
13 Santa Clara, CA  95054

14 Jerry D. Chase
   c/o Terayon Communications Systems, Inc.
15 4988 Great America Parkway
   Santa Clara, CA  95054

16

   Mark A. Richman
17 c/o Terayon Communications Systems, Inc.
   4988 Great America Parkway
18 Santa Clara, CA  95054

19 Edward Lopez
   c/o Terayon Communications Systems, Inc.
20 4988 Great America Parkway
   Santa Clara, CA  95054

21

   **Defendants**

22

          I served the above document(s) as follows:

23

          BY MAIL.  I am familiar with the firm's practice of collection and processing
24 correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on
   that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course
25 of business.  I am aware that on motion of the party served, service is presumed invalid if postal
   cancellation date or postage meter date is more than one day after date of deposit for mailing in an
26 affidavit.

27

28

1  I declare, pursuant to Civil L.R. 23-2, that on the date hereof I served a copy of the above-listed document(s) on the Securities Class Action Clearinghouse by electronic mail through the following electronic mail address provided by the Securities Class Action Clearinghouse:

**scac@law.stanford.edu**

I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on October 27, 2006, at Los Angeles, California 90025.

                              /S/ LEITZA MOLINAR
                              Leitza Molinar