1  Michael D. Braun (167416)
   BRAUN LAW GROUP, P.C.
2  12400 Wilshire Blvd., Suite 920
   Los Angeles, CA 90025
3  Tel:   (310) 442-7755
   Fax:   (310) 442-7756
4
   **Proposed Liaison Counsel for Lead Plaintiff**
5  **Movant Adrian G. Mongeli and the Class**

6  Maya Saxena                                    Michael A. Swick
   Joseph E. White, III                           Kim E. Miller
7  SAXENA WHITE P.A.                              KAHN GAUTHIER SWICK, LLC
   2424 North Federal Highway, Suite 257          114 E. 39th Street
8  Boca Raton, FL 33431                           New York, NY 10016
   Tel:   (561) 394-3399                          Tel:   (212) 920-4310
9  Fax:   (561) 394-3382                          Fax:   (504) 455-1498

10 Lewis Kahn
   KAHN GAUTHIER SWICK, LLC
11 650 Poydras Street, Suite 2150
   New Orleans, LA 70130
12 Tel:   (504) 455-1400
   Fax:   (504) 455-1498
13
   **Proposed Lead Counsel for Lead Plaintiff**
14 **Movant Adrian G. Mongeli and the Class**

15

16                    **UNITED STATES DISTRICT COURT**

17                    **NORTHERN DISTRICT OF CALIFORNIA**

18

19 I.B.I. INVESTMENTS, LTD. Individually, )        **CASE NO.: 3-06-CV-03936 MJJ**
   And On Behalf Of All Others Similarly  )
20 Situated,                              )        **CLASS ACTION**
                                          )
21          Plaintiff,                    )        **SECOND AMENDED [PROPOSED]**
                                          )        **ORDER GRANTING MOTION FOR**
22     vs.                                )        **APPOINTMENT OF LEAD PLAINTIFF**
                                          )        **AND APPROVAL OF CHOSEN**
23 TERAYON COMMUNICATIONS               )        **COUNSEL**
   SYSTEMS, INC., ZAKI RAKIB, JERRY       )
24 D. CHASE, MARK A. RICHMAN, and         )        **Hearing Date:        Vacated**
   EDWARD LOPEZ,                          )
25                                        )
            Defendants.                   )
26 _____ )

27

28

1  WHEREAS, on or about June 23, 2006, a complaint was filed in the above-referenced

2  litigation, brought on behalf of all persons and entities who purchased Terayon Communications

3  Systems, Inc. ("Terayon") common stock from October 28, 2004 through March 1, 2006 (the "Class

4  Period") and suffered damages (the "Class");

5  WHEREAS, the Private Securities Litigation Reform Act of 1995 (the "PSLRA") provides

6  that within 20 days after the date on which a securities class action complaint is filed, the plaintiff

7  shall publish notice advising members of the purported class of the pendency of the action, the

8  claims asserted, and the class period, and that within 60 days of the date on which the notice was

9  published, any member of the class may move the court to serve as lead plaintiff (15 U.S.C. Section

10  78u-4(a)(3)(A)(I));

11  WHEREAS, notice was published by the plaintiff in the first-filed action on a national

12  business-oriented publication on July 11, 2006;

13  WHEREAS, within 90 days of the published notice "the court…shall appoint as lead

14  plaintiff the member or members of the purported plaintiff class that the court determines to be most

15  capable of adequately representing the interests of class members" (15 U.S.C. Section 78u-

16  4(a)(3)(B)(I));

17  WHEREAS, pursuant to the PSLRA, two motions were timely filed by lead plaintiff

18  movants seeking to appoint lead plaintiff and lead counsel, including a motion by proposed lead

19  plaintiff Adrian G. Mongeli ("Mongeli");

20  WHEREAS, the only other lead plaintiff movant besides Mongeli – I.B.I. Investments Ltd. -

21  - withdrew its Motion to Appoint Lead Plaintiff and Lead Counsel by notice filed on September 22,

22  2006;

