UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN MONGELI, Individually, and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>TERAYON COMMUNICATIONS SYSTEMS, INC., ZAKI RAKIB, JERRY D. CHASE, MARK A. RICHMAN, EDWARD LOPEZ, RAY FRITZ, CAROL LUSTENADER, MATTHEW MILLER, SHLOMO RAKIB, DOUG SABELLA, CHRISTOPHER SCHAEPE, MARK SLAVEN, LEWIS SOLOMON, HOWARD W. SPEAKS, ARTHUR T. TAYLOR, DAVID WOODROW, and ERNST & YOUNG, LLP<br><br>　　　　　　　　　Defendants. | CASE NO.: 3-06-CV-03936 MJJ<br><br>JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER |

　　　The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

DESCRIPTION OF THE CASE

　　1. **A brief description of the events underlying the action:**

　　This is a federal class action on behalf of purchasers of common stock of Terayon Communication Systems, Inc. ("Terayon" or the "Company") between June 28, 2001 and March 1, 2006 (the "Class Period"). Plaintiffs bring claims under Section 10(b) of the Securities Exchange Act of 1934 (the "1934 Act") and Rule 10b-5 promulgated thereunder, as well as under Section 20(a) of the 1934 Act against Terayon, certain current and former officers and/or directors of Terayon, and Ernst & Young, LLP ("Ernst & Young"), the Company's outside auditor during the majority of the Class Period until its resignation in September of 2005. The complaint sets forth allegations of material misrepresentations and omissions that defendants made intentionally or with reckless disregard throughout the Class Period concerning Terayon's operations and financial condition. Plaintiffs allege that at the time these false and misleading statements were made – which artificially inflated the price of Terayon stock – several of the individual defendants engaged in improper insider sales. The Company eventually restated its financial statements for interim and annual reporting periods during the Class Period.

　　Defendants deny these allegations and deny that plaintiffs have stated any cognizable claim. Terayon recently completed a voluntary restatement of historical financial statements, which is reported in the Company's Form 10-K filed on December 29, 2006. The restatement

1

corrected accounting errors contained in the Company's previous financial statements that relate generally to revenue recognition, allowance for doubtful accounts, the use of estimates, and accounting for convertible subordinated notes.

    **2. The principal factual issues which the parties dispute:**

Plaintiffs allege that throughout the Class Period, defendants' representations concerning the Company's financial condition, purported record-setting income, growth, results, profitability and the like which were published in press releases, stated in conference calls or at investor conferences, and/or filed in quarterly or annual reports with the SEC, were materially false and misleading. Plaintiffs also allege that defendants knew or recklessly disregarded that Terayon's reported financial results and growth were attributable to improper accounting practices and seriously flawed internal controls which resulted in the material overstatement of the Company's revenues. While these false and misleading statements were being issued, several of the individual defendants engaged in improper insider sales, making millions of dollars in proceeds at the expense of plaintiffs and the Class.

As to each of the statements identified by the complaint, defendants deny one or more of the following: that the statements were false; that plaintiffs have adequately pleaded facts showing why the statements were false; that plaintiffs adequately pleaded facts giving rise to a strong inference that defendants acted with scienter; and that plaintiffs have adequately pleaded loss causation.

    **3. The principal legal issues which the parties dispute:**

The principal legal issues currently in dispute include: whether defendants made a material misrepresentation or omission of fact in connection with the purchase or sale of a security; whether any of the defendants acted with scienter; whether plaintiffs relied on the misrepresentation or omission; whether plaintiffs suffered an economic loss; and whether plaintiffs' loss was caused by the material misstatement or omission.

    **4. The other factual issues** *[e.g. service of process, personal jurisdiction, subject matter jurisdiction or venue]* **which remain unresolved for the reason stated below and how the parties propose to resolve those issues:**

At this time, the parties are not aware of any other factual issues which remain unresolved.

    **5. The parties which have not been served and the reasons:**

The parties agree that all defendants were served or waived service.

    **6. The additional parties which the below-specified parties intend to join and the intended time frame for such joinder:**

No additional parties will be joined at this time.

    **7. The following parties consent to assignment of this case to a United States Magistrate Judge for** *[court or jury]* **trial:**

The parties do not consent to assignment of this case to a United States Magistrate Judge for trial.

**ALTERNATIVE DISPUTE RESOLUTION**

**8.** *[Please indicate the appropriate response(s).]*

The parties agree that alternative dispute resolution is premature at this stage of the litigation.

