1  LATHAM & WATKINS LLP
   Patrick E. Gibbs (SBN 183174)
2     Jennie Foote Feldman (SBN 248375)
   140 Scott Drive
3  Menlo Park, California 94025
   Telephone: (650) 328-4600
4  Facsimile: (650) 463-2600

5

   Attorneys for Defendants Terayon Communication
6  Systems, Inc., Zaki Rakib, Jerry D. Chase, Mark A.
   Richman, Edward Lopez, Ray Fritz, Carol
7  Lustenader, Matthew Miller, Shlomo Rakib, Doug
   Sabella, Christopher Schaepe, Mark Slaven, Lewis
8  Solomon, Howard W. Speaks, Arthur T. Taylor, and
   David Woodrow

9

10                   UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| 13  ADRIAN MONGELI, Individually, And On Behalf Of All Others Similarly Situated, | CASE NO.: 3-06-CV-03936 MJJ |
| 14            Plaintiffs, | **CLASS ACTION** |
| 15      v. | **REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS BY TERAYON AND THE INDIVIDUAL DEFENDANTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| 16  TERAYON COMMUNICATION SYSTEMS, INC., ZAKI RAKIB, JERRY D. CHASE, MARK A. RICHMAN, EDWARD LOPEZ, RAY FRITZ, CAROL LUSTENADER, MATTHEW MILLER, SHLOMO RAKIB, DOUG SABELLA, CHRISTOPHER SCHAEPE, MARK SLAVEN, LEWIS SOLOMON, HOWARD W. SPEAKS, ARTHUR T. TAYLOR, DAVID WOODROW, and ERNST & YOUNG, LLP, | |
|            Defendants. | Judge: Honorable Martin J. Jenkins<br>Date: July 24, 2007<br>Time: 9:30 a.m.<br>Courtroom: 11, 19th Floor |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED CLASS ACTION
COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS BY TERAYON AND
THE INDIVIDUAL DEFENDANTS
CASE NO.: 3-06-CV-03936 MJJ

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION .................................................................................................................. 1

I. PLAINTIFF'S RESTATEMENT ALLEGATIONS DO NOT SUPPORT THE REQUISITE "STRONG INFERENCE" OF SCIENTER ............................................................................................................ 1

    A. The Mere Fact of the Restatement Does Not Relieve Plaintiff's Burden of Pleading Scienter. ......................................................................... 3

    B. A Handful of Executive Departures at Various Times Throughout the Class Period, and the Company's Change in Auditor, Raise No Inference of Scienter. ........................................................................................ 4

    C. Plaintiff's "Motive and Opportunity" Allegations Fail. ................................. 5

    D. Sarbanes-Oxley Certifications by Certain Individual Defendants Do Not Cure Plaintiff's Deficient Scienter Allegations. ................................. 7

    E. Plaintiff's Confidential Witness Allegations Do Not Support a Strong Inference of Scienter. ........................................................................... 9

    F. Plaintiff's Allegations Regarding Internal Controls Weaknesses Do Not Give Rise to a Strong Inference of Scienter. .............................................. 9

II. DEFENDANTS' STATEMENTS THAT ARE NOT CHALLENGED AS FALSE, WHICH MERELY EXPRESS CORPORATE OPTIMISM, OR ARE FORWARD-LOOKING, ARE NOT ACTIONABLE AS A MATTER OF LAW .................................................................................................. 10

    A. Plaintiff Fails to Allege a Securities Fraud Violation Related to the Convertible Subordinated Notes. ................................................................ 10

    B. Vague, Generalized, and Unspecific Statements of Puffery Cannot State Actionable Material Misstatements Under Federal Securities Laws. .............................................................................................................. 11

    C. All of the Forward-Looking Statements Identified By Defendants in Appendix B Satisfy the Requirements of the PSLRA's Safe Harbor, and Therefore, Cannot Support a Securities Fraud Claim. ............... 11

    D. Plaintiff Has Not Adequately Pled Particularized Facts Showing that Any of the Statements Relating to Executive Resignations, the Change in Auditors, and the Restructuring Plan Were Actually False. ............................................................................................................... 12

III. PLAINTIFF HAS NOT ADEQUATELY PLEADED LOSS CAUSATION .......................................................................................................... 12

    A. Plaintiff's "Inflated Stock Price" Theory Does Not Establish Loss Causation........................................................................................................ 12

    B. Plaintiff Fails to Allege Loss Caused by any Fraudulent

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

i

REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED CLASS ACTION
COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS BY TERAYON AND
THE INDIVIDUAL DEFENDANTS
CASE NO.: 3-06-CV-03936 MJJ

Misstatement or Omission Relating Issues Other Than Revenue Recognition. ...................................................................................................... 13

IV. BECAUSE PLAINTIFF FAILS TO STATE A PRIMARY VIOLATION OF THE SECURITIES LAWS, HIS SECTION 20(A) "CONTROL PERSON" CLAIM MUST ALSO FAIL. ............................................. 15

CONCLUSION ................................................................................................................ 15

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

ii

REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED CLASS ACTION
COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS BY TERAYON AND
THE INDIVIDUAL DEFENDANTS
CASE NO.: 3-06-CV-03936 MJJ

# TABLE OF AUTHORITIES

## CASES

*Arthur Children's Trust v. Keim*,
  994 F.2d 1390 (9th Cir. 1993) ............................................................................................... 15

*Commc'ns Workers of Amer. Plan for Employees' Pensions and Death Benefits v. CSK Auto. Corp.*,
  No. CV06-1503-PHX-DGC, 2007 U.S. Dist. Lexis 22782 (D. Ariz. March 28, 2007) ................................................................................................................................. 7

*Dura Pharm., Inc. v. Broudo*,
  544 U.S. 336 (2005) ............................................................................................ 1, 12, 13, 15

*Gompper v. VISX, Inc.*,
  298 F.3d 893 (9th Cir. 2002) ................................................................................................ 10

*Hollinger v. Titan Capital Corp.*,
  914 F.2d 1564 (9th Cir. 1990) .............................................................................................. 15

*Howard v. Everex Sys., Inc.*,
  228 F.3d 1057 (9th Cir. 2000) .............................................................................................. 15

