1    LATHAM & WATKINS LLP
        Patrick E. Gibbs (SBN 183174)
2        Jennie Foote Feldman (SBN 248375)
     140 Scott Drive
3    Menlo Park, California  94025
     Telephone:  (650) 328-4600
4    Facsimile:  (650) 463-2600

5    Attorneys for Defendants Terayon Communication
     Systems, Inc., Zaki Rakib, Jerry D. Chase, Mark A.
6    Richman, Edward Lopez, Ray Fritz, Carol
     Lustenader, Matthew Miller, Shlomo Rakib, Doug
7    Sabella, Christopher Schaepe, Mark Slaven, Lewis
     Solomon, Howard W. Speaks, Arthur T. Taylor, and
8    David Woodrow

9

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12

13   ADRIAN MONGELI, Individually, And On     )   CASE NO.:  C 06-03936 CW
     Behalf Of All Others Similarly Situated,  )
14                                             )   **CLASS ACTION**
                       Plaintiffs,             )
15                                             )   **JOINT MOTION FOR PRELIMINARY**
             v.                                )   **APPROVAL OF CLASS ACTION**
16                                             )   **SETTLEMENT**
     TERAYON COMMUNICATION SYSTEMS, )
17   INC., ZAKI RAKIB, JERRY D. CHASE,         )
     MARK A. RICHMAN, EDWARD LOPEZ,            )   Date:        April 3, 2008
18   RAY FRITZ, CAROL LUSTENADER,              )   Time:        2:00 p.m.
     MATTHEW MILLER, SHLOMO RAKIB,             )   Courtroom:   2, 4th Floor
19   DOUG SABELLA, CHRISTOPHER                 )   Judge:       Hon. Claudia Wilken
     SCHAEPE, MARK SLAVEN, LEWIS               )
20   SOLOMON, HOWARD W. SPEAKS,                )
     ARTHUR T. TAYLOR, DAVID                   )
21   WOODROW, and ERNST & YOUNG, LLP,          )
                                               )
22                     Defendants.             )
                                               )
23

24

25

26

27

28

1  I.    INTRODUCTION

2      Lead Plaintiff and Defendants (the Parties)[1] have reached an agreement to settle this class

3  action against Terayon Communication Systems, Inc., Ernst & Young LLP and Zaki Rakib, Jerry

4  D. Chase, Mark A. Richman, Edward Lopez, Ray Fritz, Carol Lustenader, Matthew Miller,

5  Shlomo Rakib, Doug Sabella, Christopher Schaepe, Mark Slaven, Lewis Solomon, Howard W.

6  Speaks, Arthur T. Taylor, David Woodrow for payment of $2,730,000.  The Parties therefore

7  respectfully request that the Court enter an order: (1) preliminarily certifying a class for

8  settlement purposes; (2) preliminarily approving the proposed settlement; (3) approving the

9  notice to the class and authorize the dissemination of notice to class members; (4) setting dates

10  and procedures for a fairness hearing on the proposed settlement; (5) setting forth procedures and

11  deadlines for class members to file objections to the proposed settlement; and (6) setting forth

12  procedures and deadlines for class members to request exclusion (opt out) from the class.

13  II.    FACTUAL AND PROCEDURAL BACKGROUND

14      This lawsuit was initially filed on June 23, 2006 by I.B.L Investments alleging that

15  Defendants engaged in improper accounting practices and deliberately overstated revenue.  On

16  November 8, 2006, the Court appointed Adrian Mongeli as Lead Plaintiff pursuant to

17  §21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act") as amended by the

18  Private Securities Litigation Reform Act of 1995, and approved his selection of Kahn Gauthier

19  Swick, LLC and Saxena White, P.A. to serve as co-lead counsel, and the Braun Law Group, P.C.

20  to serve as liaison counsel in *Mongeli v. Terayon Communication Systems, et al.* (the

21  "Litigation").

22      The operative complaint in the Litigation is the Amended Class Action Complaint for

23  Violation of the Federal Securities Laws (the "Complaint"), filed January 8, 2007.    The

24  Complaint alleges violations of §§10(b) and 20(a) of the Exchange Act and Rule 10b-5

25  promulgated thereunder on behalf of a class of all purchasers of the publicly-traded securities of

26  _____

27  [1]    Capitalized terms not otherwise defined herein are as defined in the Proposed Class

28  Settlement Agreement filed as Exhibit 1 herewith.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

1

1   Terayon between June 28, 2001 and March 1, 2006 (the "Class Period.")    Specifically, the

2   Complaint alleges that: (1) Terayon's reported financial results were attributable to improper

3   accounting practices; (2) several Individual Defendants engaged in improper insider stock sales;

4   (3) Terayon's internal accounting controls were flawed; (4) Terayon's outside auditor, Defendant

5   Ernst & Young LLP, ignored purported "red flags" during the Class Period.    Lead Plaintiff

6   alleges that these events led to a decline in Terayon's stock price which harmed investors.

7         On March 9, 2007 Terayon and the Individual Defendants moved the Court to dismiss the

8   Complaint.  On March 23, 2007 Defendant Ernst & Young LLP ("E&Y") separately moved the

9   Court to dismiss the Complaint.  Lead plaintiff filed an opposition to the motion to dismiss filed

10   by the Company and the Individual Defendants on April 23, 2007, and filed an opposition to the

11   Motion to Dismiss filed by E&Y on May 7, 2007.  The Company and the Individual Defendants

12   filed their reply brief on May 23, 2007.  E&Y filed its reply on June 6, 2007.  The hearing on

13   both motions and dismiss was scheduled for July 24, 2007, but this was vacated by a July 20,

14   2007 Notice of the Clerk.  The hearing was reset, settlement negotiations ensued, and were

15   ultimately successful.

16   **III.    ARGUMENT**

17        **A.    Preliminary Class Certification Is Appropriate and Necessary for Settlement**

18             **Purposes**

19         Following arm's-length negotiations, the Parties have agreed to a settlement and thus ask

20   the Court to certify a nationwide settlement class under Federal Rule of Civil Procedure 23(a),

21   (b)(2), and (b)(3).  The Court has the authority to certify a nationwide class consistent with due

22   process so long as adequate notice and an opportunity to opt out of the class are provided.  *See*

23   *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985).  The proposed settlement meets

24   all of the *Shutts* requirements by providing notice that is sufficiently detailed and the best

25   practicable under the circumstances and by affording Settlement Class members the right to opt

26   out of the settlement.

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

2

JOINT MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT
CASE NO.:  C 06-03936 CW

1          **B.      The Proposed Settlement Is Fair, Reasonable, and Adequate and Is Well**

2                   **Within the Range of Possible Approval**

3          At the final settlement approval hearing, the Court will be asked to decide whether the

4   settlement in this case is fair, reasonable and adequate under the all the circumstances of the

5   litigation.  Prior to final settlement hearing, however, Federal Rule of Civil Procedure 23(e)

6   requires the Court to review the settlement and make an initial, preliminary determination that it

7   is fair, reasonable, and adequate.  *See Acosta v. Trans Union, LLC*,  243 F.R.D. 377,

8   386 (C.D.Cal. 2007).  This Court has held that preliminary settlement approval should be

9   granted:

10                  "[i]f the proposed settlement appears to be the product of serious,
                    informed, non-collusive negotiations, has no obvious deficiencies,
                    does not improperly grant preferential treatment to class
11                  representatives or segments of the class, and falls within the range of
                    possible approval…"

12

13  *In re Tableware Antitrust Litigation*,  484 F.Supp.2d 1078, 1079-1080 (N.D.Cal. 2007).

14          The Court's analysis should begin with a presumption that this settlement is fair.

15  *Duhaime v. John Hancock Mut. Life. Ins. Co.*, 177 F.R.D. 54, 68 (D. Mass. 1997) ("In general, a

16  settlement arrived at after genuine arm's length bargaining may be presumed to be fair.") In

17  addition, because there is a "strong judicial policy that favors settlement, particularly where

18  complex class action litigation is concerned,"[2]  courts are deferential "to the private consensual

19  decision of the parties."  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998).  As the

20  Ninth Circuit has recognized,

21                  the court's intrusion upon what is otherwise a private consensual
                    agreement negotiated between the parties to a lawsuit must be
22                  limited to the extent necessary to reach a reasoned judgment that
                    the agreement is not the product of fraud or overreaching by, or
23                  collusion between, the negotiating parties, and that the settlement,
                    taken as a whole, is fair, reasonable and adequate to all concerned.

24

25  *Id.* (quoting *Officers of Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982)).

26          In making a final determination of whether the proposed settlement is fair, adequate, and

27  _____

28  [2]    *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).

1   reasonable, the Court will balance some or all of the following factors:

> (1) the strength of the plaintiffs' case; (2) the risk, expense,
> complexity, and duration of further litigation; (3) the risk of
> maintaining class certification; (4) the amount of settlement; (5)
> investigation and discovery; (6) the experience and views of
> counsel; and (7) the reaction of class members to the proposed
> settlement. To determine whether preliminary approval is
> appropriate, the settlement need only be *potentially* fair, as the
> Court will make a final determination of its adequacy at the
> hearing on Final Approval, after such time as any party has had a
> chance to object and/or opt out.

8   *Acosta v. Trans Union, LLC*, 243 F.R.D. at 386 (internal citations omitted); *See Hanlon*, 150

9   F.3d at 1026.  Review of these factors strongly favors the settlement agreement and falls within

10  the range warranting Court approval.

### 1.    The Strength of the Plaintiffs' Case and the Risk, Expense, Complexity, and Likely Duration of Further Litigation

13        The Lead Plaintiff believes that the claims asserted in the Litigation have merit and that

14  the evidence developed to date supports the claims.  However, the Lead Plaintiff recognizes and

15  acknowledges the expense and length of continued proceedings necessary to prosecute the

16  Litigation against the Defendants through trial and through appeals.  The Lead Plaintiff has also

17  taken into account the uncertain outcome and the risk of any litigation, especially in complex

18  actions such as the Litigation, as well as the difficulties and delays inherent in such litigation.

19  The Lead Plaintiff is also mindful of the inherent problems of proof, and possible defenses to the

20  securities law violations asserted in the Litigation.  The Lead Plaintiff believes that the

21  settlement set forth in the Stipulation confers substantial benefits upon the Class.  Based on their

22  evaluation, the Lead Plaintiff and Lead Counsel have determined that the settlement set forth in

23  the Stipulation is in the best interests of the Lead Plaintiff and the Class.

### 2.    Amount Offered In Settlement

25        Under the Proposed Settlement, Defendants have agreed to pay $2,730,000.  *See*

26  Stipulation of Settlement at § IV.2.1, attached as Exhibit 1.  Given the complexities of this

27  litigation and the continued risks of the parties were to proceed trial, the Settlement represents a

28  reasonable resolution of this action and eliminates the risk that the settlement class might not

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

4

JOINT MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT
CASE NO.:  C 06-03936 CW

1    otherwise recover from Defendants. Thus, the proposed settlement provides a real and substantial

2    benefit to the Settlement Class.

3                    **3.        The Experience and Views of Counsel**

4            Lead Counsel have significant experience in securities and other complex class action

5    litigation and have negotiated numerous other substantial class action settlements throughout the

6    country.  It is Lead Counsel's informed opinion that given the risks and uncertainties inherent in

7    complex securities class action litigation, the proposed settlement is fair, reasonable and

8    adequate and in the best interest of the Settlement Class.  Courts place significant weight on the

9    beliefs of experienced counsel that settlement is in the best interest of the class.  *National Rural*

10   *Telecommunications Cooperative v. DIRECTV, Inc.*,  221 F.R.D. 523, 528 (C.D.Cal. 2004)

11   ("Great weight is accorded to the recommendation of counsel, who are most closely acquainted

12   with the facts of the underlying litigation") (internal quotations omitted).

13           Because the settlement is the result of arm's-length negotiations, offers a real and

14   substantial benefit to the class, and is fair, reasonable and adequate in light of the risks and

15   complexities of a class action securities suit, the Court should preliminarily approve the

16   settlement.

17   **C.       The Proposed Notice Fairly Apprises the Settlement Class Members of the**

18   **                Terms of the Settlement and Their Options**

19           The Court should schedule a hearing at which to hear objections and make a final

20   determination regarding class certification and the fairness, reasonableness, and adequacy of the

21   settlement (the "Fairness Hearing").  Subject to the Court's approval, the Settlement Class

22   members will be notified of the Fairness Hearing and apprised of their rights relating to the

23   hearing and the settlement by the short and long form notices.  *See* Notice of Pendency and

24   Proposed Settlement to Class and Summary Notice attached as Exhibits A and A-2 to the

25   Stipulation of Settlement.

26           These notices clearly and concisely apprise the Settlement Class members of their rights

27   and how to exercise them under the proposed settlement.  They inform Settlement Class

28   members of the relevant aspects of the Litigation and the settlement, including: (1) who is a

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

5

JOINT MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT
CASE NO.:  C 06-03936 CW

1    Settlement Class member; (2) the history of the litigation; (3) the terms of the settlement; (4) the

2    binding effect of any judgment; (5) the right to request exclusion (opt out) from the Settlement

3    Class and the procedure and deadline for doing so; (6) the right of Settlement Class members to

4    object to any aspect of the settlement and/or to appear at the Fairness Hearing and the procedures

5    and deadlines for doing so; (7) the date, time, and location of the Fairness Hearing; (8) how to

6    obtain additional information; and (9) fees and expenses requested by Class Counsel.  *See, e.g.*,

7    *Hunt v. Check Recovery Systems, Inc.*, 2007 WL 2220972, *3 (N.D.Cal. Aug. 1, 2007) (class

8    notice must "present a fair recital of the subject matter of the suit and to inform all class

9    members of their opportunity to be heard") (citing *In re Gypsum Antitrust Cases*, 565 F.2d 1123,

10   1125 (9th Cir. 1977)).

11       The method by which the notice is to be disseminated is also appropriate. Under the

12   Settlement Agreement, Lead Counsel agrees to disseminate by first class mail a copy of the

13   Notice and the Proof of Claim, substantially in the forms annexed to the Stipulation of

14   Settlement as Exhibits A and A-1, to all Class Members who can be identified with reasonable

15   effort. Lead Counsel also agrees to cause the Summary Notice to be published once in *Investor's

16   Business Daily*.  *See* Stipulation of Settlement at § IV.3.1; *see also* Proposed Order Preliminarily

17   Approving Settlement and Providing for Notice Class ¶ 4(a)-(c); *Shutts*, 472 U.S. at 811-12.  The

18   parties agree that this method is the best practicable under these circumstances.

