LATHAM & WATKINS LLP
    Patrick E. Gibbs (SBN 183174)
    Jennie Foote Feldman (SBN 248375)
140 Scott Drive
Menlo Park, California 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600

Attorneys for Defendants Terayon Communication Systems, Inc., Zaki Rakib, Jerry D. Chase, Mark A. Richman, Edward Lopez, Ray Fritz, Carol Lustenader, Matthew Miller, Shlomo Rakib, Doug Sabella, Christopher Schaepe, Mark Slaven, Lewis Solomon, Howard W. Speaks, Arthur T. Taylor, and David Woodrow

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN MONGELI, Individually, And On Behalf Of All Others Similarly Situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>TERAYON COMMUNICATION SYSTEMS, INC., ZAKI RAKIB, JERRY D. CHASE, MARK A. RICHMAN, EDWARD LOPEZ, RAY FRITZ, CAROL LUSTENADER, MATTHEW MILLER, SHLOMO RAKIB, DOUG SABELLA, CHRISTOPHER SCHAEPE, MARK SLAVEN, LEWIS SOLOMON, HOWARD W. SPEAKS, ARTHUR T. TAYLOR, DAVID WOODROW, and ERNST & YOUNG, LLP,<br><br>  Defendants. | CASE NO.: 3-06-CV-03936 CW<br><br>**CLASS ACTION**<br><br>**CORRECTED "EXHIBIT A" TO STIPULATION OF SETTLEMENT FILED AS EXHIBIT 1 TO JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>*NOTICE OF PENDENCY AND PROPOSED SETTLEMENT* |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

CORRECTED EXHIBIT "A" TO STIPULATION OF SETTLEMENT FILED AS EXHIBIT "1" TO JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT   CASE NO. C 06-03936 CW

***IF YOU PURCHASED THE PUBLICLY-TRADED SECURITIES OF TERAYON COMMUNICATION SYSTEMS, INC. ("TERAYON") BETWEEN JUNE 28, 2001 AND MARCH 1, 2006, YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.***

A federal court authorized this Notice. This is not a solicitation from a lawyer.

**Securities and Time Period:** Terayon common stock; call options; and put options purchased between June 28, 2001 and March 1, 2006.

**Settlement Fund:** $2,730,000 in cash. Your recovery will depend on the amount and type of securities purchased and the timing of your purchases, and any sales. Depending on the number and type of securities that participate in the settlement and when those shares were purchased and sold, the estimated average recovery per share of common stock will be approximately $0.054 before deduction of Court-approved fees and expenses. The recovery for other securities cannot be accurately estimated.

**Reasons for Settlement:** Avoids the costs and risks associated with continued litigation, including the danger of no recovery, and provides a substantial benefit to the Class now.

**If the Case Had Not Settled:** The settlement must be compared to the risk of no recovery after contested motions, trial and likely appeals. While Lead Counsel were prepared to go to trial and were confident about the case, a trial is a risky proposition and Lead Plaintiff might not have prevailed. The claims in this case involve numerous complex legal and factual issues that would require extensive and costly expert testimony. Among the many key issues about which the two sides do not agree are: (1) whether any of the Defendants violated the securities laws or otherwise engaged in any wrongdoing; (2) whether the facts alleged by the Lead Plaintiff were material, false, misleading or otherwise actionable under the securities laws; (3) the extent (if any) that various facts alleged by the Lead Plaintiff influenced the trading prices of Terayon securities during the relevant period; (4) the method for determining whether Terayon securities were artificially inflated during the relevant period; (5) the amount (if any) of such inflation; and (6) the amount of damages (if any) that could be recovered at trial.

**Attorneys' Fees and Expenses:** Lead Counsel have not received any payment for their work investigating the facts, conducting this litigation and negotiating the settlement on behalf of

the Lead Plaintiff and the Class. Court-appointed Lead Counsel will ask the Court for attorneys' fees of no greater than 1/3 of the Settlement Fund and reimbursement of out-of-pocket expenses not to exceed $100,000 to be paid from the Settlement Fund. If the above amounts are requested and approved by the Court, the average cost per share of common stock will be $0.034.

