Michael D. Braun (167416)
BRAUN LAW GROUP, P.C.
12304 Santa Monica Blvd., Suite 109
Los Angeles, CA 90025
Tel:   (310) 442-7755
Fax:   (310) 442-7756

**Liaison Counsel for Plaintiff and the Class**

Maya Saxena
Joseph E. White, III
SAXENA WHITE P.A.
2424 North Federal Highway, Suite 257
Boca Raton, FL 33431
Tel:   (561) 394-3399
Fax:   (561) 394-3382

Michael A. Swick
Kim E. Miller
KAHN GAUTHIER SWICK, LLC
12 East 41st St., 12th Floor
New York, NY 10017
Tel:   (212) 696-3730
Fax:   (504) 455-1498

Lewis Kahn
KAHN GAUTHIER SWICK, LLC
650 Poydras Street, Suite 2150
New Orleans, LA 70130
Tel:   (504) 455-1400
Fax:   (504) 455-1498

**Lead Counsel for Plaintiff and the Class**

## UNITED STATES DISTRICT COURT

## NORTHERN  DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| ADRIAN MONGELI, Individually, And On Behalf Of All Others Similarly Situated, )<br><br>Plaintiff,<br><br>vs.<br><br>TERAYON COMMUNICATIONS SYSTEMS, INC., ZAKI RAKIB, JERRY D. CHASE, MARK A. RICHMAN, EDWARD LOPEZ, RAY FRITZ,  CAROL LUSTENADER, MATTHEW MILLER, SHLOMO RAKIB, DOUG SABELLA, CHRISTOPHER SCHAEPE, MARK SLAVEN, LEWIS SOLOMON, HOWARD W. SPEAKS, ARTHUR T. TAYLOR, DAVID WOODROW, and ERNST & YOUNG, LLP<br><br>Defendants. | **CASE NO.: C-06-03936 CW**<br><br>**CLASS ACTION**<br><br>**NOTICE OF FILING OF DOCUMENTS PURSUANT TO  COURT'S ORDER DATED APRIL 9, 2008** |

**TO:     THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

   **PLEASE TAKE NOTICE THAT**, Pursuant to this Court's Order re: Documents Related to Class Action Settlement, Plaintiffs hereby submit the following documents:

   1.   Notice of Pendency and Proposed Settlement of Class Action;

   2.   Summary Notice; Exhibit A-2; and

   3.   [Proposed] Order Preliminarily Approving Settlement and Providing for Notice.

Dated: April 10, 2008

                                    Michael D. Braun
                                    BRAUN LAW GROUP, P.C.

                        By:     /S/ MICHAEL D. BRAUN
                                    Michael D. Braun
                                    12304 Santa Monica Boulevard
                                    Suite 109
                                    Los Angeles, CA 90025
                                    Tel:     (310) 442-7755
                                    Fax:     (310) 442-7756

                                    **Liaison Counsel for Plaintiff and the Class**

                                    Maya Saxena
                                    Joseph E. White, III
                                    SAXENA WHITE P.A.
                                    2424 North Federal Highway, Suite 257
                                    Boca Raton, FL 33431
                                    Tel:     (561) 394-3399
                                    Fax:     (561) 394-3382

                                    Lewis Kahn
                                    KAHN GAUTHIER SWICK, LLC
                                    650 Poydras Street, Suite 2150
                                    New Orleans, LA 70130
                                    Tel:     (504) 455-1400
                                    Fax:     (504) 455-1498

                                    Michael A. Swick
                                    Kim E. Miller
                                    KAHN GAUTHIER SWICK, LLC
                                    12 East 41st St., 12th Floor
                                    New York, NY 10017
                                    Tel:     (212) 696-3730
                                    Fax:     (504) 455-1498

                                    **Lead Counsel for Plaintiff and the Class**

1

1

2  **BRAUN LAW GROUP, P.C.**                 **KAHN GAUTHIER SWICK, LLC**
   Michael D. Braun (S.B.N. 167416)          Michael A. Swick
3  12304 Santa Monica Blvd., Ste. 109        Kim E. Miller (S.B.N. 178370)
   Los Angeles, CA  90025                    114 E. 39ᵗʰ St.
   Tel: (310) 442-7755                       New York, NY  10016
4  Fax: (310) 442-7756                       Tel: (212) 920-4310
   **Liaison Counsel**                       **Lead Counsel for Lead Plaintiff and Class**

5
   **KAHN GAUTHIER SWICK, LLC**              **SAXENA WHITE P.A.**
6  Lewis S. Kahn                             Maya Saxena
   650 Poydras Street, Suite 2150            Joseph E. White, III
7  New Orleans, LA  70130                    2424 N. Federal Highway, Suite 257
   Tel: (504) 455-1400                       Boca Raton, FL  33431
8  Fax: (504) 455-1498                       Tel: (561) 394-3399
   **Lead Counsel for Lead Plaintiff and Class**   **Lead Counsel for Lead Plaintiff and Class**

9
                    UNITED STATES DISTRICT COURT
10

11                 NORTHERN DISTRICT OF CALIFORNIA

12

13 ADRIAN MONGELI, Individually, And On    )  CASE NO.: 3-06-CV-03936 CW
   Behalf Of All Others Similarly Situated, )
                                            )  **CLASS ACTION**
14              Plaintiffs,                 )
                                            )  **REVISED NOTICE OF PENDENCY**
15       v.                                 )  **AND PROPOSED SETTLEMENT OF**
                                            )  **CLASS ACTION**
16 TERAYON COMMUNICATION SYSTEMS, )
   INC., ZAKI RAKIB, JERRY D. CHASE,        )  **EXHIBIT A**
17 MARK A. RICHMAN, EDWARD LOPEZ,           )
   RAY FRITZ, CAROL LUSTENADER,             )
18 MATTHEW MILLER, SHLOMO RAKIB,            )
   DOUG SABELLA, CHRISTOPHER                )
19 SCHAEPE, MARK SLAVEN, LEWIS              )
   SOLOMON, HOWARD W. SPEAKS,               )
20 ARTHUR T. TAYLOR, DAVID                  )
   WOODROW, and ERNST & YOUNG, LLP,         )
21                                          )
                Defendants.                 )
22 _____ )

23

24

25

26

27

28

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION – 3-06-CV-03936 CW

*IF YOU PURCHASED THE PUBLICLY-TRADED SECURITIES OF TERAYON COMMUNICATION SYSTEMS, INC. ("TERAYON") BETWEEN JUNE 28, 2001 AND MARCH 1, 2006, YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.*

A federal court authorized this Notice.  This is not a solicitation from a lawyer.

**Securities and Time Period:**  Terayon common stock; call options; and put options purchased between June 28, 2001 and March 1, 2006.

**Settlement Fund:**  $2,730,000 in cash.  Your recovery will depend on the amount and type of securities purchased and the timing of your purchases, and any sales.  Depending on the number and type of securities that participate in the settlement and when those shares were purchased and sold, the estimated average recovery per share of common stock will be approximately $0.054 before deduction of Court-approved fees and expenses.  The recovery for other securities cannot be accurately estimated.

**Reasons for Settlement:**  Avoids the costs and risks associated with continued litigation, including the danger of no recovery, and provides a substantial benefit to the Class now.

