1

2   **BRAUN LAW GROUP, P.C.**          **KAHN GAUTHIER SWICK, LLC**
    Michael D. Braun (S.B.N. 167416)   Michael A. Swick
    12304 Santa Monica Blvd., Ste. 920  Kim E. Miller (S.B.N. 178370)
3   Los Angeles, CA  90025             114 E. 39th St.
    Tel: (310) 442-7755                New York, NY  10016
4   Fax: (310) 442-7756                Tel: (212) 920-4310
    **Liaison Counsel**                **Lead Counsel for Lead Plaintiff and Class**
5
    **KAHN GAUTHIER SWICK, LLC**       **SAXENA WHITE P.A.**
6   Lewis S. Kahn                      Maya Saxena
    650 Poydras Street, Suite 2150     Joseph E. White, III
7   New Orleans, LA  70130             2424 N. Federal Highway, Suite 257
    Tel: (504) 455-1400                Boca Raton, FL  33431
8   Fax: (504) 455-1498                Tel: (561) 394-3399
    **Lead Counsel for Lead Plaintiff and Class**   **Lead Counsel for Lead Plaintiff and Class**
9

10              UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12

13  ADRIAN MONGELI, Individually, And On   )   CASE NO.: 3-06-CV-03936 CW
    Behalf Of All Others Similarly Situated,   )
14                                         )   **CLASS ACTION**
                    Plaintiffs,            )
15                                         )
          v.                               )
16                                         )   **ORDER PRELIMINARILY**
    TERAYON COMMUNICATION SYSTEMS, )          **APPROVING SETTLEMENT AND**
17  INC., ZAKI RAKIB, JERRY D. CHASE,      )   **PROVIDING FOR NOTICE**
    MARK A. RICHMAN, EDWARD LOPEZ,         )
18  RAY FRITZ, CAROL LUSTENADER,           )
    MATTHEW MILLER, SHLOMO RAKIB,          )
19  DOUG SABELLA, CHRISTOPHER              )
    SCHAEPE, MARK SLAVEN, LEWIS            )
20  SOLOMON, HOWARD W. SPEAKS,             )
    ARTHUR T. TAYLOR, DAVID                )
21  WOODROW, and ERNST & YOUNG, LLP,       )
                                           )
22                  Defendants.            )
    _____ )
23

24

25

26

27

28

1    WHEREAS, a class action is pending before the Court entitled *Mongeli v. Terayon*

2    *Communication Systems, Inc.*, No. 3-06-CV-03936 MJJ (the "Litigation");

3    WHEREAS, the Court has received the Stipulation of Settlement dated as of February 19,

4    2008 (the "Stipulation"), that has been entered into by the Lead Plaintiff and Defendants, and the

5    Court has reviewed the Stipulation and its attached Exhibits;

6    WHEREAS, the parties having made application, pursuant to Federal Rule of Civil

7    Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in

8    accordance with the Stipulation which, together with the Exhibits annexed thereto sets forth the

9    terms and conditions for a proposed settlement of the Litigation and for dismissal of the

10    Litigation with prejudice upon the terms and conditions set forth therein; and the Court having

11    read and considered the Stipulation and the Exhibits annexed thereto; and

12    WHEREAS, all defined terms contained herein shall have the same meanings as set forth

13    in the Stipulation;

14    NOW, THEREFORE, IT IS HEREBY ORDERED:

15    1.    The Court does hereby preliminarily approve the Stipulation and the settlement

16    set forth therein, subject to further consideration at the Settlement Hearing described below.

17    2.    A hearing (the "Settlement Hearing") shall be held before this Court on

18    September 18, 2008, at 2:00 p.m. at the United States Courthouse, 1301 Clay Street, Oakland,

19    California 94612-5212 , to determine whether the proposed settlement of the Litigation on the

20    terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Class

21    and should be approved by the Court; whether a Judgment as provided in ¶1.14 of the Stipulation

22    should be entered herein; whether the proposed Plan of Allocation should be approved; and to

23    determine the amount of fees and expenses that should be awarded to Lead Counsel.  The Court

24    may adjourn the Settlement Hearing without further notice to Members of the Class.

25    3.    The Court approves, as to form and content, the Notice of Pendency and Proposed

26    Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of

27    Claim"), and Summary Notice for publication annexed as Exhibits A-1, A-2 and A-3 hereto, and

28    finds that the mailing and distribution of the Notice and publishing of the Summary Notice

1   substantially in the manner and form set forth in ¶¶4-5 of this Order meet the requirements of

2   Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the

3   circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

4       4.      Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court appoints

5   The Garden City Group, Inc. ("Claims Administrator") to supervise and administer the notice

6   procedure as well as the processing of claims as more fully set forth below:

7           (a)     Not later than  ten (10) days from the entry of this order  (the "Notice

8   Date"), Lead Counsel shall cause a copy of the Notice and the Proof of Claim, substantially in

9   the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all Class

10  Members who can be identified through the Transfer Agent of Terayon Securities and

11  communication with the Nominees as discussed in paragraph 5 below.;

12          (b)     Also on the Notice Date, , Lead Counsel shall cause the Summary Notice

13  to be published once in the print and on-line edition of the *Investor's Business Daily* and issued

14  electronically over a widely disseminated media wire service over the internet; and

15          (c)     At least fourteen (14) calendar days after the issuance of the Notice and

16  publishing of the Summary Notice, Lead Counsel shall file with the Court proof, by declaration,

17  of such mailing and publishing, which shall include information describing the websites such

18  notice was delivered to.

19      5.      Nominees who purchased Terayon publicly-traded securities between June 28,

20  2001 and March 1, 2006, shall send the Notice and the Proof of Claim to all beneficial owners of

21  such Terayon securities within ten (10) days after receipt thereof, or send a list of the names and

22  addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt

23  thereof, in which event the Claims Administrator shall promptly mail the Notice and the Proof of

24  Claim to such beneficial owners.  Lead Counsel shall, if requested, reimburse banks, brokerage

25  houses or other nominees solely for their reasonable out-of-pocket expenses incurred in

26  providing notice to beneficial owners who are Class Members out of the Class Notice and

27  Administration Fund, which expenses would not have been incurred except for the sending of

28

1  such notice, subject to further order of this Court with respect to any dispute concerning such

2  compensation.

3       6.       All Members of the Class shall be bound by all determinations and judgments in

4  the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

5       7.       Class Members who wish to participate in the settlement shall complete and

6  submit Proof of Claim forms in accordance with the instructions contained therein.  Unless the

7  Court orders otherwise, all Proof of Claim forms must be postmarked no later than ninety (90)

8  days from the Notice Date.  Any Class Member who does not timely submit a Proof of Claim

9  within the time provided for shall be barred from sharing in the distribution of the proceeds of

10  the Net Settlement Fund, unless otherwise ordered by the Court.

11       8.       Any Person who desires to request exclusion from the Class shall do so within the

12  time set forth and in the manner described in the Notice.  All Persons who submit valid and

13  timely requests for exclusion in the manner set forth in the Notice shall have no rights under the

14  Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound

15  by the Stipulation or the Judgment entered in the Litigation.

16       9.       Any Member of the Class may enter an appearance in the Litigation, at their own

17  expense, individually or through counsel of their own choice.  If they do not enter an appearance,

18  they will be represented by Lead Counsel.

19       10.      Any Member of the Class may appear and show cause, if he, she or it has any

20  reason, why the proposed settlement of the Litigation should or should not be approved as fair,

21  reasonable and adequate, why a judgment should or should not be entered thereon, why the Plan

22  of Allocation should or should not be approved, or why attorneys' fees and expenses should or

23  should not be awarded to Lead Counsel; provided, however, that no Class Member or any other

24  Person shall be heard or entitled to contest the approval of the terms and conditions of the

25  proposed settlement, or, if approved, the Judgment to be entered thereon approving the same, or

26  the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to

27  Lead Counsel, unless that Person has delivered by first class mail written objections and copies

28  of any papers and briefs such that they are received on or before August 28, 2008, by: Saxena

1   White, P.A., c/o Joseph E. White III, 2424 North Federal Highway, Suite 257, Boca Raton, FL

2   33431, Kahn Gauthier Swick, c/o Lewis S. Kahn, 650 Poydras St., Suite 2150, New Orleans, LA

3   70130, Morgan, Lewis & Bockius LLP, c/o John Hemann One Market Spear Street Tower, San

4   Francisco, CA 94105, and Latham & Watkins LLP, c/o Patrick E. Gibbs, 140 Scott Drive, Menlo

5   Park, CA 94025, and filed these objections, papers and briefs with the Clerk of the United States

6   District Court for the Northern District of California, on or before August 28, 2008.   Any

7   Member of the Class who does not make his, her or its objection in the manner provided shall be

8   deemed to have waived such objection and shall forever be foreclosed from making any

9   objection to the fairness or adequacy of the proposed settlement as set forth in the Stipulation, to

10  the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel, unless

11  otherwise ordered by the Court.

