**BRAUN LAW GROUP, P.C.**
Michael D. Braun (S.B.N. 167416)
12304 Santa Monica  Blvd., Ste. 109
Los Angeles, CA  90025
Tel: (310) 442-7755
Fax: (310) 442-7756
**Liaison Counsel**
**Class**

**KAHN GAUTHIER SWICK, LLC**
Lewis S. Kahn
650 Poydras Street, Suite 2150
New Orleans, LA  70130
Tel: (504) 455-1400
Fax: (504) 455-1498
**Lead Counsel  for Lead Plaintiff and Class**
**Class**

**KAHN GAUTHIER SWICK, LLC**
Michael A. Swick
Kim E. Miller (S.B.N. 178370)
114 E. 39th St.
New York, NY  10016
Tel: (212) 920-4310
**Lead Counsel for Lead Plaintiff and**

**SAXENA WHITE P.A.**
Maya Saxena
Joseph E. White, III
2424 N. Federal Highway, Suite 257
Boca Raton, FL  33431
Tel: (561) 394-3399
**Lead Counsel for Lead Plaintiff and**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN MONGELI, Individually, And On Behalf Of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>TERAYON COMMUNICATION SYSTEMS, INC., ZAKI RAKIB, JERRY D. CHASE, MARK A. RICHMAN, EDWARD LOPEZ, RAY FRITZ, CAROL LUSTENADER, MATTHEW MILLER, SHLOMO RAKIB, DOUG SABELLA, CHRISTOPHER SCHAEPE, MARK SLAVEN, LEWIS SOLOMON, HOWARD W. SPEAKS, ARTHUR T. TAYLOR, DAVID WOODROW, and ERNST & YOUNG, LLP,<br><br>Defendants.<br>_____ | CASE NO.: 3-06-CV-03936 CW<br><br>**CLASS ACTION**<br><br>**NOTICE OF MAILING AND PUBLISHING OF SUMMARY NOTICE** |

1    Plaintiffs notify the Court that the Summary Notice of Settlement has been mailed and

2    published as required by this Court's Orders, and proof is submitted regarding this in the

3    attached Declaration and exhibits.

4

5    Dated: May 12, 2008

Lester R. Hooker
6                                                    SAXENA WHITE P.A.

7

By: /s/ Lester R. Hooker
8                                                    Lester R. Hooker
                                                     2424 N. Federal Highway, Suite 257
9                                                    Boca Raton, FL 33431
                                                     Tel: (561) 394-3399
10                                                   Fax: (561) 394-3382

11

Lewis Kahn
12                                                   KAHN GAUTHIER SWICK, LLC
                                                     650 Poydras Street, Suite 2150
13                                                   New Orleans, LA 70130
                                                     Tel: (504) 455-1400
14                                                   Fax: (504) 455-1498

15

Michael A. Swick
16                                                   Kim E. Miller
                                                     KAHN GAUTHIER SWICK, LLC
17                                                   12 East 41st St., 12th Floor
                                                     New York, NY 10017
18                                                   Tel: (212) 696-3730
                                                     Fax: (504) 455-1498
19

20                                                   **Lead Counsel for Plaintiff and the Class**

21                                                   Michael D. Braun
                                                     BRAUN LAW GROUP, P.C.
22                                                   12304 Santa Monica Boulevard
                                                     Suite 109
23                                                   Los Angeles, CA 90025
                                                     Tel: (310) 442-7755
24                                                   Fax: (310) 442-7756

25

26                                                   **Liaison Counsel for Plaintiff and the Class**

27

28

1

**PROOF OF SERVICE**

2  STATE OF FLORIDA                    )
                                       )ss.:
3  COUNTY OF PALM BEACH                )

4       I am employed in the county of Palm Beach, State of Florida, I am over the age of 18 and
   not a party to the within action, my business address is 2424 N. Federal Highway, Suite 257,
5  Boca Raton, FL 33431.

6       On May 12, 2008, using the Northern District of California's Electronic Case Filing
   System, with the ECF ID registered to Lester R. Hooker, I filed and served the document
7  described as:

8       **NOTICE OF MAILING AND PUBLISHING OF SUMMARY NOTICE**

9

10      The ECF System is designed to automatically generate an e-mail message to all parties in
   the case, which constitutes service.  According to the ECF/PACER system, for this case, the
11 parties served are as follows:

12 Lionel Z. Glancy, Esq.                    info@glancylaw.com

13 Kim E. Miller                            kim.miller@kgscounsel.com

14 Michael D. Braun                         mdb@braunlawgroup.com

15
   Michael M. Goldberg, Esq.                info@glancy law.com
16

17 **Counsel for Plaintiffs**

18

19 Patrick Edward Gibbs, Esq.               patrick.gibbs@lw.com
                                            zoila.aurora@lw.com
20 **Counsel for Defendant Terayon
   Communication System, Inc.
21 And Individual Defendants**

22

23 Sheila Anil Jambekar, Esq.               sjambekar@morganlewis.com

24 John H. Herman, Esq.                     jhermann@morganlewis.com

25 Michael John Lawson, Esq                 michael.lawson@morganlweis.com

26 **Counsel for Defendant Ernst & Young LLP**

27
        On May 12, 2008, I served the document described as:
28

NOTICE OF MAILING AND PUBLISHING OF SUMMARY NOTICE – 3-06-CV-03936 CW          - 2-

1

**NOTICE OF MAILING AND PUBLISHING OF SUMMARY NOTICE**

2

by placing a true copy(ies) thereof in a sealed envelope(s) addressed as follows:

3

4

5   Bruce M. Cormier, Esq.
    Joel E. Bonner, Esq.

6   ERNST & YOUNG LLP
    1225 Connecticut Avenue, NW

7   Washington, D.C. 20036
    Tel: (202) 327-7603

8   Fax: (202) 327-7601

9

10  **Counsel for Defendant Ernst & Young LLP**

11

12      I served the above document(s) as follows:

13      BY MAIL.   I am familiar with the firm's practice of collection and processing
    correspondence for mailing.  Under that practice it would be deposited with U.S. postal service

14  on that same day with postage thereon fully prepaid at Boca Raton, Florida in the ordinary
    course of business.  I am aware that on motion of the party served, service is presumed invalid if

15  postal cancellation date or postage meter date is more than one day after date of deposit for
    mailing in an affidavit.

16

17      I declare, pursuant to Civil L.R. 23.2, that on the date hereof I served a copy of the
    above-listed document(s) on the Securities Class Action Clearinghouse by electronic mail

18  through the following electronic mail address provided by the Securities Class Action
    Clearinghouse:

19                      **scac@law.stanford.edu**

20      I am employed in the office of a member of the bar of this Court at whose direction the

21  service was made.

22      I declare under penalty of perjury under the laws of the United States that the above is
    true and correct.

23

24      Executed on May 12, 2008, at Boca Raton, Florida 33431.

25                              *s/Austin McCook*
                                Austin McCook

26

27

28

NOTICE OF MAILING AND PUBLISHING OF SUMMARY NOTICE – 3-06-CV-03936 CW          - 3-

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---------------------------------------------------------------x
ADRIAN MONGELI, Individually, And On            )
Behalf Of All Others Similarly Situated,        )
                                                )
                Plaintiffs,                      )
                                                )
        v                                       )
                                                )
TERAYON COMMUNICATION SYSTEMS,                  )
INC , ZAKI RAKIB, JERRY D  CHASE,               )
MARK A  RICHMAN, EDWARD LOPEZ,                  )
RAY FRITZ, CAROL LUSTENADER,                    )
MATTHEW MILLER, SHLOMO RAKIB,                   )
DOUG SABELLA, CHRISTOPHER                       )
SCHAEPE, MARK SLAVEN, LEWIS                     )
SOLOMON, HOWARD W  SPEAKS,                      )
ARTHUR T  TAYLOR, DAVID WOODROW,               )
and ERNST & YOUNG, LLP,                         )
                                                )
                Defendants                       )
                                                )
---------------------------------------------------------------x

**CASE NO.: C 06-03936 CW**


**CLASS ACTION**


### DECLARATION OF JASON ZUENA
### REGARDING THE MAILINGS OF THE NOTICE AND PROOF OF CLAIM


I, Jason Zuena, declare

1       I am Assistant Director of Operations for The Garden City Group, Inc  ("GCG"), the Claims Administrator, authorized pursuant to the Order Preliminarily Approving Settlement and Providing for Notice (the "Preliminary Order"), dated April 14, 2008, in connection with the settlement of the above-captioned action (the "Settlement")

2       As in most settlements of this type, the large majority of Class Members are beneficial owners of securities who hold their securities at their brokerage firm or in "street name," and thus, are not directly known to any of the parties to the litigation  These "street name" securities are nominally

registered to banks, brokers and other nominee purchasers (collectively referred to herein as "Nominees") and held by the Nominee on behalf of the beneficial purchaser.