23  WHEREAS, in selecting a lead plaintiff, the court must adopt a presumption that the most

24  adequate plaintiff in any private action is the person or group of persons that has either filed the

25  complaint or made a lead plaintiff motion; in the determination of the court has the largest financial

26  interest in the relief sought; and otherwise satisfies the adequacy and typicality requirements of

27  Rule 23 of the Federal Rules of Civil Procedure (15 U.S.C. Section 78u-4(a)(3)(B)(iii));

28

1

1    WHEREAS, the Court has considered the Motion of Adrian G. Mongeli to Be Appointed

2  Lead Plaintiff Pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 and to

3  Approve Proposed Lead Plaintiff's Choice of Counsel ("Motion"), the supporting Memorandum of

4  Points and Authorities, the Declaration of Michael Braun, and all other related documents.

5    WHEREAS, Mongeli, as set forth in his certification, has sustained a substantial loss from

6  his investment in Terayon stock amounting to approximately $63,248.87;

7    WHEREAS, as the only remaining proposed lead plaintiff movant, Mongeli has the largest

8  financial interest in the relief sought;

9    WHEREAS, Mongeli satisfies the typicality and adequacy requirements of Rule 23(a)(3)-(4)

10  of the Federal Rules of Civil Procedure because:

11    1.    Mongeli's claims arise from the same course of conduct that gives rise to claims of

12  other class members, and the claims are based on the same legal theory (*See Crossen v. CV*

13  *Therapeutics*, 2005 U.S. Dist. LEXIS 41396, *13 (N.D.Cal. 2005));

14    2.    Like all other putative class members, Mongeli purchased Terayon stock during the

15  Class Period at artificially inflated prices as a result of defendants' misrepresentations and

16  omissions and suffered damage thereby;

17    3.    Mongeli has no apparent unique or special defenses, nor does he have any claim or

18  interest antagonistic to other members of the class.

19    4.    Mongeli has selected the law firms of Kahn Gauthier & Swick, LLC ("KGS") and

20  Saxena White P.A. ("Saxena White") to serve as co-lead counsel in this litigation, and to have the

21  Braun Law Group, P.C. ("BLG") act as liaison counsel.  As demonstrated in the firm biographies

22  submitted with the Motion, KGS and Saxena White are highly competent firms that have not only

23  successfully prosecuted numerous complex securities fraud class actions on behalf of shareholders,

24  but have also successfully prosecuted many other types of complex cases.  Both firms have the

25  resources and skills to more than adequately represent the class.  Mongeli has further selected the

26  Braun Law Group, P.C. to serve as liaison counsel.  As demonstrated in its firm biography

27  submitted with the Motion, the Braun Law Group, P.C. regularly practices in this District and

28  specializes in the prosecution of complex class actions.

2

WHEREAS, Mongeli has selected the law firms of KGS and Saxena White to serve as co-lead counsel in this litigation, and to have BLG act as liaison counsel. Mongeli otherwise meets the requirements of Rule 23(a)(4) relating to adequate representation because: (1) class counsel is "qualified, experienced, and generally able to conduct the litigation"; (2) the interests of the class are not antagonistic to one another; and (3) the lead plaintiff has a "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Miller v. Ventro Corp.*, 2001 U.S. Dist. LEXIS 26027, *44 (N.D. Cal. 2001), citing *Takeda v. Turbodyne Techs.*, 67 F. Supp. 2d 1129, 1132 (C.D. Cal. 1999);

WHEREAS, the PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the class, subject to Court approval;

WHEREAS, there are no other movants seeking appointment as lead plaintiff;

WHEREAS, the hearing previously scheduled for October 24, 2006, to consider the motions to appoint lead plaintiff and approve lead plaintiff's selection of lead counsel was taken off calendar;

**IT IS HEREBY ORDERED as follows:**

CONSOLIDATION

1.     When an action that arises out of the same subject matter of this action is filed in this Court or transferred from another Court ("Related Action"), the Clerk of this Court shall:

a.     File a copy of this order in the separate file for such action;

b.     Mail a copy of this order to the attorneys for plaintiff(s) in the newly filed or transferred case and to any new defendant(s) in the newly filed or transferred case; and

c.     Make the appropriate entry in the docket for this action.