❏ **The case was automatically assigned to Nonbinding Arbitration at filing and will be ready for the hearing by** *(date)*_____.

❏ **The parties have filed a Stipulation and Proposed Order Selecting an ADR process** *(specify process)*:_____.

❏ **The parties filed a Notice of Need for ADR Phone Conference and the phone conference was held on or is scheduled for** _____.

❏ **The parties have not filed a Stipulation and Proposed Order Selecting an ADR process and the ADR process that the parties jointly request [or a party separately requests] is** _____.

**9. Please indicate any other information regarding ADR process or deadline.**

**DISCLOSURES**

**10. The parties certify that they have made the following disclosures** *[list disclosures of persons, documents, damage computations and insurance agreements]***:**

All discovery is stayed pursuant to the PSLRA, and initial disclosures are therefore not appropriate.

**DISCOVERY**

**11. The parties agree to the following discovery plan** *[Describe the plan e.g., any limitation on the number, duration or subject matter for various kinds of discovery; discovery from experts; deadlines for completing discovery]*:

Due to the discovery stay applicable under the PSLRA, it is premature to create a discovery plan at this time.

**(a)    Meet and Confer Requirement**

The parties met and conferred telephonically as required by Fed. R. Civ. P. 26(f) on February 6 and 9, 2007.

**(b)    Fact Discovery**

It is premature to commence fact discovery, for the reason described above.

**(c)    Expert Discovery**

It is premature to discuss a discovery plan at this time.

**(d)    Additional Depositions**

3

It is premature to discuss the number of depositions that exceed the requirements under the Federal Rules of Civil Procedure.

**TRIAL SCHEDULE**

**12. The parties request a trial date as follows:**

The parties request a trial date within four months after the resolution of all dispositive motions.

**13. The parties expect that the trial will last for the following number of days:**

The parties expect that the trial will last approximately four weeks.

Dated: February 12, 2007

**BRAUN LAW GROUP, P.C.**

By: _____/s/_____
Michael D. Braun

**12400 Wilshire Boulevard, Suite 920**
**Los Angeles, CA  90025**

**Liaison Counsel for Plaintiff and the Class**

**Maya Saxena**
**Joseph E. White III**
**SAXENA WHITE P.A.**
**2424 North Federal Highway, Suite 257**
**Boca Raton, FL  33431**
**Lewis Kahn**
**KAHN GAUTHIER SWICK, LLC**
**650 Poydras Street, Suite 2150**
**New Orleans, LA  70130**

**Michael A. Swick**
**Kim E. Miller**
**KAHN GAUTHIER SWICK, LLC**
**114 E. 39th Street**
**New York, NY  10016**

**Lead Counsel for Plaintiff and the Class**

Dated: February 12, 2007

**LATHAM & WATKINS LLP**

By: _____/s/_____
Patrick Gibbs
**140 Scott Drive**
**Menlo Park, CA 94025**

**Attorneys for Defendants Terayon Communications Systems, Inc., Zaki Rakib, Jerry D. Chase, Mark A. Richman, Edward Lopez, Ray Fritz, Carol Lustenader, Matthew Miller, Shlomo Rakib, Doug**

Sabella, Christopher Schaepe, Mark Slaven, Lewis Solomon, Howard W. Speaks, Arthur T. Taylor, and David Woodrow

Dated: February 12, 2007          MORGAN, LEWIS & BOCKIUS LLP

By: _____/s/_____
**Michael Lawson**
**One Market**
**Spear Street Tower**
**San Francisco, CA 94105**

**Attorneys for Ernst & Young, LLP**

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

*[The Court may wish to make additional orders, such as:*
*a. Referral of the parties to court or private ADR process;*
*b. Schedule a further Case Management Conference;*
*c. Schedule the time and content of supplemental disclosures;*
*d. Specially set motions;*
*e. Impose limitations on disclosure or discovery;*
*f. Set time for disclosure of identity, background and opinions of experts;*
*g. Set deadlines for completing fact and expert discovery;*
*h. Set time for parties to meet and confer regarding pretrial submissions;*
*I. Set deadline for hearing motions directed to the merits of the case;*
*j. Set deadline for submission of pretrial material;*
*k. Set date and time for pretrial conference;*
*l. Set a date and time for trial.]*

Dated: _____        _____
                              **UNITED STATES DISTRICT/MAGISTRATE JUDGE**