*In re Adaptive Broadband Sec. Litig.*,
  No. C 01-1092 SC, 2002 U.S. Dist. LEXIS 5887 (N.D. Cal. Apr. 2, 2002) ...................... 3, 4

*In re Aspeon, Inc. Sec. Litig.*,
  No. 04-55651, 2006 WL 448793 (9th Cir. Feb. 23, 2006) .................................................. 4, 5

*In re Cylink Sec. Litig.*,
  178 F. Supp. 2d 1077 (N.D. Cal. 2001) .............................................................................. 3, 4

*In re Daou Sys., Inc.*,
  411 F.3d 1006 (9th Cir. 2005) .............................................................................................. 13

*In re Hypercom Corp. Sec. Litig.*,
  No. CV-05-0455-PHX-NVW, 2006 WL 726791 (D. Ariz. Jan. 25, 2006) ............................ 3

*In re Intelligroup Sec. Litig.*,
  468 F. Supp. 2d 670 (D. N.J. 2006) ................................................................................. 5, 13

*In re Lattice Semiconductor Corp. Sec. Litig.*,
  No. CV04-1255-AA, 2006 WL 538756 (D. Or. Jan. 3, 2006) ........................................... 7, 8

*In re McKesson HBOC Sec. Litig.*,
  126 F. Supp. 2d 1248 (N.D. Cal. 2000) .............................................................................. 3, 4

*In re Nuko Info. Sys., Inc. Sec. Litig.*,
  199 F.R.D. 338 (N.D. Cal. 2000) ............................................................................................ 5

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

iii

REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED CLASS ACTION
COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS BY TERAYON AND
THE INDIVIDUAL DEFENDANTS
CASE NO.: 3-06-CV-03936 MJJ

1  *In re OCA Sec. and Deriv. Litig.*,
2     No. 05-2165, 2006 U.S. Dist. LEXIS 90854 (E.D. La. Dec. 14, 2006).............................. 7, 8

3  *In re Pixar Sec. Litig.*,
      450 F. Supp. 2d 1096 (N.D. Cal. 2006) ................................................................. 5, 7
4
   *In re Silicon Graphics Inc. Sec. Litig.*,
5     183 F.3d 970 (9th Cir. 1999) ................................................................................. 7

6  *In re Stac Elecs. Sec. Litig.*,
      89 F.3d 1399 (9th Cir. 1996) ................................................................................ 11
7
   *In re Triton Energy Ltd. Sec. Litig.*,
8     No. 5:98-CV-256, 2001 U.S. Dist. LEXIS 5920 (E.D. Tx. March 30, 2001) .................... 3, 4

9  *Kaplan v. Rose*,
      49 F.3d 1363 (9th Cir. 1994) ................................................................................ 15
10
11 *Lepp v. Gonzales*,
      No. C-05-0566 VRW, 2005 WL 1867723 (N.D. Cal. Aug. 2, 2005) ................................ 4
12
   *Morgan v. AXT, Inc.*,
13    No. C 04-4362 MJJ, 2005 WL 2347125 (N.D. Cal. Sept. 23, 2005) ............................... 13

14 *Ronconi v. Larkin*,
      253 F.3d 423 (9th Cir. 2001) ............................................................................... 6, 7
15
16 *Wenger v. Lumisys, Inc.*,
      2 F. Supp. 2d 1231 (N.D. Cal 1998) ....................................................................... 6
17

18                              **STATUTES**

19 15 U.S.C. § 78u-5(c) ................................................................................................ 12

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

iv

REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED CLASS ACTION
COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS BY TERAYON AND
THE INDIVIDUAL DEFENDANTS
CASE NO.: 3-06-CV-03936 MJJ

# INTRODUCTION

Lead Plaintiff's Memorandum of Points and Authorities in Opposition to the Motion of Terayon and the Individual Defendants is a hash of unsupported argument and innuendo, and it does not come close to addressing the substance of the instant motion to dismiss.[1]  As discussed in our Opening Brief, Plaintiff's claims are based principally on Terayon's December 29, 2006 restatement of certain prior financial statements.  But Plaintiff's Amended Complaint does not come close to alleging particularized facts sufficient to support a "strong inference" of scienter— *i.e.*, that the restatement arose out of fraud, as opposed to innocent accounting errors.  Indeed, many of the "facts" alleged in the Amended Complaint or properly subject to judicial notice affirmatively undercut any suggestion of fraud.  To the extent that Plaintiff's claims arise out of statements not corrected as part of the restatement, Plaintiff's claim fails because those statements are not actionable—they are either forward-looking statements protected by the "safe harbor" under the Private Securities Litigation Reform Act; they amount to immaterial optimistic statements and puffery; or Plaintiffs have failed to allege that the statements were false.

Plaintiff has also failed to allege loss causation for ***any*** of the alleged misstatements. Plaintiff relies, in part, on the very same "inflated purchase price" theory that the Supreme Court rejected in *Dura*.  *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 343 (2005).  And Plaintiff cannot articulate any coherent theory of loss causation for a number of restated items (those other than revenue recognition) that were first announced by Terayon *after* the stock drop Plaintiff claims caused his loss.  For all of these reasons, and the additional reasons cited in our Opening Brief, Plaintiff's Amended Complaint should be dismissed for failure to state a claim.

## I. PLAINTIFF'S RESTATEMENT ALLEGATIONS DO NOT SUPPORT THE REQUISITE "STRONG INFERENCE" OF SCIENTER

The vast majority of alleged misstatements in the Amended Complaint relate to

---

[1] The Memorandum of Points and Authorities in Support of the Motion to Dismiss the Amended Class Action Complaint by Terayon and the Individual Defendants is referred to as the "Opening Brief" and is cited as "Def. Mem. __."  Lead Plaintiff's Memorandum of Points and Authorities in Opposition to the Motion of Terayon and the Individual Defendants is cited as "Pl. Mem. __."  The Amended Class Action Complaint is referred to as the "Amended Complaint" and cited as "¶__."  Exhibits to Defendants' Request for Judicial Notice in Support of the Motion to Dismiss are cited as "RJN Ex. __."