19       Pursuant to the Class Action Fairness Act of 2005, Defendants also agree that no later

20   than 10 days after the filing of this proposed settlement in court, they will serve upon the

21   appropriate state official of each state in which a class member resides and the appropriate

22   Federal official, a notice of the proposed settlement.

23   **IV.    CONCLUSION**

24       For all of the foregoing reasons, Lead Plaintiff and Defendants respectfully requests that

25   the Court grant the present motion and (1) preliminarily certify a class for settlement purposes

26   only; (2) preliminarily approve the proposed settlement; (3) approve the Notice and authorize its

27   dissemination; (4) schedule a Fairness Hearing on the proposed settlement; (5) set forth

28   procedures and deadlines for Settlement Class members to file objections to the proposed

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SILICON VALLEY

6

JOINT MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT
CASE NO.:  C 06-03936 CW

1    settlement; and (6) set forth procedures and deadlines for Settlement Class members to request

2    exclusion (opt out) from the class.

3                                                          Respectfully submitted,

4

5    Dated:  February 28, 2008                           SAXENA WHITE P.A.
                                                          MAYA SAXENA
6                                                         JOSEPH E. WHITE III

7
                                                          By: _____/s/_____
8                                                                JOSEPH E. WHITE, III

9                                                         2424 North Federal Highway, Suite 257
                                                          Boca Raton, FL 33431
10                                                        Tel:  (561) 394-3399
                                                          Fax:  (561) 394-3382
11
                                                          Counsel for Lead Plaintiff and the Class
12

13   Dated:  February 28, 2008                           KAHN GAUTHIER SWICK, LLC
                                                          LEWIS S. KAHN
14

15                                                        By: _____/s/_____
                                                                 LEWIS S. KAHN
16
                                                          12 E 41st St, 12th Floor
17                                                        New York, NY 10017
                                                          Tel:  212/696-3730
18                                                        Fax:  504/455-1498

19                                                        Counsel for Plaintiff and the Class

20   Dated:  February 28, 2008                           BRAUN LAW GROUP, P.C.
                                                          MICHAEL D. BRAUN
21

22                                                        By: _____/s/_____
                                                                 MICHAEL D. BRAUN
23
                                                          12400 Wilshire Blvd., Suite 920
24                                                        Los Angeles, CA 90025
                                                          Tel:  310/442-7755
25                                                        Fax:  310/442-7756

26                                                        Liaison Counsel for Plaintiff and the Class

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

7

JOINT MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT
CASE NO.:  C 06-03936 CW

1   Dated:  February 28, 2008                    LATHAM & WATKINS LLP
                                                 PATRICK E. GIBBS
2                                                JENNIE FOOTE FELDMAN

3
                                                 By:  _____/s/_____
4                                                          PATRICK E. GIBBS

5                                                140 Scott Drive
                                                 Menlo Park, CA 94025
6                                                Tel: 650/328-4600
                                                 Fax: 650/463-2600
7
                                                 Counsel for Defendants
8

9   Dated:  February 28, 2008                    MORGAN, LEWIS & BOCKIUS LLP
                                                 MICHAEL J. LAWSON
10                                               SHEILA A. JAMBEKAR

11
                                                 By:  _____/s/_____
12                                                        JOHN HEMANN

13                                               One Market
                                                 Spear Street Tower
14                                               San Francisco, CA 94105
                                                 Tel: 415/442-1000
15                                               Fax: 415/442-1001

16                                               Counsel for Defendant Ernst & Young LLP

17

18  *Filer's Attestation:  Pursuant to General Order No. 45, Section X(B), Patrick E. Gibbs hereby*

19  *attests that concurrence in the filing of this document has been obtained.*

20

21

22

23

24

25

26

27

28

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

8

JOINT MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT
CASE NO.:  C 06-03936 CW

# EXHIBIT 1

1    LATHAM & WATKINS LLP
         Patrick E. Gibbs (SBN 183174)
2        Jennie Foote Feldman (SBN 248375)
     140 Scott Drive
3    Menlo Park, California  94025
     Telephone:  (650) 328-4600
4    Facsimile:  (650) 463-2600

5

     Attorneys for Defendants Terayon Communication
6    Systems, Inc., Zaki Rakib, Jerry D. Chase, Mark A.
     Richman, Edward Lopez, Ray Fritz, Carol
7    Lustenader, Matthew Miller, Shlomo Rakib, Doug
     Sabella, Christopher Schaepe, Mark Slaven, Lewis
8    Solomon, Howard W. Speaks, Arthur T. Taylor, and
     David Woodrow
9

10                  UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12

13   ADRIAN MONGELI, Individually, And On        )    CASE NO.:  C 06-03936 CW
     Behalf Of All Others Similarly Situated,    )
14                                               )
                                                 )
15               Plaintiffs,                     )    **CLASS ACTION**
                                                 )
16          v.                                   )
                                                 )    **STIPULATION OF SETTLEMENT**
17   TERAYON COMMUNICATION SYSTEMS,              )
     INC., ZAKI RAKIB, JERRY D. CHASE,           )
18   MARK A. RICHMAN, EDWARD LOPEZ,              )
     RAY FRITZ, CAROL LUSTENADER,                )
19   MATTHEW MILLER, SHLOMO RAKIB,               )
     DOUG SABELLA, CHRISTOPHER                   )
20   SCHAEPE, MARK SLAVEN, LEWIS                 )
     SOLOMON, HOWARD W. SPEAKS,                  )
21   ARTHUR T. TAYLOR, DAVID                     )
     WOODROW, and ERNST & YOUNG, LLP,            )
22                                               )
                 Defendants.                     )
23   _____)

24

25

26

27

28

1        This Stipulation of Settlement dated as of February 28, 2008 (the "Stipulation"), is made

2    and entered into by and among the following Settling Parties (as defined further in Section IV

3    hereof) to the above-entitled Litigation: (i) the Lead Plaintiff (on behalf of himself and each of

4    the Class Members), by and through his counsel of record in the Litigation; and (ii) the

5    Defendants, by and through their counsel of record in the Litigation.  The Stipulation is intended

6    by the Settling Parties to fully, finally and forever resolve, discharge and settle the Released

7    Claims, upon and subject to the terms and conditions hereof.

8    **I.    THE LITIGATION**

9        On and after June 23, 2006, the following actions were filed in the United States District

10   Court for the Northern District of California as purported securities class actions on behalf of

11   purchasers of the publicly-traded securities of Terayon Communication Systems, Inc. during a

12   defined period of time.

13

| *CASE NAME* | *CASE NUMBER* |
|---|---|
| *I.B.L. Investments, Ltd. v. Terayon Communication Systems, Inc., et al.* | 3-06-CV-03936 CW |
| *Mongeli v. Terayon Communication Systems, Inc., et al.* | 3-06-CV-03936 CW |

14

15

16       On November 8, 2006, the Court appointed Adrian Mongeli as Lead Plaintiff pursuant to

17   §21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act") as amended by the

18   Private Securities Litigation Reform Act of 1995, and approved his selection of Kahn Gauthier

19   Swick, LLC and Saxena White P.A. to serve as co-lead counsel, and the Braun Law Group, P.C.

20   to serve as liaison counsel in *Mongeli v. Terayon Communication Systems, et al.* (the

21   "Litigation").

22       The operative complaint in the Litigation is the Amended Class Action Complaint for

23   Violation of the Federal Securities Laws (the "Complaint"), filed January 8, 2007.  The

24   Complaint alleges violations of §§10(b) and 20(a) of the Exchange Act and Rule 10b-5

25   promulgated thereunder on behalf of a class of all purchasers of the publicly-traded securities of

26   Terayon between June 28, 2001 and March 1, 2006.

27       On March 9, 2007 Terayon and the Individual Defendants moved the Court to dismiss the

28   Complaint.  On March 23, 2007 Defendant Ernst & Young LLP ("E&Y") separately moved the

1  Court to dismiss the Complaint.  Lead plaintiff filed an opposition to the motion to dismiss filed

2  by the Company and the Individual Defendants on April 23, 2007, and filed an opposition to the

3  Motion to Dismiss filed by E&Y on May 7, 2007.  The Company and the Individual Defendants

4  filed their reply brief on May 23, 2007.  E&Y filed its reply on June 6, 2007.  The hearing on

5  both motions and dismiss was scheduled for July 24, 2007, but this was vacated by a July 20,

6  2007 Notice of the Clerk.  The hearing was reset, settlement negotiations ensued, and were

7  ultimately successful.

8  **II.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY**

9        The Defendants have denied and continue to deny each and all of the claims and

10  contentions alleged by the Lead Plaintiff in the Litigation.  The Defendants expressly have

11  denied and continue to deny all charges of wrongdoing or liability against them arising out of

12  any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the

13  Litigation.  The Defendants also have denied and continue to deny, *inter alia*, the allegations that

14  the Lead Plaintiff or the Class have suffered damage, that the prices of Terayon securities were

15  artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, and

16  that the Lead Plaintiff or the Class were harmed by the conduct alleged in the Complaint, and

17  Defendants believe that the evidence developed to date supports their position.

18        Nonetheless, the Defendants have concluded that further conduct of the Litigation would

19  be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled

20  in the manner and upon the terms and conditions set forth in this Stipulation.  The Defendants

21  also have taken into account the uncertainty and risks inherent in any litigation, especially in

22  complex cases like the Litigation.  The Defendants have, therefore, determined that it is desirable

23  and beneficial to them that the Litigation be settled in the manner and upon the terms and

24  conditions set forth in this Stipulation.

25  **III.    CLAIMS OF THE LEAD PLAINTIFF AND BENEFITS OF SETTLEMENT**

26        The Lead Plaintiff believes that the claims asserted in the Litigation have merit and that

27  the evidence developed to date supports the claims.  However, the Lead Plaintiff recognizes and

28  acknowledges the expense and length of continued proceedings necessary to prosecute the

1   Litigation against the Defendants through trial and through appeals.  The Lead Plaintiff has also

2   taken into account the uncertain outcome and the risk of any litigation, especially in complex

3   actions such as the Litigation, as well as the difficulties and delays inherent in such litigation.

4   The Lead Plaintiff is also mindful of the inherent problems of proof, and possible defenses to the

5   securities law violations asserted in the Litigation.  The Lead Plaintiff believes that the

6   settlement set forth in the Stipulation confers substantial benefits upon the Class.  Based on their

7   evaluation, the Lead Plaintiff and Lead Counsel have determined that the settlement set forth in

8   the Stipulation is in the best interests of the Lead Plaintiff and the Class.

9   **IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT**

10      NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the

11  Lead Plaintiff (for himself and the Class Members) and the Defendants, by and through their

12  respective counsel or attorneys of record, that, subject to the approval of the Court, the Litigation

13  and the Released Claims shall be finally and fully compromised, settled and released, and the

14  Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the

15  terms and conditions of the Stipulation, as follows.

16      **1.    Definitions**

17      As used in the Stipulation, the following terms have the meanings specified below:

18      1.1    "Authorized Claimant" means any Class Member whose claim for recovery has

19  been allowed pursuant to the terms of the Stipulation.

20      1.2    "Claimant" means any Class Member who files a Proof of Claim in such form and

21  manner, and within such time, as the Court shall prescribe.

22      1.3    "Claims Administrator" means The Garden City Group, Inc.

23      1.4    "Class" means all Persons who purchased the publicly-traded securities of

24  Terayon Communication Systems, Inc. between June 28, 2001 and March 1, 2006.  Excluded

25  from the Class are Defendants, members of the immediate families of the Individual Defendants,

26  current or former directors and officers of Terayon Communication Systems, Inc. and the legal

27  representatives, heirs, successors, or assigns of any such excluded Person.  Also excluded from

28

1  the Class are those Persons who timely and validly request exclusion from the Class pursuant to

2  the Notice of Pendency and Proposed Settlement of Class Action.

3      1.5    "Class Member" or "Member of the Class" mean a Person who falls within the

4  definition of the Class as set forth in ¶1.4 of the Stipulation.

5      1.6    "Class Period" means the period between June 28, 2001 and March 1, 2006.

6      1.7    "Terayon" means Terayon Communication Systems, Inc.

7      1.8    "Defendants" means Terayon, the Individual Defendants and Defendant E&Y.

8      1.9    "Effective Date" means the first date by which all of the events and conditions

9  specified in ¶7.1 of the Stipulation have been met and have occurred.

10     1.10   "Escrow Agent" means Saxena White P.A. and Kahn Gauthier Swick, LLC

11 ("KGS") or their successor(s).

12     1.11   "Final" means when the last of the following with respect to the Judgment

13 approving the Stipulation, substantially in the form of Exhibit B hereto, shall occur: (i) the

14 expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil

15 Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of the

16 time in which to appeal the Judgment has passed without any appeal having been taken, which

17 date shall be deemed to be thirty (30) days following the entry of the Judgment, unless the date

18 to take such an appeal shall have been extended by Court order or otherwise, or unless the 30th

19 day falls on a weekend or a Court holiday, in which case the date for purposes of this Stipulation

20 shall be deemed to be the next business day after such 30th day; and (iii) if such motion to alter

21 or amend is filed or if an appeal is taken, immediately after the determination of that motion or

22 appeal so that it is no longer subject to any further judicial review or appeal whatsoever, whether

23 by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of the appeal

24 or otherwise, and in such a manner as to permit the consummation of the settlement substantially

25 in accordance with the terms and conditions of this Stipulation.  For purposes of this paragraph,

26 an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in

27 connection with approval or disapproval of this settlement, but shall not include any appeal that

28

1  concerns only the issue of attorneys' fees and reimbursement of costs or the Plan of Allocation of

2  the Settlement Fund.

3       1.12   "Individual Defendants" means Zaki Rakib, Jerry D. Chase, Mark A. Richman,

4  Edward Lopez, Ray Fritz, Carol Lustenader, Matthew Miller, Shlomo Rakib, Doug Sabella,

5  Christopher Schaepe, Mark Slaven, Lewis Solomon, Howard W. Speaks, Arthur T. Taylor and

6  David Woodrow.

7       1.13   "Judgment" means the judgment to be rendered by the Court, substantially in the

8  form attached hereto as Exhibit B.