**Deadlines:**

Submit Claim: _____, 2008

Request Exclusion: _____, 2008

File Objection: _____, 2008

**Court Hearing on Fairness of Settlement:** _____, 2008

**More Information:** http://www.gardencitygroup.com or Claims Administrator:

*Terayon Securities Litigation*
c/o Garden City Group

Co-Lead Counsel:

Lewis S. Kahn
Kahn Gauthier Swick
650 Poydras St., Suite 2150
New Orleans, LA  70130
Tel:  (504) 455-1400
Fax:  (504 455-1498

Joseph E. White III
Saxena White, P.A.
2424 North Federal Highway, Suite 257
Boca Raton, FL 33431
Tel:  (561) 394-3399
Fax:  (561) 394-3382

- Your legal rights are affected whether you act, or don't act. Read this Notice carefully.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:**

**SUBMIT A CLAIM FORM**     The only way to receive a payment.

**OBJECT**     You may write to the Court if you do not like this settlement.

| | | |
|---|---|---|
| **GO TO A HEARING** | | You may ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | | Receive no payment. |
| **EXCLUDE YOURSELF** | | Receive no payment. This is the only option that allows you to participate in another lawsuit against the Defendants relating to the claims being released in this case. |

- These rights and options — *and the deadlines to exercise them* — are explained in this Notice.
- The Court in charge of this case must decide whether to approve the settlement. Payments will be made if the Court approves the settlement and, if there are any appeals, after appeals are resolved. Please be patient.

## BASIC INFORMATION

1.   Why Did I Receive This Notice Package?

You or someone in your family may have purchased publicly-traded securities of Terayon between June 28, 2001 and March 1, 2006.

The Court sent you this Notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves it and after any objections or appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is known as *Mongeli v. Terayon Communication Systems, Inc.*, No. 3-06-CV-03936 MJJ (N.D. Cal.). The person who sued is called the Lead Plaintiff, and the company and the individuals he sued, Terayon, Zaki Rakib, Jerry D. Chase, Mark A. Richman, Edward Lopez, Ray Fritz, Carol Lustenader, Matthew Miller, Shlomo Rakib, Doug

Sabella, Christopher Schaepe, Mark Slaven, Lewis Solomon, Howard W. Speaks, Arthur T. Taylor, David Woodrow and Ernst & Young LLP are called the Defendants.

2. What Is This Lawsuit About?

This case was brought as a class action alleging that Defendants made false and misleading statements and omissions during the period June 28, 2001 and March 1, 2006, concerning Terayon's financial condition and the company's internal auditing and accounting procedures. The case alleges that these misrepresentations resulted in the artificial inflation of the prices of Terayon publicly-traded securities between June 28, 2001 and March 1, 2006. Defendants deny that they did anything wrong.

3. Why Is This a Class Action?

In a class action, one or more people called class representatives (in this case the Court-appointed Lead Plaintiff, Adrian Mongeli) sue on behalf of people who have similar claims. Here, all these people are called a Class or Class Members. One court resolves the issues for all Class Members, except for those who timely and validly exclude themselves from the Class. Judge Martin J. Jenkins is in charge of this class action.

4. Why Is There a Settlement?

The Court did not decide in favor of Lead Plaintiff or Defendants. Instead, both sides agreed to a settlement. That way, they avoid the cost and uncertainty of a trial, and eligible Class Members who submit valid claims will receive compensation. The Lead Plaintiff and his attorneys think the settlement is best for all Class Members.

**WHO IS IN THE SETTLEMENT**

To see if you will receive money from this settlement, you first have to determine if you are a Class Member.

5. How Do I Know if I Am Part of the Settlement?

The Class includes ***all persons who purchased the publicly-traded securities of Terayon between June 28, 2001 and March 1, 2006.***

6. What Are The Exceptions to Being Included?

You are not a Class Member if you are a Defendant, a member of the immediate family of one of the Individual Defendants listed in question 1, a current or former director or officer of Terayon, a legal representative, heir, successor, or assign of any excluded party.

If you sold Terayon securities between June 28, 2001 and March 1, 2006, that alone does not make you a Class Member. You are a Class Member only if you purchased the publicly-traded securities of Terayon between June 28, 2001 and March 1, 2006.

7. I'm Still Not Sure if I Am Included.

If you are still not sure whether you are included, you can ask for free help. You can call Joseph E. White III at (561) 394-3399 or Lewis S. Kahn at (504) 455-1400 for more information. Or you can fill out and return the claim form described in question 10, to see if you qualify.