**If the Case Had Not Settled:**  The settlement must be compared to the risk of no recovery after contested motions, trial and likely appeals.  While Lead Counsel were prepared to go to trial and were confident about the case, a trial is a risky proposition and Lead Plaintiff might not have prevailed.  The claims in this case involve numerous complex legal and factual issues that would require extensive and costly expert testimony.  Among the many key issues about which the two sides do not agree are: (1) whether any of the Defendants violated the securities laws or otherwise engaged in any wrongdoing; (2) whether the facts alleged by the Lead Plaintiff were material, false, misleading or otherwise actionable under the securities laws; (3) the extent (if any) that various facts alleged by the Lead Plaintiff influenced the trading prices of Terayon securities during the relevant period; (4) the method for determining whether Terayon securities were artificially inflated during the relevant period; (5) the amount (if any) of such inflation; and (6) the amount of damages (if any) that could be recovered at trial.

**Attorneys' Fees and Expenses:**  Lead Counsel have not received any payment for their work investigating the facts, conducting this litigation and negotiating the settlement on behalf of

1  the Lead Plaintiff and the Class.  Court-appointed Lead Counsel will ask the Court for attorneys'

2  fees of no greater than 1/3 of the Settlement Fund and reimbursement of out-of-pocket expenses

3  not to exceed $100,000 to be paid from the Settlement Fund.  If the above amounts are requested

4  and approved by the Court, the estimated recovery per share of common stock will be $0.034.

5  **Deadlines:**

6  Submit Claim:    July 25, 2008

7  Request Exclusion:    August 28,, 2008

8  File Objection:    August 28, 2008

9  **Court Hearing on Fairness of Settlement:** Thursday, September 18, 2008 at 2:00 p.m.

10  **More Information:**  http://www.gardencitygroup.com  or
   Claims Administrator:

11  Co-Lead Counsel:

12  *Terayon Communication Systems, Inc.*
   *Securities Litigation*    Lewis S. Kahn
13  *c/o The Garden City Group, Inc.*    Kahn Gauthier Swick
   *PO Box 9257*    650 Poydras St., Suite 2150
14  *Dublin, OH 43017-4657*    New Orleans, LA  70130
   *Toll Free 1(888) 230-2185*    Tel:  (504) 455-1400
15  Fax:  (504) 455-1498

16  Joseph E. White III
   Saxena White, P.A.
17  2424 North Federal Highway, Suite 257
   Boca Raton, FL 33431
18  Tel:  (561) 394-3399
   Fax:  (561) 394-3382

19
   • Your legal rights are affected whether you act, or don't act.  Read this Notice carefully.
20

21  **YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:**

22  **SUBMIT A CLAIM FORM**    The only way to receive a payment.

23  **OBJECT**    You may write to the Court if you do not like this settlement.

24

25

26

27

28

**GO TO A HEARING**          You may ask to speak in Court about the fairness of the settlement.

**DO NOTHING**              Receive no payment.

**EXCLUDE YOURSELF**        Receive no payment.  This is the only option that allows you to participate in another lawsuit against the Defendants relating to the claims being released in this case.

- These rights and options — *and the deadlines to exercise them* — are explained in this Notice.

- The Court in charge of this case must decide whether to approve the settlement. Payments will be made if the Court approves the settlement and, if there are any appeals, after appeals are resolved.  Please be patient.

## BASIC INFORMATION

1.      Why Did I Receive This Notice Package?

You or someone in your family may have purchased publicly-traded securities of Terayon between June 28, 2001 and March 1, 2006.

The Court sent you this Notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement.  If the Court approves it and after any objections or appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is known as *Mongeli v. Terayon Communication Systems, Inc.*, No. 3-06-CV-03936 MJJ (N.D. Cal.).  The person who sued is called the Lead Plaintiff, and the company and the individuals he sued, Terayon, Zaki Rakib, Jerry D. Chase, Mark A. Richman, Edward Lopez, Ray Fritz, Carol Lustenader, Matthew Miller, Shlomo Rakib, Doug

Sabella, Christopher Schaepe, Mark Slaven, Lewis Solomon, Howard W. Speaks, Arthur T. Taylor, David Woodrow and Ernst & Young LLP are called the Defendants.

2.      What Is This Lawsuit About?

This case was brought as a class action alleging that Defendants made false and misleading statements and omissions during the period June 28, 2001 and March 1, 2006, concerning Terayon's financial condition and the company's internal auditing and accounting procedures.  The case alleges that these misrepresentations resulted in the artificial inflation of the prices of Terayon publicly-traded securities between June 28, 2001 and March 1, 2006. Defendants deny that they did anything wrong.

3.      Why Is This a Class Action?

In a class action, one or more people called class representatives (in this case the Court-appointed Lead Plaintiff, Adrian Mongeli) sue on behalf of people who have similar claims. Here, all these people are called a Class or Class Members.  One court resolves the issues for all Class Members, except for those who timely and validly exclude themselves from the Class. Judge Claudia Wilken is in charge of this class action.

4.      Why Is There a Settlement?

The Court did not decide in favor of Lead Plaintiff or Defendants.  Instead, both sides agreed to a settlement.  That way, they avoid the cost and uncertainty of a trial, and eligible Class Members who submit valid claims will receive compensation.   The Lead Plaintiff and his attorneys think the settlement is best for all Class Members.

**WHO IS IN THE SETTLEMENT**

To see if you will receive money from this settlement, you first have to determine if you are a Class Member.

5.      How Do I Know if I Am Part of the Settlement?

The Class includes ***all persons who purchased the publicly-traded securities of Terayon between June 28, 2001 and March 1, 2006.***

6.      What Are The Exceptions to Being Included?

You are not a Class Member if you are a Defendant, a member of the immediate family of one of the Individual Defendants listed in question 1, a current or former director or officer of Terayon, a legal representative, heir, successor, or assign of any excluded party.

If you sold Terayon securities between June 28, 2001 and March 1, 2006, that alone does not make you a Class Member.  You are a Class Member only if you purchased the publicly-traded securities of Terayon between June 28, 2001 and March 1, 2006.

7.      I'm Still Not Sure if I Am Included.

If you are still not sure whether you are included, you can ask for free help.  You can call Joseph E. White III at (561) 394-3399 or Lewis S. Kahn at (504) 455-1400 for more information. Or you can fill out and return the claim form described in question 10, to see if you qualify.

**THE SETTLEMENT BENEFITS — WHAT YOU GET**

8.      What Does the Settlement Provide?

Defendants have agreed to pay $2.73 million in cash.  The balance of this fund after payment of Court-approved attorneys' fees and expenses and the costs of claims administration, including the costs of printing and mailing this Notice and the cost of publishing newspaper notice (the "Net Settlement Fund") will be divided among all eligible Class Members who send in valid claim forms.

9.      How Much Will My Payment Be?

Your share of the Net Settlement Fund will depend on the number of valid claim forms that Class Members send in and how many shares of Terayon securities you purchased during the relevant period and when you bought and sold them.  A claim will be calculated as follows:

**Common Stock**

The allocation for common stock is based upon the per share inflation amounts listed in the Plan of Allocation, attached hereto.