12      11.     All funds held by the Escrow Agent shall be deemed and considered to be in the

13  custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as

14  such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

15      12.     All papers in support of the settlement, the Plan of Allocation, and the application

16  by Lead Counsel for attorneys' fees or reimbursement of expenses shall be filed and served

17  fourteen (14) calendar days before the Settlement Hearing.

18      13.     Neither the Defendants nor their Related Parties shall have any responsibility for

19  or liability with respect to the Plan of Allocation or any application for attorneys' fees or

20  reimbursement of expenses submitted by Lead Counsel, and such matters will be considered

21  separately from the fairness, reasonableness and adequacy of the settlement.

22      14.     At or after the Settlement Hearing, the Court shall determine whether the Plan of

23  Allocation proposed by Lead Counsel, and any application for attorneys' fees or reimbursement

24  of expenses shall be approved.

25      15.     All reasonable expenses incurred in identifying and notifying Class Members, as

26  well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.   In the

27  event the settlement is not approved by the Court, or otherwise fails to become effective, neither

28

1   the Lead Plaintiff nor Lead Counsel shall have any obligation to repay any amounts actually and

2   properly disbursed from the Class Notice and Administration Fund.

3       16.    Neither the Stipulation, nor any of its terms or provisions, nor any of the

4   negotiations or proceedings connected with it, shall be construed as an admission or concession

5   by Defendants or their Related Parties of the truth of any of the allegations in the Litigation, or of

6   any liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be

7   evidence of or an admission or concession that Lead Plaintiff or any Class Members have

8   suffered any damages, harm, or loss.

9       17.    In the event that the settlement does not become effective in accordance with the

10  terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement

11  Fund, or any portion thereof, is returned to the Defendants, then this Order shall be rendered null

12  and void to the extent provided by and in accordance with the Stipulation and shall be vacated

13  and, in such event, all orders entered and releases delivered in connection herewith shall be null

14  and void to the extent provided by and in accordance with the Stipulation.

15      18.    The Court reserves the right to continue the Settlement Hearing without further

16  notice to the Members of the Class, and retains jurisdiction to consider all further applications

17  arising out of or connected with the proposed settlement.  Should the Court continue the

18  Settlement Hearing, such a continuance will be reflected in the Court's calendar and accessible

19  via the Court's website.  Also, Lead Counsel shall publish over the same widely disseminating

20  news wire as used to publish the Summary Notice, a press release informing Class Members of

21  the change.  The Court may approve the settlement, with such modifications as may be agreed to

22  by the Settling Parties, if appropriate, without further notice to the Class.

23

24  DATED:  4/14/08

    _____
25  THE HONORABLE CLAUDIA WILKEN
    UNITED STATES DISTRICT JUDGE

26

27

28

1

Respectfully submitted,

2

3       SAXENA WHITE P.A.
        MAYA SAXENA
        Dated: _____    JOSEPH E. WHITE III

4

5

       _____

6                          JOSEPH E. WHITE, III

7       2424 North Federal Highway, Suite 257
        Boca Raton, FL 33431
        Tel: (561) 394-3399

8       Fax: (561) 394-3382

9       Counsel for Lead Plaintiff and the Class

10

11      KAHN GAUTHIER SWICK, LLC
        Dated: _____    LEWIS S. KAHN

12

13      _____
                           LEWIS S. KAHN

14      650 Poydras St, Suite 2150
        New Orleans, LA 70130

15      Tel: 504/455-1400
        Fax: 504/455-1498

16

17      Counsel for Plaintiff and the Class

18      BRAUN LAW GROUP, P.C.
        Dated: _____    MICHAEL D. BRAUN

19

20      _____
                          MICHAEL D. BRAUN

21      12400 Wilshire Blvd., Suite 920
        Los Angeles, CA 90025

22      Tel: 310/442-7755
        Fax: 310/442-7756

23

24      Liaison Counsel for Plaintiff and the Class
        LATHAM & WATKINS LLP
        PATRICK E. GIBBS

25      Dated: _____    JENNIE FOOTE FELDMAN

26

27      _____
                          PATRICK E. GIBBS

28

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE –    - 6-
3-06-CV-03936 CW

140 Scott Drive
Menlo Park, CA 94025
Tel: 650/328-4600
Fax: 650/463-2600

Counsel for Defendants

MORGAN, LEWIS & BOCKIUS LLP
MICHAEL J. LAWSON
SHEILA A. JAMBEKAR

Dated: _____

_____
                   JOHN HEMANN

One Market
Spear Street Tower
San Francisco, CA 94105
Tel: 415/442-1000
Fax: 415/442-1001

Counsel for Defendant Ernst & Young LLP

*Filer's Attestation:  Pursuant to General Order No. 45, Section X(B), Michael Braun hereby attests that concurrence in the filing of this document has been obtained.*

**BRAUN LAW GROUP, P.C.**
Michael D. Braun (S.B.N. 167416)
12304 Santa Monica Blvd., Ste. 109
Los Angeles, CA  90025
Tel: (310) 442-7755
Fax: (310) 442-7756
**Liaison Counsel**

**KAHN GAUTHIER SWICK, LLC**
Lewis S. Kahn
650 Poydras Street, Suite 2150
New Orleans, LA  70130
Tel: (504) 455-1400
Fax: (504) 455-1498
**Lead Counsel for Lead Plaintiff and Class**

**KAHN GAUTHIER SWICK, LLC**
Michael A. Swick
Kim E. Miller (S.B.N. 178370)
114 E. 39th St.
New York, NY  10016
Tel: (212) 920-4310
**Lead Counsel for Lead Plaintiff and Class**

**SAXENA WHITE P.A.**
Maya Saxena
Joseph E. White, III
2424 N. Federal Highway, Suite 257
Boca Raton, FL  33431
Tel: (561) 394-3399
**Lead Counsel for Lead Plaintiff and Class**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN MONGELI, Individually, And On Behalf Of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> TERAYON COMMUNICATION SYSTEMS, INC., ZAKI RAKIB, JERRY D. CHASE, MARK A. RICHMAN, EDWARD LOPEZ, RAY FRITZ, CAROL LUSTENADER, MATTHEW MILLER, SHLOMO RAKIB, DOUG SABELLA, CHRISTOPHER SCHAEPE, MARK SLAVEN, LEWIS SOLOMON, HOWARD W. SPEAKS, ARTHUR T. TAYLOR, DAVID WOODROW, and ERNST & YOUNG, LLP, <br><br> Defendants. <br> _____ | CASE NO.: 3-06-CV-03936 CW <br><br> **CLASS ACTION** <br><br> **REVISED NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION** <br><br> **EXHIBIT A** |

*IF YOU PURCHASED THE PUBLICLY-TRADED SECURITIES OF TERAYON COMMUNICATION SYSTEMS, INC. ("TERAYON") BETWEEN JUNE 28, 2001 AND MARCH 1, 2006, YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.*

A federal court authorized this Notice.  This is not a solicitation from a lawyer.

**Securities and Time Period:**  Terayon common stock; call options; and put options purchased between June 28, 2001 and March 1, 2006.

**Settlement Fund:**  $2,730,000 in cash.  Your recovery will depend on the amount and type of securities purchased and the timing of your purchases, and any sales.  Depending on the number and type of securities that participate in the settlement and when those shares were purchased and sold, the estimated average recovery per share of common stock will be approximately $0.054 before deduction of Court-approved fees and expenses.  The recovery for other securities cannot be accurately estimated.

**Reasons for Settlement:**  Avoids the costs and risks associated with continued litigation, including the danger of no recovery, and provides a substantial benefit to the Class now.