3.       Pursuant to its responsibilities as Claims Administrator, GCG has attempted to identify the Nominees who acted for Class Members, and has sought to have those Nominees assist in providing copies of the Claim Packet to those beneficiaries.  The Notice informed Nominees that if they held or purchased securities for the beneficial interest of Class Members, the Court directed them, within ten days of their receipt of the Notice, to provide to GCG the name and last known address of each such person or send a copy of the Notice to such Class Members directly.

4.       Pursuant to the Preliminary Order, GCG was responsible for disseminating the Revised Notice of Pendency and Proposed Settlement of Class Action (the "Notice") and Proof of Claim and Release (the "Proof of Claim") of this Settlement to potential claimants.  As a result, GCG prepared for the initial mailing for this Settlement by creating a print file which consisted of 2,667 names and addresses of Nominees in GCG's proprietary Broker Database.  These names and addresses were printed on labels which were then affixed to envelopes containing the Notice and Proof of Claim (collectively, "the Claim Packet"). A copy of the Claim Packet is attached hereto as Exhibit A. Claim Packets were disseminated to these Nominees by first-class mail on April 28, 2008 (the "Initial Mailing").

5.       On or about May 6, 2008, after committing to pay a $2500 fee to obtain the information, GCG received from ComputerShare, the transfer agent for Terayon Communication Systems, Inc., an e-mail containing the names and addresses of 738 persons or entities who purchased Terayon Communication Systems, Inc. common stock.  GCG entered these names and addresses into the GCG database created for this Settlement.  On or about May 7, 2008, GCG caused the names and addresses of the 738 record transferees identified in this paragraph to be preprinted on the Proof of Claim and inserted into envelopes containing the Notice.  These Claim Packets were disseminated to potential Class Members by first-class mail on May 8, 2008.

6    Pursuant to the Preliminary Order, GCG established a toll-free Interactive Voice Response ("IVR") system to accommodate potential claimants  This system became operational on or about April 28, 2008  As of May 4, 2008, GCG has received a total of 24 calls, out of which 2 potential claimants left messages or requests to speak with GCG administrators for assistance, all of which have been responded to in a timely manner and 3 potential claimants requested Claim Packets

7    Also pursuant to the Preliminary Order, GCG Communications, the media division of GCG, published the Summary Notice for distribution in *Investor's Business Daily* and over the PR Newswire on April 28, 2008  Attached hereto as Exhibit B is the affidavit of Duongpon Puranaputra, for the publisher of *Investor's Business Daily*, attesting to this publication  Attached hereto as Exhibit C is the affidavit of Jennifer Cotton for the PR Newswire, attesting to this issuance

8    As of May 7, 2008, GCG received 24,467 names and addresses of potential claimants from individuals or from brokerage firms, banks, institutions and other nominees, in the form of e-mails, requesting that Claim Packets be mailed to these individuals  Also, GCG received requests from brokers and other nominee holders for 656 Claim Packets to forward to their customers  These requests were satisfied in a timely manner

9    In aggregate, 28,531 Claim Packets were promptly disseminated to potential claimants by first-class mail  In addition, a copy of the Notice and Proof of Claim were posted on GCG's website (http //gardencitygroup com), which can be downloaded by potential claimants

I, Jason Zuena, declare under penalty of perjury that the foregoing is true and correct

Jason Zuena

3

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN MONGELI, Individually, And On Behalf Of All Others Similarly Situated, ) ) ) | CASE NO.: 3-06-CV-03936 CW |
| Plaintiffs, ) ) | **CLASS ACTION** |
| v. ) ) | **REVISED NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION** |
| TERAYON COMMUNICATION SYSTEMS, INC., ZAKI RAKIB, JERRY D. CHASE, MARK A. RICHMAN, EDWARD LOPEZ, RAY FRITZ, CAROL LUSTENADER, MATTHEW MILLER, SHLOMO RAKIB, DOUG SABELLA, CHRISTOPHER SCHAEPE, MARK SLAVEN, LEWIS SOLOMON, HOWARD W. SPEAKS, ARTHUR T. TAYLOR, DAVID WOODROW, and ERNST & YOUNG, LLP, ) ) ) ) ) ) ) ) ) | |
| Defendants. ) ) | |

*IF YOU PURCHASED THE PUBLICLY-TRADED SECURITIES OF TERAYON COMMUNICATION SYSTEMS, INC. ("TERAYON") BETWEEN JUNE 28, 2001 AND MARCH 1, 2006, YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.*

A federal court authorized this Notice. This is not a solicitation from a lawyer.

**Securities and Time Period:** Terayon common stock; call options; and put options purchased between June 28, 2001 and March 1, 2006.

**Settlement Fund:** $2,730,000 in cash. Your recovery will depend on the amount and type of securities purchased and the timing of your purchases, and any sales. Depending on the number and type of securities that participate in the settlement and when those shares were purchased and sold, the estimated average recovery per share of common stock will be approximately $0.054 before deduction of Court-approved fees and expenses. The recovery for other securities cannot be accurately estimated.

**Reasons for Settlement:** Avoids the costs and risks associated with continued litigation, including the danger of no recovery, and provides a substantial benefit to the Class now.

**If the Case Had Not Settled:** The settlement must be compared to the risk of no recovery after contested motions, trial and likely appeals. While Lead Counsel were prepared to go to trial and were confident about the case, a trial is a risky proposition and Lead Plaintiff might not have prevailed. The claims in this case involve numerous complex legal and factual issues that would require extensive and costly expert testimony. Among the many key issues about which the two sides do not agree are: (1) whether any of the Defendants violated the securities laws or otherwise engaged in any wrongdoing; (2) whether the facts alleged by the Lead Plaintiff were material, false, misleading or otherwise actionable under the securities laws; (3) the extent (if any) that various facts alleged by the Lead Plaintiff influenced the trading prices of Terayon securities during the relevant period; (4) the method for determining whether Terayon securities were artificially inflated during the relevant period; (5) the amount (if any) of such inflation; and (6) the amount of damages (if any) that could be recovered at trial.

**Attorneys' Fees and Expenses:** Lead Counsel have not received any payment for their work investigating the facts, conducting this litigation and negotiating the settlement on behalf of the Lead Plaintiff and the Class. Court-appointed Lead Counsel will ask the Court for attorneys' fees of no greater than 1/3 of the Settlement Fund and reimbursement of out-of-pocket expenses not to exceed $100,000 to be paid from the Settlement Fund. If the above amounts are requested and approved by the Court, the estimated recovery per share of common stock will be $0.034.

**Deadlines:**

| | |
|---|---|
| Submit Claim: | July 25, 2008 |
| Request Exclusion: | August 28, 2008 |
| File Objection: | August 28, 2008 |

**Court Hearing on Fairness of Settlement:** Thursday, September 18, 2008 at 2:00 PM.

**More Information:** http://www.gardencitygroup.com or

Claims Administrator:

Co-Lead Counsel:

*Terayon Communication Systems, Inc. Securities Litigation*
*c/o The Garden City Group, Inc.*
*PO Box 9257*
*Dublin, OH 43017-4657*
*Toll Free 1(888) 230-2185*

Lewis S. Kahn
Kahn Gauthier Swick
650 Poydras St., Suite 2150
New Orleans, LA 70130
Tel: (504) 455-1400
Fax: (504) 455-1498

Joseph E. White III
Saxena White, P.A.
2424 North Federal Highway, Suite 257
Boca Raton, FL 33431
Tel: (561) 394-3399
Fax: (561) 394-3382

- Your legal rights are affected whether you act, or don't act. Read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to receive a payment. |
| **OBJECT** | You may write to the Court if you do not like this settlement. |
| **GO TO A HEARING** | You may ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Receive no payment. |
| **EXCLUDE YOURSELF** | Receive no payment.  This is the only option that allows you to participate in another lawsuit against the Defendants relating to the claims being released in this case. |

- These rights and options — *and the deadlines to exercise them* — are explained in this Notice.