2.     Each Related Action shall be consolidated with this action (the "Action"), pursuant to Federal Rules of Civil Procedure 42, and shall be governed by this order, unless a party objects to consolidation, or any provision of this order, within 10 days after the date upon which a copy of this order is served on counsel for such party, by filing an application for relief and this Court deems it appropriate to grant such application.

3

3.    ~~Any prior or Related Actions that is consolidated with this Action shall be bound by this order.~~

## APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF
## LEAD COUNSEL AND LIAISON COUNSEL

4.    Adrian G. Mongeli is appointed lead plaintiff pursuant to the PSLRA.  Mongeli satisfies the requirements, as discussed in detail above, for appointment as lead plaintiff pursuant to the PSLRA and Rule 23(a)(3)-(4) of the Federal Rules of Civil Procedure.

5.    Pursuant to the PSLRA, lead plaintiff has selected, and the Court approves his selection of the law firms Kahn Gauthier Swick, LLC and Saxena White P.A. to serve as co-lead counsel, and the Braun Law Group to serve as liaison counsel in this Action.

6.    Co-lead counsel shall have the following responsibilities and duties, to be carried out on behalf of lead plaintiff and the proposed class, either personally or through counsel whom co-lead counsel shall designate:

a.    to coordinate the briefing and arguments of motions and the presentation of positions at pretrial conferences;

b.    to coordinate discovery proceedings;

c.    to call meetings of the plaintiff's counsel as they deem necessary and appropriate from time to time;

d.    to coordinate discussions with defendants and their counsel, including all settlement negotiations;

e.    to coordinate the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required;

f.    to coordinate any motion for approval of settlement, including any motions seeking the award of fees and/or reimbursement of costs;

g.    to supervise any other matters concerning the prosecution, resolution or settlement of the Action; and

h.    to be the contact between plaintiff's counsel and defendants' counsel, and to coordinate the disseminating of Court orders and notices.

4

1    7.    Counsel in any related action that is consolidated with the Action shall be bound by

2  this organization of plaintiff's counsel.

3    8.    Service of papers on plaintiff shall be effected by serving a copy on co-lead and

4  liaison counsel.

5    **IT IS SO ORDERED:**

6

7  DATED:  _November 8_ , 2006                          _____

8                                                        HON. MARTIN J. JENKINS
                                                         U. S. DISTRICT COURT JUDGE

9  Respectfully submitted by:

10  Michael D. Braun
    BRAUN LAW GROUP, P.C.
11  12400 Wilshire Blvd., Suite 920
    Los Angeles, CA 90025
12  Tel:    (310) 442-7755
    Fax:    (310) 442-7756
13
    **Proposed Liaison Counsel for Lead Plaintiff**
14  **Movant Adrian G. Mongeli and the Class**

15  Maya Saxena
    Joseph E. White, III
16  SAXENA WHITE P.A.
    2424 North Federal Highway, Suite 257
17  Boca Raton, FL 33431
    Tel:    (561) 394-3399
18  Fax:    (561) 394-3382

19  Lewis Kahn
    Michael A. Swick
20  KAHN GAUTHIER SWICK, LLC
    650 Poydras Street, Suite 2150
21  New Orleans, LA  70130
    Tel:    (504) 455-1400
22  Fax:    (504) 455-1498

23  Michael A. Swick
    Kim E. Miller
24  KAHN GAUTHIER SWICK, LLC
    114 E. 39th Street
25  New York, NY 10016
    Tel:    (212) 920-4310
26  Fax:    (504) 455-1498

27  **Proposed Lead Counsel for Lead Plaintiff**
    **Movant Adrian G. Mongeli and the Class**
28

5