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

1

REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS BY TERAYON AND THE INDIVIDUAL DEFENDANTS
CASE NO.: 3-06-CV-03936 MJJ

Terayon's financial condition. *See, e.g.,* ¶¶61, 63, 65, 67. Based on Terayon's December 29, 2006 restatement of certain financial statements issued during the Class Period, Plaintiff claims these statements were not merely false (as conceded by the restatement), but that they amounted to fraud. ¶64. As demonstrated in our Opening Brief, however, Plaintiff has failed to allege facts supporting a "strong inference" that any of these statements were knowingly or recklessly false when made. Def. Mem. 11-22.

In his Opposition, Plaintiff claims Defendants have not addressed the "strongest indicia of scienter," namely, the SEC's investigation of the Company, its delisting, and its settlement of an earlier securities fraud action. Pl. Mem. 2. Far from supporting a "strong inference" of scienter, these "facts" suggest nothing at all about Defendants' state of mind, and Plaintiff's reliance on them is telling. First, the settlement of an earlier class action is completely irrelevant to this case. Plaintiff is arguing, in essence, that because Terayon settled an earlier class action, Defendants must have committed fraud here. Plaintiff makes no effort to relate the allegations of that case to the accounting errors leading to the December 29, 2006 restatement, and in any event, the fact that Terayon settled the case does not mean (as Plaintiffs imply) that the case had any merit, let alone that the December 29, 2006 restatement resulted from fraud. Clearly, getting sued more than once cannot establish scienter under the PSLRA.

Second, Nasdaq delisted Terayon for the sole reason that the Company was unable to file financial statements with SEC during the restatement process. ¶231, 238. Nasdaq's rules require listed companies to have current financial statements on file with the SEC, and the failure to file financial statements automatically triggers delisting without regard to the reason for the failure to file. *See* NASD Rule 4310(c)(14). Thus, the mere fact that Terayon was delisted says nothing at all about the Defendants' state of mind, and it certainly does not suggest that the December 29, 2006 restatement resulted from fraud, as opposed to an accounting error. Third, Plaintiff's reference to the SEC investigation is both irrelevant to the Defendants' state of mind and, ultimately, undercuts Plaintiff's argument: on April 2, 2007, the Commission terminated its investigation without recommending any enforcement action. *See* Reply RJN Ex. A. If anything, the status of the SEC investigation undercuts any suggestion of fraud here.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

2

REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS BY TERAYON AND THE INDIVIDUAL DEFENDANTS
CASE NO.: 3-06-CV-03936 MJJ

1   Plaintiff also points to the sheer number of "scienter" allegations as support for his

2   argument. Pl. Mem. 6. Quantity is no substitute for quality, and as demonstrated in the Opening

3   Brief, whether viewed individually or collectively, Plaintiff's scienter allegations are clearly

4   insufficient, and they often serve to refute any possible theory of fraud. Def. Mem. 11-22.

### A. The Mere Fact of the Restatement Does Not Relieve Plaintiff's Burden of Pleading Scienter.

Citing *In re Cylink Securities Litigation*, Plaintiff argues that the mere fact of a restatement can support an inference of scienter. Pl. Mem. 7. The *Cylink* case provides absolutely no support for that proposition. The passage that Plaintiff purports to quote actually states that a restatement can support an inference of *falsity*, a proposition that Defendants do not contest. *See In re Cylink Sec. Litig.*, 178 F. Supp. 2d 1077, 1084 (N.D. Cal. 2001). It is well-established in this Circuit that the mere fact of a restatement or failure to follow GAAP does not establish a strong inference of scienter. Def. Mem. 12-13.

Plaintiff also cites a series of cases in which courts were willing to infer scienter at least in part because of a large restatement. Courts have held that "the greater the magnitude of the restatement or GAAP violation, the more likely that such a restatement or violation was made consciously or recklessly." *In re Hypercom Corp. Sec. Litig.*, No. CV-05-0455-PHX-NVW, 2006 WL 726791, *4 (D. Ariz. Jan. 25, 2006). But Plaintiff's citations do not help him for at least two reasons. First, these cases all involve accounting errors of a significant magnitude, where revenue or assets was overstated by between 20% and 300%.[2] Terayon's restatement, which encompassed the period from 2001-2004, only reduced the Company's total revenue for

---

[2] *See In re Cylink*, 178 F. Supp. 2d 1077, 1079 (N.D. Cal. 2001) (alleged misrepresentations include overstating first quarter 1998 revenues by 97.5% and second quarter 1998 revenues by 46%); *In re Triton Energy Ltd. Sec. Litig.*, No. 5:98-CV-256, 2001 U.S. Dist. LEXIS 5920, *9, 13 (E.D. Tx. March 30, 2001) (alleged misrepresentations include over-valuing a natural gas reserve by 70% and recognizing a $50 million gain from a purported sale transaction that actually resulted in an additional $100 million in debt); *In re McKesson HBOC Sec. Litig.*, 126 F. Supp. 2d 1248, 1273 (N.D. Cal. 2000) (alleged accounting errors included revenue inflation exceeding 25% in some quarters); *In re Adaptive Broadband Sec. Litig.*, No. C 01-1092 SC, 2002 U.S. Dist. LEXIS 5887, *13 (N.D. Cal. Apr. 2, 2002) (reversal of a $4 million transaction that was not supported by a purchase order and restatement of two additional revenue transactions resulted in a revenue reduction for the year of 20%).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

3

REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED CLASS ACTION
COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS BY TERAYON AND
THE INDIVIDUAL DEFENDANTS
CASE NO.: 3-06-CV-03936 MJJ

that period by about 2%.[3] A restatement of this magnitude does not support an inference of fraud. *See, e.g., In re Aspeon, Inc. Sec. Litig.*, No. 04-55651, 2006 WL 448793, *3 (9th Cir. Feb. 23, 2006) (restatement that shuffled revenue amongst three quarters and resulted in revenue reduction of 1.57% does not give rise to an inference of scienter). Second, Plaintiff's cases all included specific factual allegations that defendants knowingly disregarded appropriate accounting principles.[4] In contrast, Plaintiff here does not allege any specific facts about who was aware of improper accounting, how they knew it, or when. Def. Mem. 16. Plaintiff also fails to identify any other characteristics of the restatement that would give rise to an inference of scienter. He merely makes vague claims that the restatement covers "an extensive period of time" and involves "a variety of GAAP allegations." Pl. Mem. 6. Neither of these characteristics says anything about the state of mind of any Defendant. Plaintiff also fails to substantively address several factors, identified by Defendants, that negate any inference of scienter.[5] Def. Mem. 13.