9       1.14   "Lead Counsel" means KGS and Saxena White.

10      1.15   "Liaison Counsel" means Braun Law Group, P.C.

11      1.16   "Lead Plaintiff" means Adrian Mongeli.

12      1.17   "Person" means an individual, corporation, partnership, limited partnership,

13  association, joint stock company, estate, legal representative, trust, unincorporated association,

14  government or any political subdivision or agency thereof, and any business or legal entity and

15  their spouses, heirs, predecessors, successors, representatives, or assignees.

16      1.18   "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund

17  whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of

18  expenses of notice and administration of the settlement, Taxes and Tax Expenses, such

19  attorneys' fees, costs, expenses and interest as may be awarded by the Court. Any Plan of

20  Allocation is not part of the Stipulation and Defendants and their Related Parties shall have no

21  responsibility therefore or liability with respect thereto.

22      1.19   "Related Parties" means each of a Defendant's past or present directors, officers,

23  employees, partners, insurers, co-insurers, reinsurers, agents, controlling shareholders, attorneys,

24  accountants, auditors, advisors, investment advisors, personal or legal representatives,

25  predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs,

26  related or affiliated entities, any entity in which a Defendant has a controlling interest, any

27  members of an Individual Defendant's immediate family, or any trust of which an Individual

28  Defendant is the settlor or which is for the benefit of an Individual Defendant's family.

1    1.20    "Released Claims" shall collectively mean all claims (including "Unknown

2    Claims" as defined in ¶1.25 hereof), demands, rights, liabilities and causes of action of every

3    nature and description whatsoever, known or unknown, whether or not concealed or hidden,

4    asserted or that might have been asserted, including, without limitation, claims for negligence,

5    gross negligence, breach of duty of care and/or breach of duty of loyalty, fraud, breach of

6    fiduciary duty, or violations of any state or federal statutes, rules or regulations or common law

7    principles, by the Lead Plaintiff or any Class Member against the Defendants or their Related

8    Parties arising out of, relating to, or in connection with the purchase or the purchase and sale of

9    the publicly-traded securities of Terayon  by the Lead Plaintiff or any Class Member during the

10    Class Period.

11    1.21    "Released Persons" means each and all of the Defendants and each and all of their

12    Related Parties.

13    1.22    "Settlement Fund" means the principal amount of Two Million Seven Hundred

14    Thirty Thousand ($2,730,000) in cash to be paid to the Escrow Agent pursuant to ¶2.1 of this

15    Stipulation, plus all interest earned thereon pursuant to ¶¶2.1, 2.3 and 2.7.

16    1.23    "Settling Parties" means, collectively, each of the Defendants, and the Lead

17    Plaintiff on behalf of himself and the Class Members.

18    1.24    "Notice Order" means the preliminary order as approved by the Court for mailing

19    and publication as defined in ¶3.1 hereof.

20    1.25    "Unknown Claims" shall collectively mean all claims, demands, rights, liabilities,

21    and causes of action of every nature and description which the Lead Plaintiff or any Class

22    Member does not know or suspect to exist in his, her or its favor at the time of the release of the

23    Released Persons which, if known by him, her or it, might have affected his, her or its settlement

24    with and release of the Released Persons, or might have affected his, her or its decision not to

25    object to this settlement.  With respect to any and all Released Claims, the Settling Parties

26    stipulate and agree that, upon the Effective Date, the Lead Plaintiff shall expressly waive, and

27    each of the Class Members shall be deemed to have waived, and by operation of the Judgment

28

1  shall have waived, the provisions, rights and benefits of California Civil Code §1542, which

2  provides:

3       **A general release does not extend to claims which the creditor does
not know or suspect to exist in his or her favor at the time of executing the
release, which if known by him or her must have materially affected his or
her settlement with the debtor**.

4

5

6  The Lead Plaintiff shall expressly and each of the Class Members shall be deemed to have, and

7  by operation of the Judgment shall have, expressly waived any and all provisions, rights and

8  benefits conferred by any law of any state or territory of the United States, or principle of

9  common law, which is similar, comparable or equivalent to California Civil Code §1542.  The

10  Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from

11  those which he, she or it now knows or believes to be true with respect to the subject matter of

12  the Released Claims, but the Lead Plaintiff shall expressly fully, finally and forever settle and

13  release, and each Class Member, upon the Effective Date, shall be deemed to have, and by

14  operation of the Judgment shall have, fully, finally, and forever settled and released, any and all

15  Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent,

16  whether or not concealed or hidden, which now exist, or heretofore have existed, upon any

17  theory of law or equity now existing or coming into existence in the future, including, but not

18  limited to, conduct which is negligent, intentional, with or without malice, or a breach of any

19  duty, law or rule, without regard to the subsequent discovery or existence of such different or

20  additional facts.  The Lead Plaintiff acknowledges, and the Class Members shall be deemed by

21  operation of the Judgment to have acknowledged, that the foregoing waiver was separately

22  bargained for and a key element of the settlement of which this release is a part.

23       **2.**     **The Settlement**

24            **a.**     **The Settlement Fund**

25       2.1  Defendants shall pay or cause to be paid the sum of Two Million, Seven Hundred

26  Thirty Thousand Dollars ($2,730,000), $2,700,001 by or on behalf of Terayon and the Individual

27  Defendants and $29,999 by or on behalf of E&Y, within the time set forth in ¶ 2.2, below, into

28

1    an interest bearing account maintained by the Escrow Agent in settlement of the Litigation

2    which, with any accrued interest, shall constitute the Settlement Fund.

3         2.2    Subject to the terms of this Stipulation, Terayon and the Individual Defendants

4    shall collectively pay $100,000 of the Settlement Fund into the Escrow Account within ten (10)

5    business days of the execution of the Notice Order as defined in ¶3.1 hereof.  Defendants shall

6    pay or see to the payment of the remaining balance of the Settlement Fund into the Escrow

7    Account within 30 days following the Court's issuance of the Notice Order.

8              **b.      The Escrow Agent**

9         2.3    The Escrow Agent may invest the Settlement Fund deposited pursuant to ¶2.1

10   hereof in instruments backed by the full faith and credit of the United States Government or fully

11   insured by the United States Government or an agency thereof and shall reinvest the proceeds of

12   these instruments as they mature in similar instruments at their then-current market rates.  The

13   Escrow Agent shall bear all risks related to investment of the Settlement Fund.

14        2.4    The Escrow Agent shall not disburse the Settlement Fund except as provided in

15   the Stipulation, by an order of the Court, or with the written agreement of counsel for

16   Defendants.

17        2.5    Subject to further order and/or direction as may be made by the Court, the Escrow

18   Agent is authorized to execute such transactions on behalf of the Class Members as are

19   consistent with the terms of the Stipulation.

20        2.6    All funds held by the Escrow Agent shall be deemed and considered to be in

21   *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such

22   time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the

23   Court.

24        2.7    Within thirty (30) days after payment of the Settlement Fund to the Escrow Agent

25   pursuant to ¶2.1 hereof, the Escrow Agent may establish a "Class Notice and Administration

26   Fund," and may deposit up to $100,000 from the Settlement Fund in it.  The Class Notice and

27   Administration Fund may be used by Lead Counsel to pay costs and expenses reasonably and

28   actually incurred in connection with providing notice to the Class, locating Class Members,

assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms and paying escrow fees and costs, if any. The Class Notice and Administration Fund may also be invested and earn interest as provided for in ¶2.2 of this Stipulation. In no event shall Defendants have any responsibility for or liability with respect to the Escrow Agent or its actions or the Class Notice and Administration Fund. Any costs or expenses expended for notice or claims administration in excess of $100,000 shall be paid from the Settlement Fund, subject to approval of Lead Counsel.

### c. Taxes

2.8 (a) The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.8, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b) For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treas. Reg. §1.468B-2(k)). Such returns (as well as the election described in ¶2.8(a) hereof) shall be consistent with this ¶2.8 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.8(c) hereof.

(c) All (a) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Defendants or their Related Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify

as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and (b) expenses and costs incurred in connection with the operation and implementation of this ¶2.8 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.8) ("Tax Expenses"), shall be paid out of the Settlement Fund; in no event shall the Defendants or their Related Parties have any responsibility for or liability with respect to the Taxes or the Tax Expenses. The Escrow Agent shall indemnify and hold each of the Defendants and their Related Parties harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(1)(2)); neither the Defendants nor their Related Parties are responsible therefore nor shall they have any liability with respect thereto. The parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.8.

(d) For the purpose of this ¶2.8, references to the Settlement Fund shall include both the Settlement Fund and the Class Notice and Administration Fund and shall also include any earnings thereon.

(e) Pursuant to the requirements of the Class Action Fairness act, no later than 10 days after the proposed settlement of the class action is filed in court, each Defendant that is participating in the proposed settlement shall serve, upon the appropriate state official of each state in which a class member resides and the appropriate Federal official, a notice of the proposed settlement.

1            **d.      Termination of Settlement**

2      2.9     In the event that the Stipulation is not approved, or is terminated, canceled, or

3  fails to become effective for any reason, the Settlement Fund and the Class Notice and

4  Administration Fund (in each case, including accrued interest), less expenses actually incurred

5  and properly due and owing in connection with the settlement provided for herein, shall be

6  refunded *pro rata* to the entities contributing to the Settlement Fund, as provided in ¶7.3 below.

7      **3.      Notice Order and Settlement Hearing**

8      3.1     Promptly after execution of the Stipulation, the Settling Parties shall submit the

9  Stipulation together with its Exhibits to the Court and shall apply for entry of an order (the

10  "Notice Order"), requesting, *inter alia*, the preliminary approval of the settlement set forth in the

11  Stipulation, and approval for mailing the Notice of Pendency and Proposed Settlement of Class

12  Action (the "Notice") substantially in the form of Exhibit A hereto and publication of a summary

13  notice substantially in the form of Exhibit A-2 hereto.  The Notice shall include the general terms

14  of the settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms

15  of the Fee and Expense Application and the date of the Settlement Hearing.

16      3.2     Lead Counsel shall request that after notice is given, the Court hold a hearing (the

17  "Settlement Hearing") and approve the settlement of the Litigation as set forth herein.  At or

18  after the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed

19  Plan of Allocation and the Fee and Expense Application.

20      **4.      Releases**

21      4.1     Upon the Effective Date, as defined in ¶1.9 hereof, the Lead Plaintiff, and each of

22  the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully,

23  finally, and forever released, relinquished and discharged all Released Claims against the

24  Released Persons, whether or not such Class Member executes and delivers a Proof of Claim and

25  Release form.

26      4.2     The Proof of Claim and Release to be executed by Class Members shall release all

27  Released Claims against the Released Persons and shall be substantially in the form contained in

28  Exhibit A-1 hereto.

1    4.3    Upon the Effective Date, all Class Members and anyone claiming through or on

2    behalf of any of them, will be forever barred and enjoined from commencing, instituting,

3    prosecuting, or continuing to prosecute any action or other proceeding in any court of law or

4    equity, arbitration tribunal, or administrative forum, asserting the Released Claims against any of

5    the Released Persons.

6    4.4    Upon the Effective Date, as defined in ¶1.9 hereof, each of the Released Persons

7    shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever

8    released, relinquished and discharged the Lead Plaintiff, each and all of the Class Members, and

9    Lead Counsel from all claims (including Unknown Claims) arising out of, relating to, or in

10    connection with the institution, prosecution, assertion, settlement or resolution of the Litigation

11    or the Released Claims.

12    **5.    Administration and Calculation of Claims, Final Awards and**

13    **Supervision and Distribution of Settlement Fund**

14    5.1    The Claims Administrator shall administer and calculate the claims submitted by

15    Class Members.

16    5.2    The Settlement Fund shall be applied as follows:

17    (a)    to pay all the costs and expenses reasonably and actually incurred in

18    connection with providing notice, locating Class Members, assisting with the filing of claims,

19    administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of

20    Claim and Release forms and paying escrow fees and costs, if any;

21    (b)    to pay the Taxes and Tax Expenses described in ¶2.8 hereof;

22    (c)    to pay Lead Counsel's attorneys' fees and expenses (the "Fee and Expense

23    Award"), if and to the extent allowed by the Court; and

24    (d)    after the Effective Date, to distribute the balance of the Settlement Fund

25    (the "Net Settlement Fund") to Authorized Claimants as allowed by the Stipulation, the Plan of

26    Allocation, or the Court.

27    5.3    Upon the Effective Date and thereafter, and in accordance with the terms of the

28    Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as

1    may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed

2    to Authorized Claimants, subject to and in accordance with the following.

3          5.4      Within ninety (90) days after the mailing of the Notice or such other time as may

4    be set by the Court, each Person claiming to be an Authorized Claimant shall be required to

5    submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the

6    form of Exhibit A-1 hereto, signed under penalty of perjury and supported by such documents as

7    are specified in the Proof of Claim and Release and as are reasonably available to the Authorized

8    Claimant.

9          5.5      All Class Members who fail to timely submit a Proof of Claim and Release within

10   such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be

11   forever barred from receiving any payments pursuant to the Stipulation and the settlement set

12   forth herein, but will in all other respects be subject to and bound by the provisions of the

13   Stipulation, the releases contained herein, and the Judgment.

14         5.6      The Net Settlement Fund shall be distributed to the Authorized Claimants

15   substantially in accordance with a Plan of Allocation to be described in the Notice and approved

16   by the Court.  If there is any balance remaining in the Net Settlement Fund after six (6) months

17   from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds,

18   uncashed checks or otherwise), Lead Counsel shall, if feasible, reallocate such balance among

19   Authorized Claimants in an equitable and economic fashion.  Thereafter, any balance which still

20   remains in the Net Settlement Fund shall be donated to an appropriate, non-profit organization

21   agreed upon by Lead Counsel.

22         5.7      This is not a claims-made settlement and, if all conditions of the Stipulation are

23   satisfied and the settlement becomes Final, no portion of the Settlement Fund will be returned to

24   the Defendants or their insurers.   The Defendants and their Related Parties shall have no

25   responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net

26   Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of

27   claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in

28   connection therewith.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

13

1    5.8    No Person shall have any claim against Lead Counsel, the Claims Administrator

2    or other entity designated by Lead Counsel based on distributions made substantially in

3    accordance with the Stipulation and the settlement contained herein, the Plan of Allocation, or

4    further order(s) of the Court.