**THE SETTLEMENT BENEFITS — WHAT YOU GET**

8. What Does the Settlement Provide?

Defendants have agreed to pay $2.73 million in cash. The balance of this fund after payment of Court-approved attorneys' fees and expenses and the costs of claims administration, including the costs of printing and mailing this Notice and the cost of publishing newspaper notice (the "Net Settlement Fund") will be divided among all eligible Class Members who send in valid claim forms.

9. How Much Will My Payment Be?

Your share of the Net Settlement Fund will depend on the number of valid claim forms that Class Members send in and how many shares of Terayon securities you purchased during the relevant period and when you bought and sold them. A claim will be calculated as follows:

**Common Stock**

The allocation for common stock is based upon the per share inflation amounts listed in the Plan of Allocation, attached hereto.

The payment you receive will reflect your pro rata share of the Net Settlement Fund. Depending on the number and type of eligible securities that participate in the settlement and

when those securities were purchased and sold, the estimated average payment for common stock will be approximately $0.054 for each share of common stock before deduction of Court-approved fees and expenses. The number of claimants who send in claims varies widely from case to case. If fewer than anticipated Class Members send in a claim form, you could receive more money.

The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date.

For Class Members who held Terayon securities at the beginning of the Class Period or made multiple purchases or sales during the Class Period, the first-in, first-out ("FIFO") method will be applied to such holdings, purchases and sales for purposes of calculating a claim. Under the FIFO method, sales of securities during the Class Period will be matched, in chronological order, first against securities held at the beginning of the Class Period. The remaining sales of securities during the Class Period will then be matched, in chronological order, against securities purchased during the Class Period.

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net loss, after all profits from transactions in Terayon securities during the Class Period are subtracted from all losses. However, the proceeds from sales of securities of the same type which have been matched against securities of the same type held at the beginning of the Class Period will not be used in the calculation of such net loss. No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

**HOW YOU OBTAIN A PAYMENT — SUBMITTING A CLAIM FORM**

10.     How Will I Obtain a Payment?

To qualify for payment, you must be an eligible Class Member, send in a valid claim form, and properly document your claim as requested in the claim form. A claim form is enclosed with this Notice. Read the instructions carefully, fill out the form, include all the

documents the form asks for, sign it, and mail it in the enclosed envelope postmarked no later than _____, 2008.

11.   **When Will I Receive My Payment?**

The Court will hold a hearing on _____, 2008, to decide whether to approve the settlement. If Judge Jenkins approves the settlement, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps several years. Everyone who sends in a claim form will be informed of the determination with respect to their claim. Please be patient.

12.   **What Am I Giving Up to Receive a Payment or Stay in the Class?**

Unless you timely and validly exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants about the Released Claims in this case. It also means that all of the Court's orders will apply to you and legally bind you and you will release your claims in this case against the Defendants. The terms of the release are included in the claim form that is enclosed.

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

If you do not want a payment from this settlement, but you want to keep the right to sue or continue to sue the Defendants on your own for the Released Claims in this case, then you must take steps to get out of the Class. This is called excluding yourself or is sometimes referred to as opting out of the Class.

13.   **How Do I Get Out of the Class?**

To exclude yourself from the Class, you must send a letter by mail stating that you want to be excluded from *Mongeli v. Terayon Communication Systems, Inc*., No. 3-06-CV-03936 MJJ (N.D. Cal.). You must include your name, address, telephone number, your signature, and the number and type of shares of Terayon securities you purchased between June 28, 2001 and March 1, 2006, the number and type of securities sold during this time period, if any, and the dates of such purchases and sales. You must mail your exclusion request postmarked no later than _____, 2008 to:

*Terayon Securities Litigation*
c/o The Garden City Group, Inc.

[Address Will be Inserted at Time of Printing]

You cannot exclude yourself on the phone or by e-mail. If you ask to be excluded, you are not eligible to receive any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit.

14. **If I Do Not Exclude Myself, Can I Sue the Defendants for the Same Thing Later?**

No. Unless you timely and validly exclude yourself, you give up any right to sue the Defendants for the Released Claims in this settlement. If you have a pending lawsuit against any of the Defendants, speak to your lawyer in that case immediately. Remember, the exclusion deadline is _____, 2008.

15. **If I Exclude Myself, Can I Receive Money from This Settlement?**

No. If you exclude yourself, do not send in a claim form. But, you may be able to sue, continue to sue, or be part of a different lawsuit involving the Released Claims against the Defendants.