The payment you will receive will be based on (1) the number and type of shares you bought during the class period and when you sold them, (2) the number of class members who file claims, and (3) the number and type of shares the participating class members bought during

the class period and when they sold them. Depending on the number and type of eligible securities that participate in the settlement and when those securities were purchased and sold, the estimated average payment for common stock will be approximately $0.054 for each share of common stock before deduction of Court-approved fees and expenses. The number of claimants who send in claims varies widely from case to case. If fewer than anticipated Class Members send in a claim form, you could receive more money.

The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date.

For Class Members who held Terayon securities at the beginning of the Class Period or made multiple purchases or sales during the Class Period, the first-in, first-out ("FIFO") method will be applied to such holdings, purchases and sales for purposes of calculating a claim. Under the FIFO method, sales of securities during the Class Period will be matched, in chronological order, first against securities held at the beginning of the Class Period. The remaining sales of securities during the Class Period will then be matched, in chronological order, against securities purchased during the Class Period.

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net loss, after all profits from transactions in Terayon securities during the Class Period are subtracted from all losses. However, the proceeds from sales of securities of the same type which have been matched against securities of the same type held at the beginning of the Class Period will not be used in the calculation of such net loss. No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

### HOW YOU OBTAIN A PAYMENT — SUBMITTING A CLAIM FORM

10.    How Will I Obtain a Payment?

To qualify for payment, you must be an eligible Class Member, send in a valid claim form, and properly document your claim as requested in the claim form. A claim form is enclosed with this Notice. Read the instructions carefully, fill out the form, include all the

1  documents the form asks for, sign it, and mail it in the enclosed envelope postmarked no later

2  than July 25, 2008.

3       11.      When Will I Receive My Payment?

4       The Court will hold a hearing on September 18, 2008, to decide whether to approve the

5  settlement.   If Judge Wilken approves the settlement, there may be appeals.   It is always

6  uncertain whether these appeals can be resolved, and resolving them can take time, perhaps

7  several years.  Everyone who sends in a claim form will be informed of the determination with

8  respect to their claim.  Please be patient.

9       12.      What Am I Giving Up to Receive a Payment or Stay in the Class?

10      Unless you timely and validly exclude yourself, you are staying in the Class, and that

11  means that you cannot sue, continue to sue, or be part of any other lawsuit against the

12  Defendants about the Released Claims in this case.  It also means that all of the Court's orders

13  will apply to you and legally bind you and you will release your claims in this case against the

14  Defendants.  The terms of the release are included in the claim form that is enclosed.

15                **EXCLUDING YOURSELF FROM THE SETTLEMENT**

16      If you do not want a payment from this settlement, but you want to keep the right to sue

17  or continue to sue the Defendants on your own for the Released Claims in this case, then you

18  must take steps to get out of the Class.  This is called excluding yourself or is sometimes referred

19  to as opting out of the Class.

20      13.      How Do I Get Out of the Class?

21      To exclude yourself from the Class, you must send a letter by mail stating that you want

22  to be excluded from *Mongeli v. Terayon Communication Systems, Inc*., No. 3-06-CV-03936 MJJ

23  (N.D. Cal.).  You must include your name, address, telephone number, your signature, and the

24  number and type of shares of Terayon securities you purchased between June 28, 2001 and

25  March 1, 2006, the number and type of securities sold during this time period, if any, and the

26  dates of such purchases and sales.  You must mail your exclusion request postmarked no later

27  than August 28, 2008 to:

28

*Terayon Communication Systems, Inc. Securities Litigation*

*c/o The Garden City Group, Inc.*

*PO Box 9257*

*Dublin, OH 43017-4657*

*Toll Free 1(888) 230-2185*

You cannot exclude yourself on the phone or by e-mail.  If you ask to be excluded, you are not eligible to receive any settlement payment, and you cannot object to the settlement.  You will not be legally bound by anything that happens in this lawsuit.

14.    If I Do Not Exclude Myself, Can I Sue the Defendants for the Same Thing Later?

No.  Unless you timely and validly exclude yourself, you give up any right to sue the Defendants for the Released Claims in this settlement.  If you have a pending lawsuit against any of the Defendants, speak to your lawyer in that case immediately.  Remember, the exclusion deadline is August 28, 2008.

15.    If I Exclude Myself, Can I Receive Money from This Settlement?

No.  If you exclude yourself, do not send in a claim form.  But, you may be able to sue, continue to sue, or be part of a different lawsuit involving the Released Claims against the Defendants.

**THE LAWYERS REPRESENTING YOU**

16.    Do I Have a Lawyer in This Case?

The Court appointed the law firms of Saxena White P.A. and Kahn Gauthier Swick, LLC to represent you and other Class Members.  These lawyers are called Lead Counsel.  You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one, at your own expense.

17.    How Will the Lawyers Be Paid?

Lead Counsel will ask the Court for attorneys' fees of no more than 1/3 of the Settlement Fund and for reimbursement of their out-of-pocket expenses up to $100,000 which were advanced in connection with the litigation, which may include approximately $3000 for reimbursement for the lead plaintiff's time and expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Lead Counsel for their efforts in achieving this settlement and for their risk in undertaking this representation on a wholly contingent basis. Lead Counsel have committed significant time and expenses in litigating this case for the benefit of the Class since its inception in 2006. Lead Counsel has invested substantial time and effort in prosecuting this case and has not been paid for their services in conducting this litigation on behalf of the Lead Plaintiff and the Class, nor for their substantial out-of-pocket expenses. The fee requested will compensate Lead Counsel for their work in achieving the Settlement Fund and is well within the range of fees awarded to class counsel under similar circumstances in other cases of this type. The Court may award less than this amount.

**OBJECTING TO THE SETTLEMENT**

You can tell the Court that you do not agree with the settlement or some part of it.

18.    How Do I Tell the Court that I Do Not Like the Settlement?

If you are a Class Member, you can object to the settlement if you do not like any part of it, including the Plan of Allocation and the request for attorneys' fees. You can state the reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to the settlement in *Mongeli v. Terayon Communication Systems, Inc.*, No. CV-03-03936 MJJ. Be sure to include your name, address, telephone number, your signature, the number and type of Terayon securities purchased and sold between June 28, 2001 and March 1, 2006 and the reasons you object. Any objection must be

1    mailed or delivered such that it is received by *each* of the following no later than August 28,

2    2008:

3                    *Court:*

4                    Clerk of the Court
                     UNITED STATES DISTRICT COURT
5                    NORTHERN DISTRICT OF CALIFORNIA
                     United States Courthouse
6                    1301 Clay Street,
                     Oakland, California 94612-5212
7

8                    *Co-Lead Counsel for Lead Plaintiff:*

9                    Joseph E. White III
                     SAXENA WHITE, P.A.
10                   2424 North Federal Highway, Suite 257
                     Boca Raton, FL 33431
11                   Tel:  (561) 394-3399
                     Fax:  (561) 394-3382
12

13                   Lewis S. Kahn
                     Kahn Gauthier Swick
14                   650 Poydras St.
                     Suite 2150
15                   New Orleans, LA 70130

16                   *Liaison Counsel:*

17                   Michael D. Braun
                     BRAUN LAW GROUP, P.C.
18                   12400 Wilshire Boulevard, Suite 920
                     Los Angeles, CA 90025
19                   Tel:  (561) 394-3399
                     Fax: (561) 394-3382

20                   *Counsel for Terayon Communication Systems, Inc. and the Individual
21                   Defendants:*

22                   Patrick E. Gibbs
                     LATHAM & WATKINS LLP
23                   140 Scott Drive
                     Menlo Park, CA 94025
24                   Tel: (650) 328-4600
                     Fax: (650 463-2600

25                   *Counsel for Defendant Ernst & Young:*

26                   John Hemann
                     MORGAN, LEWIS & BOCKIUS LLP
27                   One Market
                     Spear Street Tower
28

1

2

San Francisco, CA 94105
Tel: (415) 442-1000
Fax: (415) 442-1001

3

4

19.    What's the Difference Between Objecting and Excluding?

5

Objecting is simply telling the Court that you do not like something about the settlement.