**If the Case Had Not Settled:**  The settlement must be compared to the risk of no recovery after contested motions, trial and likely appeals.  While Lead Counsel were prepared to go to trial and were confident about the case, a trial is a risky proposition and Lead Plaintiff might not have prevailed.  The claims in this case involve numerous complex legal and factual issues that would require extensive and costly expert testimony.  Among the many key issues about which the two sides do not agree are: (1) whether any of the Defendants violated the securities laws or otherwise engaged in any wrongdoing; (2) whether the facts alleged by the Lead Plaintiff were material, false, misleading or otherwise actionable under the securities laws; (3) the extent (if any) that various facts alleged by the Lead Plaintiff influenced the trading prices of Terayon securities during the relevant period; (4) the method for determining whether Terayon securities were artificially inflated during the relevant period; (5) the amount (if any) of such inflation; and (6) the amount of damages (if any) that could be recovered at trial.

**Attorneys' Fees and Expenses:**  Lead Counsel have not received any payment for their work investigating the facts, conducting this litigation and negotiating the settlement on behalf of

1  the Lead Plaintiff and the Class.  Court-appointed Lead Counsel will ask the Court for attorneys'

2  fees of no greater than 1/3 of the Settlement Fund and reimbursement of out-of-pocket expenses

3  not to exceed $100,000 to be paid from the Settlement Fund.  If the above amounts are requested

4  and approved by the Court, the estimated recovery per share of common stock will be $0.034.

5  **Deadlines:**

6  Submit Claim:    July 25, 2008

7  Request Exclusion:  August 28,, 2008

8  File Objection:  August 28, 2008

9  **Court Hearing on Fairness of Settlement:** Thursday, September 18, 2008 at 2:00 p.m.

10  **More Information:**  http://www.gardencitygroup.com  or
    Claims Administrator:

11                                            Co-Lead Counsel:

12  *Terayon Communication Systems, Inc.*     Lewis S. Kahn
    *Securities Litigation*                   Kahn Gauthier Swick
13  *c/o The Garden City Group, Inc.*         650 Poydras St., Suite 2150
    *PO Box 9257*                             New Orleans, LA  70130
14  *Dublin, OH 43017-4657*                   Tel:  (504) 455-1400
    *Toll Free 1(888) 230-2185*               Fax:  (504) 455-1498
15

16                                            Joseph E. White III
                                             Saxena White, P.A.
17                                            2424 North Federal Highway, Suite 257
                                             Boca Raton, FL 33431
18                                            Tel:  (561) 394-3399
                                             Fax:  (561) 394-3382

19
    • Your legal rights are affected whether you act, or don't act.  Read this Notice carefully.
20
21          **YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:**

22  **SUBMIT A CLAIM FORM**    The only way to receive a payment.

23  **OBJECT**                 You may write to the Court if you do not like this settlement.

24

25

26

27

28

**GO TO A HEARING**             You may ask to speak in Court about the fairness of the settlement.

**DO NOTHING**             Receive no payment.

**EXCLUDE YOURSELF**      Receive no payment.  This is the only option that allows you to participate in another lawsuit against the Defendants relating to the claims being released in this case.

- These rights and options — *and the deadlines to exercise them* — are explained in this Notice.

- The Court in charge of this case must decide whether to approve the settlement. Payments will be made if the Court approves the settlement and, if there are any appeals, after appeals are resolved.  Please be patient.

**BASIC INFORMATION**

1.      Why Did I Receive This Notice Package?

You or someone in your family may have purchased publicly-traded securities of Terayon between June 28, 2001 and March 1, 2006.

The Court sent you this Notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement.  If the Court approves it and after any objections or appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is known as *Mongeli v. Terayon Communication Systems, Inc.*, No. 3-06-CV-03936 MJJ (N.D. Cal.).  The person who sued is called the Lead Plaintiff, and the company and the individuals he sued, Terayon, Zaki Rakib, Jerry D. Chase, Mark A. Richman, Edward Lopez, Ray Fritz, Carol Lustenader, Matthew Miller, Shlomo Rakib, Doug

Sabella, Christopher Schaepe, Mark Slaven, Lewis Solomon, Howard W. Speaks, Arthur T. Taylor, David Woodrow and Ernst & Young LLP are called the Defendants.

2.     **What Is This Lawsuit About?**

This case was brought as a class action alleging that Defendants made false and misleading statements and omissions during the period June 28, 2001 and March 1, 2006, concerning Terayon's financial condition and the company's internal auditing and accounting procedures.  The case alleges that these misrepresentations resulted in the artificial inflation of the prices of Terayon publicly-traded securities between June 28, 2001 and March 1, 2006. Defendants deny that they did anything wrong.

3.     **Why Is This a Class Action?**

In a class action, one or more people called class representatives (in this case the Court-appointed Lead Plaintiff, Adrian Mongeli) sue on behalf of people who have similar claims. Here, all these people are called a Class or Class Members.  One court resolves the issues for all Class Members, except for those who timely and validly exclude themselves from the Class. Judge Claudia Wilken is in charge of this class action.

4.     **Why Is There a Settlement?**

The Court did not decide in favor of Lead Plaintiff or Defendants.  Instead, both sides agreed to a settlement.  That way, they avoid the cost and uncertainty of a trial, and eligible Class Members who submit valid claims will receive compensation.   The Lead Plaintiff and his attorneys think the settlement is best for all Class Members.

**WHO IS IN THE SETTLEMENT**

To see if you will receive money from this settlement, you first have to determine if you are a Class Member.

5.     **How Do I Know if I Am Part of the Settlement?**

The Class includes ***all persons who purchased the publicly-traded securities of Terayon between June 28, 2001 and March 1, 2006.***

6.    What Are The Exceptions to Being Included?

You are not a Class Member if you are a Defendant, a member of the immediate family of one of the Individual Defendants listed in question 1, a current or former director or officer of Terayon, a legal representative, heir, successor, or assign of any excluded party.

If you sold Terayon securities between June 28, 2001 and March 1, 2006, that alone does not make you a Class Member.  You are a Class Member only if you purchased the publicly-traded securities of Terayon between June 28, 2001 and March 1, 2006.

7.    I'm Still Not Sure if I Am Included.

If you are still not sure whether you are included, you can ask for free help.  You can call Joseph E. White III at (561) 394-3399 or Lewis S. Kahn at (504) 455-1400 for more information.  Or you can fill out and return the claim form described in question 10, to see if you qualify.

**THE SETTLEMENT BENEFITS — WHAT YOU GET**

8.    What Does the Settlement Provide?

Defendants have agreed to pay $2.73 million in cash.  The balance of this fund after payment of Court-approved attorneys' fees and expenses and the costs of claims administration, including the costs of printing and mailing this Notice and the cost of publishing newspaper notice (the "Net Settlement Fund") will be divided among all eligible Class Members who send in valid claim forms.

9.    How Much Will My Payment Be?

Your share of the Net Settlement Fund will depend on the number of valid claim forms that Class Members send in and how many shares of Terayon securities you purchased during the relevant period and when you bought and sold them.  A claim will be calculated as follows:

**Common Stock**

The allocation for common stock is based upon the per share inflation amounts listed in the Plan of Allocation, attached hereto.

The payment you will receive will be based on (1) the number and type of shares you bought during the class period and when you sold them, (2) the number of class members who file claims, and (3) the number and type of shares the participating class members bought during

the class period and when they sold them.  Depending on the number and type of eligible securities that participate in the settlement and when those securities were purchased and sold, the estimated average payment for common stock will be approximately $0.054 for each share of common stock before deduction of Court-approved fees and expenses.  The number of claimants who send in claims varies widely from case to case.  If fewer than anticipated Class Members send in a claim form, you could receive more money.

The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date.

For Class Members who held Terayon securities at the beginning of the Class Period or made multiple purchases or sales during the Class Period, the first-in, first-out ("FIFO") method will be applied to such holdings, purchases and sales for purposes of calculating a claim.  Under the FIFO method, sales of securities during the Class Period will be matched, in chronological order, first against securities held at the beginning of the Class Period.  The remaining sales of securities during the Class Period will then be matched, in chronological order, against securities purchased during the Class Period.

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net loss, after all profits from transactions in Terayon securities during the Class Period are subtracted from all losses.  However, the proceeds from sales of securities of the same type which have been matched against securities of the same type held at the beginning of the Class Period will not be used in the calculation of such net loss. No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

## HOW YOU OBTAIN A PAYMENT — SUBMITTING A CLAIM FORM

10.     How Will I Obtain a Payment?

To qualify for payment, you must be an eligible Class Member, send in a valid claim form, and properly document your claim as requested in the claim form.  A claim form is enclosed with this Notice.  Read the instructions carefully, fill out the form, include all the

1  documents the form asks for, sign it, and mail it in the enclosed envelope postmarked no later

2  than July 25, 2008.

3          11.      When Will I Receive My Payment?