- The Court in charge of this case must decide whether to approve the settlement.  Payments will be made if the Court approves the settlement and, if there are any appeals, after appeals are resolved.  Please be patient.

## BASIC INFORMATION

**1.      Why Did I Receive This Notice Package?**

You or someone in your family may have purchased publicly-traded securities of Terayon between June 28, 2001 and March 1, 2006.

The Court sent you this Notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement.  If the Court approves it and after any objections or appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is known as *Mongeli v. Terayon Communication Systems, Inc.*, No. 3-06-CV-03936 CW (N.D. Cal.).  The person who sued is called the Lead Plaintiff, and the company and the individuals he sued, Terayon, Zaki Rakib, Jerry D. Chase, Mark A. Richman, Edward Lopez, Ray Fritz, Carol Lustenader, Matthew Miller, Shlomo Rakib, Doug Sabella, Christopher Schaepe, Mark Slaven, Lewis Solomon, Howard W. Speaks, Arthur T. Taylor, David Woodrow and Ernst & Young LLP are called the Defendants.

**2.      What Is This Lawsuit About?**

This case was brought as a class action alleging that Defendants made false and misleading statements and omissions during the period June 28, 2001 and March 1, 2006, concerning Terayon's financial condition and the company's internal auditing and accounting procedures.  The case alleges that these misrepresentations resulted in the artificial inflation of the prices of Terayon publicly-traded securities between June 28, 2001 and March 1, 2006.  Defendants deny that they did anything wrong.

**3.      Why Is This a Class Action?**

In a class action, one or more people called class representatives (in this case the Court-appointed Lead Plaintiff, Adrian Mongeli) sue on behalf of people who have similar claims.  Here, all these people are called a Class or Class Members.  One court resolves the issues for all Class Members, except for those who timely and validly exclude themselves from the Class.  Judge Claudia Wilken is in charge of this class action.

**4.      Why Is There a Settlement?**

The Court did not decide in favor of Lead Plaintiff or Defendants.  Instead, both sides agreed to a settlement.  That way, they avoid the cost and uncertainty of a trial, and eligible Class Members who submit valid claims will receive compensation.  The Lead Plaintiff and his attorneys think the settlement is best for all Class Members.

## WHO IS IN THE SETTLEMENT

To see if you will receive money from this settlement, you first have to determine if you are a Class Member.

**5.      How Do I Know if I Am Part of the Settlement?**

The Class includes *all persons who purchased the publicly-traded securities of Terayon between June 28, 2001 and March 1, 2006.*

**6.      What Are The Exceptions to Being Included?**

You are not a Class Member if you are a Defendant, a member of the immediate family of one of the Individual Defendants listed in question 1, a current or former director or officer of Terayon, a legal representative, heir, successor, or assign of any excluded party.

If you sold Terayon securities between June 28, 2001 and March 1, 2006, that alone does not make you a Class Member. You are a Class Member only if you purchased the publicly-traded securities of Terayon between June 28, 2001 and March 1, 2006.

**7.     I'm Still Not Sure if I Am Included.**

If you are still not sure whether you are included, you can ask for free help. You can call Joseph E. White III at (561) 394-3399 or Lewis S. Kahn at (504) 455-1400 for more information. Or you can fill out and return the claim form described in question 10, to see if you qualify.

<b>THE SETTLEMENT BENEFITS — WHAT YOU GET</b>

**8.     What Does the Settlement Provide?**

Defendants have agreed to pay $2.73 million in cash. The balance of this fund after payment of Court-approved attorneys' fees and expenses and the costs of claims administration, including the costs of printing and mailing this Notice and the cost of publishing newspaper notice (the "Net Settlement Fund") will be divided among all eligible Class Members who send in valid claim forms.

**9.     How Much Will My Payment Be?**

Your share of the Net Settlement Fund will depend on the number of valid claim forms that Class Members send in and how many shares of Terayon securities you purchased during the relevant period and when you bought and sold them. A claim will be calculated as follows:

<u><b>Common Stock</b></u>

The allocation for common stock is based upon the per share inflation amounts listed in the Plan of Allocation, attached hereto.

The payment you will receive will be based on (1) the number and type of shares you bought during the class period and when you sold them, (2) the number of class members who file claims, and (3) the number and type of shares the participating class members bought during the class period and when they sold them. Depending on the number and type of eligible securities that participate in the settlement and when those securities were purchased and sold, the estimated average payment for common stock will be approximately $0.054 for each share of common stock before deduction of Court-approved fees and expenses. The number of claimants who send in claims varies widely from case to case. If fewer than anticipated Class Members send in a claim form, you could receive more money.

The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date.

For Class Members who held Terayon securities at the beginning of the Class Period or made multiple purchases or sales during the Class Period, the first-in, first-out ("FIFO") method will be applied to such holdings, purchases and sales for purposes of calculating a claim. Under the FIFO method, sales of securities during the Class Period will be matched, in chronological order, first against securities held at the beginning of the Class Period. The remaining sales of securities during the Class Period will then be matched, in chronological order, against securities purchased during the Class Period.

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net loss, after all profits from transactions in Terayon securities during the Class Period are subtracted from all losses. However, the proceeds from sales of securities of the same type which have been matched against securities of the same type held at the beginning of the Class Period will not be used in the calculation of such net loss. No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

<b>HOW YOU OBTAIN A PAYMENT — SUBMITTING A CLAIM FORM</b>

**10.     How Will I Obtain a Payment?**

To qualify for payment, you must be an eligible Class Member, send in a valid claim form, and properly document your claim as requested in the claim form. A claim form is enclosed with this Notice. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it postmarked no later than July 25, 2008.

**11.     When Will I Receive My Payment?**

The Court will hold a hearing on September 18, 2008, to decide whether to approve the settlement. If Judge Wilken approves the settlement, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps several years. Everyone who sends in a claim form will be informed of the determination with respect to their claim. Please be patient.

**12.     What Am I Giving Up to Receive a Payment or Stay in the Class?**

Unless you timely and validly exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants about the Released Claims in this case. It also means that all of the Court's orders will apply to you and legally bind you and you will release your claims in this case against the Defendants. The terms of the release are included in the claim form that is enclosed.

3

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

If you do not want a payment from this settlement, but you want to keep the right to sue or continue to sue the Defendants on your own for the Released Claims in this case, then you must take steps to get out of the Class. This is called excluding yourself or is sometimes referred to as opting out of the Class.

**13.    How Do I Get Out of the Class?**

To exclude yourself from the Class, you must send a letter by mail stating that you want to be excluded from *Mongeli v. Terayon Communication Systems, Inc.*, No. 3-06-CV-03936 CW (N.D. Cal.). You must include your name, address, telephone number, your signature, and the number and type of shares of Terayon securities you purchased between June 28, 2001 and March 1, 2006, the number and type of securities sold during this time period, if any, and the dates of such purchases and sales. You must mail your exclusion request postmarked no later than August 28, 2008 to:

> Terayon Communication Systems, Inc. Securities Litigation Exclusions
> c/o The Garden City Group, Inc.
> PO Box 9257
> Dublin, OH 43017-4657

You cannot exclude yourself on the phone or by e-mail. If you ask to be excluded, you are not eligible to receive any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit.

**14.    If I Do Not Exclude Myself, Can I Sue the Defendants for the Same Thing Later?**

No. Unless you timely and validly exclude yourself, you give up any right to sue the Defendants for the Released Claims in this settlement. If you have a pending lawsuit against any of the Defendants, speak to your lawyer in that case immediately. Remember, the exclusion deadline is August 28, 2008.

**15.    If I Exclude Myself, Can I Receive Money from This Settlement?**

No. If you exclude yourself, do not send in a claim form. But, you may be able to sue, continue to sue, or be part of a different lawsuit involving the Released Claims against the Defendants.

**THE LAWYERS REPRESENTING YOU**

**16.    Do I Have a Lawyer in This Case?**

The Court appointed the law firms of Saxena White P.A. and Kahn Gauthier Swick, LLC to represent you and other Class Members. These lawyers are called Lead Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one, at your own expense.