### B. A Handful of Executive Departures at Various Times Throughout the Class Period, and the Company's Change in Auditor, Raise No Inference of Scienter.

In an effort to show that the resignations of five executives at different times throughout the nearly five-year Class Period is evidence of scienter, Plaintiff has concocted three so-called "phases of fraud," which were not pled in the Amended Complaint. *See* Miller Dec. Ex. A. It is inappropriate for a plaintiff to add new factual allegations in an opposition brief. *See Lepp v.*

---

[3] *See* Memorandum of Points and Authorities in Support of Ernst & Young LLP's Motion to Dismiss the Amended Class Action Complaint at 4.

[4] *See In re Cylink*, 178 F. Supp. 2d at 1082 (CFO was allegedly aware of a transaction provision that allowed the customer the right to exchange the product, but allowed the recognition of revenue anyway, in violation of company's own policies and GAAP); *In re Triton*, 2001 U.S. Dist. Lexis 5920 at *10-11 (defendants allegedly concealed information concerning one of Company's most critical assets, that if revealed, would have showed the Company had overvalued the asset); *In re McKesson HBOC*, 126 F. Supp. 2d at 1273 (company's internal investigation concluded that executives intentionally overstated revenue, based on existence of secret side letters and the deletion of critical computer files); *In re Adaptive*, 2002 U.S. Dist. LEXIS 5887, *7 (Plaintiffs provided specific evidence that there was internal debate at Adaptive as to whether to override internal policies and GAAP restrictions and book a $4 million transaction that was later reversed).

[5] Plaintiff dismisses the findings of Terayon's Audit Committee, for example, as a "fox-watching-the-hen house scenario," but he cites no evidence that the Audit Committee was biased or that its investigation was inadequate. Pl. Mem. 3.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

4

REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS BY TERAYON AND THE INDIVIDUAL DEFENDANTS
CASE NO.: 3-06-CV-03936 MJJ

1  *Gonzales*, No. C-05-0566 VRW, 2005 WL 1867723, *2 (N.D. Cal. Aug. 2, 2005).

2  In any event, Plaintiff's newly-concocted "phases" do not support Plaintiff's argument
3  with regard to the executive departures and Terayon's change in auditor. Aside from the fact
4  that they do not appear in the Amended Complaint, Plaintiff provides no factual support for the
5  idea that these so-called "phases" exist. In reality, these three "phases" are fiction, manufactured
6  out of whole cloth in an attempt to show that otherwise routine executive departures were
7  "suspicious." Pl. Mem. 12. Plaintiff does not dispute (nor can he) that not one of the departures
8  occurred immediately prior to any of the three announcements Defendants cite as disclosures of
9  the so-called fraud. Pl. Mem. 24. And Plaintiff fails to address cases cited by Defendants in
10 support of the common-sense proposition that the resignation of an executive does not bear on
11 the scienter analysis unless the employee was fired for cause, or the Company offered a reason,
12 such as fraud, for the departure.[6] Def. Mem. 16.

### C. Plaintiff's "Motive and Opportunity" Allegations Fail.

Plaintiff argues that he is not required to allege insider trading at all. Pl. Mem. 11. It is true that insider sales are not necessary to plead scienter. *See In re Aspeon*, 2006 WL 448793 at *3. But as Defendants showed in the Opening Brief (Def. Mem. 21), and as Plaintiff's own authorities recognize, where a plaintiff affirmatively relies on stock sales, the fact that some defendants did not trade affirmatively undercuts any inference of fraud. *See In re Nuko Info. Sys., Inc. Sec. Litig.*, 199 F.R.D. 338, 344 (N.D. Cal. 2000). Plaintiff here alleges that stock sales by four of the fifteen Individual Defendants – Carol Lustenader, Christopher Schaepe, and Zaki and Shlomo Rakib – show the motive and opportunity to commit fraud. ¶¶262-64. Having made that allegation, Plaintiff must contend with the fact that the remaining eleven Defendants did not trade at all, thus undercutting any inference of scienter as to all fifteen. Def. Mem. 20-23. Indeed, this Court has rejected precisely the "bait and switch" tactic Plaintiff is attempting to use here. *See In re Pixar Sec. Litig.*, 450 F. Supp. 2d 1096, 1107 (N.D. Cal. 2006) (distinguishing

---

[6] Plaintiff cites a New Jersey District Court case for the proposition that resignation of an auditor or CFO is one manner in which "the market may learn of possible fraud," but the passage quoted by Plaintiff comes from a discussion of the loss causation element, not scienter. *In re Intelligroup Sec. Litig.*, 468 F. Supp. 2d 670, 684 n. 11 (D. N.J. 2006).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

5

REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED CLASS ACTION
COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS BY TERAYON AND
THE INDIVIDUAL DEFENDANTS
CASE NO.: 3-06-CV-03936 MJJ

1 *Nuko* and other cases where the plaintiff had not relied on allegations of insider trading and
2 holding that where plaintiffs *do* rely on insider trading allegations to establish scienter, "the
3 absence of insider trading by a defendant is highly relevant and undermines any inference of
4 scienter.").

5     In any event, setting aside the fact that over two-thirds of the Individual Defendants did
6 not trade, as for the defendants who did trade, the Amended Complaint provides none of the
7 context that courts require when considering scienter allegations based on stock sales. Def.
8 Mem. 20-23; *see, e.g.*, *Ronconi v. Larkin*, 253 F.3d 423, 436 (9th Cir. 2001).[7] The reason for
9 this omission is clear: the handful of Defendants who did trade during the Class Period sold little
10 of their total holdings (at most 13%) and/or traded at times that were not suspicious. Def. Mem.
11 20-23. Where trades do not occur "immediately before a negative earnings announcement," any
12 inference of scienter is undermined. *Wenger v. Lumisys, Inc.*, 2 F. Supp. 2d 1231, 1251 (N.D.
13 Cal 1998).