5    5.9    It is understood and agreed by the Settling Parties that any proposed Plan of

6    Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an

7    Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be

8    considered by the Court separately from the Court's consideration of the fairness, reasonableness

9    and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating

10   to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect or delay

11   the finality of the Court's Judgment approving the Stipulation and the settlement set forth therein

12   (including the releases contained therein), or any other orders entered pursuant to the Stipulation.

13   **6.    Lead Counsel's Attorneys' Fees and Reimbursement of Expenses**

14   6.1    Lead Counsel may submit an application or applications (the "Fee and Expense

15   Application") for distributions to them from the Settlement Fund for: (a) an award of attorneys'

16   fees; plus (b) reimbursement of actual expenses, including the fees of any experts or consultants,

17   incurred in connection with prosecuting the Litigation, plus any interest on such attorneys' fees

18   and expenses at the same rate and for the same periods as earned by the Settlement Fund (until

19   paid), as may be awarded by the Court.  Lead Counsel reserve the right to make additional

20   applications for fees and expenses incurred.

21   6.2    The attorneys' fees and expenses, as awarded by the Court, shall be paid to Lead

22   Counsel from the Settlement Fund, as ordered, immediately after the Court executes an order

23   awarding such fees and expenses.  In the event that the Effective Date does not occur, or the

24   Judgment or the order making the Fee and Expense Award is reversed or modified, or the

25   Stipulation is canceled or terminated for any other reason, and in the event that the Fee and

26   Expense Award has been paid to any extent, then Lead Counsel shall within five (5) business

27   days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction,

28   refund to the Settlement Fund the fees and expenses previously paid to them from the Settlement

1  Fund plus interest thereon at the same rate as earned by the Settlement Fund in an amount

2  consistent with such reversal or modification.

3       6.3    The procedure for and the allowance or disallowance by the Court of any

4  applications by Lead Counsel for attorneys' fees and expenses, including the fees of experts and

5  consultants, to be paid out of the Settlement Fund, are not part of the settlement set forth in the

6  Stipulation, and are to be considered by the Court separately from the Court's consideration of

7  the fairness, reasonableness and adequacy of the settlement set forth in the Stipulation, and any

8  order or proceedings relating to the Fee and Expense Application, or any appeal from any order

9  relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the

10  Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the

11  settlement of the Litigation set forth therein (including the releases contained therein).

12       6.4    Defendants and their Related Parties shall have no responsibility for or liability

13  with respect to any payment of attorneys' fees and expenses to Lead Counsel over and above

14  payment from the Settlement Fund.

15       **7.**    **Conditions of Settlement, Effect of Disapproval, Cancellation or**

16          **Termination**

17       7.1    The Effective Date of the Stipulation shall be conditioned on the occurrence of all

18  of the following events:

19          (a)    Defendants have timely made their contributions to the Settlement Fund as

20  required by ¶2.1 hereof;

21          (b)    Defendants have not exercised their option to terminate the Stipulation

22  pursuant to ¶7.6 hereof;

23          (c)    the Court has entered the Notice Order, as required by ¶3.1 hereof;

24          (d)    the Court has entered the Judgment, or a judgment substantially in the

25  form of Exhibit B hereto; and

26          (e)    the Judgment has become Final, as defined in ¶1.11 hereof.

27       7.2    Upon the occurrence of all of the events referenced in ¶7.1 hereof, any and all

28  remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely

and forever extinguished.  If all of the conditions specified in ¶7.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶7.4 hereof unless Lead Counsel and counsel for Defendants and their insurers mutually agree in writing to proceed with the Stipulation.

7.3    Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, then within ten (10) business days after written notification of such event is sent by counsel for Defendants to the Escrow Agent and in accordance with the terms of ¶2.8 hereof, the Settlement Fund (including accrued interest), plus any amount then remaining in the Class Notice and Administration Fund (including accrued interest), less expenses and any costs which have either been disbursed pursuant to ¶2.9 hereof or are determined to be chargeable to the Class Notice and Administration Fund, shall be refunded by the Escrow Agent to the respective entities that contributed to the Settlement Fund, pursuant to written instructions from Terayon or its successor-in-interest.  At the request of counsel to Terayon, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, pursuant to written direction from Terayon or its successor-in-interest.

7.4    In the event that the Stipulation is not approved by the Court or the settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation as of the date this Settlement Agreement was fully executed.  In such event, the terms and provisions of the Stipulation, with the exception of ¶¶2.7, 2.8, 7.3-7.5, and 8.3 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.  No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses and interest awarded by the Court to Lead Counsel shall constitute grounds for cancellation or termination of the Stipulation.

7.5    If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither the Lead Plaintiff nor Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Class Notice and Administration Fund.  In addition, any expenses already incurred and properly chargeable to the Class Notice and Administration Fund pursuant to ¶2.9 hereof at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶¶2.9 and 7.3 hereof.

7.6    If a case is commenced in respect to any Defendant under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver or conservator is appointed under any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of the Settlement Fund, or any portion thereof, by or on behalf of such Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction, then, at Lead Plaintiff's option, as to such Defendant, the releases given and Judgment entered in favor of such Defendant pursuant to this Stipulation shall be null and void.

7.7    Notwithstanding the foregoing ¶7.6, Lead Plaintiff's right to nullify the releases and Judgment as to any Defendant pursuant to ¶7.6 hereof shall expire upon the Effective Date.

7.8    Defendants shall have, in their sole and absolute discretion, the option to withdraw from and terminate the settlement set forth in the Stipulation and to render the Stipulation null and void if the aggregate number of shares of Terayon's publicly-traded securities purchased during the Class Period by Class Members who would otherwise be entitled to participate as Members of the Class, but who timely and validly request exclusion from the Class, equals or exceeds five percent (5%) of the number of shares of Terayon's publicly-traded securities traded during the Class Period.

7.9    To be valid, a request for exclusion must contain the information requested in the Notice of Pendency and Proposed Settlement.

7.10    Lead Counsel shall provide counsel for Defendants with copies of any requests for exclusion, and any written revocations of requests for exclusion, within five (5) calendar days of receipt, but in no event later than seven (7) calendar days before the Settlement Hearing

1    7.11    Defendants shall be entitled to exercise the above option to withdraw from and

2    terminate the settlement only if Defendants provide Lead Counsel with written notice of their

3    withdrawal from the settlement and file that notice with the Court no later than three (3) calendar

4    days prior to the Settlement Hearing.

5    7.12    Lead Counsel may attempt to cause retraction of any election of exclusion by

6    Members of the Class.  If Defendants have exercised the option to withdraw from the settlement

7    and if Lead Counsel succeed in causing the retraction of sufficient requests for exclusion such

8    that the remaining requests for exclusion do not equal or exceed the percentage specified in ¶7.8

9    above, then Defendants' notice of withdrawal from the settlement automatically shall be deemed

10    a nullity. To retract a prior request for exclusion, a Class Member must provide to the Lead

11    Counsel at least two (2) calendar days prior to the Settlement Hearing, or any adjournment

12    thereof, a written notice stating his, her or its desire to retract his, her or its request for exclusion

13    from the Class.

14    7.13    Any dispute between Lead Counsel and Defendants concerning the interpretation

15    or application of ¶¶7.8-7.14 shall be presented to the Court for resolution upon the application of

16    any party for an exclusion.

17    7.14    No request for exclusion under ¶¶7.8-7.14 shall be filed with the Court unless and

18    until a dispute among the parties hereto concerning its interpretation or application arises and in

19    that event it shall be filed and maintained with the Court under seal. The terms and conditions of

20    ¶¶7.8-7.14 may be disclosed to the Court but shall otherwise be kept confidential and shall not be

21    disclosed, unless otherwise agreed upon in writing by the parties or ordered by the Court, to any

22    other Person other than Related Parties of the Defendants.

23    **8.    Miscellaneous Provisions**

24    8.1    The Settling Parties (a) acknowledge that it is their intent to consummate this

25    agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and

26    implement all terms and conditions of the Stipulation and to exercise their reasonable best efforts

27    to accomplish the foregoing terms and conditions of the Stipulation.

28

8.2     The Settling Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.  The settlement compromises claims which are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Final Judgment will contain a statement that during the course of the Litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.  While retaining their right to deny liability, the Defendants agree that the amount paid to the Settlement Fund and the other terms of the settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.

8.3     Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their Related Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their Related Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  Defendants and/or their Related Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8.4     All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation, pursuant to their terms.

8.5     All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

8.6     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

8.7     The Stipulation and the Exhibits attached hereto constitute the entire agreement among the parties hereto and no representations, warranties or inducements have been made to any party concerning the Stipulation or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each party shall bear its own costs.

8.8     Lead Counsel, on behalf of the Class, are expressly authorized by the Lead Plaintiff to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate.

8.9     Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

8.10    The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of original executed counterparts shall be filed with the Court.

8.11    The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

8.12    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Stipulation.

8.13    The Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of California, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California without giving effect to that State's choice-of-law principles.

1       IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed,

2  by their duly authorized attorneys dated as of February 28, 2008.

3

                                    Respectfully submitted,

4

5  Dated:  February 28, 2008        SAXENA WHITE P.A.
                                    MAYA SAXENA

6                                    JOSEPH E. WHITE III

7

8                                  By:  _____/s/_____
                                        JOSEPH E. WHITE, III

9                                  2424 North Federal Highway, Suite 257
                                  Boca Raton, FL 33431

10                               Tel:  (561) 394-3399
                                Fax:  (561) 394-3382

11

12                               Counsel for Lead Plaintiff and the Class

13  Dated:  February 28, 2008        KAHN GAUTHIER SWICK, LLC
                                  LEWIS S. KAHN

14

15                                By:  _____/s/_____
                                        LEWIS S. KAHN

16                               12 E 41st St, 12th Floor

17                               New York, NY 10017
                                Tel:  212/696-3730

18                               Fax:  504/455-1498

19                               Counsel for Plaintiff and the Class

20  Dated:  February 28, 2008        BRAUN LAW GROUP, P.C.
                                  MICHAEL D. BRAUN

21

22                                By:  _____/s/_____
                                        MICHAEL D. BRAUN

23

24                               12400 Wilshire Blvd., Suite 920
                                Los Angeles, CA 90025

25                               Tel:  310/442-7755
                                Fax:  310/442-7756

26                               Liaison Counsel for Plaintiff and the Class

27

28

1    Dated:  February 28, 2008                          LATHAM & WATKINS LLP
                                                        PATRICK E. GIBBS
2                                                       JENNIE FOOTE FELDMAN

3
                                                        By: _____/s/_____
4                                                                  PATRICK E. GIBBS

5                                                       140 Scott Drive
                                                        Menlo Park, CA 94025
6                                                       Tel: 650/328-4600
                                                        Fax: 650/463-2600
7
                                                        Counsel for Defendants
8

9    Dated:  February 28, 2008                          MORGAN, LEWIS & BOCKIUS LLP
                                                        MICHAEL J. LAWSON
10                                                      SHEILA A. JAMBEKAR

11
                                                        By: _____/s/_____
12                                                                  JOHN HEMANN

13                                                      One Market
                                                        Spear Street Tower
14                                                      San Francisco, CA 94105
                                                        Tel: 415/442-1000
15                                                      Fax: 415/442-1001

16                                                      Counsel for Defendant Ernst & Young LLP

17

18   *Filer's Attestation:  Pursuant to General Order No. 45, Section X(B), Patrick E. Gibbs hereby*

19   *attests that concurrence in the filing of this document has been obtained.*

20

21

22

23

24

25

26

27

28

# EXHIBIT A

1　　LATHAM & WATKINS LLP
　　　　　Patrick E. Gibbs (SBN 183174)
2　　　　Jennie Foote Feldman (SBN 248375)
　　　140 Scott Drive
3　　Menlo Park, California  94025
　　　Telephone:  (650) 328-4600
4　　Facsimile:  (650) 463-2600

5　　Attorneys for Defendants Terayon Communication
　　　Systems, Inc., Zaki Rakib, Jerry D. Chase, Mark A.
6　　Richman, Edward Lopez, Ray Fritz, Carol
　　　Lustenader, Matthew Miller, Shlomo Rakib, Doug
7　　Sabella, Christopher Schaepe, Mark Slaven, Lewis
　　　Solomon, Howard W. Speaks, Arthur T. Taylor, and
8　　David Woodrow

9

10　　　　　　　　　　　UNITED STATES DISTRICT COURT

11　　　　　　　　　　NORTHERN DISTRICT OF CALIFORNIA

12

13　　ADRIAN MONGELI, Individually, And On        )    CASE NO.:  C 06-03936 CW
　　　Behalf Of All Others Similarly Situated,            )
14　　　　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Plaintiffs,                                    )    **CLASS ACTION**
15　　　　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　v.                                                        )
16　　　　　　　　　　　　　　　　　　　　　　　　　　)    **NOTICE OF PENDENCY AND**
　　　TERAYON COMMUNICATION SYSTEMS, )    **PROPOSED SETTLEMENT OF CLASS**
17　　INC., ZAKI RAKIB, JERRY D. CHASE,            )    **ACTION**
　　　MARK A. RICHMAN, EDWARD LOPEZ,          )
18　　RAY FRITZ, CAROL LUSTENADER,                )    EXHIBIT A
　　　MATTHEW MILLER, SHLOMO RAKIB,           )
19　　DOUG SABELLA, CHRISTOPHER                   )
　　　SCHAEPE, MARK SLAVEN, LEWIS               )
20　　SOLOMON, HOWARD W. SPEAKS,                 )
　　　ARTHUR T. TAYLOR, DAVID                        )
21　　WOODROW, and ERNST & YOUNG, LLP,       )
　　　　　　　　　　　　　　　　　　　　　　　　　　)
22　　　　　　　　　　Defendants.                               )
　　　_____ )

23

24

25

26

27

28

1    *IF YOU PURCHASED THE PUBLICLY-TRADED SECURITIES OF TERAYON
     COMMUNICATION SYSTEMS, INC. ("TERAYON") BETWEEN JUNE 28, 2001 AND
2    MARCH 1, 2006, YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION
     SETTLEMENT.*
3

4        A federal court authorized this Notice.  This is not a solicitation from a lawyer.

5        **Securities and Time Period:**  Terayon common stock; call options; and put options

6    purchased between June 28, 2001 and March 1, 2006.