## THE LAWYERS REPRESENTING YOU

16. **Do I Have a Lawyer in This Case?**

The Court appointed the law firms of Saxena White P.A. and Kahn Gauthier Swick, LLC to represent you and other Class Members. These lawyers are called Lead Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one, at your own expense.

17. **How Will the Lawyers Be Paid?**

Lead Counsel will ask the Court for attorneys' fees of no more than 1/3 of the Settlement Fund and for reimbursement of their out-of-pocket expenses up to $100,000 which were advanced in connection with the litigation, which may include approximately $3000 for reimbursement for the lead plaintiff's time and expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Lead Counsel for their efforts in achieving this settlement and for their risk in undertaking this representation on a wholly contingent basis. Lead Counsel have committed significant time and expenses in litigating this case for the benefit of the Class since its inception in 2006. Lead Counsel has invested substantial time and effort in prosecuting this case and has not been paid for their services in conducting this litigation on behalf of the Lead Plaintiff and the Class, nor for their substantial out-of-pocket expenses. The fee requested will compensate Lead Counsel for their work in achieving the Settlement Fund and is well within the range of fees awarded to class counsel under similar circumstances in other cases of this type. The Court may award less than this amount.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

18.   How Do I Tell the Court that I Do Not Like the Settlement?

If you are a Class Member, you can object to the settlement if you do not like any part of it, including the Plan of Allocation and the request for attorneys' fees. You can state the reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to the settlement in *Mongeli v. Terayon Communication Systems, Inc.*, No. CV-03-03936 MJJ. Be sure to include your name, address, telephone number, your signature, the number and type of Terayon securities purchased and sold between June 28, 2001 and March 1, 2006 and the reasons you object. Any objection must be mailed or delivered such that it is received by *each* of the following no later than _____, 2008:

*Court:*

Clerk of the Court
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
United States Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102

*Co-Lead Counsel for Lead Plaintiff:*

Joseph E. White III
SAXENA WHITE, P.A.
2424 North Federal Highway, Suite 257
Boca Raton, FL 33431
Tel: (561) 394-3399
Fax: (561) 394-3382

Lewis S. Kahn
Kahn Gauthier Swick
650 Poydras St.
Suite 2150
New Orleans, LA 70130

*Liaison Counsel:*

Michael D. Braun
BRAUN LAW GROUP, P.C.
12400 Wilshire Boulevard, Suite 920
Los Angeles, CA 90025
Tel: (561) 394-3399
Fax: (561) 394-3382

*Counsel for Terayon Communication Systems, Inc. and the Individual Defendants:*

Patrick E. Gibbs
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
Tel: (650) 328-4600
Fax: (650 463-2600

*Counsel for Defendant Ernst & Young:*

John Hemann
MORGAN, LEWIS & BOCKIUS LLP
One Market
Spear Street Tower
San Francisco, CA 94105
Tel: (415) 442-1000

Fax: (415) 442-1001

19. What's the Difference Between Objecting and Excluding?

Objecting is simply telling the Court that you do not like something about the settlement. You can object *only if* you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

**THE COURT'S FAIRNESS HEARING**

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you do not have to.

20. When and Where Will the Court Decide Whether to Approve the Settlement?

The Court will hold a fairness hearing at _____ _.m., on _____, 2008, at the United States Courthouse, 1301 Clay Street, Oakland, California. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Jenkins will listen to people who have asked to speak at the hearing. The Court will also consider how much to pay to Lead Counsel. The Court may decide these issues at the hearing or take them under consideration. We do not know how long these decisions will take.

21. Do I have to Come to the Hearing?

No. Lead Counsel will answer questions Judge Jenkins may have. But, you are welcome to come, at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

22. May I Speak at the Hearing?

You may ask the Court for permission to speak at the fairness hearing. To do so, you must send a letter saying that it is your intention to appear in *Mongeli v. Terayon Communication Systems, Inc.*, No. 3-06-CV-03936 MJJ. Be sure to include your name, address, telephone number, your signature, and the number and type of Terayon securities purchased between June

28, 2001 and March 1, 2006. Your notice of intention to appear must be postmarked no later than _____, 2008, and be sent to the Clerk of the Court, Lead Counsel, and Defendants' counsel, at the three addresses listed in question 18. You cannot speak at the hearing if you exclude yourself from the Class.