6

You can object **only if** you stay in the Class.  Excluding yourself is telling the Court that you do

7

not want to be part of the Class.  If you exclude yourself, you have no basis to object because the

8

case no longer affects you.

9

**THE COURT'S FAIRNESS HEARING**

10

The Court will hold a hearing to decide whether to approve the settlement.  You may

11

attend and you may ask to speak, but you do not have to.

12

20.    When and Where Will the Court Decide Whether to Approve the Settlement?

13

The Court will hold a fairness hearing at 2:00 p.m., on September 18, 2008, at the United

14

States Courthouse, 1301 Clay Street, Oakland, California.  At this hearing the Court will

15

consider whether the settlement is fair, reasonable, and adequate.  If there are objections, the

16

Court will consider them.  Judge Wilken will listen to people who have asked to speak at the

17

hearing.  The Court will also consider how much to pay to Lead Counsel.  The Court may decide

18

these issues at the hearing or take them under consideration.  We do not know how long these

19

decisions will take.  The Court may change the date of the Settlement Hearing without providing

20

further notice to you; however, the Court's calendar is publicly available on its website at

21

http://www.cand.uscourts.gov/.  You are encouraged to check the Court's website or contact

22

Lead Counsel to verify the Settlement Hearing has not been changed.

23

21.    Do I have to Come to the Hearing?

24

No.  Lead Counsel will answer questions Judge Wilken may have.  But, you are welcome

25

to come, at your own expense.  If you send an objection, you do not have to come to Court to

26

talk about it.  As long as you mailed your written objection on time, the Court will consider it.

27

You may also pay your own lawyer to attend, but it is not necessary.

28

1      22.     May I Speak at the Hearing?

2      You may ask the Court for permission to speak at the fairness hearing. To do so, you

3 must send a letter saying that it is your intention to appear in *Mongeli v. Terayon Communication*

4 *Systems, Inc.*, No. 3-06-CV-03936 MJJ. Be sure to include your name, address, telephone

5 number, your signature, and the number and type of Terayon securities purchased between June

6 28, 2001 and March 1, 2006. Your notice of intention to appear must be postmarked no later

7 than September 8, 2008, and be sent to the Clerk of the Court, Lead Counsel, and Defendants'

8 counsel, at the three addresses listed in question 18. You cannot speak at the hearing if you

9 exclude yourself from the Class.

10               **IF YOU DO NOTHING**

11      23.     What Happens if I Do Nothing at All?

12      If you do nothing, you will not receive any money from this settlement. But, unless you

13 exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any

14 other lawsuit against the Defendants about the Released Claims in this case.

15           **GETTING MORE INFORMATION**

16      24.     Are There More Details About the Settlement?

17      This Notice summarizes the proposed settlement. More details are in the Stipulation of

18 Settlement dated as of February 19, 2008. You can obtain a copy of the Stipulation of Settlement

19 by writing to Joseph E. White III, Saxena White, P.A., 2424 North Federal Highway, Suite 257,

20 Boca Raton, Florida 33431, or Lewis S. Kahn, Kahn Gauthier Swick, 650 Poydras St., Suite

21 2150, New Orleans, LA 70130, or by visiting the Clerk's office at the United States District

22 Court for the Northern District of California, 1301 Clay Street, Oakland, California during

23 regular business hours.

24

25

26

27

28

1    25.    How Do I Get More Information?

2    You can call *1(888) 230-2185* or write to Joseph E. White III at Saxena White, P.A., or

3    Lewis S. Kahn at Kahn Gauthier Swick, 650 Poydras St., Suite 2150, New Orleans, LA 70130,

4    or visit the Settlement Administrator's website at http://www.gardencitygroup.com.

5

6                        **THE PLAN OF ALLOCATION**

7    The Net Settlement Fund will be distributed to Class Members who submit valid, timely

8    Proof of Claim forms ("Authorized Claimants") under the Plan of Allocation described below.

9    The Plan of Allocation provides that you will be eligible to participate in the distribution of the

10   Net Settlement Fund only if you have a net loss on all transactions in Terayon common stock and

11   options during the Class Period.

12

13   Each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that

14   each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants.

15   Payment in this manner shall be deemed conclusive against all Authorized Claimants.

16

17   The total of all profits shall be subtracted from the total of all losses from transactions

18   during the Class Period to determine if a Class Member has a claim.  Only if a Class Member

19   had a net loss, after all profits from transactions in Terayon Communications Systems common

20   stock during the Class Period are subtracted from all losses, will such Class Member be eligible

21   to receive a distribution from the Net Settlement Fund.   Claims will be calculated as follows:

22

23   Section 10(b) Claims

24   Class Period June 28, 2001 through March 1, 2006

25   The Allocation below is based on the following price data:

26   November 7, 2005 Closing Price:    $2.57

27   November 8, 2005 Closing Price:    $2.25

28

1    November 8, 2005 Price Decline:  $0.32

2

3    January 10, 2006 Closing Price:  $2.06

4    January 11, 2006 Closing Price:  $2.00

5    January 11, 2006 Price Decline:  $0.06

6

7    March 1, 2006 Closing Price:  $2.70

8    March 2, 2006 Closing Price:  $2.33

9    March 2, 2006 Price Decline:  $0.37

10

11   1.  For shares of Terayon Communications Systems common stock purchased on

12 June 28, 2001 through November 7, 2005, and

13   a)  Sold prior to November 8, 2005, the claim per share is $0;

14   b)  Sold from November 8, 2005 through January 10, 2006, the claim per share is the

15 lesser of: (i) the purchase price less the sales price, or (ii) $0.32 (November 8, 2005 price

16 decline);

17   c)  Sold from January 11, 2006 through March 1, 2006, the claim per share is the

18 lesser of (i) the purchase price less the sales price, or (ii) $0.38 (November 8, 2005 and January

19 11, 2006 price declines);

20   d)  Retained at the end of March 1, 2006, the claim per share is the lesser of: (i) the

21 purchase price less $2.33 (March 2, 2006 closing price), or (ii) $0.75 (November 8, 2005,

22 January 11, 2006 and March 2, 2006 price declines).

23

24   2.  For shares of Terayon Communications Systems common stock purchased on

25 November 8, 2005 through January 10, 2006, and

26   a)  Sold prior to January 11, 2006, the claim per share is $0;

27   b)  Sold from January 11, 2006 through March 1, 2006, the claim per share is the

28 lesser of: (i) the purchase price less the sales price, or (ii) $0.06 (January 11, 2006 price decline);

c)       Retained at the end of March 1, 2006, the claim per share is the lesser of: (i) the purchase price less $2.33 (March 2, 2006 closing price), or (ii) $0.43 (January 11, 2006 and March 2, 2006 price declines).