4          The Court will hold a hearing on September 18, 2008, to decide whether to approve the

5  settlement.  If Judge Wilken approves the settlement, there may be appeals.  It is always

6  uncertain whether these appeals can be resolved, and resolving them can take time, perhaps

7  several years.  Everyone who sends in a claim form will be informed of the determination with

8  respect to their claim.  Please be patient.

9          12.      What Am I Giving Up to Receive a Payment or Stay in the Class?

10         Unless you timely and validly exclude yourself, you are staying in the Class, and that

11  means that you cannot sue, continue to sue, or be part of any other lawsuit against the

12  Defendants about the Released Claims in this case.  It also means that all of the Court's orders

13  will apply to you and legally bind you and you will release your claims in this case against the

14  Defendants.  The terms of the release are included in the claim form that is enclosed.

15                  **EXCLUDING YOURSELF FROM THE SETTLEMENT**

16         If you do not want a payment from this settlement, but you want to keep the right to sue

17  or continue to sue the Defendants on your own for the Released Claims in this case, then you

18  must take steps to get out of the Class.  This is called excluding yourself or is sometimes referred

19  to as opting out of the Class.

20         13.      How Do I Get Out of the Class?

21         To exclude yourself from the Class, you must send a letter by mail stating that you want

22  to be excluded from *Mongeli v. Terayon Communication Systems, Inc*., No. 3-06-CV-03936 MJJ

23  (N.D. Cal.).  You must include your name, address, telephone number, your signature, and the

24  number and type of shares of Terayon securities you purchased between June 28, 2001 and

25  March 1, 2006, the number and type of securities sold during this time period, if any, and the

26  dates of such purchases and sales.  You must mail your exclusion request postmarked no later

27  than August 28, 2008 to:

28

*Terayon Communication Systems, Inc. Securities Litigation*

*c/o The Garden City Group, Inc.*

*PO Box 9257*

*Dublin, OH 43017-4657*

*Toll Free 1(888) 230-2185*

You cannot exclude yourself on the phone or by e-mail.  If you ask to be excluded, you are not eligible to receive any settlement payment, and you cannot object to the settlement.  You will not be legally bound by anything that happens in this lawsuit.

14.    If I Do Not Exclude Myself, Can I Sue the Defendants for the Same Thing Later?

No.  Unless you timely and validly exclude yourself, you give up any right to sue the Defendants for the Released Claims in this settlement.  If you have a pending lawsuit against any of the Defendants, speak to your lawyer in that case immediately.  Remember, the exclusion deadline is August 28, 2008.

15.    If I Exclude Myself, Can I Receive Money from This Settlement?

No.  If you exclude yourself, do not send in a claim form.  But, you may be able to sue, continue to sue, or be part of a different lawsuit involving the Released Claims against the Defendants.

## THE LAWYERS REPRESENTING YOU

16.    Do I Have a Lawyer in This Case?

The Court appointed the law firms of Saxena White P.A. and Kahn Gauthier Swick, LLC to represent you and other Class Members.  These lawyers are called Lead Counsel.  You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one, at your own expense.

1          17.     How Will the Lawyers Be Paid?

2          Lead Counsel will ask the Court for attorneys' fees of no more than 1/3 of the Settlement

3    Fund and for reimbursement of their out-of-pocket expenses up to $100,000 which were

4    advanced in connection with the litigation, which may include approximately $3000 for

5    reimbursement for the lead plaintiff's time and expenses.  Such sums as may be approved by the

6    Court will be paid from the Settlement Fund.  Class Members are not personally liable for any

7    such fees or expenses.

8          The attorneys' fees and expenses requested will be the only payment to Lead Counsel for

9    their efforts in achieving this settlement and for their risk in undertaking this representation on a

10   wholly contingent basis.  Lead Counsel have committed significant time and expenses in

11   litigating this case for the benefit of the Class since its inception in 2006.  Lead Counsel has

12   invested substantial time and effort in prosecuting this case and has not been paid for their

13   services in conducting this litigation on behalf of the Lead Plaintiff and the Class, nor for their

14   substantial out-of-pocket expenses.  The fee requested will compensate Lead Counsel for their

15   work in achieving the Settlement Fund and is well within the range of fees awarded to class

16   counsel under similar circumstances in other cases of this type.  The Court may award less than

17   this amount.

18                          **OBJECTING TO THE SETTLEMENT**

19         You can tell the Court that you do not agree with the settlement or some part of it.

20         18.     How Do I Tell the Court that I Do Not Like the Settlement?

21         If you are a Class Member, you can object to the settlement if you do not like any part of

22   it, including the Plan of Allocation and the request for attorneys' fees.  You can state the reasons

23   why you think the Court should not approve it.  The Court will consider your views.  To object,

24   you must send a letter saying that you object to the settlement in *Mongeli v. Terayon*

25   *Communication Systems, Inc.*, No. CV-03-03936 MJJ.  Be sure to include your name, address,

26   telephone number, your signature, the number and type of Terayon securities purchased and sold

27   between June 28, 2001 and March 1, 2006 and the reasons you object.  Any objection must be

28

1    mailed or delivered such that it is received by *each* of the following no later than August 28,

2    2008:

3           *Court:*

4           Clerk of the Court
            UNITED STATES DISTRICT COURT

5           NORTHERN DISTRICT OF CALIFORNIA
            United States Courthouse

6           1301 Clay Street,
            Oakland, California 94612-5212

7

8           *Co-Lead Counsel for Lead Plaintiff:*

9           Joseph E. White III
            SAXENA WHITE, P.A.

10          2424 North Federal Highway, Suite 257
            Boca Raton, FL 33431

11          Tel:  (561) 394-3399
            Fax:  (561) 394-3382

12

            Lewis S. Kahn
13          Kahn Gauthier Swick
            650 Poydras St.

14          Suite 2150
            New Orleans, LA 70130

15
            *Liaison Counsel:*
16

17          Michael D. Braun
            BRAUN LAW GROUP, P.C.

18          12400 Wilshire Boulevard, Suite 920
            Los Angeles, CA 90025

19          Tel:  (561) 394-3399
            Fax: (561) 394-3382

20
            *Counsel for Terayon Communication Systems, Inc. and the Individual*
21          *Defendants:*

22          Patrick E. Gibbs
            LATHAM & WATKINS LLP

23          140 Scott Drive
            Menlo Park, CA 94025

24          Tel: (650) 328-4600
            Fax: (650 463-2600

25
            *Counsel for Defendant Ernst & Young:*
26

27          John Hemann
            MORGAN, LEWIS & BOCKIUS LLP
            One Market

28          Spear Street Tower

San Francisco, CA 94105
Tel: (415) 442-1000
Fax: (415) 442-1001

19.    What's the Difference Between Objecting and Excluding?

Objecting is simply telling the Court that you do not like something about the settlement. You can object **only if** you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

### THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you do not have to.

20.    When and Where Will the Court Decide Whether to Approve the Settlement?

The Court will hold a fairness hearing at 2:00 p.m., on September 18, 2008, at the United States Courthouse, 1301 Clay Street, Oakland, California. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Wilken will listen to people who have asked to speak at the hearing. The Court will also consider how much to pay to Lead Counsel. The Court may decide these issues at the hearing or take them under consideration. We do not know how long these decisions will take. The Court may change the date of the Settlement Hearing without providing further notice to you; however, the Court's calendar is publicly available on its website at http://www.cand.uscourts.gov/. You are encouraged to check the Court's website or contact Lead Counsel to verify the Settlement Hearing has not been changed.

21.    Do I have to Come to the Hearing?

No. Lead Counsel will answer questions Judge Wilken may have. But, you are welcome to come, at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

1    22.    May I Speak at the Hearing?

2    You may ask the Court for permission to speak at the fairness hearing.  To do so, you

3    must send a letter saying that it is your intention to appear in *Mongeli v. Terayon Communication*

4    *Systems, Inc.*, No. 3-06-CV-03936 MJJ.  Be sure to include your name, address, telephone

5    number, your signature, and the number and type of Terayon securities purchased between June

6    28, 2001 and March 1, 2006.  Your notice of intention to appear must be postmarked no later

7    than September 8, 2008, and be sent to the Clerk of the Court, Lead Counsel, and Defendants'

8    counsel, at the three addresses listed in question 18.  You cannot speak at the hearing if you

9    exclude yourself from the Class.

10    **IF YOU DO NOTHING**

11    23.    What Happens if I Do Nothing at All?

12    If you do nothing, you will not receive any money from this settlement.  But, unless you

13    exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any

14    other lawsuit against the Defendants about the Released Claims in this case.