**17.    How Will the Lawyers Be Paid?**

Lead Counsel will ask the Court for attorneys' fees of no more than 1/3 of the Settlement Fund and for reimbursement of their out-of-pocket expenses up to $100,000 which were advanced in connection with the litigation, which may include approximately $3000 for reimbursement for the lead plaintiff's time and expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Lead Counsel for their efforts in achieving this settlement and for their risk in undertaking this representation on a wholly contingent basis. Lead Counsel have committed significant time and expenses in litigating this case for the benefit of the Class since its inception in 2006. Lead Counsel has invested substantial time and effort in prosecuting this case and has not been paid for their services in conducting this litigation on behalf of the Lead Plaintiff and the Class, nor for their substantial out-of-pocket expenses. The fee requested will compensate Lead Counsel for their work in achieving the Settlement Fund and is well within the range of fees awarded to class counsel under similar circumstances in other cases of this type. The Court may award less than this amount.

**OBJECTING TO THE SETTLEMENT**

You can tell the Court that you do not agree with the settlement or some part of it.

**18.    How Do I Tell the Court that I Do Not Like the Settlement?**

If you are a Class Member, you can object to the settlement if you do not like any part of it, including the Plan of Allocation and the request for attorneys' fees. You can state the reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to the settlement in *Mongeli v. Terayon Communication Systems, Inc.*, No. CV-03-03936 CW. Be sure to include your name, address, telephone number, your signature, the number and type of Terayon securities purchased and sold between June 28, 2001 and March 1, 2006 and the reasons you object. Any objection must be mailed or delivered such that it is received by *each* of the following no later than August 28, 2008:

| Court: | | Co-Lead Counsel for Lead Plaintiff: | |
|---|---|---|---|
| Clerk of the Court<br>UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br>United States Courthouse<br>1301 Clay Street,<br>Oakland, California 94612-5212 | | Joseph E. White III<br>SAXENA WHITE, P.A.<br>2424 North Federal Highway, Suite 257<br>Boca Raton, FL 33431<br>Tel:  (561) 394-3399<br>Fax:  (561) 394-3382 | Lewis S. Kahn<br>Kahn Gauthier Swick<br>650 Poydras St.<br>Suite 2150<br>New Orleans, LA 70130 |
| *Liaison Counsel:* | | *Counsel for Terayon Communication<br>Systems, Inc. and the Individual<br>Defendants:* | *Counsel for Defendant Ernst & Young:* |
| Michael D. Braun<br>BRAUN LAW GROUP, P.C.<br>12304 Santa Monica Blvd., Ste. 109<br>Los Angeles, CA 90025<br>Tel:  (310) 442-7755<br>Fax: (310) 442-7756 | | Patrick E. Gibbs<br>LATHAM & WATKINS LLP<br>140 Scott Drive<br>Menlo Park, CA 94025<br>Tel: (650) 328-4600<br>Fax: (650 463-2600 | John Hemann<br>MORGAN, LEWIS & BOCKIUS LLP<br>One Market<br>Spear Street Tower<br>San Francisco, CA 94105<br>Tel: (415) 442-1000<br>Fax: (415) 442-1001 |

**19.      What's the Difference Between Objecting and Excluding?**

Objecting is simply telling the Court that you do not like something about the settlement.  You can object **only if** you stay in the Class.  Excluding yourself is telling the Court that you do not want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement.  You may attend and you may ask to speak, but you do not have to.

**20.      When and Where Will the Court Decide Whether to Approve the Settlement?**

The Court will hold a fairness hearing at 2:00 p.m., on September 18, 2008, at the United States Courthouse, 1301 Clay Street, Oakland, California.  At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  Judge Wilken will listen to people who have asked to speak at the hearing.  The Court will also consider how much to pay to Lead Counsel.  The Court may decide these issues at the hearing or take them under consideration.  We do not know how long these decisions will take.  The Court may change the date of the Settlement Hearing without providing further notice to you; however, the Court's calendar is publicly available on its website at http://www.cand.uscourts.gov/.  You are encouraged to check the Court's website or contact Lead Counsel to verify the Settlement Hearing has not been changed.

**21.      Do I have to Come to the Hearing?**

No.  Lead Counsel will answer questions Judge Wilken may have.  But, you are welcome to come, at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.

**22.      May I Speak at the Hearing?**

You may ask the Court for permission to speak at the fairness hearing.  To do so, you must send a letter saying that it is your intention to appear in *Mongeli v. Terayon Communication Systems, Inc.*, No. 3-06-CV-03936 CW.  Be sure to include your name, address, telephone number, your signature, and the number and type of Terayon securities purchased between June 28, 2001 and March 1, 2006.  Your notice of intention to appear must be postmarked no later than September 8, 2008, and be sent to the Clerk of the Court, Lead Counsel, and Defendants' counsel, at the three addresses listed in question 18.  You cannot speak at the hearing if you exclude yourself from the Class.

## IF YOU DO NOTHING

**23.      What Happens if I Do Nothing at All?**

If you do nothing, you will not receive any money from this settlement.  But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants about the Released Claims in this case.

## GETTING MORE INFORMATION

**24.      Are There More Details About the Settlement?**

This Notice summarizes the proposed settlement.  More details are in the Stipulation of Settlement dated as of February 19, 2008. You can obtain a copy of the Stipulation of Settlement by writing to Joseph E. White III, Saxena White, P.A., 2424 North Federal Highway, Suite 257, Boca Raton, Florida 33431, or Lewis S. Kahn, Kahn Gauthier Swick, 650 Poydras St., Suite 2150, New Orleans,

LA 70130, or by visiting the Clerk's office at the United States District Court for the Northern District of California, 1301 Clay Street, Oakland, California during regular business hours.

**25.    How Do I Get More Information?**

You can call *1(888) 230-2185* or write to Joseph E. White III at Saxena White, P.A., or Lewis S. Kahn at Kahn Gauthier Swick, 650 Poydras St., Suite 2150, New Orleans, LA 70130, or visit the Settlement Administrator's website at http://www.gardencitygroup.com.

**THE PLAN OF ALLOCATION**

The Net Settlement Fund will be distributed to Class Members who submit valid, timely Proof of Claim forms ("Authorized Claimants") under the Plan of Allocation described below.  The Plan of Allocation provides that you will be eligible to participate in the distribution of the Net Settlement Fund only if you have a net loss on all transactions in Terayon common stock and options during the Class Period.

Each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants.  Payment in this manner shall be deemed conclusive against all Authorized Claimants.

The total of all profits shall be subtracted from the total of all losses from transactions during the Class Period to determine if a Class Member has a claim.  Only if a Class Member had a net loss, after all profits from transactions in Terayon Communications Systems common stock during the Class Period are subtracted from all losses, will such Class Member be eligible to receive a distribution from the Net Settlement Fund.   Claims will be calculated as follows:

Section 10(b) Claims

Class Period June 28, 2001 through March 1, 2006

The Allocation below is based on the following price data:

| | | | | | |
|---|---|---|---|---|---|
| November 7, 2005 Closing Price: | $2.57 | January 10, 2006 Closing Price: | $2.06 | March 1, 2006 Closing Price: | $2.70 |
| November 8, 2005 Closing Price: | $2.25 | January 11, 2006 Closing Price: | $2.00 | March 2, 2006 Closing Price: | $2.33 |
| November 8, 2005 Price Decline: | $0.32 | January 11, 2006 Price Decline: | $0.06 | March 2, 2006 Price Decline: | $0.37 |

1.    For shares of Terayon Communications Systems common stock purchased on June 28, 2001 through November 7, 2005, and

   a)    Sold prior to November 8, 2005, the claim per share is $0;

   b)    Sold from November 8, 2005 through January 10, 2006, the claim per share is the lesser of: (i) the purchase price less the sales price, or (ii) $0.32 (November 8, 2005 price decline);

   c)    Sold from January 11, 2006 through March 1, 2006, the claim per share is the lesser of (i) the purchase price less the sales price, or (ii) $0.38 (November 8, 2005 and January 11, 2006 price declines);

   d)    Retained at the end of March 1, 2006, the claim per share is the lesser of: (i) the purchase price less $2.33 (March 2, 2006 closing price), or (ii) $0.75 (November 8, 2005, January 11, 2006 and March 2, 2006 price declines).