14     Plaintiff now argues that the timing of the stock sales was suspicious in relation to the
15 "three phases of fraud" and the "Earlier Securities Fraud Action." Pl. Mem. 8 and 10. As
16 discussed in Section I.B above, however, these "three phases" were not pled in the Amended
17 Complaint, and Plaintiff's newly-added "allegations" are wholly lacking in specificity.
18 Moreover, allegations from the earlier securities action are not properly before the Court, and in
19 any event, those allegations do not help Plaintiff because they also include no critical details to
20 suggest that the sales were suspicious in either timing or amount.

21     Remarkably, Plaintiff claims he *cannot* provide the required context for alleged insider
22 stock sales of any defendant *or the percentage of stock* sold by the Rakibs. Pl. Mem. 9-11. This
23 is so, Plaintiff claims, because Zaki Rakib allegedly purchased a home and "the Form 4s do not
24 reflect whether any shares held by the Rakib brothers or any of the individual defendants were
25 previously pledged." Pl. Mem. 9-10. On that basis, Plaintiff asks the Court to ignore the Form

---

[7] Plaintiff's claim that *Ronconi* does not control because "here not one but several insiders allegedly engaged in improper sales" Pl. Mem. 11, n. 8. Plaintiff misstates that case. The *Ronconi* plaintiffs alleged that numerous insiders made suspicious stock sales. *Ronconi v. Larkin*, 253 F.3d 423, 435 (9th Cir. 2001). Thus, *Ronconi* is directly on point.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

6

REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED CLASS ACTION
COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS BY TERAYON AND
THE INDIVIDUAL DEFENDANTS
CASE NO.: 3-06-CV-03936 MJJ

4s reflecting Defendants' stock sales during the Class Period. Pl. Mem. 9-10. But Plaintiff alleges no facts at all to suggest that any of the Defendants actually pledged any stock. Plaintiffs' speculation that some of the Defendants may have pledged stock does not come close to supporting an inference that any of Defendants' stock sales were suspicious, and it certainly does not preclude the Court from taking judicial notice of the relevant Form 4s, which make clear that Defendants' stock sales were not suspicious in either timing or amount. *See In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999). And in any event, Plaintiff bears the burden of alleging context to show that Defendants' trades were "suspicious," so even if the Court were to ignore the Form 4s, Plaintiff's "motive and opportunity" allegations are completely deficient.[8] *Ronconi*, 253 F.3d at 436; *In re Pixar*, 450 F. Supp. 2d at 1107.

### D. Sarbanes-Oxley Certifications by Certain Individual Defendants Do not Cure Plaintiff's Deficient Scienter Allegations.

Plaintiff cites two cases for the proposition that certain of the Defendants' Sarbanes-Oxley ("SOX") certifications give rise to a strong inference of scienter.[9] Pl. Mem. 13; *In re Lattice Semiconductor Corp. Sec. Litig.*, No. CV04-1255-AA, 2006 WL 538756 (D. Or. Jan. 3, 2006); *In re OCA Sec. and Deriv. Litig.*, No. 05-2165, 2006 U.S. Dist. LEXIS 90854 (E.D. La. Dec. 14, 2006). Neither case supports Plaintiff's argument.

In *OCA*, the Louisiana District Court found that SOX certifications regarding the adequacy of internal controls supported an inference of scienter because plaintiff alleged highly

---

[8] Indeed, Plaintiff's allegations make no sense. For example, Plaintiff's statement that "the Rakib brothers sold as much stock as they could as soon as they could" (Pl. Mem. 9) is puzzling, since they claim a few sentences later that they are not able to determine the percentage of holdings sold by the Rakib brothers. Pl. Mem. 9. Likewise, it is absurd for Plaintiff to allege that Carol Lustenader's sales are suspicious and "in significant contrast to prior years," Pl. Mem. 10, when they admit that they cannot provide the required trading context, and have not even attempted to do so here. Similarly, it is unclear how Plaintiff can allege that Christopher Schaepe "made profits approaching $1.5 million," Pl. Mem. 10, n. 6, when they are unable to determine the "options exercise price for some defendants."

[9] Plaintiff also cites *Commc'ns Workers of Amer. Plan for Employees' Pensions and Death Benefits v. CSK Auto. Corp.*, No. CV06-1503-PHX-DGC, 2007 U.S. Dist. Lexis 22782 (D. Ariz. March 28, 2007), but that case actually supports Defendants' position, not Plaintiff's. The court dismissed that case for failure to plead scienter. *Id.* at *29. The court held that allegations of accounting errors, defendants' Sarbanes-Oxley certifications, and defendants' high level positions raised "some" inference of scienter, but not the strong inference required by the PSLRA. *Id.*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

7

REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS BY TERAYON AND THE INDIVIDUAL DEFENDANTS
CASE NO.: 3-06-CV-03936 MJJ

particularized facts suggesting that the certifications were false when made, including allegations that (i) OCA dismissed its auditor, EY, after EY wrote a letter to the company identifying six material internal control weaknesses; (ii) OCA did not disclose these control deficiencies until approximately six months after receiving the letter from EY; (iii) three witnesses from the accounting department said they did not observe any internal control improvements after the EY letter, thus contradicting OCA's public statements that it was taking steps to improve internal controls; and (iv) PWC, the auditor OCA hired to replace EY, resigned upon concluding that OCA had failed to take "timely and appropriate remedial actions in response to the discovery of potential illegal acts" at the company, which further contradicted OCA's statements that it was taking steps to improve its internal controls. *See In re OCA*, 2006 U.S.Dist. LEXIS 90854 at *9, 16, 25, 31. In this case, Plaintiff has not alleged *any* facts to suggest that Defendants' SOX certifications regarding internal controls were knowingly false, let alone facts as detailed as those alleged in *OCA*. As such, *OCA* lends no support to Plaintiff's argument.