7        **Settlement Fund:**  $2,730,000 in cash.  Your recovery will depend on the amount and

8    type of securities purchased and the timing of your purchases, and any sales.  Depending on the

9    number and type of securities that participate in the settlement and when those shares were

10   purchased and sold, the estimated average recovery per share of common stock will be

11   approximately **$0.___** before deduction of Court-approved fees and expenses.  The recovery for

12   other securities cannot be accurately estimated.

13       **Reasons for Settlement:**  Avoids the costs and risks associated with continued litigation,

14   including the danger of no recovery, and provides a substantial benefit to the Class now.

15       **If the Case Had Not Settled:**  The settlement must be compared to the risk of no

16   recovery after contested motions, trial and likely appeals.  While Lead Counsel were prepared to

17   go to trial and were confident about the case, a trial is a risky proposition and Lead Plaintiff

18   might not have prevailed.  The claims in this case involve numerous complex legal and factual

19   issues that would require extensive and costly expert testimony.  Among the many key issues

20   about which the two sides do not agree are: (1) whether any of the Defendants violated the

21   securities laws or otherwise engaged in any wrongdoing; (2) whether the facts alleged by the

22   Lead Plaintiff were material, false, misleading or otherwise actionable under the securities laws;

23   (3) the extent (if any) that various facts alleged by the Lead Plaintiff influenced the trading prices

24   of Terayon securities during the relevant period; (4) the method for determining whether

25   Terayon securities were artificially inflated during the relevant period; (5) the amount (if any) of

26   such inflation; and (6) the amount of damages (if any) that could be recovered at trial.

27       **Attorneys' Fees and Expenses:**  Lead Counsel have not received any payment for their

28   work investigating the facts, conducting this litigation and negotiating the settlement on behalf of

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SILICON VALLEY

1

NOTICE OF PENDENCY AND PROPOSED
SETTLEMENT OF CLASS ACTION
CASE NO.:  C 06-03936 CW

1   the Lead Plaintiff and the Class.  Court-appointed Lead Counsel will ask the Court for attorneys'

2   fees of no greater than 1/3 of the Settlement Fund and reimbursement of out-of-pocket expenses

3   not to exceed $[_____] to be paid from the Settlement Fund.  If the above amounts are requested

4   and approved by the Court, the average cost per share of common stock will be **$0.___.**

5           **Deadlines:**

6                   Submit Claim:              _____, 2008

7                   Request Exclusion:       _____, 2008

8                   File Objection:             _____, 2008

9           **Court Hearing on Fairness of Settlement: _____, 2008**

10          **More Information:  [claims administrator website]** or
            Claims Administrator:
11                                                     Co-Lead Counsel:

12          *Terayon Securities Litigation*
            c/o Garden City Group, Inc.            Lewis S. Kahn
13                                                     Kahn Gauthier Swick
                                                       650 Poydras St., Suite 2150
14                                                     New Orleans, LA  70130
                                                       Tel:  (504) 455-1400
15                                                     Fax:  (504 455-1498

16                                                     Joseph E. White III
                                                       Saxena White, P.A.
17                                                     2424 North Federal Highway, Suite 257
                                                       Boca Raton, FL 33431
18                                                     Tel:  (561) 394-3399
                                                       Fax:  (561) 394-3382

19

20      •   Your legal rights are affected whether you act, or don't act.  Read this Notice carefully.

21              **YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:**

22  **SUBMIT A CLAIM FORM**       The only way to receive a payment.

23  **OBJECT**                    You may write to the Court if you do not like this settlement.

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

2

NOTICE OF PENDENCY AND PROPOSED
SETTLEMENT OF CLASS ACTION
CASE NO.:  C 06-03936 CW

| | | |
|---|---|---|
| 1 | **GO TO A HEARING** | You may ask to speak in Court about the fairness of the |
| 2 | | settlement. |
| 3 | **DO NOTHING** | Receive no payment. |
| 4 | **EXCLUDE YOURSELF** | Receive no payment.  This is the only option that allows you to |
| 5 | | participate in another lawsuit against the Defendants relating to |
| 6 | | the claims being released in this case. |

- These rights and options — *and the deadlines to exercise them* — are explained in this Notice.

- The Court in charge of this case must decide whether to approve the settlement. Payments will be made if the Court approves the settlement and, if there are any appeals, after appeals are resolved.  Please be patient.

**BASIC INFORMATION**

1.      Why Did I Receive This Notice Package?

You or someone in your family may have purchased publicly-traded securities of Terayon between June 28, 2001 and March 1, 2006.

The Court sent you this Notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement.  If the Court approves it and after any objections or appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is known as *Mongeli v. Terayon Communication Systems, Inc.*, No. 3-06-CV-03936 CW (N.D. Cal.).  The person who sued is called the Lead Plaintiff, and the company and the individuals he sued, Terayon, Zaki Rakib, Jerry D. Chase, Mark A. Richman, Edward Lopez, Ray Fritz, Carol Lustenader, Matthew Miller, Shlomo Rakib, Doug

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

3

NOTICE OF PENDENCY AND PROPOSED
SETTLEMENT OF CLASS ACTION
CASE NO.:  C 06-03936 CW

Sabella, Christopher Schaepe, Mark Slaven, Lewis Solomon, Howard W. Speaks, Arthur T. Taylor, David Woodrow and Ernst & Young LLP are called the Defendants.

2.      What Is This Lawsuit About?

This case was brought as a class action alleging that Defendants made false and misleading statements and omissions during the period June 28, 2001 and March 1, 2006, concerning Terayon's financial condition and the company's internal auditing and accounting procedures. The case alleges that these misrepresentations resulted in the artificial inflation of the prices of Terayon publicly-traded securities between June 28, 2001 and March 1, 2006. Defendants deny that they did anything wrong.

3.      Why Is This a Class Action?

In a class action, one or more people called class representatives (in this case the Court-appointed Lead Plaintiff, Adrian Mongeli) sue on behalf of people who have similar claims. Here, all these people are called a Class or Class Members. One court resolves the issues for all Class Members, except for those who timely and validly exclude themselves from the Class. Judge Martin J. Jenkins is in charge of this class action.

4.      Why Is There a Settlement?

The Court did not decide in favor of Lead Plaintiff or Defendants. Instead, both sides agreed to a settlement. That way, they avoid the cost and uncertainty of a trial, and eligible Class Members who submit valid claims will receive compensation. The Lead Plaintiff and his attorneys think the settlement is best for all Class Members.

**WHO IS IN THE SETTLEMENT**

To see if you will receive money from this settlement, you first have to determine if you are a Class Member.

**5.      How Do I Know if I Am Part of the Settlement?**

The Class includes ***all persons who purchased the publicly-traded securities of Terayon between June 28, 2001 and March 1, 2006.***

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SILICON VALLEY

4

NOTICE OF PENDENCY AND PROPOSED
SETTLEMENT OF CLASS ACTION
CASE NO.:  C 06-03936 CW

1      6.      What Are The Exceptions to Being Included?

2      You are not a Class Member if you are a Defendant, a member of the immediate family

3  of one of the Individual Defendants listed in question 1, a current or former director or officer of

4  Terayon, a legal representative, heir, successor, or assign of any excluded party.

5      If you sold Terayon securities between June 28, 2001 and March 1, 2006, that alone does

6  not make you a Class Member.  You are a Class Member only if you purchased the publicly-

7  traded securities of Terayon between June 28, 2001 and March 1, 2006.

8      7.      I'm Still Not Sure if I Am Included.

9      If you are still not sure whether you are included, you can ask for free help.  You can call

10  Joseph E. White III at (561) 394-3399 or Lewis S. Kahn at (504) 455-1400 for more information.

11  Or you can fill out and return the claim form described in question 10, to see if you qualify.

12                **THE SETTLEMENT BENEFITS — WHAT YOU GET**

13      8.      What Does the Settlement Provide?

14      Defendants have agreed to pay $2.73 million in cash.  The balance of this fund after

15  payment of Court-approved attorneys' fees and expenses and the costs of claims administration,

16  including the costs of printing and mailing this Notice and the cost of publishing newspaper

17  notice (the "Net Settlement Fund") will be divided among all eligible Class Members who send

18  in valid claim forms.

19      9.      How Much Will My Payment Be?

20      Your share of the Net Settlement Fund will depend on the number of valid claim forms

21  that Class Members send in and how many shares of Terayon securities you purchased during

22  the relevant period and when you bought and sold them.  A claim will be calculated as follows:

23                        **Common Stock**

24      The allocation for common stock is based upon the per share inflation amounts listed in

25  the Plan of Allocation, attached hereto.

26      The payment you receive will reflect your pro rata share of the Net Settlement Fund.

27  Depending on the number and type of eligible securities that participate in the settlement and

28  when those securities were purchased and sold, the estimated average payment for common

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

5

NOTICE OF PENDENCY AND PROPOSED
SETTLEMENT OF CLASS ACTION
CASE NO.:  C 06-03936 CW

1  stock will be approximately **$0.___** for each share of common stock before deduction of Court-

2  approved fees and expenses.  The number of claimants who send in claims varies widely from

3  case to case.  If fewer than anticipated Class Members send in a claim form, you could receive

4  more money.

5      The date of purchase or sale is the "contract" or "trade" date as distinguished from the

6  "settlement" date.

7      For Class Members who held Terayon securities at the beginning of the Class Period or

8  made multiple purchases or sales during the Class Period, the first-in, first-out ("FIFO") method

9  will be applied to such holdings, purchases and sales for purposes of calculating a claim.  Under

10  the FIFO method, sales of securities during the Class Period will be matched, in chronological

11  order, first against securities held at the beginning of the Class Period.  The remaining sales of

12  securities during the Class Period will then be matched, in chronological order, against securities

13  purchased during the Class Period.

14      A Class Member will be eligible to receive a distribution from the Net Settlement Fund

15  only if a Class Member had a net loss, after all profits from transactions in Terayon securities

16  during the Class Period are subtracted from all losses.

17      **HOW YOU OBTAIN A PAYMENT — SUBMITTING A CLAIM FORM**

18      10.    How Will I Obtain a Payment?

19      To qualify for payment, you must be an eligible Class Member, send in a valid claim

20  form, and properly document your claim as requested in the claim form.  A claim form is

21  enclosed with this Notice.  Read the instructions carefully, fill out the form, include all the

22  documents the form asks for, sign it, and mail it in the enclosed envelope postmarked no later

23  than _____, 2008.

24      11.    When Will I Receive My Payment?

25      The Court will hold a hearing on _____, 2008, to decide whether to approve the

26  settlement.  If Judge Jenkins approves the settlement, there may be appeals.  It is always

27  uncertain whether these appeals can be resolved, and resolving them can take time, perhaps

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

6

NOTICE OF PENDENCY AND PROPOSED
SETTLEMENT OF CLASS ACTION
CASE NO.:  C 06-03936 CW

1  several years.  Everyone who sends in a claim form will be informed of the determination with

2  respect to their claim.  Please be patient.

3        12.     What Am I Giving Up to Receive a Payment or Stay in the Class?

4       Unless you timely and validly exclude yourself, you are staying in the Class, and that

5  means that you cannot sue, continue to sue, or be part of any other lawsuit against the

6  Defendants about the Released Claims in this case.  It also means that all of the Court's orders

7  will apply to you and legally bind you and you will release your claims in this case against the

8  Defendants.  The terms of the release are included in the claim form that is enclosed.

9  **EXCLUDING YOURSELF FROM THE SETTLEMENT**

10       If you do not want a payment from this settlement, but you want to keep the right to sue

11  or continue to sue the Defendants on your own for the Released Claims in this case, then you

12  must take steps to get out of the Class.  This is called excluding yourself or is sometimes referred

13  to as opting out of the Class.

14       13.     How Do I Get Out of the Class?

15       To exclude yourself from the Class, you must send a letter by mail stating that you want

16  to be excluded from *Mongeli v. Terayon Communication Systems, Inc.*, No. 3-06-CV-03936 CW

17  (N.D. Cal.).  You must include your name, address, telephone number, your signature, and the

18  number and type of shares of Terayon securities you purchased between June 28, 2001 and

19  March 1, 2006, the number and type of securities sold during this time period, if any, and the

20  dates of such purchases and sales.  You must mail your exclusion request postmarked no later

21  than _____, 2008 to:

22          *Terayon Securities Litigation*
        c/o Garden City Group, Inc.

23

24       You cannot exclude yourself on the phone or by e-mail.  If you ask to be excluded, you

25  are not eligible to receive any settlement payment, and you cannot object to the settlement.  You

26  will not be legally bound by anything that happens in this lawsuit.

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

7

NOTICE OF PENDENCY AND PROPOSED
SETTLEMENT OF CLASS ACTION
CASE NO.:  C 06-03936 CW

14.    If I Do Not Exclude Myself, Can I Sue the Defendants for the Same Thing Later?

No.  Unless you timely and validly exclude yourself, you give up any right to sue the Defendants for the Released Claims in this settlement.  If you have a pending lawsuit against any of the Defendants, speak to your lawyer in that case immediately.  Remember, the exclusion deadline is _____, 2008.

15.    If I Exclude Myself, Can I Receive Money from This Settlement?

No.  If you exclude yourself, do not send in a claim form.  But, you may be able to sue, continue to sue, or be part of a different lawsuit involving the Released Claims against the Defendants.

### THE LAWYERS REPRESENTING YOU

16.    Do I Have a Lawyer in This Case?

The Court appointed the law firms of Saxena White, P.A. and Kahn Gauthier Swick, LLC to represent you and other Class Members.  These lawyers are called Lead Counsel.  You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one, at your own expense.