## IF YOU DO NOTHING

23. What Happens if I Do Nothing at All?

If you do nothing, you will not receive any money from this settlement. But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants about the Released Claims in this case.

## GETTING MORE INFORMATION

24. Are There More Details About the Settlement?

This Notice summarizes the proposed settlement. More details are in the Stipulation of Settlement dated as of February 19, 2008. You can obtain a copy of the Stipulation of Settlement by writing to Joseph E. White III, Saxena White, P.A., 2424 North Federal Highway, Suite 257, Boca Raton, Florida 33431, or Lewis S. Kahn, Kahn Gauthier Swick, 650 Poydras St., Suite 2150, New Orleans, LA 70130, or by visiting the Clerk's office at the United States District Court for the Northern District of California, 1301 Clay Street, Oakland, California during regular business hours.

25. How Do I Get More Information?

You can call (619) 231-1058 or write to Joseph E. White III at Saxena White, P.A., or Lewis S. Kahn at Kahn Gauthier Swick, 650 Poydras St., Suite 2150, New Orleans, LA 70130, or visit the website at http://www.gardencitygroup.com.

## THE PLAN OF ALLOCATION

The Net Settlement Fund will be distributed to Class Members who submit valid, timely Proof of Claim forms ("Authorized Claimants") under the Plan of Allocation described below. The Plan of Allocation provides that you will be eligible to participate in the distribution of the

Net Settlement Fund only if you have a net loss on all transactions in Terayon common common stock and options during the Class Period.

Each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants. Payment in this manner shall be deemed conclusive against all Authorized Claimants.

The total of all profits shall be subtracted from the total of all losses from transactions during the Class Period to determine if a Class Member has a claim. Only if a Class Member had a net loss, after all profits from transactions in Terayon Communications Systems common stock during the Class Period are subtracted from all losses, will such Class Member be eligible to receive a distribution from the Net Settlement Fund. Claims will be calculated as follows:

Section 10(b) Claims

Class Period June 28, 2001 through March 1, 2006

The Allocation below is based on the following price data:

November 7, 2005 Closing Price:    $2.57

    November 8, 2005 Closing Price:    $2.25

November 8, 2005 Price Decline:    $0.32

January 10, 2006 Closing Price:    $2.06

January 11, 2006 Closing Price:    $2.00

January 11, 2006 Price Decline:    $0.06

March 1, 2006 Closing Price:    $2.70

March 2, 2006 Closing Price:    $2.33

March 2, 2006 Price Decline:           $0.37

1.     For shares of Terayon Communications Systems common stock purchased on June 28, 2001 through November 7, 2005, and

a)     Sold prior to November 8, 2005, the claim per share is $0;

b)     Sold from November 8, 2005 through January 10, 2006, the claim per share is the lesser of: (i) the purchase price less the sales price, or (ii) $0.32 (November 8, 2005 price decline);

c)     Sold from January 11, 2006 through March 1, 2006, the claim per share is the lesser of (i) the purchase price less the sales price, or (ii) $0.38 (November 8, 2005 and January 11, 2006 price declines);

d)     Retained at the end of March 1, 2006, the claim per share is the lesser of: (i) the purchase price less $2.33 (March 2, 2006 closing price), or (ii) $0.75 (November 8, 2005, January 11, 2006 and March 2, 2006 price declines).

2.     For shares of Terayon Communications Systems common stock purchased on November 8, 2005 through January 10, 2006, and

a)     Sold prior to January 11, 2006, the claim per share is $0;

b)     Sold from January 11, 2006 through March 1, 2006, the claim per share is the lesser of: (i) the purchase price less the sales price, or (ii) $0.06 (January 11, 2006 price decline);

c)     Retained at the end of March 1, 2006, the claim per share is the lesser of: (i) the purchase price less $2.33 (March 2, 2006 closing price), or (ii) $0.43 (January 11, 2006 and March 2, 2006 price declines).

3.     For shares of Terayon Communications Systems common stock purchased on January 11, 2006 through March 1, 2006, and

a)     Sold no later than March 1, 2006, the claim per share is $0;

b) Retained as of March 2, 2006, the claim per share is the lesser of: (i) the purchase price less $2.33 (March 2, 2006 closing price), or (ii) $0.37 (March 2, 2006 price decline).