3.       For shares of Terayon Communications Systems common stock purchased on January 11, 2006 through March 1, 2006, and

a)       Sold no later than March 1, 2006, the claim per share is $0;

b)       Retained as of March 2, 2006, the claim per share is the lesser of: (i) the purchase price less $2.33 (March 2, 2006 closing price), or (ii) $0.37 (March 2, 2006 price decline).

**Example #1:**

John Doe makes the following Class Period purchase and sale:

- He buys 1,000 shares on February 26, 2002 at $5 per share.
- He sells 1,000 shares on December 30, 2005 at $2.25 per share.

**Calculation:**

Step 1: Mr. Doe is eligible to receive money because he has "a net loss," and the Plan of Allocation requires a net loss on all transactions in Terayon common stock and options during the Class Period to be eligible to participate in the distribution of the Net Settlement Fund..

Step 2: Recovery per share for this claim will be the lesser of: (i) the purchase price minus the sales price, or (ii) $0.32 (the November 8, 2005 price decline), calculated according to p. 14, Para. 1(b), because the purchase and sale dates are November 8, 2005 and January 10, 2006.

1    Step 3: The difference between the purchase price and the sale price is $2.75 ($5.00 - $2.25).

2    Therefore, the claim per share is $0.32.  The total value of this claim is 1,000 shares x $0.32 or

3    $320.00.

4    **Recognized Loss = $320**

5

6    **Example #2:**

7    At the beginning of the Class Period, Jane Doe already owns 300 shares.  At the end of the Class

8    Period she owns 500 shares.  She also makes the following purchases and sales during the Class

9    Period:

10      &bull;  She buys 200 shares on June 10, 2002 at $2.50 per share (now she owns 500 total shares).

11      &bull;  She buys 500 shares on December 8, 2003 at $5.00 per share (now she owns 1000 total shares).

12

13      &bull;  She sells 300 shares on March 4, 2004 at $4.25 per share (now she owns 700 total shares).

14      &bull;  She sells 200 shares on September 20, 2005 at $4.00 per share (now she owns 500 total shares).

15

16   **Calculation:**

17

18   Step 1: In this scenario, a method called the "First In First Out" (or "FIFO") will be used. Under

19   FIFO, the shares that were purchased first are assumed to be sold completely before shares

20   purchased later are sold.  Note: Ms. Doe is eligible to receive a distribution because she has "a

21   net loss."  See p. 13, 2d Full Para.

22

23   Step 2: Applying FIFO, the first sale of 300 shares matches to the pre-Class Period holdings and

24   this match up does not result in a recognized loss.

25

26   Step 3: Applying FIFO, the next matchup is the first purchase of 200 shares during the Class

27   Period which matches to the sale of 200 shares on September 20, 2005.  This matchup is

28   calculated pursuant to p. 14, Para. 1(a) because of the purchase and sale dates.  Accordingly, the

1  claim per share for these 200 shares is $0, as sales prior to November 8, 2005 result in zero

2  recognized loss.

3

4  Step 4: Applying FIFO, the final matchup will be calculated pursuant to p. 14, Para. 1(d) because

5  of the purchase and sale dates.  Accordingly, the claim per share is $0.75.  The total value of this

6  matchup is 500 shares x $0.75 or $375.00.

7

8  **Recognized Loss = $375**

9      <u>Call Options</u>:

10

11      The amount of recognized claim for purchasers of Call Options on Terayon

12  Communications Systems common stock during the Class Period will be calculated as follows:

13

14      1)  No claim will be recognized for any Terayon Communications Systems Call

15          Options purchased during the Class Period that were not owned as of the close of

16          trading on 11/7/05, 1/10/06 or 3/1/06.

17

18      2)  For Terayon Communications Systems Call Options purchased during the Class

19          Period and owned as of the close of trading on 11/7/05, an authorized claimant's

20          recognized claim shall be the lesser of (a) 5% of the difference, if a loss, between

21          (x) the amount paid for the Terayon Communications Systems Call Options

22          during the Class Period (including brokerage commissions and transaction

23          chargers)(the Purchase Price Paid or "PPP") and (y) the sum for which said

24          Terayon Communications Systems Call Options were subsequently sold at a loss

25          (after brokerage commissions & transaction chargers)(or $0.00 if the Call Option

26          expired while still owned by the authorized claimant (the Sale Price Received or

27          "SPR"); or (b) $0.02 (5% of the November  8, 2005 price decline).

28

3) For Terayon Communications Systems Call Options purchased during the Class Period and owned as of the close of trading on 1/10/06, an authorized claimant's recognized claim shall be the lesser of (a) 5% of the difference, if a loss, between the PPP and the SPR; or (b) $0.01.

4) For Terayon Communications Systems Call Options purchased during the Class Period and owned as of the close of trading on 3/1/06, an authorized claimant's recognized claim shall be the lesser of (a)5% of the difference, if a loss, between the PPP and the SPR; or (b) $0.02 (5% of the March 2, 2006 price decline).

5) No loss shall be recognized based on a sale or writing of any Call Options that were subsequently repurchased.

NOTE: Shares of Terayon Communications Systems acquired during the Class Period through the exercise of a Call Option shall be treated as a claim purchase on the date of exercise for the exercise price plus the cost of the Call Option, and any recognized claim arising from such transaction shall be computed as provided for other purchases of common stock.

Put Options:

The amount of recognized claim for sales (writing) of Put Options on Terayon Communications Systems common stock during the Class Period will be calculated as follows:

1) No claim for any Put Options sold (written) during the Class Period that were not the obligation of the claimant as of the close of trading on 11/7/05, 1/10/06 or 3/1/06.

2) For Terayon Communications Systems Put Options sold (written) during the Class Period which were the obligation of the authorized claimant at the close of trading

on 11/7/05, an authorized claimant's recognized claim shall be the lesser of (a) 5% of the difference, if a loss, between (x) the amount received for writing the Put Option   for the Terayon Communications Systems   during the Class Period (including brokerage commissions and transaction charges) (the "PPP") and (y) the sum for which said Terayon Communications Systems Put Options were re-purchased  at a loss (after brokerage commissions & transaction charges)(or $0.00 if the Put Option expired while still owned by the authorized claimant (the "SPR"); or (b) $0.02 (5% of the November  8, 2005 price decline).

    3)  For Terayon Communications Systems Put Options sold (written) during the Class Period which were the obligation of the authorized claimant at the close of trading on 1/10/06, an authorized claimant's recognized claim shall be the lesser of (a) 5% of the difference, if a loss,  between the PPP and the SPR; or (b) $0.01

    4)  For Terayon Communications Systems Put Options sold (written) during the Class Period which were the obligation of the authorized claimant at the close of trading on 3/1/06, an authorized claimant's recognized claim shall be the lesser of (a) 5% of the difference, if a loss, between the PPP and the SPR; or (b) $0.02 (5% of the March 2, 2006 price decline).

    5)  No loss shall be recognized base on a sale of any Put Options that were previously purchased.