15    **GETTING MORE INFORMATION**

16    24.    Are There More Details About the Settlement?

17    This Notice summarizes the proposed settlement.  More details are in the Stipulation of

18    Settlement dated as of February 19, 2008. You can obtain a copy of the Stipulation of Settlement

19    by writing to Joseph E. White III, Saxena White, P.A., 2424 North Federal Highway, Suite 257,

20    Boca Raton, Florida 33431, or Lewis S. Kahn, Kahn Gauthier Swick, 650 Poydras St., Suite

21    2150, New Orleans, LA 70130, or by visiting the Clerk's office at the United States District

22    Court for the Northern District of California, 1301 Clay Street, Oakland, California during

23    regular business hours.

24

25

26

27

28

1   25.  How Do I Get More Information?

2   You can call *1(888) 230-2185* or write to Joseph E. White III at Saxena White, P.A., or

3 Lewis S. Kahn at Kahn Gauthier Swick, 650 Poydras St., Suite 2150, New Orleans, LA 70130,

4 or visit the Settlement Administrator's website at http://www.gardencitygroup.com.

5

6           **THE PLAN OF ALLOCATION**

7   The Net Settlement Fund will be distributed to Class Members who submit valid, timely

8 Proof of Claim forms ("Authorized Claimants") under the Plan of Allocation described below.

9 The Plan of Allocation provides that you will be eligible to participate in the distribution of the

10 Net Settlement Fund only if you have a net loss on all transactions in Terayon common stock and

11 options during the Class Period.

12

13   Each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that

14 each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants.

15 Payment in this manner shall be deemed conclusive against all Authorized Claimants.

16

17   The total of all profits shall be subtracted from the total of all losses from transactions

18 during the Class Period to determine if a Class Member has a claim.  Only if a Class Member

19 had a net loss, after all profits from transactions in Terayon Communications Systems common

20 stock during the Class Period are subtracted from all losses, will such Class Member be eligible

21 to receive a distribution from the Net Settlement Fund.   Claims will be calculated as follows:

22

23   Section 10(b) Claims

24   Class Period June 28, 2001 through March 1, 2006

25   The Allocation below is based on the following price data:

26   November 7, 2005 Closing Price:  $2.57

27   November 8, 2005 Closing Price:  $2.25

28

1     November 8, 2005 Price Decline:    $0.32

2

3     January 10, 2006 Closing Price:    $2.06

4     January 11, 2006 Closing Price:    $2.00

5     January 11, 2006 Price Decline:    $0.06

6

7     March 1, 2006 Closing Price:    $2.70

8     March 2, 2006 Closing Price:    $2.33

9     March 2, 2006 Price Decline:    $0.37

10

11    1.    For shares of Terayon Communications Systems common stock purchased on

12    June 28, 2001 through November 7, 2005, and

13        a)    Sold prior to November 8, 2005, the claim per share is $0;

14        b)    Sold from November 8, 2005 through January 10, 2006, the claim per share is the

15    lesser of: (i) the purchase price less the sales price, or (ii) $0.32 (November 8, 2005 price

16    decline);

17        c)    Sold from January 11, 2006 through March 1, 2006, the claim per share is the

18    lesser of (i) the purchase price less the sales price, or (ii) $0.38 (November 8, 2005 and January

19    11, 2006 price declines);

20        d)    Retained at the end of March 1, 2006, the claim per share is the lesser of: (i) the

21    purchase price less $2.33 (March 2, 2006 closing price), or (ii) $0.75 (November 8, 2005,

22    January 11, 2006 and March 2, 2006 price declines).

23

24    2.    For shares of Terayon Communications Systems common stock purchased on

25    November 8, 2005 through January 10, 2006, and

26        a)    Sold prior to January 11, 2006, the claim per share is $0;

27        b)    Sold from January 11, 2006 through March 1, 2006, the claim per share is the

28    lesser of: (i) the purchase price less the sales price, or (ii) $0.06 (January 11, 2006 price decline);

1     c)     Retained at the end of March 1, 2006, the claim per share is the lesser of: (i) the

2    purchase price less $2.33 (March 2, 2006 closing price), or (ii) $0.43 (January 11, 2006 and

3    March 2, 2006 price declines).

4

5     3.     For shares of Terayon Communications Systems common stock purchased on

6    January 11, 2006 through March 1, 2006, and

7     a)     Sold no later than March 1, 2006, the claim per share is $0;

8     b)     Retained as of March 2, 2006, the claim per share is the lesser of: (i) the purchase

9    price less $2.33 (March 2, 2006 closing price), or (ii) $0.37 (March 2, 2006 price decline).

**Example #1:**

10

John Doe makes the following Class Period purchase and sale:

11

- He buys 1,000 shares on February 26, 2002 at $5 per share.

12

- He sells 1,000 shares on December 30, 2005 at $2.25 per share.

13    **Calculation:**

14

15    Step 1: Mr. Doe is eligible to receive money because he has "a net loss," and the Plan of

16    Allocation requires a net loss on all transactions in Terayon common stock and options during

17    the Class Period to be eligible to participate in the distribution of the Net Settlement Fund..

18    Step 2: Recovery per share for this claim will be the lesser of: (i) the purchase price minus the

19    sales price, or (ii) $0.32 (the November 8, 2005 price decline), calculated according to p. 14,

20    Para. 1(b), because the purchase and sale dates are November 8, 2005 and January 10, 2006.

21

22

23

24

25

26

27

28

Step 3: The difference between the purchase price and the sale price is $2.75 ($5.00 - $2.25). Therefore, the claim per share is $0.32. The total value of this claim is 1,000 shares x $0.32 or $320.00.

**Recognized Loss = $320**

**Example #2:**

At the beginning of the Class Period, Jane Doe already owns 300 shares. At the end of the Class Period she owns 500 shares. She also makes the following purchases and sales during the Class Period:

- She buys 200 shares on June 10, 2002 at $2.50 per share (now she owns 500 total shares).
- She buys 500 shares on December 8, 2003 at $5.00 per share (now she owns 1000 total shares).
- She sells 300 shares on March 4, 2004 at $4.25 per share (now she owns 700 total shares).
- She sells 200 shares on September 20, 2005 at $4.00 per share (now she owns 500 total shares).

**Calculation:**

Step 1: In this scenario, a method called the "First In First Out" (or "FIFO") will be used. Under FIFO, the shares that were purchased first are assumed to be sold completely before shares purchased later are sold. Note: Ms. Doe is eligible to receive a distribution because she has "a net loss." See p. 13, 2d Full Para.

Step 2: Applying FIFO, the first sale of 300 shares matches to the pre-Class Period holdings and this match up does not result in a recognized loss.

Step 3: Applying FIFO, the next matchup is the first purchase of 200 shares during the Class Period which matches to the sale of 200 shares on September 20, 2005. This matchup is calculated pursuant to p. 14, Para. 1(a) because of the purchase and sale dates. Accordingly, the

claim per share for these 200 shares is $0, as sales prior to November 8, 2005 result in zero recognized loss.

Step 4: Applying FIFO, the final matchup will be calculated pursuant to p. 14, Para. 1(d) because of the purchase and sale dates.  Accordingly, the claim per share is $0.75.  The total value of this matchup is 500 shares x $0.75 or $375.00.

**Recognized Loss = $375**

Call Options:

The amount of recognized claim for purchasers of Call Options on Terayon Communications Systems common stock during the Class Period will be calculated as follows:

1) No claim will be recognized for any Terayon Communications Systems Call Options purchased during the Class Period that were not owned as of the close of trading on 11/7/05, 1/10/06 or 3/1/06.

2) For Terayon Communications Systems Call Options purchased during the Class Period and owned as of the close of trading on 11/7/05, an authorized claimant's recognized claim shall be the lesser of (a) 5% of the difference, if a loss, between (x) the amount paid for the Terayon Communications Systems Call Options during the Class Period (including brokerage commissions and transaction chargers)(the Purchase Price Paid or "PPP") and (y) the sum for which said Terayon Communications Systems Call Options were subsequently sold at a loss (after brokerage commissions & transaction chargers)(or $0.00 if the Call Option expired while still owned by the authorized claimant (the Sale Price Received or "SPR"); or (b) $0.02 (5% of the November  8, 2005 price decline).

3)  For  Terayon Communications Systems Call Options purchased during the Class Period and  owned as of the close of trading on 1/10/06, an authorized claimant's recognized claim shall be the lesser of (a) 5% of the difference, if a loss, between the PPP and the SPR; or (b) $0.01.