2.    For shares of Terayon Communications Systems common stock purchased  on November  8, 2005 through January 10, 2006, and

   a)    Sold prior to January 11, 2006, the claim per share is $0;

   b)    Sold from January 11, 2006 through March 1, 2006, the claim per share is the lesser of: (i) the purchase price less the sales price, or (ii) $0.06 (January 11, 2006 price decline);

   c)    Retained at the end of March 1, 2006, the claim per share is the lesser of: (i) the purchase price less $2.33 (March 2, 2006 closing price), or (ii) $0.43 (January 11, 2006 and March 2, 2006 price declines).

3.    For shares of Terayon Communications Systems common stock purchased on January 11, 2006 through March 1, 2006, and

   a)    Sold no later than March 1, 2006, the claim per share is $0;

   b)    Retained as of March 2, 2006, the claim per share is the lesser of: (i) the purchase price less $2.33 (March 2, 2006 closing price), or (ii) $0.37 (March 2, 2006 price decline).

**Example #1:**

John Doe makes the following Class Period purchase and sale:

- He buys 1,000 shares on February 26, 2002 at $5 per share.
- He sells 1,000 shares on December 30, 2005 at $2.25 per share.

**Calculation:**

Step 1: Mr. Doe is eligible to receive money because he has "a net loss," and the Plan of Allocation requires a net loss on all transactions in Terayon common stock and options during the Class Period to be eligible to participate in the distribution of the Net Settlement Fund.

Step 2: Recovery per share for this claim will be the lesser of: (i) the purchase price minus the sales price, or (ii) $0.32 (the November 8, 2005 price decline), calculated according to Para. 1(b), because the purchase and sale dates are November 8, 2005 and January 10, 2006.

Step 3: The difference between the purchase price and the sale price is $2.75 ($5.00 - $2.25). Therefore, the claim per share is $0.32. The total value of this claim is 1,000 shares x $0.32 or $320.00.

**Recognized Loss = $320**

**Example #2:**

At the beginning of the Class Period, Jane Doe already owns 300 shares.  At the end of the Class Period she owns 500 shares.  She also makes the following purchases and sales during the Class Period:

- She buys 200 shares on June 10, 2002 at $2.50 per share (now she owns 500 total shares).
- She buys 500 shares on December 8, 2003 at $5.00 per share (now she owns 1000 total shares).
- She sells 300 shares on March 4, 2004 at $4.25 per share (now she owns 700 total shares).
- She sells 200 shares on September 20, 2005 at $4.00 per share (now she owns 500 total shares).

**Calculation:**

Step 1: In this scenario, a method called the "First In First Out" (or "FIFO") will be used. Under FIFO, the shares that were purchased first are assumed to be sold completely before shares purchased later are sold.  Note: Ms. Doe is eligible to receive a distribution because she has "a net loss."

Step 2: Applying FIFO, the first sale of 300 shares matches to the pre-Class Period holdings and this match up does not result in a recognized loss.

Step 3: Applying FIFO, the next matchup is the first purchase of 200 shares during the Class Period which matches to the sale of 200 shares on September 20, 2005.  This matchup is calculated pursuant to Para. 1(a) because of the purchase and sale dates. Accordingly, the claim per share for these 200 shares is $0, as sales prior to November 8, 2005 result in zero recognized loss.

Step 4: Applying FIFO, the final matchup will be calculated pursuant to section 1(d) above because of the purchase and sale dates. Accordingly, the claim per share is $0.75.  The total value of this matchup is 500 shares x $0.75 or $375.00.

**Recognized Loss = $375**

<u>Call Options</u>:

The amount of recognized claim for purchasers of Call Options on Terayon Communications Systems common stock during the Class Period will be calculated as follows:

1) No claim will be recognized for any Terayon Communications Systems Call Options purchased during the Class Period that were not owned as of the close of trading on 11/7/05, 1/10/06 or 3/1/06.

2) For Terayon Communications Systems Call Options purchased during the Class Period and owned as of the close of trading on 11/7/05, an authorized claimant's recognized claim shall be the lesser of (a) 5% of the difference, if a loss, between (x) the amount paid for the Terayon Communications Systems Call Options during the Class Period (including brokerage commissions and transaction chargers)(the Purchase Price Paid or "PPP") and (y) the sum for which said Terayon Communications Systems Call Options were subsequently sold at a loss (after brokerage commissions & transaction chargers)(or $0.00 if the Call Option expired while still owned by the authorized claimant (the Sale Price Received or "SPR"); or (b) $0.02 (5% of the November  8, 2005 price decline).

3)      For Terayon Communications Systems Call Options purchased during the Class Period and owned as of the close of trading on 1/10/06, an authorized claimant's recognized claim shall be the lesser of (a) 5% of the difference, if a loss, between the PPP and the SPR; or (b) $0.01.

4)      For Terayon Communications Systems Call Options purchased during the Class Period and owned as of the close of trading on 3/1/06, an authorized claimant's recognized claim shall be the lesser of (a) 5% of the difference, if a loss, between the PPP and the SPR; or (b) $0.02 (5% of the March 2, 2006 price decline).

5)      No loss shall be recognized based on a sale or writing of any Call Option that were subsequently repurchased.

NOTE:  Shares of Terayon Communications Systems acquired during the Class Period through the exercise of a Call Option shall be treated as a claim purchase on the date of exercise for the exercise price plus the cost of the Call Option, and any recognized claim arising from such transaction shall be computed as provided for other purchases of common stock.

<u>Put Options</u>:

The amount of recognized claim for sales (writing) of Put Options on Terayon Communications Systems common stock during the Class Period will be calculated as follows:

1)      No claim for any Put Options sold (written) during the Class Period that were not the obligation of the claimant as of the close of trading on 11/7/05, 1/10/06 or 3/1/06.

2)      For Terayon Communications Systems Put Options sold (written) during the Class Period which were the obligation of the authorized claimant at the close of trading on 11/7/05, an authorized claimant's recognized claim shall be the lesser of (a) 5% of the difference, if a loss, between (x) the amount received for writing the Put Option for the Terayon Communications Systems during the Class Period (after brokerage commissions and transaction charges) (the "PPP") and (y) the sum for which said Terayon Communications Systems Put Options were re-purchased at a loss (including brokerage commissions & transaction charges) (or $0.00 if the Put Option expired while still owned by the authorized claimant (the "SPR"); or (b) $0.02 (5% of the November  8, 2005 price decline).

3)      For Terayon Communications Systems Put Options sold (written) during the Class Period which were the obligation of the authorized claimant at the close of trading on 1/10/06, an authorized claimant's recognized claim shall be the lesser of (a) 5% of the difference, if a loss,  between the PPP and the SPR; or (b) $0.01

4)      For Terayon Communications Systems Put Options sold (written) during the Class Period which were the obligation of the authorized claimant at the close of trading on 3/1/06, an authorized claimant's recognized claim shall be the lesser of (a) 5% of the difference, if a loss, between the PPP and the SPR; or (b) $0.02 (5% of the March 2, 2006 price decline).

5)      No loss shall be recognized based on a sale of any Put Options that were previously purchased.

NOTE:  For Terayon Communications Put Options written during the Class Period that were "Put" to the authorized claimant (i.e. exercised), the authorized claimant's recognized claim shall be calculated as a purchase of common stock as shown above, and as if the sale of the Put Option were instead a purchase of Terayon Communications Systems common stock on the date of the sale of the Put Option, and the "purchase price paid" shall be the strike price less the proceeds received at the sale of the Put Option.

***DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE***
**SPECIAL NOTICE TO NOMINEES**

The Court has ordered that if you hold shares of any Terayon securities purchased between June 28, 2001 and March 1, 2006 as nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must either: (1) send a copy of this Notice by first class mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

*Terayon Communication Systems, Inc. Securities Litigation*
*c/o The Garden City Group, Inc.*
*PO Box 9257*
*Dublin, OH 43017-4657*
*1(888) 230-2185*

 If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator.