In *Lattice*, the plaintiffs alleged that the company's restatement resulted from inappropriate journal entries by an individual who adjusted information to "stay with the trend" rather than report actual facts. *In re Lattice*, 2006 WL 538756 at *14. The court identified several contradictions between SOX certifications signed by the CFO and CEO and the situation at the company at the time the certifications were signed. *See id.* at *17-18. The court concluded that one of two things must have been true: either the certifications themselves were false or, if true, the certifications supported the inference that the CEO and CFO knew of the improper journal entries. *Id.* at *18. Here, Plaintiff has not alleged facts from which the Court could reach a similar conclusion. Unlike Lattice, Terayon has not admitted that any SOX signatory overrode the company's internal controls. *Id.* at *17. And unlike the plaintiff in *Lattice*, who alleged a number of other specific facts supporting the inference that the CEO and CFO must have known of the improper journal entries (*id.* at *9), Plaintiffs here have not alleged any facts to support the inference that any of the Defendants knew of, or recklessly disregarded, any errors in Terayon's accounting. Def. Mem. 11-22. Absent *any* facts suggesting fraud rather than simple accounting errors, there is absolutely *no* basis for inferring that the Individual

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

8

REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED CLASS ACTION
COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS BY TERAYON AND
THE INDIVIDUAL DEFENDANTS
CASE NO.: 3-06-CV-03936 MJJ

1  Defendants' certifications suggest knowledge that the underlying accounting was incorrect.

  **E. Plaintiff's Confidential Witness Allegations Do Not Support a Strong Inference of Scienter.**

  Plaintiff's Opposition does nothing to address the deficiencies of his confidential witness allegations. Plaintiff does not address Defendants' argument that the witness's statements, even if credited, fail to demonstrate that any defendant had contemporaneous knowledge that Terayon's accounting was incorrect. Def. Mem. 18-20. And although Plaintiff attempts to bolster the witness's reliability, that effort fails. Plaintiff claims that the witness had "direct personal knowledge" of the facts to which he or she testified and "direct exposure" to certain individual defendants and E&Y partners. Pl. Mem. 14. But the actual allegations Plaintiff cites include no information about the basis for the witness's knowledge, much less that the witness personally participated in or observed the conversations and events described. ¶¶52-55. Nor do the witness's second-hand references to a single accounting rule or criticisms of EY indicate, as Plaintiff argues, that the witness has "a strong accounting background." Pl. Mem. 14-15. These statements are far too superficial to demonstrate any substantive knowledge of accounting. Def. Mem. 18. Plaintiff's claim that the confidential witness's allegations are "corroborated" by the restatement also fails, for anyone could easily cite that publicly-available information, and the restatement does not suggest anything at all about the Defendants' state of mind; it is just as consistent with an innocent error as with fraud. Pl. Mem. 14.

  **F. Plaintiff's Allegations Regarding Internal Controls Weaknesses Do Not Give Rise to a Strong Inference of Scienter.**

  The Opening Brief showed that by their nature, the internal controls weaknesses identified by Terayon do not support an inference of fraud. Def. Mem. 14-15. In his Opposition, Plaintiff makes no effort to explain how those weaknesses support a strong inference of scienter. Pl. Mem. 16-17. Instead, Plaintiff refers to the control deficiencies of other companies, Enron and Tyco, as if all controls deficiencies are the same and merely incanting the name of two notorious accounting fraud cases is enough to show scienter here. Pl. Mem. 16. Moreover, Plaintiff fails to substantively address several factors identified by Defendants in the Opening

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

9

REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS BY TERAYON AND THE INDIVIDUAL DEFENDANTS
CASE NO.: 3-06-CV-03936 MJJ

1  Brief that weigh against an inference of scienter. Def. Mem. 15. Although a plaintiff's claims
2  are accepted as true on a motion to dismiss, "the court must consider *all* reasonable inferences to
3  be drawn from the allegations, including inferences unfavorable to the plaintiffs." *Gompper v.*
4  *VISX, Inc.*, 298 F.3d 893, 896 (9th Cir. 2002). Because Plaintiff has failed to adequately allege
5  how Terayon's internal controls weaknesses bear on scienter, or address factors that weigh
6  against a finding of scienter, these allegations must be disregarded.

## II.  DEFENDANTS' STATEMENTS THAT ARE NOT CHALLENGED AS FALSE, WHICH MERELY EXPRESS CORPORATE OPTIMISM, OR ARE FORWARD-LOOKING, ARE NOT ACTIONABLE AS A MATTER OF LAW

Defendants' Opening Brief established that a large number of statements challenged in the Amended Complaint are not actionable. Def. Mem. 8-11. Plaintiff concedes, or fails to address, almost all of this. To the extent that Plaintiff even addresses these arguments, Plaintiff's responses lack merit.

### A.  Plaintiff Fails to Allege a Securities Fraud Violation Related to the Convertible Subordinated Notes.

In the Opposition, Plaintiff backs away from his demonstrably false claim that Terayon concealed certain default conditions of the Convertible Subordinated Notes.[10] *Compare* ¶ 64(k) with Pl. Mem. 23. Plaintiff now concedes that all terms of the Notes were contained in Terayon's Registration Statement on Form S-3 filed with the SEC on October 24, 2000. Pl. Mem. 23.

Plaintiff's new theory is that Defendants were "hiding" the default conditions in a "massive, complex" SEC filing. Pl. Mem. 23. This new theory is both factually and legally unsupportable. First, the risks related to the Subordinated Notes were clearly identified under the headings "Events of Default" and "Liquidated Damages" in the Registration Statement.[11] They

---

[10] In the restatement, Terayon corrected aspects of the accounting for the Subordinated Notes relating to the application of SFAS 133. *See* RJN Ex. 1 at 7-8. To the extent Plaintiff is alleging a misstatement stemming from this fact, the claim fails for the same reason that all of Plaintiff's "restatement" allegations fail – failure to adequately plead scienter. Def. Mem. 11-22.

[11] *See* RJN Ex. 14 at 35 (contingent put), RJN Ex. 14 at 29, ex. 4.1 ¶ 8 (conversion option); RJN Ex. 14 at ex. 4.4 ¶ 3 (liquidated damages provision).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

10

REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS BY TERAYON AND THE INDIVIDUAL DEFENDANTS
CASE NO.: 3-06-CV-03936 MJJ

were not "buried." Second, Plaintiff's whole fraud case is premised on the "fraud on the market" theory, which requires Plaintiff to show that the market for Terayon stock was efficient and "promptly digested current information regarding Terayon from *all publicly available sources*." ¶246. Plaintiff cannot simultaneously rely on this theory and yet claim that "the market" was unaware of facts plainly set forth in Terayon's SEC filings. *See In re Stac Elecs. Sec. Litig*., 89 F.3d 1399, 1410 (9th Cir. 1996) (affirming dismissal of fraud-on-the-market securities fraud claim because prospectus disclosed risks that plaintiff alleged were concealed).