17.    How Will the Lawyers Be Paid?

Lead Counsel will ask the Court for attorneys' fees of no more than 1/3 of the Settlement Fund and for reimbursement of their out-of-pocket expenses up to $____ which were advanced in connection with the litigation, and which includes approximately $____ for reimbursement for out of pocket expenses and lost wages for the Lead Plaintiff.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Lead Counsel for their efforts in achieving this settlement and for their risk in undertaking this representation on a wholly contingent basis.  Lead Counsel have committed significant time and expenses in litigating this case for the benefit of the Class since its inception in 2006.  To date, Lead Counsel have invested over $____ in this case and have not been paid for their services in conducting this litigation on behalf of the Lead Plaintiff and the Class, nor for their substantial out-of-pocket

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

8

NOTICE OF PENDENCY AND PROPOSED
SETTLEMENT OF CLASS ACTION
CASE NO.:  C 06-03936 CW

1  expenses.  The fee requested will compensate Lead Counsel for their work in achieving the

2  Settlement Fund and is well within the range of fees awarded to class counsel under similar

3  circumstances in other cases of this type.  The Court may award less than this amount.

4                              **OBJECTING TO THE SETTLEMENT**

5          You can tell the Court that you do not agree with the settlement or some part of it.

6          18.      How Do I Tell the Court that I Do Not Like the Settlement?

7          If you are a Class Member, you can object to the settlement if you do not like any part of

8  it, including the Plan of Allocation and the request for attorneys' fees.  You can state the reasons

9  why you think the Court should not approve it.  The Court will consider your views.  To object,

10 you must send a letter saying that you object to the settlement in *Mongeli v. Terayon*

11 *Communication Systems, Inc.*, No. CV-03-03936 CW.  Be sure to include your name, address,

12 telephone number, your signature, the number and type of Terayon securities purchased and sold

13 between June 28, 2001 and March 1, 2006 and the reasons you object.  Any objection must be

14 mailed or delivered such that it is received by ***each*** of the following no later than _____,

15 2008:

16              *Court:*

17              Clerk of the Court
                UNITED STATES DISTRICT COURT
18              NORTHERN DISTRICT OF CALIFORNIA
                United States Courthouse
19              1301 Clay Street
                Oakland, CA 94612
20
                *Co-Lead Counsel for Lead Plaintiff:*
21
                Joseph E. White III
22              SAXENA WHITE, P.A.
                2424 North Federal Highway, Suite 257
23              Boca Raton, FL 33431
                Tel:  (561) 394-3399
24              Fax:  (561) 394-3382

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

9

NOTICE OF PENDENCY AND PROPOSED
SETTLEMENT OF CLASS ACTION
CASE NO.:  C 06-03936 CW

Lewis S. Kahn
Kahn Gauthier Swick
650 Poydras St.
Suite 2150
New Orleans, LA 70130

*Liaison Counsel:*

Michael D. Braun
BRAUN LAW GROUP, P.C.
12400 Wilshire Boulevard, Suite 920
Los Angeles, CA 90025
Tel:  (561) 394-3399
Fax: (561) 394-3382

*Counsel for Terayon Communication Systems, Inc. and the Individual Defendants:*

Patrick E. Gibbs
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
Tel: (650) 328-4600
Fax: (650 463-2600

*Counsel for Defendant Ernst & Young:*

John Hemann
MORGAN, LEWIS & BOCKIUS LLP
One Market
Spear Street Tower
San Francisco, CA 94105
Tel: (415) 442-1000
Fax: (415) 442-1001

19.    What's the Difference Between Objecting and Excluding?

Objecting is simply telling the Court that you do not like something about the settlement. You can object ***only if*** you stay in the Class.  Excluding yourself is telling the Court that you do not want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

### THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement.  You may attend and you may ask to speak, but you do not have to.

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

10

NOTICE OF PENDENCY AND PROPOSED
SETTLEMENT OF CLASS ACTION
CASE NO.:  C 06-03936 CW

1    20.    When and Where Will the Court Decide Whether to Approve the Settlement?

2    The Court will hold a fairness hearing at _____ _.m., on _____, 2008, at the United

3    States Courthouse, 1301 Clay Street, Oakland, California. At this hearing the Court will consider

4    whether the settlement is fair, reasonable, and adequate.  If there are objections, the Court will

5    consider them.  Judge Jenkins will listen to people who have asked to speak at the hearing.  The

6    Court will also consider how much to pay to Lead Counsel.  The Court may decide these issues

7    at the hearing or take them under consideration.  We do not know how long these decisions will

8    take.

9    21.    Do I have to Come to the Hearing?

10    No.  Lead Counsel will answer questions Judge Jenkins may have.  But, you are welcome

11    to come, at your own expense.  If you send an objection, you do not have to come to Court to

12    talk about it.  As long as you mailed your written objection on time, the Court will consider it.

13    You may also pay your own lawyer to attend, but it is not necessary.

14    22.    May I Speak at the Hearing?

15    You may ask the Court for permission to speak at the fairness hearing.  To do so, you

16    must send a letter saying that it is your intention to appear in *Mongeli v. Terayon Communication*

17    *Systems, Inc.*, No. 3-06-CV-03936 CW.   Be sure to include your name, address, telephone

18    number, your signature, and the number and type of Terayon securities purchased between June

19    28, 2001 and March 1, 2006.  Your notice of intention to appear must be postmarked no later

20    than _____, 2008, and be sent to the Clerk of the Court, Lead Counsel, and Defendants'

21    counsel, at the three addresses listed in question 18.  You cannot speak at the hearing if you

22    exclude yourself from the Class.

**IF YOU DO NOTHING**

23

24    23.    What Happens if I Do Nothing at All?

25    If you do nothing, you will not receive any money from this settlement.  But, unless you

26    exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any

27    other lawsuit against the Defendants about the Released Claims in this case.

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

11

NOTICE OF PENDENCY AND PROPOSED
SETTLEMENT OF CLASS ACTION
CASE NO.:  C 06-03936 CW

**GETTING MORE INFORMATION**

24.    Are There More Details About the Settlement?

This Notice summarizes the proposed settlement.  More details are in the Stipulation of Settlement dated as of February 28, 2008. You can obtain a copy of the Stipulation of Settlement by writing to Joseph E. White III, Saxena White, P.A., 2424 North Federal Highway, Suite 257, Boca Raton, Florida 33431, or Lewis S. Kahn, Kahn Gauthier Swick, 650 Poydras St., Suite 2150, New Orleans, LA 70130, or by visiting the Clerk's office at the United States District Court for the Northern District of California, 1301 Clay Street, Oakland, California during regular business hours.

25.    How Do I Get More Information?

You can call (619) 231-1058 or write to Joseph E. White III at Saxena White, P.A., or Lewis S. Kahn at Kahn Gauthier Swick, 650 Poydras St., Suite 2150, New Orleans, LA 70130, or visit the website at http://www.gardencitygroup.com.

/ / /

/ / /

/ / /

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

12

NOTICE OF PENDENCY AND PROPOSED
SETTLEMENT OF CLASS ACTION
CASE NO.:  C 06-03936 CW

1 **THE PLAN OF ALLOCATION**

2      The Net Settlement Fund will be distributed to Class Members who submit valid, timely

3 Proof of Claim forms ("Authorized Claimants") under the Plan of Allocation described below.

4 The Plan of Allocation provides that you will be eligible to participate in the distribution of the

5 Net Settlement Fund only if you have a net loss on all transactions in Terayon common common

6 stock and options during the Class Period.

7      Each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that

8 each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants.

9 Payment in this manner shall be deemed conclusive against all Authorized Claimants.

10      The total of all profits shall be subtracted from the total of all losses from transactions

11 during the Class Period to determine if a Class Member has a claim.  Only if a Class Member

12 had a net loss, after all profits from transactions in Terayon Communications Systems common

13 stock during the Class Period are subtracted from all losses, will such Class Member be eligible

14 to receive a distribution from the Net Settlement Fund.   Claims will be calculated as follows:

15      Section 10(b) Claims

16      Class Period June 28, 2001 through March 1, 2006

17      The Allocation below is based on the following price data:

18      November 7, 2005 Closing Price:     $2.57

19            November 8, 2005 Closing Price:     $2.25

20      November 8, 2005 Price Decline:     $0.32

21

22      January 10, 2006 Closing Price:          $2.06

23      January  11, 2006 Closing Price:          $2.00

24      January 11, 2006 Price Decline:          $0.06

25

26      March 1, 2006 Closing Price:     $2.70

27      March 2, 2006 Closing Price:     $2.33

28      March 2, 2006 Price Decline:     $0.37

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

13

NOTICE OF PENDENCY AND PROPOSED
SETTLEMENT OF CLASS ACTION
CASE NO.:  C 06-03936 CW

1.    For shares of Terayon Communications Systems common stock purchased on June 28, 2001 through November 7, 2005, and

a)    Sold prior to November 8, 2005, the claim per share is $0;

b)    Sold from November 8, 2005 through January 10, 2006, the claim per share is the lesser of: (i) the purchase price less the sales price, or (ii) $0.32 (November 8, 2005 price decline);

c)    Sold from January 11, 2006 through March 1, 2006, the claim per share is the lesser of (i) the purchase price less the sales price, or (ii) $0.38 (November 8, 2005 and January 11, 2006 price declines);

d)    Retained at the end of March 1, 2006, the claim per share is the lesser of: (i) the purchase price less $2.33 (March 2, 2006 closing price), or (ii) $0.75 (November 8, 2005, January 11, 2006 and March 2, 2006 price declines).

2.    For shares of Terayon Communications Systems common stock purchased on November 8, 2005 through January 10, 2006, and

a)    Sold prior to January 11, 2006, the claim per share is $0;

b)    Sold from January 11, 2006 through March 1, 2006, the claim per share is the lesser of: (i) the purchase price less the sales price, or (ii) $0.06 (January 11, 2006 price decline);

c)    Retained at the end of March 1, 2006, the claim per share is the lesser of: (i) the purchase price less $2.33 (March 2, 2006 closing price), or (ii) $0.43 (January 11, 2006 and March 2, 2006 price declines).

3.    For shares of Terayon Communications Systems common stock purchased on January 11, 2006 through March 1, 2006, and

a)    Sold no later than March 1, 2006, the claim per share is $0;

b)    Retained as of March 2, 2006, the claim per share is the lesser of: (i) the purchase price less $2.33 (March 2, 2006 closing price), or (ii) $0.37 (March 2, 2006 price decline).

Call Options:

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

14

NOTICE OF PENDENCY AND PROPOSED
SETTLEMENT OF CLASS ACTION
CASE NO.: C 06-03936 CW

1    The amount of recognized  claim for purchasers of Call Options on Terayon

2    Communications Systems common stock during the Class Period will be calculated as follows:

3    1) No claim will be recognized for any Terayon Communications Systems Call

4        Options purchased during the Class Period that were not owned as of the close of

5        trading on 11/7/05, 1/10/06 or 3/1/06.

6    2) For Terayon Communications Systems Call Options purchased during the Class

7        Period and owned as of the close of trading on 11/7/05, an authorized claimant's

8        recognized claim shall be the lesser of (a) 5% of the difference, if a loss, between

9        (x) the amount paid for the Terayon Communications Systems Call Options

10       during the Class Period (including brokerage commissions and transaction

11       chargers)(the Purchase Price Paid or "PPP") and (y) the sum for which said

12       Terayon Communications Systems Call Options were subsequently sold at a loss

13       (after brokerage commissions & transaction chargers)(or $0.00 if the Call Option

14       expired while still owned by the authorized claimant (the Sale Price Received or

15       "SPR"); or (b) $0.02 (5% of the November  8, 2005 price decline).

16   3) For  Terayon Communications Systems Call Options purchased during the Class

17       Period and  owned as of the close of trading on 1/10/06, an authorized claimant's

18       recognized claim shall be the lesser of (a) 5% of the difference, if a loss, between

19       the PPP and the SPR; or (b) $0.01.

20   4) For Terayon Communications Systems Call Options purchased during the Class

21       Period and owned as of the close of trading on 3/1/06, an authorized claimant's

22       recognized claim shall be the lesser of (a)5% of the difference, if a loss, between

23       the PPP and the SPR; or (b) $0.02 (5% of the March 2, 2006 price decline).

24   5) No loss shall be recognized based on a sale or writing of any Call Options that

25       were subsequently repurchased.

26   NOTE:  Shares of Terayon Communications Systems acquired during the Class Period

27   through the exercise of a Call Option shall be treated as a claim purchase on the date of exercise

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

15

NOTICE OF PENDENCY AND PROPOSED
SETTLEMENT OF CLASS ACTION
CASE NO.:  C 06-03936 CW

1    for the exercise price plus the cost of the Call Option, and any recognized claim arising from

2    such transaction shall be computed as provided for other purchases of common stock.

3           Put Options:

4           The amount of recognized claim for sales (writing) of Put Options on Terayon

5    Communications Systems common stock during the Class Period will be calculated as follows:

6           1)   No claim for any Put Options sold (written) during the Class Period that were not the

7                obligation of the claimant as of the close of trading on 11/7/05, 1/10/06 or 3/1/06.

8           2)   For Terayon Communications Systems Put Options sold (written)  during the Class

9                Period which were the obligation of the authorized claimant at the close of trading on

10               11/7/05, an authorized claimant's recognized claim shall be the lesser of (a) 5% of the

11               difference, if a loss, between (x) the amount received for writing the Put Option  for

12               the Terayon Communications Systems  during the Class Period (including brokerage

13               commissions and transaction charges) (the "PPP") and (y) the sum for which said

14               Terayon Communications Systems Put Options were re-purchased  at a loss (after

15               brokerage commissions & transaction charges)(or $0.00 if the Put Option expired

16               while still owned by the authorized claimant (the "SPR"); or (b) $0.02 (5% of the

17               November  8, 2005 price decline).

18          3)    For Terayon Communications Systems Put Options sold (written) during the Class

19               Period which were the obligation of the authorized claimant at the close of trading on

20               1/10/06, an authorized claimant's recognized claim shall be the lesser of (a) 5% of the

21               difference, if a loss,  between the PPP and the SPR; or (b) $0.01

22          4)   For Terayon Communications Systems Put Options sold (written) during the Class

23               Period which were the obligation of the authorized claimant at the close of trading on

24               3/1/06, an authorized claimant's recognized claim shall be the lesser of (a) 5% of the

25               difference, if a loss,  between the PPP and the SPR; or (b) $0.02 (5% of the March 2,

26               2006 price decline).