Call Options:

The amount of recognized claim for purchasers of Call Options on Terayon Communications Systems common stock during the Class Period will be calculated as follows:

1) No claim will be recognized for any Terayon Communications Systems Call Options purchased during the Class Period that were not owned as of the close of trading on 11/7/05, 1/10/06 or 3/1/06.

2) For Terayon Communications Systems Call Options purchased during the Class Period and owned as of the close of trading on 11/7/05, an authorized claimant's recognized claim shall be the lesser of (a) 5% of the difference, if a loss, between (x) the amount paid for the Terayon Communications Systems Call Options during the Class Period (including brokerage commissions and transaction chargers)(the Purchase Price Paid or "PPP") and (y) the sum for which said Terayon Communications Systems Call Options were subsequently sold at a loss (after brokerage commissions & transaction chargers)(or $0.00 if the Call Option expired while still owned by the authorized claimant (the Sale Price Received or "SPR"); or (b) $0.02 (5% of the November 8, 2005 price decline).

3) For Terayon Communications Systems Call Options purchased during the Class Period and owned as of the close of trading on 1/10/06, an authorized claimant's recognized claim shall be the lesser of (a) 5% of the difference, if a loss, between the PPP and the SPR; or (b) $0.01.

4) For Terayon Communications Systems Call Options purchased during the Class Period and owned as of the close of trading on 3/1/06, an authorized claimant's recognized claim shall be the lesser of (a) 5% of the difference, if a loss, between the PPP and the SPR; or (b) $0.02 (5% of the March 2, 2006 price decline).

5) No loss shall be recognized based on a sale or writing of any Call Options that were subsequently repurchased.

NOTE: Shares of Terayon Communications Systems acquired during the Class Period through the exercise of a Call Option shall be treated as a claim purchase on the date of exercise for the exercise price plus the cost of the Call Option, and any recognized claim arising from such transaction shall be computed as provided for other purchases of common stock.

Put Options:

The amount of recognized claim for sales (writing) of Put Options on Terayon Communications Systems common stock during the Class Period will be calculated as follows:

1) No claim for any Put Options sold (written) during the Class Period that were not the obligation of the claimant as of the close of trading on 11/7/05, 1/10/06 or 3/1/06.

2) For Terayon Communications Systems Put Options sold (written) during the Class Period which were the obligation of the authorized claimant at the close of trading on 11/7/05, an authorized claimant's recognized claim shall be the lesser of (a) 5% of the difference, if a loss, between (x) the amount received for writing the Put Option for the Terayon Communications Systems during the Class Period

(including brokerage commissions and transaction charges) (the "PPP") and (y) the sum for which said Terayon Communications Systems Put Options were re-purchased at a loss (after brokerage commissions & transaction charges)(or $0.00 if the Put Option expired while still owned by the authorized claimant (the "SPR"); or (b) $0.02 (5% of the November 8, 2005 price decline).

3) For Terayon Communications Systems Put Options sold (written) during the Class Period which were the obligation of the authorized claimant at the close of trading on 1/10/06, an authorized claimant's recognized claim shall be the lesser of (a) 5% of the difference, if a loss, between the PPP and the SPR; or (b) $0.01

4) For Terayon Communications Systems Put Options sold (written) during the Class Period which were the obligation of the authorized claimant at the close of trading on 3/1/06, an authorized claimant's recognized claim shall be the lesser of (a) 5% of the difference, if a loss, between the PPP and the SPR; or (b) $0.02 (5% of the March 2, 2006 price decline).

5) No loss shall be recognized base on a sale of any Put Options that were previously purchased.

NOTE: For Terayon Communications Put Options written during the Class Period that were "Put" to the authorized claimant (i.e. exercised), the authorized claimant's recognized claim shall be calculated as a purchase of common stock as shown above, and as if the sale of the Put Option were instead a purchase of Terayon Communications Systems common stock on the date of the sale of the Put Option, and the "purchase price paid" shall be the strike price less the proceeds received at the sale of the Put Option.

*DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE*

**SPECIAL NOTICE TO NOMINEES**

The Court has ordered that if you hold shares of any Terayon securities purchased between June 28, 2001 and March 1, 2006 as nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must either: (1) send a copy of this Notice by first class mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

> *Terayon Securities Litigation*
> c/o Garden City Group

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator.

DATED: _____

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Filed by:

_____/ s/_____
Patrick E. Gibbs
LATHAM & WATKINS LLP