NOTE:  For Terayon Communications Put Options written during the Class Period that were "Put" to the authorized claimant (i.e. exercised), the authorized claimant's recognized claim shall be calculated as a purchase of common stock as shown above, and as if the sale of the Put Option were instead a purchase of Terayon Communications Systems common stock on the date of the

1  sale of the Put Option, and the "purchase price paid" shall be the strike price less the proceeds
2  received at the sale of the Put Option.

3

4  ***DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE***

5  **SPECIAL NOTICE TO NOMINEES**

6  The Court has ordered that if you hold shares of any Terayon securities purchased
7  between June 28, 2001 and March 1, 2006 as nominee for a beneficial owner, then, within ten
8  (10) days after you receive this Notice, you must either: (1) send a copy of this Notice by first
9  class mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to
10  the Claims Administrator:

11    *Terayon Communication Systems, Inc. Securities Litigation*

12    *c/o The Garden City Group, Inc.*

13    *PO Box 9257*
14
15    *Dublin, OH 43017-4657*

16
    *1(888) 230-2185* If you choose to mail the Notice and Proof of Claim yourself, you may
17
   obtain from the Claims Administrator (without cost to you) as many additional copies of these
18
   documents as you will need to complete the mailing.
19
   Regardless of whether you choose to complete the mailing yourself or elect to have the
20
   mailing performed for you, you may obtain reimbursement for or advancement of reasonable
21
   administrative costs actually incurred or expected to be incurred in connection with forwarding
22
   the Notice and which would not have been incurred but for the obligation to forward the Notice,
23
   upon submission of appropriate documentation to the Claims Administrator.
24

25  DATED: _____          BY ORDER OF THE COURT
26                                          UNITED STATES DISTRICT COURT
                                            NORTHERN DISTRICT OF CALIFORNIA
27

28

1

2  **BRAUN LAW GROUP, P.C.**                    **KAHN GAUTHIER SWICK, LLC**
   Michael D. Braun (S.B.N. 167416)            Michael A. Swick
3  12304 Santa Monica  Blvd., Ste. 109         Kim E. Miller (S.B.N. 178370)
   Los Angeles, CA  90025                      114 E. 39th St.
4  Tel: (310) 442-7755                         New York, NY  10016
   Fax: (310) 442-7756                         Tel: (212) 920-4310
   **Liaison Counsel**                         **Lead Counsel for Lead Plaintiff and Class**
5

6  **KAHN GAUTHIER SWICK, LLC**                 **SAXENA WHITE P.A.**
   Lewis S. Kahn                               Maya Saxena
7  650 Poydras Street, Suite 2150              Joseph E. White, III
   New Orleans, LA  70130                      2424 N. Federal Highway, Suite 257
8  Tel: (504) 455-1400                         Boca Raton, FL  33431
   Fax: (504) 455-1498                         Tel: (561) 394-3399
   **Lead Counsel for Lead Plaintiff and Class**   **Lead Counsel for Lead Plaintiff and Class**

9

                     UNITED STATES DISTRICT COURT
10

                    NORTHERN DISTRICT OF CALIFORNIA
11

12

13  ADRIAN MONGELI, Individually, And On   )   CASE NO.: 3-06-CV-03936 CW
    Behalf Of All Others Similarly Situated, )
14                                           )   **CLASS ACTION**
                  Plaintiffs,                )
15                                           )   **SUMMARY NOTICE**
          v.                                 )
16                                           )   **EXHIBIT A-2**
    TERAYON COMMUNICATION SYSTEMS, )
17  INC., ZAKI RAKIB, JERRY D. CHASE,        )
    MARK A. RICHMAN, EDWARD LOPEZ,           )
18  RAY FRITZ, CAROL LUSTENADER,             )
    MATTHEW MILLER, SHLOMO RAKIB,            )
19  DOUG SABELLA, CHRISTOPHER                )
    SCHAEPE, MARK SLAVEN, LEWIS              )
20  SOLOMON, HOWARD W. SPEAKS,               )
    ARTHUR T. TAYLOR, DAVID                  )
21  WOODROW, and ERNST & YOUNG, LLP,         )
                                             )
22                Defendants.                )
    _____   )

23

24

25

26

27

28

TO:    ALL PERSONS WHO PURCHASED THE PUBLICLY-TRADED SECURITIES OF TERAYON COMMUNICATION SYSTEMS, INC. ("TERAYON") BETWEEN JUNE 28, 2001 AND MARCH 1, 2006

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Northern District of California, that a hearing will be held on September 18, 2008, at 2:00 p.m., before the Honorable Claudia Wilken at the United States Courthouse, 1301 Clay Street, Oakland, CA 94612-5212, for the purpose of determining (1) whether the proposed settlement of the claims in the Litigation for the sum of $2,730,000 in cash should be approved by the Court as fair, reasonable and adequate; (2) whether, after the hearing, this Litigation should be dismissed with prejudice pursuant to the terms and conditions set forth in the Stipulation of Settlement dated as of February 19, 2008; (3) whether the Plan of Allocation is fair, reasonable and adequate and should be approved; and (4) whether the application of Lead Counsel for the payment of attorneys' fees and reimbursement of expenses incurred in this Litigation should be approved.

The Court may change the date of the Settlement Hearing without providing further notice to you; however, the Court's calendar is publicly available on its website at http://www.cand.uscourts.gov/.  You are encouraged to check the Court's website or contact Lead Counsel to verify the Settlement Hearing has not been changed.

If you purchased the publicly-traded securities of Terayon between June 28, 2001 and March 1, 2006, your rights may be affected by the settlement of this Litigation.  If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action ("Notice") and a copy of the Proof of Claim and Release, you may obtain copies by writing to:

*Terayon Communication Systems, Inc. Securities Litigation*
*c/o The Garden City Group, Inc.*
*PO Box 9257*
*Dublin, OH 43017-4657*

*Toll Free 1(888) 230-2185  .*

If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release postmarked no later than July 25, 2008, establishing that you are entitled to recovery.

1       If you desire to be excluded from the Class, you must submit a Request for Exclusion

2  postmarked by August 28, 2008, in the manner and form explained in the detailed Notice

3  referred to above.  All Members of the Class who have not timely and validly requested

4  exclusion from the Class will be bound by any judgment entered in the Litigation pursuant to the

5  terms and conditions of the Stipulation of Settlement.

6       Any objection to the settlement must be mailed or delivered such that it is received by

7  each of the following no later than August 28, 2008:

8          CLERK OF THE COURT
              UNITED STATES DISTRICT COURT
9          NORTHERN DISTRICT OF CALIFORNIA
              1301 Clay Street
10

11         Oakland, CA 94612-5212

12         *Co-Lead Counsel for Plaintiffs*:
              SAXENA WHITE, P.A.
13         JOSEPH E. WHITE, III
              2424 North Federal Highway, Suite 257
14         Boca Raton, FL 33431

15
              KAHN GAUTHIER SWICK LLC
16         LEWIS S. KAHN
              650 Poydras St., Suite 2150
17         New Orleans, LA  70130

18
              *Liaison Counsel for Plaintiff and the Class*:
19         BRAUN LAW GROUP, P.C.
              MICHAEL D. BRAUN
20         12400 Wilshire Blvd., Suite 920
              Los Angeles, CA 90025
21

22         *Counsel for Defendants:*
              LATHAM & WATKINS LLP
23         PATRICK E. GIBBS
              140 Scott Drive
24         Menlo Park, CA 94025

25         *Counsel for Defendants Ernst & Young:*
              MORGAN LEWIS & BOCKIUS LLP
26         JOHN HEMANN
              One Market
27         Spear Street Tower
              San Francisco, CA 94105
28

1

2   **PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING**

3   **THIS NOTICE.**  If you have any questions about the settlement, you may contact Lead Counsel

4   for Plaintiffs at the address listed above.