4)  For Terayon Communications Systems Call Options purchased during the Class Period and owned as of the close of trading on 3/1/06, an authorized claimant's recognized claim shall be the lesser of (a)5% of the difference, if a loss, between the PPP and the SPR; or (b) $0.02 (5% of the March 2, 2006 price decline).

5)  No loss shall be recognized based on a sale or writing of any Call Options that were subsequently repurchased.

NOTE:  Shares of Terayon Communications Systems acquired during the Class Period through the exercise of a Call Option shall be treated as a claim purchase on the date of exercise for the exercise price plus the cost of the Call Option, and any recognized claim arising from such transaction shall be computed as provided for other purchases of common stock.

Put Options:

The amount of recognized claim for sales (writing) of Put Options on Terayon Communications Systems common stock during the Class Period will be calculated as follows:

1)  No claim for any Put Options sold (written) during the Class Period that were not the obligation of the claimant as of the close of trading on 11/7/05, 1/10/06 or 3/1/06.

2)  For Terayon Communications Systems Put Options sold (written)  during the Class Period which were the obligation of the authorized claimant at the close of trading

on 11/7/05, an authorized claimant's recognized claim shall be the lesser of (a) 5% of the difference, if a loss, between (x) the amount received for writing the Put Option  for the Terayon Communications Systems  during the Class Period (including brokerage commissions and transaction charges) (the "PPP") and (y) the sum for which said Terayon Communications Systems Put Options were re-purchased  at a loss (after brokerage commissions & transaction charges)(or $0.00 if the Put Option expired while still owned by the authorized claimant (the "SPR"); or (b) $0.02 (5% of the November  8, 2005 price decline).

3)  For Terayon Communications Systems Put Options sold (written) during the Class Period which were the obligation of the authorized claimant at the close of trading on 1/10/06, an authorized claimant's recognized claim shall be the lesser of (a) 5% of the difference, if a loss,  between the PPP and the SPR; or (b) $0.01

4)  For Terayon Communications Systems Put Options sold (written) during the Class Period which were the obligation of the authorized claimant at the close of trading on 3/1/06, an authorized claimant's recognized claim shall be the lesser of (a) 5% of the difference, if a loss, between the PPP and the SPR; or (b) $0.02 (5% of the March 2, 2006 price decline).

5)  No loss shall be recognized base on a sale of any Put Options that were previously purchased.

NOTE:  For Terayon Communications Put Options written during the Class Period that were "Put" to the authorized claimant (i.e. exercised), the authorized claimant's recognized claim shall be calculated as a purchase of common stock as shown above, and as if the sale of the Put Option were instead a purchase of Terayon Communications Systems common stock on the date of the

1  sale of the Put Option, and the "purchase price paid" shall be the strike price less the proceeds

2  received at the sale of the Put Option.

3

4  ***DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE***

5  **SPECIAL NOTICE TO NOMINEES**

6  The Court has ordered that if you hold shares of any Terayon securities purchased

7  between June 28, 2001 and March 1, 2006 as nominee for a beneficial owner, then, within ten

8  (10) days after you receive this Notice, you must either: (1) send a copy of this Notice by first

9  class mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to

10  the Claims Administrator:

11  *Terayon Communication Systems, Inc. Securities Litigation*

12  *c/o The Garden City Group, Inc.*

13  *PO Box 9257*

14

15  *Dublin, OH 43017-4657*

16  *1(888) 230-2185* If you choose to mail the Notice and Proof of Claim yourself, you may

17  obtain from the Claims Administrator (without cost to you) as many additional copies of these

18  documents as you will need to complete the mailing.

19  Regardless of whether you choose to complete the mailing yourself or elect to have the

20  mailing performed for you, you may obtain reimbursement for or advancement of reasonable

21  administrative costs actually incurred or expected to be incurred in connection with forwarding

22  the Notice and which would not have been incurred but for the obligation to forward the Notice,

23  upon submission of appropriate documentation to the Claims Administrator.

24

25  DATED: _____          BY ORDER OF THE COURT
26                                          UNITED STATES DISTRICT COURT
                                            NORTHERN DISTRICT OF CALIFORNIA
27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2  **BRAUN LAW GROUP, P.C.**                    **KAHN GAUTHIER SWICK, LLC**
   Michael D. Braun (S.B.N. 167416)            Michael A. Swick
3  12304 Santa Monica  Blvd., Ste. 109         Kim E. Miller (S.B.N. 178370)
   Los Angeles, CA  90025                      114 E. 39th St.
4  Tel: (310) 442-7755                         New York, NY  10016
   Fax: (310) 442-7756                         Tel: (212) 920-4310
   **Liaison Counsel**                         **Lead Counsel for Lead Plaintiff and Class**
5

6  **KAHN GAUTHIER SWICK, LLC**                 **SAXENA WHITE P.A.**
   Lewis S. Kahn                               Maya Saxena
7  650 Poydras Street, Suite 2150              Joseph E. White, III
   New Orleans, LA  70130                      2424 N. Federal Highway, Suite 257
   Tel: (504) 455-1400                         Boca Raton, FL  33431
8  Fax: (504) 455-1498                         Tel: (561) 394-3399
   **Lead Counsel for Lead Plaintiff and Class**  **Lead Counsel for Lead Plaintiff and Class**

9
                    UNITED STATES DISTRICT COURT
10
                   NORTHERN DISTRICT OF CALIFORNIA
11

12

13 ADRIAN MONGELI, Individually, And On  )   CASE NO.: 3-06-CV-03936 CW
   Behalf Of All Others Similarly Situated,  )
                                          )   **CLASS ACTION**
14            Plaintiffs,                  )
                                          )   **SUMMARY NOTICE**
15        v.                              )
                                          )   **EXHIBIT A-2**
16 TERAYON COMMUNICATION SYSTEMS, )
   INC., ZAKI RAKIB, JERRY D. CHASE,     )
17 MARK A. RICHMAN, EDWARD LOPEZ,        )
   RAY FRITZ, CAROL LUSTENADER,          )
18 MATTHEW MILLER, SHLOMO RAKIB,         )
   DOUG SABELLA, CHRISTOPHER             )
19 SCHAEPE, MARK SLAVEN, LEWIS           )
   SOLOMON, HOWARD W. SPEAKS,            )
20 ARTHUR T. TAYLOR, DAVID               )
   WOODROW, and ERNST & YOUNG, LLP,      )
21                                        )
             Defendants.                  )
22 _____)

23

24

25

26

27

28

TO:    ALL PERSONS WHO PURCHASED THE PUBLICLY-TRADED SECURITIES OF TERAYON COMMUNICATION SYSTEMS, INC. ("TERAYON") BETWEEN JUNE 28, 2001 AND MARCH 1, 2006

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Northern District of California, that a hearing will be held on September 18, 2008, at 2:00 p.m., before the Honorable Claudia Wilken at the United States Courthouse, 1301 Clay Street, Oakland, CA 94612-5212, for the purpose of determining (1) whether the proposed settlement of the claims in the Litigation for the sum of $2,730,000 in cash should be approved by the Court as fair, reasonable and adequate; (2) whether, after the hearing, this Litigation should be dismissed with prejudice pursuant to the terms and conditions set forth in the Stipulation of Settlement dated as of February 19, 2008; (3) whether the Plan of Allocation is fair, reasonable and adequate and should be approved; and (4) whether the application of Lead Counsel for the payment of attorneys' fees and reimbursement of expenses incurred in this Litigation should be approved.

The Court may change the date of the Settlement Hearing without providing further notice to you; however, the Court's calendar is publicly available on its website at http://www.cand.uscourts.gov/.  You are encouraged to check the Court's website or contact Lead Counsel to verify the Settlement Hearing has not been changed.

If you purchased the publicly-traded securities of Terayon between June 28, 2001 and March 1, 2006, your rights may be affected by the settlement of this Litigation.  If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action ("Notice") and a copy of the Proof of Claim and Release, you may obtain copies by writing to:

>*Terayon Communication Systems, Inc. Securities Litigation*
>*c/o The Garden City Group, Inc.*
>*PO Box 9257*
>*Dublin, OH 43017-4657*
>
>*Toll Free 1(888) 230-2185  .*

If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release postmarked no later than July 25, 2008, establishing that you are entitled to recovery.

1    If you desire to be excluded from the Class, you must submit a Request for Exclusion

2    postmarked by August 28, 2008, in the manner and form explained in the detailed Notice

3    referred to above.   All Members of the Class who have not timely and validly requested

4    exclusion from the Class will be bound by any judgment entered in the Litigation pursuant to the

5    terms and conditions of the Stipulation of Settlement.