DATED:  April 28, 2008                              BY ORDER OF THE COURT
                                                     UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA



**Must be Postmarked
No Later Than
July 25, 2008**

**Terayon Communication Systems, Inc. Securities Litigation
c/o The Garden City Group, Inc.
PO Box 9257
Dublin, OH 43017-4657
1(888) 230-2185**

## PROOF OF CLAIM AND RELEASE

**PART I:  CLAIMANT IDENTIFICATION:**

Claim Number:                    Control Number:

| WRITE ANY NAME AND ADDRESS CORRECTIONS BELOW *OR IF THERE IS NO PREPRINTED DATA TO THE LEFT, YOU MUST PROVIDE YOUR FULL NAME AND ADDRESS HERE*: |
| --- |
| Name: |
| Address: |
| City: |
| State/Country: |
| Zip Code: |

***IF THE ABOVE AREA IS <u>BLANK</u>, YOU MUST ENTER
YOUR FULL NAME AND ADDRESS HERE***  ➡

**You must fill in the last four digits of your Social Security
Number/Taxpayer ID Number if box is blank:**

**Daytime Telephone Number:**    (        )        -

**Evening Telephone Number:**    (        )        -

**Email Address:**

## I.    GENERAL INSTRUCTIONS

1.      To recover as a member of the class based on your claims in the action entitled *Mongeli v. Terayon Communication Systems*, No.  3-06-CV-03936 CW (the "Litigation"), you must complete and, on page 7 of this form, sign this Proof of Claim and Release.  If you fail to file a properly addressed (as explained in paragraph 3 below) Proof of Claim and Release, your claim may be rejected and you may be unable to recover anything from the Net Settlement Fund created in connection with the proposed settlement of the Litigation.

2.      Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of settlement in the Litigation.

3.      YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE POSTMARKED ON OR BEFORE JULY 25, 2008, TO:

Terayon Communication Systems, Inc. Securities Litigation
c/o The Garden City Group, Inc.
PO Box 9257
Dublin, OH 43017-4657

If you are NOT a Member of the Class, as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), DO NOT submit a Proof of Claim and Release form.

4.      If you are a Member of the Class, you are bound by the terms of any judgment entered in the Litigation, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

## II.    DEFINITIONS

1.      "Defendants" means Terayon Communication Systems, Inc. ("Terayon") the Individual Defendants and Defendant Ernst & Young LLP.

2.      "Individual Defendants" means Zaki Rakib, Jerry D. Chase, Mark A. Richman,  Edward Lopez, Ray Fritz, Carol Lustenader, Matthew Miller, Shlomo Rakib, Doug Sabella,  Christopher Schaepe, Mark Slaven, Lewis Solomon, Howard W. Speaks, Arthur T. Taylor and David Woodrow.

3.      "Released Persons" means each and all of the Defendants and each and all of their Related Parties.

## III.    CLAIMANT IDENTIFICATION

1.      If you purchased the publicly-traded securities of Terayon and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser.  If, however, the certificate(s) were registered in the name of someone else, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2.      Use Part I of this form entitled "Claimant Identification" to identify the beneficial purchaser of Terayon securities which form the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER OR PURCHASERS, OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER OR PURCHASERS OF THE TERAYON SECURITIES UPON WHICH THIS CLAIM IS BASED.

3.      All joint purchasers must sign this claim.  Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of Persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could result in delay or rejection of your claim.

## IV.    CLAIM FORM

1.      Use Part II, III and IV of this form entitled "Schedule of Transactions" to list all required details of your transaction(s) in Terayon securities.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

2.      On the schedules, provide all of the requested information with respect to **all** of your purchases and **all** of your sales of Terayon publicly-traded securities which took place at any time between June 28, 2001 and March 1, 2006 (the "Class Period"), whether such transactions resulted in a profit or a loss.  Failure to report all such transactions may result in the rejection of your claim.

3.      List each transaction in the Class Period separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day and year of each transaction you list.

4.      Broker confirmations or other documentation of your transactions in Terayon securities should be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

5.      The above requests are designed to provide the minimum amount of information necessary to process the most simple claims.  The Claims Administrator may request additional information as required to efficiently and reliably calculate your losses.  In some cases where the Claims Administrator cannot perform the calculation accurately or at a reasonable cost to the Class with the information provided, the Claims Administrator may condition acceptance of the claim upon the production of additional information and/or the hiring of an accounting expert at the Claimant's cost.

6.      NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  All Claimants MUST submit a manually signed paper Proof of Claim form listing all their transactions whether or not they also submit electronic copies.  If you wish to file your claim electronically, you must contact the Claims Administrator at 1(888) 230-2185 or visit their website at ***www.gardencitygroup.com*** to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

| PART II: | SCHEDULE OF TRANSACTIONS IN TERAYON COMMON STOCK |
|---|---|

**1.    BEGINNING HOLDINGS:** Number of shares of Terayon common stock held at the close of business on **June 27, 2001.** (If none, write 0), (If other than zero, must be documented):

**2.    PURCHASES:** Please list all purchases of Terayon shares during the period of **June 28, 2001** to **March 1, 2006,** inclusive (must be documented):

| Date(s) of Purchase (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Purchase Price Per Share | Amount Paid (including commissions, taxes, or other fees) |
|---|---|---|---|
| /    / | | $          . | $          . |
| /    / | | $          . | $          . |
| /    / | | $          . | $          . |
| /    / | | $          . | $          . |

**3.    SALES:** Please list all sales of Terayon shares during the period **June 28, 2001** to **March 1, 2006**, inclusive (must be documented):

| Sale Date(s) (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Amount Received (net of commissions, taxes, or other fees) |
|---|---|---|---|
| /    / | | $          . | $          . |
| /    / | | $          . | $          . |
| /    / | | $          . | $          . |
| /    / | | $          . | $          . |

**4.    UNSOLD HOLDINGS:** Number of shares of Terayon common stock held at the close of trading on **March 1, 2006** (If none, write 0), (If other than zero, must be documented):

> **IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST
> PHOTOCOPY THIS PAGE AND CHECK THIS BOX ❑
> IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED**

**PART III:    SCHEDULE OF TRANSACTIONS OF CALL OPTIONS ON TERAYON COMMON STOCK**

5.    **BEGINNING POSITION:**  At the close of business on **June 27, 2001** I owned the following call options on Terayon common stock (must be documented):

| Date of Purchase (List Chronologically) (Month/Day/Year) | Number of Contracts | Expiration Month and Year & Strike Price of Options (ie. May 2002/$40) | Purchase Price Per Contract | | Amount Paid (including commissions, taxes, and fees) | | Insert an "E" if Exercised or an "X" if Expired | Exercise Date (Month/Day/Year) |
|---|---|---|---|---|---|---|---|---|
| / / | | | $ | . | $ | . | | / / |
| / / | | | $ | . | $ | . | | / / |
| / / | | | $ | . | $ | . | | / / |
| / / | | | $ | . | $ | . | | / / |

6.    **PURCHASES:**  I made the following purchases of call options on Terayon common stock between **June 28, 2001** to **March 1, 2006**, inclusive (must be documented):

| Date of Purchase (List Chronologically) (Month/Day/Year) | Number of Contracts | Expiration Month and Year & Strike Price of Options (ie. May 2002/$40) | Purchase Price Per Contract | | Amount Paid (including commissions, taxes, and fees) | | Insert an "E" if Exercised or an "X" if Expired | Exercise Date (Month/Day/Year) |
|---|---|---|---|---|---|---|---|---|
| / / | | | $ | . | $ | . | | / / |
| / / | | | $ | . | $ | . | | / / |
| / / | | | $ | . | $ | . | | / / |
| / / | | | $ | . | $ | . | | / / |

7.    **SALES:**  I made the following sales of call options on Terayon common stock which call options were purchased between **June 28, 2001** to **March 1, 2006**, inclusive (include all such sales no matter when they occurred) (Must be documented) (If none, leave blank):

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Contracts | Expiration Month and Year & Strike Price of Options (ie. May 2002/$40) | Sale Price Per Contract | | Amount Received (net of commissions, taxes, and fees) |
|---|---|---|---|---|---|
| / / | | | $ | . | |
| / / | | | $ | . | |
| / / | | | $ | . | |
| / / | | | $ | . | |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST
PHOTOCOPY THIS PAGE AND CHECK THIS BOX ❑
IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED**