      **B.**    **Vague, Generalized, and Unspecific Statements of Puffery Cannot State Actionable Material Misstatements Under Federal Securities Laws.**

In an effort to dispute Defendants' argument that the statements in Appendix A to the Opening Brief are not "puffery," Plaintiff encourages the Court to consider the full context of each statement. Pl. Mem. 19. To the extent the "full context" of each statement includes references to Terayon's past financial performance, as in ¶132 (the only example Plaintiff cites), those statements are not actionable because Plaintiff has failed to adequately allege they were knowingly false when made. Def. Mem. 11-22. Plaintiff does not even try to show that the remaining statements—such as "the key to success in 2001 was focus" and "we are pleased with our progress this quarter"—are anything other than immaterial puffery. Def. Mem. 9-10.

      **C.**    **All of the Forward-Looking Statements Identified By Defendants in Appendix B Satisfy the Requirements of the PSLRA's Safe Harbor, and Therefore, Cannot Support a Securities Fraud Claim.**

Plaintiff argues that the safe harbor does not immunize the statements identified in Appendix B to the Opening Brief because the cautionary language accompanying the statements fails to warn investors of the alleged fraud then underway at the Company. Pl. Mem. 21. Of course, Defendants deny that there was any such fraud, or that any Defendant knowingly made false statements. Def. Mem. 11-22. More importantly, Plaintiff's Amended Complaint does not allege any particularized facts to support an inference of fraud, as opposed to innocent accounting errors. If a merely conclusory allegation of "fraud" were enough to undercut the safe harbor, it would be a shallow harbor indeed. Absent particularized facts to show that the forward-looking statements were knowingly false when made, these statements cannot support a

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

11

REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS BY TERAYON AND THE INDIVIDUAL DEFENDANTS
CASE NO.: 3-06-CV-03936 MJJ

Section 10(b) claim. *See* 15 U.S.C. § 78u-5(c); Def. Mem. 10.

**D. Plaintiff Has Not Adequately Pled Particularized Facts Showing that Any of the Statements Relating to Executive Resignations, the Change in Auditors, and the Restructuring Plan Were Actually False.**

In the Opening Brief, Defendants argued that the Amended Complaint fails to set forth specific facts showing that many of the alleged misstatements, relating to executive resignations, the Company's change in auditor, and plans for corporate restructuring are even false. Def. Mem. 10-11. In response, Plaintiff argues that the "massive fraudulent scheme" alleged in the Amended Complaint somehow illustrates the falsity of these statements. Pl. Mem. 22. But Plaintiff fails to explain how this purported scheme renders these statements false, and thus it does not address the failures of these allegations. Def. Mem. 10-11.

## III. PLAINTIFF HAS NOT ADEQUATELY PLEADED LOSS CAUSATION

Plaintiff's scattershot theory of loss causation fails to satisfy this necessary element of a Section 10(b) claim for at least two reasons. First, Plaintiff alleges the same "inflated purchase price" theory rejected as illogical by *Dura*. 544 U.S. at 342. Second, Plaintiff does not plead a "causal connection between the material misrepresentation and the [economic] loss" they purportedly suffered. *Id.*

**A. Plaintiff's "Inflated Stock Price" Theory Does Not Establish Loss Causation.**

As shown in the Opening Brief, Plaintiff improperly claims injury based on purchases of Terayon stock at inflated prices throughout the entire 56-month Class Period, even though this purported price inflation was largely wiped out by the time the "truth" regarding Terayon's financial situation was revealed on March 1, 2006. Def. Br. 23.

In his Opposition, Plaintiff again tries to amend his complaint by arguing that two additional disclosures in the final months of the Class Period (on November 7, 2006 and January 10, 2007) demonstrate Plaintiff's economic loss. These disclosures add no support to Plaintiff's argument because they show that by the end of the Class Period, Terayon stock was trading at less than $3 per share, nowhere near the "Class Period trading high of almost $15.00 per share." ¶8; Pl. Mem. 24. Plaintiff has not adequately alleged that the drop in Terayon's stock price from the Class Period high of nearly $15 to its pre-disclosure price of approximately $3 was caused by

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

12

REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED CLASS ACTION
COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS BY TERAYON AND
THE INDIVIDUAL DEFENDANTS
CASE NO.: 3-06-CV-03936 MJJ

1  Defendants' alleged misstatements.

2  The fact that Terayon's stock price had already fallen well before any of the three
3  corrective disclosures Plaintiff cites suggests that throughout the Class Period, the stock was
4  affected by external market factors *other than* Defendants' alleged misstatements.  *See In re*
5  *Intelligroup Sec. Litig.*, 468 F. Supp. 2d 670, 695 (D. N.J. 2006) (decline in stock price that
6  began three months prior to disclosure at issue "unambiguously indicated" that economic forces
7  unrelated to the disclosure "were consistently driving Intelligroup's stock price down prior to the
8  disclosure at issue"); *see also In re Daou Sys., Inc.*, 411 F.3d 1006, 1026-27 (9th Cir. 2005)
9  (finding loss causation allegations sufficient to survive motion to dismiss, but noting that loss
10 suffered when the stock fell from a class period high of $34.375 high to $18.50, before any
11 corrective disclosure, could not be considered causally related to the alleged fraud) *and Morgan*
12 *v. AXT, Inc.*, No. C 04-4362 MJJ, 2005 WL 2347125, *16 (N.D. Cal. Sept. 23, 2005) (dismissing
13 complaint for failure to plead loss causation, where significant fluctuations in stock price during
14 the class period indicated that it was affected by factors other than the alleged fraud).  Because
15 all of Plaintiff's claims turn upon the same improper theory of loss, they must be dismissed.

16 **B.   Plaintiff Fails to Allege Loss Caused by any Fraudulent Misstatement or Omission Relating Issues Other Than Revenue Recognition.**
17

18 To adequately plead a Section 10(b) claim, a plaintiff must "specify each misleading
19 statement" and allege "a causal connection between the material misrepresentation and
20 [plaintiff's] loss."  *Dura*, 544 U.S. at 342.  Here, Plaintiff claims Terayon's stock dropped on
21 March 2, 2006, the day after Terayon announced an anticipated restatement of revenues from a
22 particular customer contract, but Plaintiff purports to base his claim on several restated items that
23 were not publicly disclosed until November 8, 2006, after the stock drop that Plaintiff claims
24 caused his loss.  Plaintiff cannot articulate any coherent loss causation theory for the restated
25 items other than revenue recognition.