27          5)   No loss shall be recognized base on a sale of any Put Options that were previously

28               purchased.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

16

NOTICE OF PENDENCY AND PROPOSED
SETTLEMENT OF CLASS ACTION
CASE NO.:  C 06-03936 CW

1   NOTE:  For Terayon Communications Put Options written during the Class Period that

2   were "Put" to the authorized claimant (i.e. exercised), the authorized claimant's recognized claim

3   shall be calculated as a purchase of common stock as shown above, and as if the sale of the Put

4   Option were instead a purchase of Terayon Communications Systems common stock on the date

5   of the sale of the Put Option, and the "purchase price paid" shall be the strike price less the

6   proceeds received at the sale of the Put Option.

7   ***DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE***

8   **SPECIAL NOTICE TO NOMINEES**

9   The Court has ordered that if you hold shares of any Terayon securities purchased

10  between June 28, 2001 and March 1, 2006 as nominee for a beneficial owner, then, within ten

11  (10) days after you receive this Notice, you must either: (1) send a copy of this Notice by first

12  class mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to

13  the Claims Administrator:

14  *Terayon Securities Litigation*
    c/o Garden City Group, Inc.

15

16  If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the

17  Claims Administrator (without cost to you) as many additional copies of these documents as you

18  will need to complete the mailing.

19  Regardless of whether you choose to complete the mailing yourself or elect to have the

20  mailing performed for you, you may obtain reimbursement for or advancement of reasonable

21  administrative costs actually incurred or expected to be incurred in connection with forwarding

22  the Notice and which would not have been incurred but for the obligation to forward the Notice,

23  upon submission of appropriate documentation to the Claims Administrator.

24

25  DATED: _____          BY ORDER OF THE COURT
                                          UNITED STATES DISTRICT COURT
26                                        NORTHERN DISTRICT OF CALIFORNIA

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

17

NOTICE OF PENDENCY AND PROPOSED
SETTLEMENT OF CLASS ACTION
CASE NO.:  C 06-03936 CW

EXHIBIT A-1

1  LATHAM & WATKINS LLP
       Patrick E. Gibbs (SBN 183174)
2      Jennie Foote Feldman (SBN 248375)
   140 Scott Drive
3  Menlo Park, California  94025
   Telephone:  (650) 328-4600
4  Facsimile:  (650) 463-2600

5  Attorneys for Defendants Terayon Communication
   Systems, Inc., Zaki Rakib, Jerry D. Chase, Mark A.
6  Richman, Edward Lopez, Ray Fritz, Carol
   Lustenader, Matthew Miller, Shlomo Rakib, Doug
7  Sabella, Christopher Schaepe, Mark Slaven, Lewis
   Solomon, Howard W. Speaks, Arthur T. Taylor, and
8  David Woodrow

9

10                 UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12

13  ADRIAN MONGELI, Individually, And On    )    CASE NO.:  C 06-03936 CW
    Behalf Of All Others Similarly Situated, )
14                                           )
              Plaintiffs,                    )    **CLASS ACTION**
15                                           )
           v.                                )
16                                           )    **PROOF OF CLAIM AND RELEASE**
    TERAYON COMMUNICATION SYSTEMS, )
17  INC., ZAKI RAKIB, JERRY D. CHASE,        )    EXHIBIT A-1
    MARK A. RICHMAN, EDWARD LOPEZ,           )
18  RAY FRITZ, CAROL LUSTENADER,             )
    MATTHEW MILLER, SHLOMO RAKIB,            )
19  DOUG SABELLA, CHRISTOPHER                )
    SCHAEPE, MARK SLAVEN, LEWIS              )
20  SOLOMON, HOWARD W. SPEAKS,               )
    ARTHUR T. TAYLOR, DAVID                  )
21  WOODROW, and ERNST & YOUNG, LLP,         )
                                             )
22            Defendants.                    )
    _____      )

23

24

25

26

27

28

1    **I.    GENERAL INSTRUCTIONS**

2        1.    To recover as a member of the class based on your claims in the action entitled

3    *Mongeli v. Terayon Communication Systems*, No. 3-06-CV-03936 CW (the "Litigation"), you

4    must complete and, on page eight (8) of this form, sign this Proof of Claim and Release. If you

5    fail to file a properly addressed (as explained in paragraph 3 below) Proof of Claim and Release,

6    your claim may be rejected and you may be unable to recover anything from the Net Settlement

7    Fund created in connection with the proposed settlement of the Litigation.

8        2.    Submission of this Proof of Claim and Release, however, does not assure that you

9    will share in the proceeds of settlement in the Litigation.

10        3.    YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM

11    AND RELEASE POSTMARKED ON OR BEFORE _____, 2008, TO:

12                *Terayon Securities Litigation*
                c/o Garden City Group, Inc.
13

14    If you are NOT a Member of the Class, as defined in the Notice of Pendency and Proposed

15    Settlement of Class Action ("Notice"), DO NOT submit a Proof of Claim and Release form.

16        4.    If you are a Member of the Class, you are bound by the terms of any judgment

17    entered in the Litigation, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND

18    RELEASE FORM.

19    **II.    DEFINITIONS**

20        1.    "Defendants" means Terayon Communication Systems, Inc. ("Terayon") the

21    Individual Defendants and Defendant Ernst & Young LLP.

22        2.    "Individual Defendants" means Zaki Rakib, Jerry D. Chase, Mark A. Richman,

23    Edward Lopez, Ray Fritz, Carol Lustenader, Matthew Miller, Shlomo Rakib, Doug Sabella,

24    Christopher Schaepe, Mark Slaven, Lewis Solomon, Howard W. Speaks, Arthur T. Taylor and

25    David Woodrow.

26        3.    "Released Persons" means each and all of the Defendants and each and all of their

27    Related Parties.

28

### III.    CLAIMANT IDENTIFICATION

1.    If you purchased the publicly-traded securities of Terayon and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser. If, however, the certificate(s) were registered in the name of someone else, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2.    Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of Terayon securities which form the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER OR PURCHASERS, OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER OR PURCHASERS OF THE TERAYON SECURITIES UPON WHICH THIS CLAIM IS BASED.

3.    All joint purchasers must sign this claim. Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of Persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could in delay or rejection of your claim.

### IV.    CLAIM FORM

1.    Use Part II of this form entitled "Schedule of Transactions in Terayon Publicly-Traded Securities" to list all required details of your transaction(s) in Terayon securities. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2.    On the schedules, provide all of the requested information with respect to **all** of your purchases and **all** of your sales of Terayon publicly-traded securities which took place at any time between June 28, 2001 and March 1, 2006 (the "Class Period"), whether such transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

3.     List each transaction in the Class Period separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day and year of each transaction you list.

4.     Broker confirmations or other documentation of your transactions in Terayon securities should be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

5.     The above requests are designed to provide the minimum amount of information necessary to process the most simple claims.  The Claims Administrator may request additional information as required to efficiently and reliably calculate your losses.  In some cases where the Claims Administrator cannot perform the calculation accurately or at a reasonable cost to the Class with the information provided, the Claims Administrator may condition acceptance of the claim upon the production of additional information and/or the hiring of an accounting expert at the Claimant's cost.

1    UNITED STATES DISTRICT COURT

2    NORTHERN DISTRICT OF CALIFORNIA

3    *Mongeli v. Terayon Communication Systems, Inc.*

4    No. 3-06-CV-03936 CW

5    PROOF OF CLAIM AND RELEASE

6    Must be Postmarked No Later Than:

7    _____, 2008

8    Please Type or Print

9    PART I:        CLAIMANT IDENTIFICATION

10

11   _____
     Beneficial Owner's Name (First, Middle, Last)

12   _____
     Street Address

13

14   _____     _____     _____
     City                            State           Zip Code

15   _____     _____
     Foreign Province                Foreign Country

16
                                     _____    Individual
17   Social Security Number or
     Taxpayer Identification Number  _____    Corporation/Other

18   _____                _____ (work)
19   Area Code                       Telephone Number

20   _____                _____ (home)
     Area Code                       Telephone Number

21

22   _____
     Record Owner's Name (if different from beneficial owner listed above)

23

24

25

26

27

28

PROOF OF CLAIM AND RELEASE
CASE NO.:  C 06-03936 CW

1

2   PART II:        SCHEDULE OF TRANSACTIONS IN TERAYON PUBLICLY-TRADED
                    SECURITIES

3

4        A.        Number of shares of Terayon publicly-traded securities held at the beginning of
                   trading on June 28, 2001: _____

5        B.        Purchases of Terayon publicly-traded securities (June 28, 2001-March 1, 2006):

6

7        Trade Date              Number of              Type of          Total Purchase  Price
         Mo.  Day  Year          Securities Purchased   Security

8    1. _____     1. _____    1. _____    1. _____
     2. _____     2. _____    2. _____    2. _____
9    3. _____     3. _____    3. _____    3. _____

10       C.        Sales of Terayon publicly-traded securities (June 28, 2001-March 1, 2006):

11       Trade Date                                     Type of
         Mo.  Day  Year          Number of Securities   Security         Total Sales Price
12                              Sold

     1. _____     1. _____    1. _____    1. _____
13   2. _____     2. _____    2. _____    2. _____
     3. _____     3. _____    3. _____    3. _____
14

15       D.        Number of shares of Terayon publicly-traded securities held at close of trading on
                   March 1, 2006: _____

16   If you require additional space, attach extra schedules in the same format as above.  Sign and
     print your name on each additional page.
17

18   YOU MUST READ AND SIGN THE RELEASE ON PAGE EIGHT (8).

19

20

21

22

23

24

25

26

27

28

## V. SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I, _____ submit this Proof of Claim and Release under the terms of the Stipulation of Settlement dated as of February 28, 2008 ("Stipulation") described in the Notice. I also submit to the jurisdiction of the United States District Court for the Northern District of California, with respect to my claim as a Class Member (as defined in the Notice) and for purposes of enforcing the release set forth herein. I further acknowledge that I am bound by and subject to the terms of any judgment that may be entered in the Litigation. I agree to furnish additional information to Lead Counsel to support this claim if required to do so. I have not submitted any other claim covering the same purchases or sales of Terayon securities during the Class Period and know of no other Person having done so on my behalf.

## VI. RELEASE

1. I hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release, relinquish and discharge, all of the Released Claims against each and all of the Defendants and each and all of their "Related Parties," defined as each of a Defendant's past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, agents, controlling shareholders, attorneys, accountants, auditors, advisors, investment advisors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities, any entity in which a Defendant has a controlling interest, any members of an Individual Defendant's immediate family, or any trust of which an Individual Defendant is the settlor or which is for the benefit of an Individual Defendant's family.

2. "Released Claims" shall collectively mean all claims (including "Unknown Claims" as defined below), demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, asserted or that might have been asserted, including, without limitation, claims for negligence, gross negligence, breach of duty of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty, or violations of any state or federal statutes, rules or regulations or common law principles, by the

1 Lead Plaintiff or any Class Member against the Defendants or their Related Parties arising out of,

2 relating to, or in connection with the purchase or the purchase and sale of the publicly-traded

3 securities of Terayon by the Lead Plaintiff or any Class Member during the Class Period.

4       3.     "Unknown Claims" shall collectively mean all claims, demands, rights, liabilities,

5 and causes of action of every nature and description which the Lead Plaintiff or any Class

6 Member does not know or suspect to exist in his, her or its favor at the time of the release of the

7 Released Persons which, if known by him, her or it, might have affected his, her or its settlement

8 with and release of the Released Persons, or might have affected his, her or its decision not to

9 object to this settlement.  With respect to any and all Released Claims, the Settling Parties

10 stipulate and agree that, upon the Effective Date, the Lead Plaintiff shall expressly waive, and

11 each of the Class Members shall be deemed to have waived, and by operation of the Judgment

12 shall have waived, the provisions, rights and benefits of California Civil Code §1542, which

13 provides:

14
15         **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor**.

16

17 The Lead Plaintiff shall expressly and each of the Class Members shall be deemed to have, and

18 by operation of the Judgment shall have, expressly waived any and all provisions, rights and

19 benefits conferred by any law of any state or territory of the United States, or principle of

20 common law, which is similar, comparable or equivalent to California Civil Code §1542.  The

21 Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from

22 those which he, she or it now knows or believes to be true with respect to the subject matter of

23 the Released Claims, but the Lead Plaintiff shall expressly fully, finally and forever settle and

24 release, and each Class Member, upon the Effective Date, shall be deemed to have, and by

25 operation of the Judgment shall have, fully, finally, and forever settled and released, any and all

26 Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent,

27 whether or not concealed or hidden, which now exist, or heretofore have existed, upon any

28 theory of law or equity now existing or coming into existence in the future, including, but not

1   limited to, conduct which is negligent, intentional, with or without malice, or a breach of any

2   duty, law or rule, without regard to the subsequent discovery or existence of such different or

3   additional facts.  The Lead Plaintiff acknowledges, and the Class Members shall be deemed by

4   operation of the Judgment to have acknowledged, that the foregoing waiver was separately

5   bargained for and a key element of the settlement of which this release is a part.

6       4.     This release shall be of no force or effect unless and until the Court approves the

7   Stipulation and it becomes effective on the Effective Date.

8       5.     I (We) hereby warrant and represent that I (we) have not assigned or transferred

9   or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to

10  this release or any other part or portion thereof.

11      6.     I (We) hereby warrant and represent that I (we) have included information about

12  all of my (our) transactions in Terayon publicly-traded securities that occurred during the Class

13  Period as well as the number and type of Terayon securities held by me (us) at the opening of

14  trading on June 28, 2001 and at the close of trading on March 1, 2006.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4

SUBSTITUTE FORM W-9

Request for Taxpayer Identification Number ("TIN") and Certification

PART I

5 NAME:_____

6 Check appropriate box:

7
☐   Individual/Sole Proprietor          ☐   Pension Plan
☐   Corporation        ☐   Partnership        ☐   Trust
8
☐   IRA        ☐   Other

9       Enter TIN on appropriate line.

10      o       For individuals, this is your Social Security Number ("SSN").

11      o       For sole proprietors, you must show your individual name, but you may
12              also enter your business or "doing business as" name.  You may enter
                either your SSN or your Employer Identification Number ("EIN").

13      o       For other entities, it is your EIN.