5

6   DATED: _____          BY ORDER OF THE COURT
                                            UNITED STATES DISTRICT COURT
7                                           NORTHERN DISTRICT OF CALIFORNIA

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2  **BRAUN LAW GROUP, P.C.**                    **KAHN GAUTHIER SWICK, LLC**
   Michael D. Braun (S.B.N. 167416)              Michael A. Swick
3  12304 Santa Monica Blvd., Ste. 920            Kim E. Miller (S.B.N. 178370)
   Los Angeles, CA  90025                        114 E. 39th St.
4  Tel: (310) 442-7755                           New York, NY  10016
   Fax: (310) 442-7756                           Tel: (212) 920-4310
   **Liaison Counsel**                           **Lead Counsel for Lead Plaintiff and Class**
5
   **KAHN GAUTHIER SWICK, LLC**                  **SAXENA WHITE P.A.**
6  Lewis S. Kahn                                 Maya Saxena
   650 Poydras Street, Suite 2150                Joseph E. White, III
7  New Orleans, LA  70130                        2424 N. Federal Highway, Suite 257
   Tel: (504) 455-1400                           Boca Raton, FL  33431
8  Fax: (504) 455-1498                           Tel: (561) 394-3399
   **Lead Counsel for Lead Plaintiff and Class** **Lead Counsel for Lead Plaintiff and Class**

9

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12

13  ADRIAN MONGELI, Individually, And On    )   CASE NO.: 3-06-CV-03936 CW
    Behalf Of All Others Similarly Situated, )
14                                           )   **CLASS ACTION**
                    Plaintiffs,              )
15                                           )
            v.                               )
16                                           )   **[PROPOSED] ORDER**
    TERAYON COMMUNICATION SYSTEMS, )             **PRELIMINARILY APPROVING**
17  INC., ZAKI RAKIB, JERRY D. CHASE,        )   **SETTLEMENT AND PROVIDING FOR**
    MARK A. RICHMAN, EDWARD LOPEZ,  )            **NOTICE**
18  RAY FRITZ, CAROL LUSTENADER,             )
    MATTHEW MILLER, SHLOMO RAKIB, )
19  DOUG SABELLA, CHRISTOPHER                )
    SCHAEPE, MARK SLAVEN, LEWIS              )
20  SOLOMON, HOWARD W. SPEAKS,               )
    ARTHUR T. TAYLOR, DAVID                  )
21  WOODROW, and ERNST & YOUNG, LLP, )
                                             )
22                  Defendants.              )
    _____ )
23

24

25

26

27

28

1    WHEREAS, a class action is pending before the Court entitled *Mongeli v. Terayon*

2    *Communication Systems, Inc.*, No. 3-06-CV-03936 MJJ (the "Litigation");

3    WHEREAS, the Court has received the Stipulation of Settlement dated as of February 19,

4    2008 (the "Stipulation"), that has been entered into by the Lead Plaintiff and Defendants, and the

5    Court has reviewed the Stipulation and its attached Exhibits;

6    WHEREAS, the parties having made application, pursuant to Federal Rule of Civil

7    Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in

8    accordance with the Stipulation which, together with the Exhibits annexed thereto sets forth the

9    terms and conditions for a proposed settlement of the Litigation and for dismissal of the

10   Litigation with prejudice upon the terms and conditions set forth therein; and the Court having

11   read and considered the Stipulation and the Exhibits annexed thereto; and

12   WHEREAS, all defined terms contained herein shall have the same meanings as set forth

13   in the Stipulation;

14   NOW, THEREFORE, IT IS HEREBY ORDERED:

15   1.    The Court does hereby preliminarily approve the Stipulation and the settlement

16   set forth therein, subject to further consideration at the Settlement Hearing described below.

17   2.    A hearing (the "Settlement Hearing") shall be held before this Court on

18   September 18, 2008, at 2:00 p.m. at the United States Courthouse, 1301 Clay Street, Oakland,

19   California 94612-5212 , to determine whether the proposed settlement of the Litigation on the

20   terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Class

21   and should be approved by the Court; whether a Judgment as provided in ¶1.14 of the Stipulation

22   should be entered herein; whether the proposed Plan of Allocation should be approved; and to

23   determine the amount of fees and expenses that should be awarded to Lead Counsel.  The Court

24   may adjourn the Settlement Hearing without further notice to Members of the Class.

25   3.    The Court approves, as to form and content, the Notice of Pendency and Proposed

26   Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of

27   Claim"), and Summary Notice for publication annexed as Exhibits A-1, A-2 and A-3 hereto, and

28   finds that the mailing and distribution of the Notice and publishing of the Summary Notice

1   substantially in the manner and form set forth in ¶¶4-5 of this Order meet the requirements of

2   Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the

3   circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

4       4.     Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court appoints

5   The Garden City Group, Inc. ("Claims Administrator") to supervise and administer the notice

6   procedure as well as the processing of claims as more fully set forth below:

7       (a)     Not later than  ten (10) days from the entry of this order  (the "Notice

8   Date"), Lead Counsel shall cause a copy of the Notice and the Proof of Claim, substantially in

9   the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all Class

10  Members who can be identified through the Transfer Agent of Terayon Securities and

11  communication with the Nominees as discussed in paragraph 5 below.;

12      (b)     Also on the Notice Date, , Lead Counsel shall cause the Summary Notice

13  to be published once in the print and on-line edition of the *Investor's Business Daily* and issued

14  electronically over a widely disseminated media wire service over the internet; and

15      (c)     At least fourteen (14) calendar days after the issuance of the Notice and

16  publishing of the Summary Notice, Lead Counsel shall file with the Court proof, by declaration,

17  of such mailing and publishing, which shall include information describing the websites such

18  notice was delivered to.

19      5.     Nominees who purchased Terayon publicly-traded securities between June 28,

20  2001 and March 1, 2006, shall send the Notice and the Proof of Claim to all beneficial owners of

21  such Terayon securities within ten (10) days after receipt thereof, or send a list of the names and

22  addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt

23  thereof, in which event the Claims Administrator shall promptly mail the Notice and the Proof of

24  Claim to such beneficial owners.  Lead Counsel shall, if requested, reimburse banks, brokerage

25  houses or other nominees solely for their reasonable out-of-pocket expenses incurred in

26  providing notice to beneficial owners who are Class Members out of the Class Notice and

27  Administration Fund, which expenses would not have been incurred except for the sending of

28

1    such notice, subject to further order of this Court with respect to any dispute concerning such

2    compensation.