6    Any objection to the settlement must be mailed or delivered such that it is received by

7    each of the following no later than August 28, 2008:

8    CLERK OF THE COURT
     UNITED STATES DISTRICT COURT
9    NORTHERN DISTRICT OF CALIFORNIA
     1301 Clay Street
10

11    Oakland, CA 94612-5212

12   *Co-Lead Counsel for Plaintiffs*:
     SAXENA WHITE, P.A.
13   JOSEPH E. WHITE, III
     2424 North Federal Highway, Suite 257
14   Boca Raton, FL 33431

15
     KAHN GAUTHIER SWICK LLC
16   LEWIS S. KAHN
     650 Poydras St., Suite 2150
17   New Orleans, LA  70130

18
     *Liaison Counsel for Plaintiff and the Class*:
19   BRAUN LAW GROUP, P.C.
     MICHAEL D. BRAUN
20   12400 Wilshire Blvd., Suite 920
     Los Angeles, CA 90025
21
     *Counsel for Defendants:*
22   LATHAM & WATKINS LLP
     PATRICK E. GIBBS
23   140 Scott Drive
     Menlo Park, CA 94025
24

25   *Counsel for Defendants Ernst & Young:*
     MORGAN LEWIS & BOCKIUS LLP
26   JOHN HEMANN
     One Market
27   Spear Street Tower
     San Francisco, CA 94105
28

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**  If you have any questions about the settlement, you may contact Lead Counsel for Plaintiffs at the address listed above.


DATED: _____          BY ORDER OF THE COURT
                                        UNITED STATES DISTRICT COURT
                                        NORTHERN DISTRICT OF CALIFORNIA

1 | Michael D. Braun (167416)
BRAUN LAW GROUP, P.C.
2 | 12304 Santa Monica Blvd., Suite 109
Los Angeles, CA 90025
3 | Tel:  (310) 442-7755
Fax:  (310) 442-7756
4 |

**Liaison Counsel for Plaintiff and the Class**

5 |

Maya Saxena                                    Michael A. Swick
6 | Joseph E. White, III                           Kim E. Miller
SAXENA WHITE P.A.                              KAHN GAUTHIER SWICK, LLC
7 | 2424 North Federal Highway, Suite 257          12 East 41st St., 12th Floor
Boca Raton, FL 33431                           New York, NY 10017
8 | Tel:  (561) 455-1400                           Tel:  (212) 696-3730
Fax:  (561) 394-3382                           Fax:  (504) 455-1498
9 |

Lewis Kahn
10 | KAHN GAUTHIER SWICK, LLC
650 Poydras Street, Suite 2150
11 | New Orleans, LA 70130
Tel:  (504) 455-1400
12 | Fax:  (504) 455-1498

13 | **Lead Counsel for Plaintiff and the Class**

14 |                    UNITED STATES DISTRICT COURT

15 |                    NORTHERN DISTRICT OF CALIFORNIA

16 |
ADRIAN MONGELI, Individually, And On         )    CASE NO.: 3-06-CV-03936 CW
17 | Behalf Of All Others Similarly Situated,      )
                                              )    **CLASS ACTION**
18 |              Plaintiffs,                     )
                                              )
19 |         v.                                  )    **PROOF OF CLAIM AND RELEASE**
                                              )
20 | TERAYON COMMUNICATION SYSTEMS, )    **EXHIBIT A-1**
INC., ZAKI RAKIB, JERRY D. CHASE,           )
21 | MARK A. RICHMAN, EDWARD LOPEZ,             )
RAY FRITZ, CAROL LUSTENADER,                )
22 | MATTHEW MILLER, SHLOMO RAKIB,              )
DOUG SABELLA, CHRISTOPHER                    )
23 | SCHAEPE, MARK SLAVEN, LEWIS                )
SOLOMON, HOWARD W. SPEAKS,                   )
24 | ARTHUR T. TAYLOR, DAVID                    )
WOODROW, and ERNST & YOUNG, LLP,            )
25 |                                              )
              Defendants.                     )
26 | _____ )

27 |

28 |

PROOF OF CLAIM AND RELEASE – C-06-03936 CW

1  **I.    GENERAL INSTRUCTIONS**

2      1.    To recover as a member of the class based on your claims in the action entitled

3  *Mongeli v. Terayon Communication Systems*, No.  C-06-03936 CW (the "Litigation"), you must

4  complete and, on page eight (8) of this form, sign this Proof of Claim and Release.  If you fail to

5  file a properly addressed (as explained in paragraph 3 below) Proof of Claim and Release, your

6  claim may be rejected and you may be unable to recover anything from the Net Settlement Fund

7  created in connection with the proposed settlement of the Litigation.

8      2.    Submission of this Proof of Claim and Release, however, does not assure that you

9  will share in the proceeds of settlement in the Litigation.

10      3.    YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM

11  AND RELEASE POSTMARKED ON OR BEFORE JULY 25, 2008, TO:

12              *Terayon Securities Litigation*
                c/o [**claims administrator**]

13

14  If you are NOT a Member of the Class, as defined in the Notice of Pendency and Proposed

15  Settlement of Class Action ("Notice"), DO NOT submit a Proof of Claim and Release form.

16      4.    If you are a Member of the Class, you are bound by the terms of any judgment

17  entered in the Litigation, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND

18  RELEASE FORM.

19  **II.    DEFINITIONS**

20      1.    "Defendants" means Terayon Communication Systems, Inc. ("Terayon") the

21  Individual Defendants and Defendant Ernst & Young LLP.

22      2.    "Individual Defendants" means Zaki Rakib, Jerry D. Chase, Mark A. Richman,

23  Edward Lopez, Ray Fritz, Carol Lustenader, Matthew Miller, Shlomo Rakib, Doug Sabella,

24  Christopher Schaepe, Mark Slaven, Lewis Solomon, Howard W. Speaks, Arthur T. Taylor and

25  David Woodrow.

26      3.    "Released Persons" means each and all of the Defendants and each and all of their

27  Related Parties.

28

## III.    CLAIMANT IDENTIFICATION

1.    If you purchased the publicly-traded securities of Terayon and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser. If, however, the certificate(s) were registered in the name of someone else, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2.    Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of Terayon securities which form the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER OR PURCHASERS, OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER OR PURCHASERS OF THE TERAYON SECURITIES UPON WHICH THIS CLAIM IS BASED.

3.    All joint purchasers must sign this claim. Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of Persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could in delay or rejection of your claim.

## IV.    CLAIM FORM

1.    Use Part II of this form entitled "Schedule of Transactions in Terayon Publicly-Traded Securities" to list all required details of your transaction(s) in Terayon securities. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2.    On the schedules, provide all of the requested information with respect to **all** of your purchases and **all** of your sales of Terayon publicly-traded securities which took place at any time between June 28, 2001 and March 1, 2006 (the "Class Period"), whether such transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

1  3.  List each transaction in the Class Period separately and in chronological order, by

2 trade date, beginning with the earliest.  You must accurately provide the month, day and year of

3 each transaction you list.

4  4.  Broker confirmations or other documentation of your transactions in Terayon

5 securities should be attached to your claim.  Failure to provide this documentation could delay

6 verification of your claim or result in rejection of your claim.