**PART IV:**     **SCHEDULE OF TRANSACTIONS OF PUT OPTIONS ON TERAYON COMMON STOCK**

8.     **BEGINNING POSITION:**  At the close of business on **June 27, 2001**, I was obligated on the following put options on Terayon common stock (must be documented):

| Number of Contracts | Expiration Month and Year & Strike Price of Options (ie. May 2002/$40) | Sale Price Per Contract | | Amount Received (net of commissions, taxes, and fees) | | Insert an "A" if Assigned or an "X" if Expired | Assign Date (Month/Day/Year) |
|---|---|---|---|---|---|---|---|
|  |  | $ | . | $ | . |  | / / |
|  |  | $ | . | $ | . |  | / / |
|  |  | $ | . | $ | . |  | / / |
|  |  | $ | . | $ | . |  | / / |

9.     **SALES (WRITING) OF PUT OPTIONS:**  I wrote (sold) put options on Terayon common stock between **June 28, 2001** to **March 1, 2006**, inclusive, as follows (must be documented):

| Date of Writing (Sale) (List Chronologically) (Month/Day/Year) | Number of Contracts | Expiration Month and Year & Strike Price of Options (ie. May 2002/$40) | Sale Price Per Contract | | Amount Received (net of commissions, taxes, and fees) | | Insert an "A" if Assigned or an "X" if Expired | Assign Date (Month/Day/Year) |
|---|---|---|---|---|---|---|---|---|
| / / |  |  | $ | . | $ | . |  | / / |
| / / |  |  | $ | . | $ | . |  | / / |
| / / |  |  | $ | . | $ | . |  | / / |
| / / |  |  | $ | . | $ | . |  | / / |

10.     **COVERING TRANSACTIONS (REPURCHASES):**  I made the following repurchases of put options on Terayon common stock that I wrote (sold) between **June 28, 2001** to **March 1, 2006**), inclusive (include all repurchases no matter when they occurred) (Must be documented) (If none, leave blank):

| Date of Purchase (List Chronologically) (Month/Day/Year) | Number of Contracts | Expiration Month and Year & Strike Price of Options (ie. May 2002/$40) | Price Paid Per Contract | | Amount Paid (including commissions, taxes, and fees) |
|---|---|---|---|---|---|
| / / |  |  | $ | . |  |
| / / |  |  | $ | . |  |
| / / |  |  | $ | . |  |
| / / |  |  | $ | . |  |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST
PHOTOCOPY THIS PAGE AND CHECK THIS BOX ❑
IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED**

## V.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I submit this Proof of Claim and Release under the terms of the Stipulation of Settlement dated as of February 19, 2008 ("Stipulation") described in the Notice.  I also submit to the jurisdiction of the United States District Court for the Northern District of California, with respect to my claim as a Class Member (as defined in the Notice) and for purposes of enforcing the release set forth herein.  I further acknowledge that I am bound by and subject to the terms of any judgment that may be entered in the Litigation.  I agree to furnish additional information to Lead Counsel to support this claim if required to do so.    I have not submitted any other claim covering the same purchases or sales of Terayon securities during the Class Period and know of no other Person having done so on my behalf.

## VI.    RELEASE

1.    I hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release, relinquish and discharge, all of the Released Claims against each and all of the Defendants and each and all of their "Related Parties," defined as each of a Defendant's past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, agents, controlling shareholders, attorneys, accountants, auditors, advisors, investment advisors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities, any entity in which a Defendant has a controlling interest, any members of an Individual Defendant's immediate family, or any trust of which an Individual Defendant is the settlor or which is for the benefit of an Individual Defendant's family.

2.    "Released Claims" shall collectively mean all claims (including "Unknown Claims" as defined below), demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, asserted or that might have been asserted, including, without limitation, claims for negligence, gross negligence, breach of duty of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty, or violations of any state or federal statutes, rules or regulations or common law principles, by the Lead Plaintiff or any Class Member against the Defendants or their Related Parties arising out of, relating to, or in connection with the purchase or the purchase and sale of the publicly-traded securities of Terayon by the Lead Plaintiff or any Class Member during the Class Period.

3.    "Unknown Claims" shall collectively mean all claims, demands, rights, liabilities, and causes of action of every nature and description which the Lead Plaintiff or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Lead Plaintiff shall expressly waive, and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Lead Plaintiff shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542.  The Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Lead Plaintiff shall expressly fully, finally and forever settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Lead Plaintiff acknowledges, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

4.     This release shall be of no force or effect unless and until the Court approves the Stipulation and it becomes effective on the Effective Date.

5.     I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6.     I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Terayon publicly-traded securities that occurred during the Class Period as well as the number and type of Terayon securities held by me (us) at the opening of trading on June 28, 2001 and at the close of trading on March 1, 2006.

          UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM FORM IS TRUE, CORRECT AND COMPLETE.

_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Joint owner sign your name here)

_____
(Joint owner type or print your name here)

_____
(Capacity of persons signing, e.g., Beneficial Purchaser, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

1. Please sign the Certification Section of the Proof of Claim and Release form.

2. If this claim is made on behalf of joint claimants, then both must sign.

3. Please remember to attach supporting documents.

4. DO NOT SEND ORIGINALS OF ANY SUPPORTING DOCUMENTS.

5. Keep a copy of your Proof of Claim and Release form and all documentation submitted for your records.

6. The Claims Administrator will acknowledge receipt of your Proof of Claim and Release by mail, within 30 days. Your claim is not deemed filed until you receive an acknowledgment postcard. If you do not receive an acknowledgment postcard within 30 days, please call the Claims Administrator toll free at **1(888) 230-2185**.

7. If you move, please send us your new address.

8. **Do not use highlighter on the Proof of Claim and Release form or supporting documentation.**

THIS PROOF OF CLAIM MUST BE POSTMARKED NO LATER THAN
**JULY 25, 2008** AND MUST BE MAILED TO:

**Terayon Communication Systems, Inc. Securities Litigation
c/o The Garden City Group, Inc.
PO Box 9257
Dublin, OH 43017-4657**

# EXHIBIT B

# INVESTOR'S BUSINESS DAILY

## <u>Affidavit of Publication</u>

| | |
|---|---|
| Name of Publication | Investor's Business Daily |
| Address | 12655 Beatrice Street |
| City, State, Zip. | Los Angeles, CA 90066 |
| Phone # | 310 448 6700 |
| State of | California |
| County of | Los Angeles |

I, **Duongpon Puranaputra**, for the publisher of **Investor's Business Daily**, published in the city. of __Los Angeles__, state of __California__, county of __Los Angeles__ hereby certify that the attached notice(s) for **GCG Communications** was printed in said publication on the following date(s)

**April 28th, 2008**

State of California
County of __Los Angeles__

Subscribed and sworn to (or affirmed) before me on this__28th__day of __April__, __2008__, by _____, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____ (Seal)



futures trading involves the substantial risk of loss  Lind Waldock  Chicago Board of Trade Building, 141 West Jackson Boulevard, Suite 1400 A  Chicago, IL 60604

Case 4:06-cv-03936-CW    Document 107-2    Filed 05/12/2008    Page 23 of 25

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ADRIAN MONGELI, Individually, And On Behalf Of All Others Similarly Situated, )

Plaintiffs, )

v. )

TERAYON COMMUNICATION SYSTEMS INC  ZAKI RAKIB, JERRY D  CHASE, MARK A  RICHMAN, EDWARD LOPEZ, RAY FRITZ, CAROL LUSTENADER, MATTHEW MILLER, SHLOMO RAKIB, DOUG SABELLA, CHRISTOPHER SCHAEPE, MARK SLAVEN, LEWIS SOLOMON, HOWARD W  SPEAKS, ARTHUR T  TAYLOR, DAVID WOODROW, and ERNST & YOUNG, LLP, )

Defendants )

Case No  3-06-CV-03936 CW

**CLASS ACTION**

**SUMMARY NOTICE**

TO  ALL PERSONS WHO PURCHASED THE PUBLICLY-TRADED SECURITIES OF TERAYON COMMUNICATION SYSTEMS, INC ("TERAYON") BETWEEN JUNE 28, 2001 AND MARCH 1, 2006