26 Plaintiff relies on three announcements by Terayon to establish loss causation.[12]  These
27
28 [12]  In the Amended Complaint, Plaintiff only identifies the March 1, 2006 announcement as causing a drop in Terayon's stock price.  ¶¶8, 247-253.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SILICON VALLEY

13

REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED CLASS ACTION
COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS BY TERAYON AND
THE INDIVIDUAL DEFENDANTS
CASE NO.: 3-06-CV-03936 MJJ

announcements occurred on the following dates: (1) November 7, 2005, (2) January 10, 2006, and (3) March 1, 2006. Pl. Mem. 24. None of these announcements disclosed any accounting issues other than revenue recognition issues.[13] During the course of reviewing this issue, Terayon discovered other, unrelated accounting errors, and so as part of the December 29, 2006 restatement, Terayon corrected a number of items other than the revenue recognition issue that first triggered the accounting review, including cost of goods sold, estimates of reserves, accounting for an embedded derivative option associated with the Company's 5% Convertible Subordinated Notes, and other accrual estimates. *See* RJN Ex. 1 at 4-9. But Terayon did not announce that the restatement would include these other items until November 8, 2006, eight months after the stock drop that forms the basis of Plaintiffs' claim. Def. Mem. 23. No wonder: after the November 8, 2006 disclosure, Terayon's stock price actually went up. *Id*.

Plaintiff concedes in the Amended Complaint that each of the three disclosures cited above failed to identify accounting issues other than revenue recognition.[14] Specifically, Plaintiff alleges that the November 7, 2005 release was "false and misleading" and concealed the fact that "the Company's financial problems were not limited to issues regarding the improper recording of revenue relating to a single customer." ¶227. Plaintiff also admits that it was not until the November 8, 2006 announcement – well after the three disclosures he now cites – that investors were informed of the full scope of Terayon's accounting issues. ¶242.

---

[13] In the November 7, 2005 release, Terayon announced it had initiated a review of revenue recognition for certain transactions. *See* RJN Ex. 9. The January 10, 2006 release simply reported that as a result of this accounting review, the Company was unable to file its 10-Q. *See* ¶230-31. As a consequence of that delay, Terayon received a delisting notice from Nasdaq and was informed it was not in compliance with an obligation relating to its 5% Convertible Subordinated Notes. *Id*. The January 10, 2006 announcement did not disclose any accounting issues not identified in the November 7 announcement, as a delisting from Nasdaq was a foreseeable result of the previously-announced accounting review. Similarly, the Company's risk of default with regard to the Notes was known to investors. *See* Section II.A. Finally, the March 1, 2006 announcement merely reported the results of the Audit Committee inquiry that had been announced on November 7, 2005. The March 1, 2006 announcement did not disclose any accounting issues other than revenue recognition. *See* RJN Ex. 10.

[14] Plaintiff tries to amend his complaint by arguing that the March 1, 2006 announcement did not merely relate to revenue recognition, but rather amounted to "a concession that the Company's entire enterprise was a failure and could never recover from the stock decline that began in 2000." Pl. Mem. 25, n. 19. The text of the March 1, 2006 announcement says no such thing, as it identifies only one accounting issue – revenue recognition. *See* RJN Ex. 10.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

14

REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS BY TERAYON AND THE INDIVIDUAL DEFENDANTS
CASE NO.: 3-06-CV-03936 MJJ

1    Because Plaintiff cannot tie the restatement items other than revenue recognition to the

2  stock drop that caused his injury, Plaintiff has failed to allege loss causation for those items. *See*

3  *Dura*, 544 U.S. at 343 (requiring a "causal connection between the material misrepresentation

4  and [plaintiff's] loss.")

5  **IV.   BECAUSE PLAINTIFF FAILS TO STATE A PRIMARY VIOLATION OF THE SECURITIES LAWS, HIS SECTION 20(A) "CONTROL PERSON" CLAIM**
6  **MUST ALSO FAIL.**

7    Because Plaintiff has failed to plead a primary violation of the securities laws, his Section

8  20(a) claim must also fail. *See, e.g., Howard v. Everex Sys., Inc*., 228 F.3d 1057, 1065 (9th Cir.

9  2000). Plaintiff argues that "scienter is not an element of the control person claims." Pl. Mem.

10 25. (citing *Kaplan v. Rose*, 49 F.3d 1363, 1382 (9th Cir. 1994)). But scienter *is* an element of the

11 predicate securities violation—one that, as argued above, they have failed to allege. Moreover,

12 *Kaplan* and the other cases Plaintiff cites are *summary judgment* cases where the plaintiffs had

13 already survived a motion to dismiss. *Id*. at 1383. *See, e.g*., *Hollinger v. Titan Capital Corp*.,

14 914 F.2d 1564, 1579 (9th Cir. 1990) (grant of summary judgment in favor of defendants affirmed

15 in part); *see also Arthur Children's Trust v. Keim*, 994 F.2d 1390, 1398 (9th Cir. 1993). As

16 discussed above, Plaintiff has failed to meet his *pleading* requirements for the predicate

17 securities violation (let alone the *evidentiary* requirements to survive a motion for summary

18 judgment). Thus, *Kaplan, Hollinger* and *Keim* are inapposite and, as argued above, Plaintiff's

19 § 20(a) claim must be dismissed.

**CONCLUSION**

21    For the foregoing reasons, Defendants respectfully request the Court dismiss the

22 Complaint with prejudice.

23 Dated: May 23, 2007                         LATHAM & WATKINS LLP

25                                            By _____/s/_____
                                                  Patrick E. Gibbs
26
27                                            Attorneys for Terayon Communication Systems,
                                              Inc. and the Individual Defendants

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

15

REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED CLASS ACTION
COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS BY TERAYON AND
THE INDIVIDUAL DEFENDANTS
CASE NO.: 3-06-CV-03936 MJJ