14 _ _ _ - _ _ - _ _ _ _        or        _ _ - _ _ _ _ _ _ _
15 Social Security Number              Employer Identification Number

16

PART II

For Payees Exempt from Backup Withholding

18 If you are exempt from backup withholding, enter your correct TIN in Part I and write "exempt"
19 on the following line: _____

PART III

Certification

21 UNDER THE PENALTY OF PERJURY, I (WE) CERTIFY THAT:

22

23      1.      The number shown on this form is my correct TIN; and

24      2.      I (We) certify that I am (we are) NOT subject to backup withholding
                under the provisions of Section 3406 (a)(1)(C) of the Internal Revenue
                Code because: (a) I am (we are) exempt from backup withholding; or (b) I
25              (we) have not been notified by the Internal Revenue Service that I am (we
                are) subject to backup withholding as a result of a failure to report all
26              interest or dividends; or (c) the Internal Revenue Service has notified me
                (us) that I am (we are) no longer subject to backup withholding.

27

28

NOTE:    If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out Item 2 above.

*SEE* ENCLOSED FORM W-9 INSTRUCTIONS

The Internal Revenue Service does not require your consent to any provision of this document other than the certification required to avoid backup withholding.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____,
                                                              (Month/Year)

in _____, _____.
        (City)                              (State/Country)


_____
(Sign your name here)


_____
(Type or print your name here)


_____
(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser, Executor or Administrator)


ACCURATE CLAIMS PROCESSING TAKES A

SIGNIFICANT AMOUNT OF TIME.

THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1.    Please sign the above release and declaration.

2.    Remember to attach supporting documentation, if available.

3.    Do not send original stock certificates.

4.    Keep a copy of your claim form for your records.

5.     If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

6.     If you move, please send us your new address.

EXHIBIT A-2

1  LATHAM & WATKINS LLP
       Patrick E. Gibbs (SBN 183174)
2      Jennie Foote Feldman (SBN 248375)
   140 Scott Drive
3  Menlo Park, California  94025
   Telephone:  (650) 328-4600
4  Facsimile:  (650) 463-2600

5

   Attorneys for Defendants Terayon Communication
6  Systems, Inc., Zaki Rakib, Jerry D. Chase, Mark A.
   Richman, Edward Lopez, Ray Fritz, Carol
7  Lustenader, Matthew Miller, Shlomo Rakib, Doug
   Sabella, Christopher Schaepe, Mark Slaven, Lewis
8  Solomon, Howard W. Speaks, Arthur T. Taylor, and
   David Woodrow
9

10                UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12

13  ADRIAN MONGELI, Individually, And On    )    CASE NO.:  C 06-03936 CW
    Behalf Of All Others Similarly Situated,    )
14                                          )
                 Plaintiffs,                )    **CLASS ACTION**
15                                          )
            v.                              )
16                                          )    **SUMMARY NOTICE**
    TERAYON COMMUNICATION SYSTEMS,  )
17  INC., ZAKI RAKIB, JERRY D. CHASE,       )    EXHIBIT A-2
    MARK A. RICHMAN, EDWARD LOPEZ,    )
18  RAY FRITZ, CAROL LUSTENADER,        )
    MATTHEW MILLER, SHLOMO RAKIB,    )
19  DOUG SABELLA, CHRISTOPHER           )
    SCHAEPE, MARK SLAVEN, LEWIS         )
20  SOLOMON, HOWARD W. SPEAKS,          )
    ARTHUR T. TAYLOR, DAVID             )
21  WOODROW, and ERNST & YOUNG, LLP,   )
                                            )
22               Defendants.                )
    _____)
23

24

25

26

27

28

TO:    ALL PERSONS WHO PURCHASED THE PUBLICLY-TRADED SECURITIES OF TERAYON COMMUNICATION SYSTEMS, INC. ("TERAYON") BETWEEN JUNE 28, 2001 AND MARCH 1, 2006

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Northern District of California, that a hearing will be held on _____, 2008, at ____ __.m., before the Honorable Claudia Wilken at the United States Courthouse, 1301 Clay Street, Oakland, California, for the purpose of determining (1) whether the proposed settlement of the claims in the Litigation for the sum of $2,730,000 in cash should be approved by the Court as fair, reasonable and adequate; (2) whether, after the hearing, this Litigation should be dismissed with prejudice pursuant to the terms and conditions set forth in the Stipulation of Settlement dated as of February 28, 2008; (3) whether the Plan of Allocation is fair, reasonable and adequate and should be approved; and (4) whether the application of Lead Counsel for the payment of attorneys' fees and reimbursement of expenses incurred in this Litigation should be approved.

If you purchased the publicly-traded securities of Terayon between June 28, 2001 and March 1, 2006, your rights may be affected by the settlement of this Litigation.  If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action ("Notice") and a copy of the Proof of Claim and Release, you may obtain copies by writing to *Terayon Securities Litigation*, c/o The Garden City Group, Inc.  If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release postmarked no later than _____, 2008, establishing that you are entitled to recovery.

If you desire to be excluded from the Class, you must submit a Request for Exclusion postmarked by _____, 2008, in the manner and form explained in the detailed Notice referred to above.  All Members of the Class who have not timely and validly requested exclusion from the Class will be bound by any judgment entered in the Litigation pursuant to the terms and conditions of the Stipulation of Settlement.

Any objection to the settlement must be mailed or delivered such that it is received by each of the following no later than _____, 2008:

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
United States Courthouse
1301 Clay Street, Oakland, California, 94612

*Co-Lead Counsel for Plaintiffs*:
SAXENA WHITE, P.A.
JOSEPH E. WHITE, III
2424 North Federal Highway, Suite 257
Boca Raton, FL  33431

KAHN GAUTHIER SWICK LLC
LEWIS S. KAHN
650 Poydras St., Suite 2150
New Orleans, LA  70130

*Liason Counsel for Plaintiff and the Class*:
BRAUN LAW GROUP, P.C.
MICHAEL D. BRAUN
12400 Wilshire Blvd., Suite 920
Los Angeles, CA 90025

*Counsel for Defendants:*
LATHAM & WATKINS LLP
PATRICK E. GIBBS
140 Scott Drive
Menlo Park, CA 94025

*Counsel for Defendants Ernst & Young:*
MORGAN LEWIS & BOCKIUS LLP
JOHN HEMANN
One Market
Spear Street Tower
San Francisco, CA 94105

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**  If you have any questions about the settlement, you may contact Lead Counsel for Plaintiffs at the address listed above.

DATED: _____          _____
                                          THE HONORABLE CLAUDIA WILKEN
                                          UNITED STATES DISTRICT JUDGE

EXHIBIT B

1  LATHAM & WATKINS LLP
       Patrick E. Gibbs (SBN 183174)
2      Jennie Foote Feldman (SBN 248375)
   140 Scott Drive
3  Menlo Park, California  94025
   Telephone:  (650) 328-4600
4  Facsimile:  (650) 463-2600

5  Attorneys for Defendants Terayon Communication
   Systems, Inc., Zaki Rakib, Jerry D. Chase, Mark A.
6  Richman, Edward Lopez, Ray Fritz, Carol
   Lustenader, Matthew Miller, Shlomo Rakib, Doug
7  Sabella, Christopher Schaepe, Mark Slaven, Lewis
   Solomon, Howard W. Speaks, Arthur T. Taylor, and
8  David Woodrow

9

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12

13  ADRIAN MONGELI, Individually, And On     )    CASE NO.:  C 06-03936 CW
    Behalf Of All Others Similarly Situated,  )
14                                            )
                 Plaintiffs,                  )    **CLASS ACTION**
15                                            )
              v.                              )
16                                            )    **[PROPOSED] FINAL JUDGMENT AND**
    TERAYON COMMUNICATION SYSTEMS, )          **ORDER OF DISMISSAL WITH**
17  INC., ZAKI RAKIB, JERRY D. CHASE,         )    **PREJUDICE**
    MARK A. RICHMAN, EDWARD LOPEZ,  )
18  RAY FRITZ, CAROL LUSTENADER,              )
    MATTHEW MILLER, SHLOMO RAKIB,  )          **EXHIBIT B**
19  DOUG SABELLA, CHRISTOPHER                 )
    SCHAEPE, MARK SLAVEN, LEWIS              )
20  SOLOMON, HOWARD W. SPEAKS,                )
    ARTHUR T. TAYLOR, DAVID                   )
21  WOODROW, and ERNST & YOUNG, LLP, )
                                              )
22               Defendants.                  )
                                              )
23

24

25

26

27

28

1         This matter came before the Court for hearing pursuant to an Order of this Court, dated

2    _____, 2008, on the application of the Settling Parties for approval of the settlement

3    set forth in the Stipulation of Settlement dated as of February 28, 2008 (the "Stipulation").  Due

4    and adequate notice having been given of the settlement as required in said Order, and the Court

5    having considered all papers filed and proceedings held herein and otherwise being fully

6    informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED,

7    ADJUDGED AND DECREED that:

8         1.     This Judgment incorporates by reference the definitions in the Stipulation, and all

9    terms used herein shall have the same meanings set forth in the Stipulation.

10         2.     This Court has jurisdiction over the subject matter of the Litigation and over all

11    parties to the Litigation, including all Members of the Class.

12         3.     Except as to any individual claim of those Persons (identified in the Stipulation)

13    who have validly and timely requested exclusion from the Class, the Litigation and all claims

14    contained therein, including all of the Released Claims, are dismissed with prejudice as to the

15    Lead Plaintiff and the other Members of the Class, and as against each and all of the Released

16    Persons.  The parties are to bear their own costs, except as otherwise provided in the Stipulation.

17         4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby

18    approves the settlement set forth in the Stipulation and finds that said settlement is, in all

19    respects, fair, reasonable and adequate to, and is in the best interests of, the Lead Plaintiff, the

20    Class and each of the Class Members.  This Court further finds the settlement set forth in the

21    Stipulation is the result of arm's-length negotiations between experienced counsel representing

22    the interests of the Lead Plaintiff, the Class Members and the Defendants.  Accordingly, the

23    settlement embodied in the Stipulation is hereby approved in all respects and shall be

24    consummated in accordance with its terms and provisions.  The Settling Parties are hereby

25    directed to perform the terms of the Stipulation.

26         5.     Upon the Effective Date, the Lead Plaintiff and each of the Class Members shall

27    be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever

28    released, relinquished and discharged all Released Claims against the Released Persons, whether

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

1

[PROPOSED] FINAL JUDGMENT AND ORDER
OF DISMISSAL WITH PREJUDICE
CASE NO.:  C 06-03936 CW

1   or not such Class Member executes and delivers a Proof of Claim and Release form.

2          6.     Upon the Effective Date, all Class Members and anyone claiming through or on

3   behalf of any of them, will be forever barred and enjoined from commencing, instituting,

4   prosecuting, or continuing to prosecute any action or other proceeding in any court of law or

5   equity, arbitration tribunal, or administrative forum, asserting the Released Claims against any of

6   the Released Persons.

7          7.     Upon the Effective Date hereof, each of the Released Persons shall be deemed to

8   have, and by operation of this Judgment shall have, fully, finally, and forever released,

9   relinquished and discharged the Lead Plaintiff, each and all of the Class Members, and Lead

10  Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection

11  with the institution, prosecution, assertion, settlement or resolution of the Litigation or the

12  Released Claims.

13         8.     The distribution of the Notice of Pendency and Proposed Settlement of Class

14  Action and the publication of the Summary Notice as provided for in the Order Preliminarily

15  Approving Settlement and Providing for Notice constituted the best notice practicable under the

16  circumstances, including individual notice to all Members of the Class who could be identified

17  through reasonable effort.   Said Notice provided the best notice practicable under the

18  circumstances of those proceedings and of the matters set forth therein, including the proposed

19  settlement set forth in the Stipulation, to all Persons entitled to such notice, and said Notice fully

20  satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due

21  process, and any other applicable law.

22         9.     Any plan of allocation submitted by Lead Counsel or any order entered regarding

23  the attorneys' fee and expense application shall in no way disturb or affect this Final Judgment

24  and shall be considered separate from this Final Judgment.

25         10.    Neither the Stipulation nor the settlement contained therein, nor any act

26  performed or document executed pursuant to or in furtherance of the Stipulation or the

27  settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the

28  validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

2

[PROPOSED] FINAL JUDGMENT AND ORDER
OF DISMISSAL WITH PREJUDICE
CASE NO.:  C 06-03936 CW

1   Related Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence

2   of, any fault or omission of any of the Defendants or their Related Parties in any civil, criminal

3   or administrative proceeding in any court, administrative agency or other tribunal.  Defendants

4   and/or their Related Parties may file the Stipulation and/or the Judgment in any other action that

5   may be brought against them in order to support a defense or counterclaim based on principles of

6   *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any

7   other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8       11.    Without affecting the finality of this Judgment in any way, this Court hereby

9   retains continuing jurisdiction over (a) implementation of this settlement and any award or

10  distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the

11  Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the

12  Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering

13  the Stipulation.

14      12.    The Court finds that during the course of the Litigation, the Settling Parties and

15  their respective counsel at all times complied with the requirements of Federal Rule of Civil

16  Procedure 11.

17      13.    In the event that the settlement does not become effective in accordance with the

18  terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement

19  Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered

20  Null and void to the extent provided by and in accordance with the Stipulation and shall be

21  vacated and, in such event, all orders entered and releases delivered in connection herewith shall

22  be null and void to the extent provided by and in accordance with the Stipulation.

23

24

25

26  ///

27  ///

28  ///

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

3

[PROPOSED] FINAL JUDGMENT AND ORDER
OF DISMISSAL WITH PREJUDICE
CASE NO.:  C 06-03936 CW

1   DATED: _____          _____

2                                           THE HONORABLE CLAUDIA WILKEN
                                            UNITED STATES DISTRICT JUDGE

3

4   Submitted by:

5   LATHAM & WATKINS LLP
      Patrick E. Gibbs

6     Jennie Foote Feldman
    140 Scott Drive

7   Menlo Park, California  94025
    Telephone:  (650) 328-4600

8   Facsimile:  (650) 463-2600

9

    _____/s/_____
10  PATRICK E. GIBBS

11  Counsel for Defendants

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY                                4

[PROPOSED] FINAL JUDGMENT AND ORDER
OF DISMISSAL WITH PREJUDICE
CASE NO.:  C 06-03936 CW