3           6.      All Members of the Class shall be bound by all determinations and judgments in

4    the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

5           7.      Class Members who wish to participate in the settlement shall complete and

6    submit Proof of Claim forms in accordance with the instructions contained therein.  Unless the

7    Court orders otherwise, all Proof of Claim forms must be postmarked no later than ninety (90)

8    days from the Notice Date.  Any Class Member who does not timely submit a Proof of Claim

9    within the time provided for shall be barred from sharing in the distribution of the proceeds of

10   the Net Settlement Fund, unless otherwise ordered by the Court.

11          8.      Any Person who desires to request exclusion from the Class shall do so within the

12   time set forth and in the manner described in the Notice.  All Persons who submit valid and

13   timely requests for exclusion in the manner set forth in the Notice shall have no rights under the

14   Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound

15   by the Stipulation or the Judgment entered in the Litigation.

16          9.      Any Member of the Class may enter an appearance in the Litigation, at their own

17   expense, individually or through counsel of their own choice.  If they do not enter an appearance,

18   they will be represented by Lead Counsel.

19          10.     Any Member of the Class may appear and show cause, if he, she or it has any

20   reason, why the proposed settlement of the Litigation should or should not be approved as fair,

21   reasonable and adequate, why a judgment should or should not be entered thereon, why the Plan

22   of Allocation should or should not be approved, or why attorneys' fees and expenses should or

23   should not be awarded to Lead Counsel; provided, however, that no Class Member or any other

24   Person shall be heard or entitled to contest the approval of the terms and conditions of the

25   proposed settlement, or, if approved, the Judgment to be entered thereon approving the same, or

26   the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to

27   Lead Counsel, unless that Person has delivered by first class mail written objections and copies

28   of any papers and briefs such that they are received on or before August 28, 2008, by: Saxena

1    White, P.A., c/o Joseph E. White III, 2424 North Federal Highway, Suite 257, Boca Raton, FL

2    33431, Kahn Gauthier Swick, c/o Lewis S. Kahn, 650 Poydras St., Suite 2150, New Orleans, LA

3    70130, Morgan, Lewis & Bockius LLP, c/o John Hemann One Market Spear Street Tower, San

4    Francisco, CA 94105, and Latham & Watkins LLP, c/o Patrick E. Gibbs, 140 Scott Drive, Menlo

5    Park, CA 94025, and filed these objections, papers and briefs with the Clerk of the United States

6    District Court for the Northern District of California, on or before August 28, 2008.   Any

7    Member of the Class who does not make his, her or its objection in the manner provided shall be

8    deemed to have waived such objection and shall forever be foreclosed from making any

9    objection to the fairness or adequacy of the proposed settlement as set forth in the Stipulation, to

10   the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel, unless

11   otherwise ordered by the Court.

12        11.     All funds held by the Escrow Agent shall be deemed and considered to be in the

13   custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as

14   such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

15        12.     All papers in support of the settlement, the Plan of Allocation, and the application

16   by Lead Counsel for attorneys' fees or reimbursement of expenses shall be filed and served

17   fourteen (14) calendar days before the Settlement Hearing.

18        13.     Neither the Defendants nor their Related Parties shall have any responsibility for

19   or liability with respect to the Plan of Allocation or any application for attorneys' fees or

20   reimbursement of expenses submitted by Lead Counsel, and such matters will be considered

21   separately from the fairness, reasonableness and adequacy of the settlement.

22        14.     At or after the Settlement Hearing, the Court shall determine whether the Plan of

23   Allocation proposed by Lead Counsel, and any application for attorneys' fees or reimbursement

24   of expenses shall be approved.

25        15.     All reasonable expenses incurred in identifying and notifying Class Members, as

26   well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.   In the

27   event the settlement is not approved by the Court, or otherwise fails to become effective, neither

28

1  the Lead Plaintiff nor Lead Counsel shall have any obligation to repay any amounts actually and

2  properly disbursed from the Class Notice and Administration Fund.

3      16.    Neither the Stipulation, nor any of its terms or provisions, nor any of the

4  negotiations or proceedings connected with it, shall be construed as an admission or concession

5  by Defendants or their Related Parties of the truth of any of the allegations in the Litigation, or of

6  any liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be

7  evidence of or an admission or concession that Lead Plaintiff or any Class Members have

8  suffered any damages, harm, or loss.

9      17.    In the event that the settlement does not become effective in accordance with the

10 terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement

11 Fund, or any portion thereof, is returned to the Defendants, then this Order shall be rendered null

12 and void to the extent provided by and in accordance with the Stipulation and shall be vacated

13 and, in such event, all orders entered and releases delivered in connection herewith shall be null

14 and void to the extent provided by and in accordance with the Stipulation.

15     18.    The Court reserves the right to continue the Settlement Hearing without further

16 notice to the Members of the Class, and retains jurisdiction to consider all further applications

17 arising out of or connected with the proposed settlement.   Should the Court continue the

18 Settlement Hearing, such a continuance will be reflected in the Court's calendar and accessible

19 via the Court's website.   Also, Lead Counsel shall publish over the same widely disseminating

20 news wire as used to publish the Summary Notice, a press release informing Class Members of

21 the change.  The Court may approve the settlement, with such modifications as may be agreed to

22 by the Settling Parties, if appropriate, without further notice to the Class.

23

24 DATED: _____        _____

25                                     THE HONORABLE CLAUDIA WILKEN
                                       UNITED STATES DISTRICT JUDGE
26

27

28

1

Respectfully submitted,

2

3

SAXENA WHITE P.A.
MAYA SAXENA
JOSEPH E. WHITE III

Dated: _____

4

5

_____

6

JOSEPH E. WHITE, III

2424 North Federal Highway, Suite 257
Boca Raton, FL 33431
Tel: (561) 394-3399
Fax: (561) 394-3382

7

8

9

Counsel for Lead Plaintiff and the Class

10

11

KAHN GAUTHIER SWICK, LLC
LEWIS S. KAHN

Dated: _____

12

13

_____

14

LEWIS S. KAHN

650 Poydras St, Suite 2150
New Orleans, LA 70130
Tel:  504/455-1400
Fax:  504/455-1498

15

16

17

Counsel for Plaintiff and the Class

18

BRAUN LAW GROUP, P.C.
MICHAEL D. BRAUN

Dated: _____

19

20

_____

21

MICHAEL D. BRAUN

12400 Wilshire Blvd., Suite 920
Los Angeles, CA 90025
Tel:  310/442-7755
Fax:  310/442-7756

22

23

24

Liaison Counsel for Plaintiff and the Class
LATHAM & WATKINS LLP
PATRICK E. GIBBS
JENNIE FOOTE FELDMAN

Dated: _____

25

26

27

_____

PATRICK E. GIBBS

28

1

2

3

4

5  Dated: _____

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

140 Scott Drive
Menlo Park, CA 94025
Tel: 650/328-4600
Fax: 650/463-2600

Counsel for Defendants

MORGAN, LEWIS & BOCKIUS LLP
MICHAEL J. LAWSON
SHEILA A. JAMBEKAR

_____
JOHN HEMANN

One Market
Spear Street Tower
San Francisco, CA 94105
Tel: 415/442-1000
Fax: 415/442-1001

Counsel for Defendant Ernst & Young LLP

*Filer's Attestation:  Pursuant to General Order No. 45, Section X(B), Michael Braun hereby attests that concurrence in the filing of this document has been obtained.*