7  5.  The above requests are designed to provide the minimum amount of information

8 necessary to process the most simple claims.  The Claims Administrator may request additional

9 information as required to efficiently and reliably calculate your losses.  In some cases where the

10 Claims Administrator cannot perform the calculation accurately or at a reasonable cost to the

11 Class with the information provided, the Claims Administrator may condition acceptance of the

12 claim upon the production of additional information and/or the hiring of an accounting expert at

13 the Claimant's cost.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

*Mongeli v. Terayon Communication Systems, Inc.*

No. C-06-03936 CW

PROOF OF CLAIM AND RELEASE

Must be Postmarked No Later Than:

July 25, 2008

Please Type or Print

PART I:        CLAIMANT IDENTIFICATION

_____
Beneficial Owner's Name (First, Middle, Last)

_____
Street Address

_____        _____
City                                 State            Zip Code

_____        _____
Foreign Province                     Foreign Country

                                     _____        Individual
_____
Social Security Number or
Taxpayer Identification Number       _____        Corporation/Other

                                     _____ (work)
_____
Area Code                            Telephone Number

                                     _____ (home)
_____
Area Code                            Telephone Number

_____
Record Owner's Name (if different from beneficial owner listed above)

1

2 PART II:    SCHEDULE OF TRANSACTIONS IN TERAYON PUBLICLY-TRADED
            SECURITIES

3

4      A.    Number of shares of Terayon publicly-traded securities held at the beginning of
            trading on June 28, 2001: _____

5      B.    Purchases of Terayon publicly-traded securities (June 28, 2001-March 1, 2006):

6

7        Trade Date              Number of              Type of              Total Purchase Price
       Mo. Day Year         Securities Purchased        Security

8      1. _____    1. _____    1. _____    1. _____
       2. _____    2. _____    2. _____    2. _____
9      3. _____    3. _____    3. _____    3. _____

10

11     C.    Sales of Terayon publicly-traded securities (June 28, 2001-March 1, 2006):
         Trade Date                                   Type of
12     Mo. Day Year         Number of Securities      Security           Total Sales Price
                                  Sold
       1. _____    1. _____    1. _____    1. _____
13     2. _____    2. _____    2. _____    2. _____
       3. _____    3. _____    3. _____    3. _____

14

15     D.    Number of shares of Terayon publicly-traded securities held at close of trading on
            March 1, 2006: _____

16 If you require additional space, attach extra schedules in the same format as above.  Sign and
17 print your name on each additional page.

18 YOU MUST READ AND SIGN THE RELEASE ON PAGE EIGHT (8).

19

20

21

22

23

24

25

26

27

28

1  **V.    SUBMISSION TO JURISDICTION OF COURT AND**

2  **ACKNOWLEDGMENTS**

3        I, _____ submit this Proof of Claim and Release under the terms of the Stipulation of

4  Settlement dated as of February 19, 2008 ("Stipulation") described in the Notice.  I also submit

5  to the jurisdiction of the United States District Court for the Northern District of California, with

6  respect to my claim as a Class Member (as defined in the Notice) and for purposes of enforcing

7  the release set forth herein.  I further acknowledge that I am bound by and subject to the terms of

8  any judgment that may be entered in the Litigation.  I agree to furnish additional information to

9  Lead Counsel to support this claim if required to do so.  I have not submitted any other claim

10  covering the same purchases or sales of Terayon securities during the Class Period and know of

11  no other Person having done so on my behalf.

12  **VI.    RELEASE**

13        1.    I hereby acknowledge full and complete satisfaction of, and do hereby fully,

14  finally and forever settle, release, relinquish and discharge, all of the Released Claims against

15  each and all of the Defendants and each and all of their "Related Parties," defined as each of a

16  Defendant's past or present directors, officers, employees, partners, insurers, co-insurers,

17  reinsurers, agents, controlling shareholders, attorneys, accountants, auditors, advisors,

18  investment advisors, personal or legal representatives, predecessors, successors, parents,

19  subsidiaries, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities, any

20  entity in which a Defendant has a controlling interest, any members of an Individual Defendant's

21  immediate family, or any trust of which an Individual Defendant is the settlor or which is for the

22  benefit of an Individual Defendant's family.

23        2.    "Released Claims" shall collectively mean all claims (including "Unknown

24  Claims" as defined below), demands, rights, liabilities and causes of action of every nature and

25  description whatsoever, known or unknown, whether or not concealed or hidden, asserted or that

26  might have been asserted, including, without limitation, claims for negligence, gross negligence,

27  breach of duty of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty, or

28  violations of any state or federal statutes, rules or regulations or common law principles, by the

1    Lead Plaintiff or any Class Member against the Defendants or their Related Parties arising out of,

2    relating to, or in connection with the purchase or the purchase and sale of the publicly-traded

3    securities of Terayon by the Lead Plaintiff or any Class Member during the Class Period.

4          3.      "Unknown Claims" shall collectively mean all claims, demands, rights, liabilities,

5    and causes of action of every nature and description which the Lead Plaintiff or any Class

6    Member does not know or suspect to exist in his, her or its favor at the time of the release of the

7    Released Persons which, if known by him, her or it, might have affected his, her or its settlement

8    with and release of the Released Persons, or might have affected his, her or its decision not to

9    object to this settlement.  With respect to any and all Released Claims, the Settling Parties

10   stipulate and agree that, upon the Effective Date, the Lead Plaintiff shall expressly waive, and

11   each of the Class Members shall be deemed to have waived, and by operation of the Judgment

12   shall have waived, the provisions, rights and benefits of California Civil Code §1542, which

13   provides:

14          **A general release does not extend to claims which the creditor does
     not know or suspect to exist in his or her favor at the time of executing the
15   release, which if known by him or her must have materially affected his or
     her settlement with the debtor**.

16

17   The Lead Plaintiff shall expressly and each of the Class Members shall be deemed to have, and

18   by operation of the Judgment shall have, expressly waived any and all provisions, rights and

19   benefits conferred by any law of any state or territory of the United States, or principle of

20   common law, which is similar, comparable or equivalent to California Civil Code §1542.  The

21   Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from

22   those which he, she or it now knows or believes to be true with respect to the subject matter of

23   the Released Claims, but the Lead Plaintiff shall expressly fully, finally and forever settle and

24   release, and each Class Member, upon the Effective Date, shall be deemed to have, and by

25   operation of the Judgment shall have, fully, finally, and forever settled and released, any and all

26   Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent,

27   whether or not concealed or hidden, which now exist, or heretofore have existed, upon any

28   theory of law or equity now existing or coming into existence in the future, including, but not

1    limited to, conduct which is negligent, intentional, with or without malice, or a breach of any

2    duty, law or rule, without regard to the subsequent discovery or existence of such different or

3    additional facts.  The Lead Plaintiff acknowledges, and the Class Members shall be deemed by

4    operation of the Judgment to have acknowledged, that the foregoing waiver was separately

5    bargained for and a key element of the settlement of which this release is a part.

6        4.    This release shall be of no force or effect unless and until the Court approves the

7    Stipulation and it becomes effective on the Effective Date.

8        5.    I (We) hereby warrant and represent that I (we) have not assigned or transferred

9    or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to

10    this release or any other part or portion thereof.

11        6.    I (We) hereby warrant and represent that I (we) have included information about

12    all of my (our) transactions in Terayon publicly-traded securities that occurred during the Class

13    Period as well as the number and type of Terayon securities held by me (us) at the opening of

14    trading on June 28, 2001 and at the close of trading on March 1, 2006.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SUBSTITUTE FORM W-9

### Request for Taxpayer Identification Number ("TIN") and Certification

### PART I

NAME:_____

Check appropriate box:

☐      Individual/Sole Proprietor      ☐      Pension Plan
☐      Corporation      ☐      Partnership      ☐      Trust
☐      IRA      ☐      Other

     Enter TIN on appropriate line.

     o      For individuals, this is your Social Security Number ("SSN").

     o      For sole proprietors, you must show your individual name, but you may also enter your business or "doing business as" name. You may enter either your SSN or your Employer Identification Number ("EIN").

     o      For other entities, it is your EIN.

_ _ _ - _ _ - _ _ _ _      or      _ _ - _ _ _ _ _ _ _
Social Security Number      Employer Identification Number

### PART II

### For Payees Exempt from Backup Withholding

If you are exempt from backup withholding, enter your correct TIN in Part I and write "exempt" on the following line: _____

### PART III

### Certification

UNDER THE PENALTY OF PERJURY, I (WE) CERTIFY THAT:

     1.      The number shown on this form is my correct TIN; and

     2.      I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(C) of the Internal Revenue Code because: (a) I am (we are) exempt from backup withholding; or (b) I (we) have not been notified by the Internal Revenue Service that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the Internal Revenue Service has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE:        If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out Item 2 above.

*SEE* ENCLOSED FORM W-9 INSTRUCTIONS

The Internal Revenue Service does not require your consent to any provision of this document other than the certification required to avoid backup withholding.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____,
                                                             (Month/Year)

in _____, _____.
        (City)                                 (State/Country)


_____
(Sign your name here)


_____
(Type or print your name here)


_____
(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser, Executor or Administrator)

ACCURATE CLAIMS PROCESSING TAKES A

SIGNIFICANT AMOUNT OF TIME.

THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1.        Please sign the above release and declaration.

2.        Remember to attach supporting documentation, if available.

3.        Do not send original stock certificates.

4.        Keep a copy of your claim form for your records.

1       5.      If you desire an acknowledgment of receipt of your claim form, please send it

2  Certified Mail, Return Receipt Requested.

3       6.      If you move, please send us your new address.