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Northern District of California, that a hearing will be held on September 18, 2008, at 2 00 p m , before the Honorable Claudia Wilken at the United States Courthouse, 1301 Clay Street, Oakland, CA 94612-5212, for the purpose of determining (1) whether the proposed settlement of the claims in the Litigation for the sum of $2,730,000 in cash should be approved by the Court as fair, reasonable and adequate, (2) whether, after the hearing, this Litigation should be dismissed with prejudice pursuant to the terms and conditions set forth in the Stipulation of Settlement dated as of February 19, 2008, (3) whether the Plan of Allocation is fair, reasonable and adequate and should be approved, and (4) whether the application of Lead Counsel for the payment of attorneys' fees and reimbursement of expenses incurred in this Litigation should be approved

The Court may change the date of the Settlement Hearing without providing further notice to you, however, the Court s calendar is publicly available on its website at http://www.cand.uscourts.gov/  You are encouraged to check the Court's website or contact Lead Counsel to verify the Settlement Hearing has not been changed

If you purchased the publicly-traded securities of Terayon between June 28, 2001 and March 1, 2006, your rights may be affected by the settlement of this Litigation  If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action ("Notice") and a copy of the Proof of Claim and Release, you may obtain copies by writing to

Terayon Communication Systems  Inc  Securities Litigation
c/o The Garden City Group  Inc
PO Box 9257
Dublin  OH 43017-4657
Toll Free 1(888) 230-2185

If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release postmarked no later than July 25, 2008, establishing that you are entitled to recovery

If you desire to be excluded from the Class, you must submit a Request for Exclusion postmarked by August 28, 2008, in the manner and form explained in the detailed Notice referred to above  All Members of the Class who have not timely and validly requested exclusion from the Class will be bound by any judgment entered in the Litigation pursuant to the terms and conditions of the Stipulation of Settlement

Any objection to the settlement must be mailed or delivered such that it is received by each of the following no later than August 28, 2008

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
1301 Clay Street
Oakland, CA 94612-5212

*Co-Lead Counsel for Plaintiffs*

SAXENA WHITE, P A
JOSEPH E  WHITE, III
2424 North Federal Highway  Suite 257
Boca Raton, FL 33431

KAHN GAUTHIER SWICK LLC
LEWIS S  KAHN
650 Poydras St , Suite 2150
New Orleans, LA 70130

*Liaison Counsel for Plaintiff and the Class*

BRAUN LAW GROUP, P C
MICHAEL D  BRAUN
12304 Santa Monica Blvd , Ste  109
Los Angeles, CA 90025

*Counsel for Defendants*

LATHAM & WATKINS LLP
PATRICK E  GIBBS
140 Scott Drive
Menlo Park, CA 94025

*Counsel for Defendants Ernst & Young*

MORGAN LEWIS & BOCKIUS LLP
JOHN HEMANN
One Market
Spear Street Tower
San Francisco, CA 94105

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE**  If you have any questions about the settlement, you may contact Lead Counsel for Plaintiffs at the address listed above

DATED  April 28, 2008

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---

| Stock Symbol | Closing Price | Week Price Chg | PE Ratio | Float (mil) | WeekVol (1000s) | Week Vol% Chg |
|---|---|---|---|---|---|---|
| SKX | 22 44 | +4 19 | 12 | 24 | 5,534 | +54 |
| PDE | 43 80 | +3 17 | 19 | 166 | 25,865 | +50 |
| AME | 49.04 | +2.12 | 22 | 102 | 4,225 | +49 |
| WBC | 46 68 | +4 32 | 15 | 65 | 2,168 | +48 |
| SNA | 59.80 | +4.79 | 17 | 56 | 4,383 | +47 |
| PRXL | 24 79 | +2 22 | 31 | 54 | 5,060 | +43 |
| DECK | 142.76 | +16.3 | 28 | 12 | 6,076 | +41 |
| CIR | 49 32 | +5 37 | 21 | 16 | 1,415 | +39 |
| NE | 59 63 | +2.17 | 12 | 263 | 28,282 | +39 |
| KDN | 48 65 | +3 33 | 21 | 27 | 2,296 | +35 |
| OMI | 46 20 | +6.17 | 22 | 39 | 3,576 | +32 |
| EGLE | 29 85 | +1 41 | 25 | 46 | 4,101 | +32 |
| GIFI | 38.34 | +2.03 | 14 | 12 | 1,030 | +31 |
| GTI | 20.45 | +1.10 | 15 | 100 | 9,679 | +29 |
| AMZN | 80 86 | +0 76 | 67 | 313 | 61,065 | +28 |
| GR | 67.61 | +5.86 | 16 | 123 | 8,594 | +26 |
| GT | 28 91 | +1 51 | 13 | 238 | 18,050 | +26 |

### SMARTSELECT® COMPOSITE RATING

| Rel Grp EPS | Str | Acc Rtg | 52 Wk Dis | High | Stock Name | Stock Symbol | Closing Price | Week Price Chg | PE Ratio | Float (mil) | WeekVol (1000s) | Week Vol% Chg |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 95 94 | 96 | A– | A– | 47.02 | Cash America Intl o | CSH | 48.21 | +5.67 | 18 | 28 | 3,623 | +26 |
| 89 81 | 93 | C– | C+ | 72.19 | I H S Inc CI A | IHS | 68.18 | +1 24 | 48 | 47 | 2,411 | +26 |
| 90 71 | 83 | A– | B | 90 95 | Aluminum C of China o | ACH | 44 61 | +4 66 | 14 | 461 | 10,733 | +26 |
| 96 99 | 97 | C– | A– | 131.3 | DryShips Inc o | DRYS | 83.98 | +8.46 | 9 | 26 | 25,993 | +26 |
| 91 94 | 90 | C– | B+ | 45.15 | Diana Shipping Inc o | DSX | 30.84 | +2.59 | 18 | 36 | 8,511 | +24 |
| 99 97 | 98 | A+ | B | 47.50 | Arena Resources o | ARD | 47.04 | +2.75 | 43 | 32 | 3,528 | +23 |
| 98 94 | 96 | A– | B+ | 21 83 | Sadia SA o | SDA | 21.15 | +2.04 | 13 | 141 | 3,194 | +23 |
| 99 96 | 99 | A+ | A+ | 44.58 | Continental Res Inc o | CLR | 45.05 | +2.86 | 35 | 30 | 5,213 | +21 |
| 93 88 | 98 | D | B+ | 64.83 | Sohu.com Inc o | SOHU | 61.84 | +5 34 | 55 | 28 | 6,622 | +20 |
| 98 89 | 92 | C+ | A | 22.56 | Nuance Comm o | NUAN | 20.92 | +0.73 | 34 | 150 | 20,662 | +19 |
| 96 73 | 98 | A | B | 40 75 | Cal-Maine Foods o | CALM | 33 10 | +4 16 | 6 | 13 | 5,737 | +17 |
| 99 89 | 98 | A | A+ | 116.8 | Hess Corp o | HES | 109.98 | +4.73 | 18 | 280 | 22,229 | +17 |
| 99 99 | 99 | A+ | B | 125.5 | Bucyrus Intl o | BUCY | 127.83 | +3.32 | 31 | 37 | 6,891 | +16 |
| 97 94 | 91 | A– | A | 47.24 | Amphenol A o | APH | 46.30 | +1.36 | 23 | 172 | 6,862 | +15 |
| 30 51 | 16 | B– | D+ | 47 79 | Delphi Financial o | DFG | 25 34 | –5 21 | 9 | 42 | 7,182 | +239 |
| 35 64 | 23 | D | D+ | 88 72 | DST Systems o | DST | 58 15 | –8 66 | 16 | 44 | 16,096 | +202 |
| 48 83 | 8 | A– | D– | 71 30 | Chemed Corp o | CHE | 32 75 | –8 09 | 10 | 23 | 5,491 | +191 |
| 83 84 | 61 | C+ | C– | 69 15 | America Movil L o | AMX | 56 28 | –9 14 | 19 | 12b | 76,135 | +170 |

# EXHIBIT C



April 30, 2008


Nancy Dolan
Media Buyer/Project Manager
GCG Communications
12020 Sunrise Valley Drive
Suite 100
Reston, VA 20191


Dear Nancy


This letter confirms that the press release entitled "This Notice Affects All Persons Who Purchased the Publicly-Traded Securities of Terayon Communication Systems, Inc ("Terayon") between June 28, 2001 and March 1, 2006" regarding the Terayon Communication Systems, Inc Securities Litigation was issued over PR Newswire's US1 Distribution list on Monday, April 28, 2008


Sincerely,

Jennifer Cotton
Director, Southwest Region
PR Newswire